# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JOHNICE JACKSON                                  )
as next of friend of the minor child,            )
A.T.                                             )
and                                              )
A.T                                              )
1238 D Street, NE                                )
Washington, DC 20002                             )
                                                 )
and                                              )
                                                 )
WILLIAM HOUSTON,                                 )
as next friend of the minor child,               )
A.B., ward of the District of Columbia,          )
and                                              )
A.B., individually                               )
1008 Pendleton Street                            )
Alexandria, VA 22314                             )
                                                 )
and                                              )
                                                 )
SAIDA BENTALEB,                                  )
as next friend of the minor child,               )
K.B.                                             )
and                                              )
K.B., individually                               )
2301 41st Street NW Apt 2                        )
Washington, DC 20007                             )
                                                 )
and                                              )
                                                 )
WILLIAM HOUSTON,                                 )
as next friend of the minor child,               )
N.R., ward of the District of Columbia,          )
and                                              )
N.R, individually                                )
1008 Pendleton Street                            )
Alexandria, VA 22314                             )
                                                 )
and                                              )
                                                 )
WILLIAM HOUSTON,                                 )
as next friend of the minor child,               )

M.E., ward of the District of Columbia,  )
and  )
M.E., individually  )
1008 Pendleton Street  )
Alexandria, VA 22314  )
 )
and  )
 )
WILLIAM HOUSTON,  )
as next friend of the minor child,  )
J.H., ward of the District of Columbia,  )
and  )
J.H., individually  )
1008 Pendleton Street  )
Alexandria, VA 22314  )
 )
and  )
 )
WILLIAM HOUSTON,  )
as next friend of the minor child,  )
T.L, ward of the District of Columbia,  )
and  )
T.L., individually  )
1008 Pendleton Street  )
Alexandria, VA 22314  )
 )
and  )
 )
WILLIAM HOUSTON,  )
as next friend of the minor child,  )
S.M., ward of the District of Columbia,  )
and  )
S.M., individually  )
1008 Pendleton Street  )
Alexandria, VA 22314  )
 )
and  )
 )
ELLEN DOUGLASS DALTON, ESQ.  )
as next friend of the minor child,  )
D.M.  )
and  )
D.M., individually  )

2

1008 Pendleton Street                        )
Alexandria, VA 22314                         )
                                             )
and                                          )
                                             )
WILLIAM HOUSTON,                             )
as next friend of the minor child,           )
T.H., ward of the District of Columbia,      )
and                                          )
T.H., individually                           )
1008 Pendleton Street                        )
Alexandria, VA 22314                         )
                                             )
and                                          )
                                             )
ELLEN DOUGLASS DALTON, ESQ.                  )
as next friend of the minor child,           )
D. A., ward of the District of Columbia,     )
and                                          )
D.A., individually                           )
4104 Maidenstone Place                       )
Fort Washington, MD 20744)                   )
                                             )
and                                          )
                                             )
ELLEN DOUGLASS DALTON, ESQ.                  )
as next friend of the minor child,           )
K.A., ward of the District of Columbia,      )
and                                          )
K.A., individually                           )
4104 Maidenstone Place                       )
Fort Washington, MD 20744)                   )
                                             )
and                                          )
                                             )
IONA FRANCIS                                 )
as next of friend of the minor child         )
T.H.                                         )
and                                          )
T.H., individually                           )
2311 13th Place                              )
Washington DC 20017                          )
                                             )

3

and                                                                     )
                                                                        )
TONDALAYA HAMPTON                                                        )
as next of friend of the minor child                                    )
Je. H.                                                                  )
and                                                                     )
Je.H., individually                                                     )
1908 C Street                                                           )
Washington DC                                                           )
                                                                        )
and                                                                     )
                                                                        )
TONDALAYA HAMPTON                                                        )
as next of friend of the minor child                                    )
Jo. H.                                                                  )
and                                                                     )
Jo.H., individually                                                     )
1908 C Street                                                           )
Washington DC                                                           )
                                                                        )
and                                                                     )
                                                                        )
KIMBERLY TATE                                                           )
as next friend of the minor child,                                      )
M.T.                                                                    )
and                                                                     )
M.T.                                                                    )
1376 Bryant Street, NE #2                                               )
Washington, D.C. 20018                                                  )
                                                                        )
and                                                                     )
                                                                        )
NANCY EVANS,                                                            )
as next friend of the minor child,                                      )
P.E.B.                                                                  )
and                                                                     )
P.E.B. individually                                                     )
1121 42nd Street NE                                                     )
Washington, DC 20019                                                    )
                                                                        )
and                                                                     )
                                                                        )
ELEANOR YOUNG,                                              )

4

as next friend of the minor child,        )
J.C.                                       )
and                                        )
J.C., individually                         )
3339 P Street, NW                          )
Washington, DC 20007                       )
                                           )
and                                        )
                                           )
SANDRA FORREST                    )
as next friend of the minor child,        )
E.S.                                       )
and                                        )
E.S., individually                         )
222 37th Street, SE                        )
Washington, DC 20019                       )
                                           )
and                                        )
                                           )
ELLEN DOUGLASS DALTON,                     )
as next friend of the minor child,        )
Q.J., ward of the District of Columbia,    )
and                                        )
Q.J., individually                         )
1008 Pendleton Street                      )
Alexandria, VA 22314                       )
                                           )
and                                        )
                                           )
CHARLENE GLYMPH,                           )
as next friend of the minor child,        )
R.G.                                       )
and                                        )
R.G., individually                         )
622 Faragut St. NW                         )
Washington, DC 20011                       )
                                           )
and                                        )
                                           )
LINDA PURVIS,                              )
as next friend of the minor child,        )
K.P.                                       )
and                                        )
K.P., individually                         )

P.O. Box 30115                                          )
Washington, DC 20030                                   )
                                                       )
and                                                    )
                                                       )
DIANE PIXLEY                                           )
as next friend of the minor child,                     )
D.H.                                                   )
and                                                    )
D.H., individually                                     )
3044 Stanton Road, SE Apt. #202                        )
Washington, DC 20020                                   )
                                                       )
and                                                    )
                                                       )
WALTER LID & LeSHAWN ENGLISH,                          )
as next friend of the minor child,                     )
W.E.                                                   )
and                                                    )
W.E., individually                                     )
4909 Illinois Ave, NW                                  )
Washington, DC 20011                                   )
                                                       )
and                                                    )
                                                       )
SHARON EGGLESTON,                                      )
as next friend of the minor child,                     )
P.S.                                                   )
and                                                    )
P.S.,  individually                                    )
1717 Montana Ave, NE                                   )
Washington, DC 20018                                   )
                                                       )
and                                                    )
                                                       )
DIANA EPPS,                                            )
as next friend of the minor child,                     )
K.E.                                                   )
and                                                    )
K.E., individually                                     )
2930 14th Street NE                                    )
Washington, DC 20017                                   )
                                                       )
and                                                    )

CAROLYN JEPPSEN                                    )
as next friend of the minor child,                )
M.J.                                              )
and                                               )
M.J., individually                                )
5818 Chevy Chase Pkwy, NW                          )
Washington, DC 20016                              )
                                                  )
and                                               )
                                                  )
CARRIE WILKINS,                                   )
as next friend of the minor child,                )
J.W.                                              )
and                                               )
J.W., individually                                )
2909 S. Dakota Ave, NE                            )
Washington, DC 20018                              )
                                                  )
and                                               )
                                                  )
KELLY HANSON,                                     )
as next friend of the minor child,                )
M.E.                                              )
and                                               )
M.E., individually                                )
516 Groff Court, NE                               )
Washington, DC 20002                              )
                                                  )
and                                               )
                                                  )
REGINA PIXLEY,                                    )
as next friend of the minor child,                )
E.H.                                              )
and                                               )
E.H., individually                                )
5344 C Street, SE                                 )
Washington, DC 20017                              )
                                                  )
and                                               )
                                                  )
WILLIAM HOUSTON,                                  )
as next friend of the minor child,                )
D.H., ward of the District of Columbia,           )

and                                             )
D.H., individually                              )
1008 Pendleton Street                           )
Alexandria, VA 22314                            )
                                                )
and                                             )
                                                )
WILLIAM HOUSTON,                                )
as next friend of the minor child,             )
A.W., ward of the District of Columbia,        )
and                                             )
A.W., individually                              )
1008 Pendleton Street                           )
Alexandria, VA 22314                            )
                                                )
and                                             )
                                                )
MABEL BOYD,                                      )
as next friend of the minor child,             )
T.B.                                            )
and                                             )
T.B., individually                              )
1441 West Virginia Ave., N.E.                   )
Washington, DC 20002                            )
                                                )
and                                             )
                                                )
MABEL BOYD,                                      )
as next friend of the minor child,             )
A.Y.                                            )
and                                             )
A.Y., individually                              )
1441 West Virginia Ave., N.E.                   )
Washington, DC 20002                            )
                                                )
and                                             )
                                                )
LESLIE JACKSON                                  )
as next friend of the minor child,             )
A.J.P.                                          )
and                                             )
A.J.P., individually                            )
235 Oglethorpe Street                           )
Washington, DC 20011                            )

)
and                                             )
                                                )
SHIRLEY SMITH                                   )
as next friend of the minor child,             )
K.S.                                            )
and                                             )
K.S., individually                             )
1360 Congress Street S.E., Apt. #2             )
Washington, DC 20032                           )
                                                )
and                                             )
                                                )
CLAUDETTE AUSTIN-JOHNSON                        )
as next friend of the minor child,             )
R.S.J.                                          )
and                                             )
R.S.J., individually                           )
5529 13th Street, NW                            )
Washington, DC 20011                           )
                                                )
and                                             )
                                                )
DEBORAH JEFFERIES                               )
as next friend of the minor child,             )
J.G.                                            )
and                                             )
J.G., individually                             )
532 Atlantic Street, SE                         )
Washington, DC 20032                            )
                                                )
and                                             )
                                                )
WILLIAM HOUSTON,                                )
as next friend of the minor child,             )
T.C., ward of the District of Columbia,        )
and                                             )
T.C., individually                             )
1008 Pendleton Street                           )
Alexandria, VA 22314                            )
                                                )
                                                )
and                                             )
                                                )

9

KAY PIXLEY,                                              )
as next friend of the minor child,                      )
D.P.                                                    )
and                                                     )
D.P., individually                                      )
227 51st Street, NE                                     )
Washington, DC 20019                                   )
                                                       )
and                                                     )
                                                       )
KAY PIXLEY,                                              )
as next friend of the minor child,                      )
C.P.                                                    )
and                                                     )
C.P., individually                                      )
227 51st Street, NE                                     )
Washington, DC 20019                                   )
                                                       )
and                                                     )
                                                       )
WILLIAM HOUSTON,                                        )
as next friend of the minor child,                      )
V.T., ward of the District of Columbia,                 )
and                                                     )
V.T., individually                                      )
1008 Pendleton Street                                   )
Alexandria, VA 22314                                   )
                                                       )
and                                                     )
                                                       )
Gloria Peterson                                         )
as next friend of the minor child,                      )
L.B.,                                                  )
and                                                     )
L.B., individually                                      )
258 16th Street SE #2                                   )
Washington, DC 20003                                   )
                                                       )
and                                                     )
                                                       )
WILLIAM HOUSTON,                                        )
as next friend of the minor child,                      )
J.J., ward of the District of Columbia,                 )
and                                                     )

10

J.J., individually                                      )
1008 Pendleton Street                                   )
Alexandria, VA 22314                                    )
                                                        )
and                                                     )
                                                        )
WILLIAM HOUSTON,                                        )
as next friend of the minor child,                      )
V.H., ward of the District of Columbia,                 )
and                                                     )
V.H., individually                                      )
1008 Pendleton Street                                   )
Alexandria, VA 22314                                    )
                                                        )
and                                                     )
                                                        )
MARY PARKER                                             )
as next friend of the minor child,                      )
M.B.                                                    )
and                                                     )
M.B., individually                                      )
4760 C Street SE Apt. 303                               )
Washington, DC 20019                                    )
                                                        )
and                                                     )
                                                        )
RAQUEL DeJESUS                                          )
as next friend of the minor child,                      )
G.M.                                                    )
and                                                     )
G.M., individually                                      )
1424 Clifton St. NW #5                                  )
Washington, DC 20009                                    )
                                                        )
and                                                     )
                                                        )
BARBARA ASKEW                                           )
as next friend of the minor child,                      )
J.J.                                                    )
and                                                     )
J.J., individually                                      )
163 Childress Street, NE                                )
Washington, DC 20011                                    )
                                                        )

11

and                                              )
                                                 )
CARRIE WILKINS,                                  )
as next friend of the minor child,              )
D.W.                                             )
and                                              )
D.W., individually                               )
2909 S. Dakota Ave, NE                           )
Washington, DC 20018                             )
                                                 )
and                                              )
                                                 )
SHELIA JOHNSON,                                  )
as next friend of the minor child,              )
S.J.                                             )
and                                              )
S.J., individually                               )
4506 Douglas Street, NE                          )
Washington, DC 20019                             )
                                                 )
and                                              )
                                                 )
LINDA & CHARLES HUNTER,                          )
as next friend of the minor child,              )
S.H.                                             )
and                                              )
S.H., individually                               )
7305 Orchid Street, NW                           )
Washington, DC 20012                             )
                                                 )
and                                              )
                                                 )
SHANETTA RICHARDSON,                             )
as next friend of the minor child,              )
J.F.                                             )
and                                              )
J.F., individually                               )
834 50th Place, NE                               )
Washington, DC 20019                             )
                                                 )
and                                              )
                                                 )
RENNAE FORD,                                     )
as next friend of the minor child,              )

B.F.                                              )
and                                               )
B.F., individually                                )
5618 Clay Place NE                                )
Washington, DC 20019                              )
                                                  )
and                                               )
                                                  )
                                                  )
LAURA E. DUOS                                     )
as next friend of the minor child,                )
J.D., ward of the District of Columbia,           )
and                                               )
J.D., individually                                )
1008 Pendleton Street                             )
Alexandria, VA 22314                              )
                                                  )
and                                               )
                                                  )
TONDALIEA BRAXTON,                                )
as next friend of the minor child,                )
Da.B.,                                            )
and                                               )
Da.B., individually                               )
1122 21ST Street, NE                         )
Washington, DC 20002                              )
                                                  )
                                                  )
and                                               )
                                                  )
TONDALIEA BRAXTON,                                )
as next friend of the minor child,                )
De.B.,                                            )
and                                               )
De.B., individually                               )
1122 21ST Street, NE                         )
Washington, DC 20002                              )
                                                  )
and                                               )
                                                  )
JUDY BROWN,                                       )
on behalf of minor child,                         )
H.F.                                              )
and                                               )

H.F., individually )
3710 4th Street, SE )
Washington, DC 20032 )
)
and )
RENNAE FORD, )
as next friend of the minor child, )
S.F. )
and )
S.F., individually )
5618 Clay Place, NE )
Washington, DC 20002 )
)
and )
)
BETTIE FLORENCE, )
as next friend of the minor child, )
A.F. )
and )
A.F., individually )
509 Oglethorpe Street, NW )
Washington, DC 20011 )
)
and )
)
WANDA ANDERSON, )
as next friend of the minor child, )
R.A. )
and )
R.A., individually )
3312 14th Place, SE, # 302 )
Washington, DC 20032 )
)
and )
)
DIANE FOREMAN, )
as next friend of the minor child, )
M.D. )
and )
M.D., individually )
928 10th Street NE )
Washington, DC 20002 )
)
and )

14

|  |  |  |
|---|---|---|
| ELLEN DOUGLASS DALTON, | ) | |
| as next friend of the minor child, | ) | |
| C.D., ward of the District of Columbia, | ) | |
| and | ) | |
| C.D., individually | ) | |
| 1008 Pendleton Street | ) | |
| Alexandria,. VA 22314 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CAROLE COLBERT, | ) | |
| as next friend of the minor child, | ) | |
| D.C. | ) | |
| and | ) | |
| D.C., individually | ) | |
| 914 Savannah Street, SE | ) | |
| Washington, DC 20032 | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| GOVERNMENT OF THE DISTRICT OF | ) | |
| COLUMBIA | ) | |
| A Municipal Corporation | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Serve: | ) | |
| | ) | |
| Robert Spagnoletti, | ) | |
| Attorney General | ) | |
| District of Columbia | ) | |
| 441 4th Street, N.W. | ) | |
| Washington, DC 20001 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Mayor Adrian Fenty | ) | |
| Office of the Secretary | ) | |
| 1350 Pennsylvania Avenue, N.W. | ) | |
| Washington, DC 20004 | ) | |

15

## COMPLAINT

## JURISDICTION

1.    Jurisdiction of this Court is founded in 28 U.S.C. § 1331, and the Individuals with

Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*

2.    Each Plaintiff is a minor child, the parent/guardian, or court appointed educational advocate

of a minor child.  All Plaintiffs are or were residents or wards of the District of Columbia during

the time of the underlying administrative proceedings.

3.    Defendant is a municipal corporation.  As one of its governmental functions, Defendant

operates the District of Columbia Public Schools System ("DCPS").  DCPS is responsible for

affording children with disabilities in the District of Columbia all rights pursuant to IDEA and is

responsible for issuing checks in payment of reasonable attorneys' fees and costs incurred by the

Plaintiffs in pursuing claims under IDEA.

4.    All of the below cases and invoices for attorneys' fees were filed pursuant to the

$4,000.00 cap as outlined in the District of Columbia Appropriations Act.  However, when fees

were cut below $4,000.00, DCPS gave no justification for the non-payment.

5.    Section 327 of the District of Columbia Appropriations Act of 2005

("Section 327")[1] caps "the fees of an attorney who represents a party in an action . . . including

an administrative proceeding, brought against the District of Columbia Public Schools under the

Individuals with Disabilities Education Act" at $4,000.00.  108 Pub. L. 335.

---

[1]      Section 122 of the District of Columbia Appropriations Act of 2006 kept the attorney fee cap at $4,000.00.  109 Pub. L. 115.

## **FACTS**

6.    **A.B.**


On October 6, 2004, a Due Process Hearing was held.  The court appointed educational advocate, William E Houston, Esq., acted on behalf of A.B., ward of the District of Columbia. The Hearing Officer ordered: DCPS to convene an MDT on October 13, 2004, to discuss teg need for additional evaluations and to attempt to place the student at a DCPS High School on an interim basis.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,604.50.

To date, $3,064.50 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $935.50.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $604.50

7.    **K.B.**

On October 12, 2004, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of K..B. and his guardian, Ms. Saida Bentaleb.  The Hearing Officer ordered DCPS to fund an independent physical therapy evaluation and to provide compensatory services includng 130 hours of tutoring, 51.5 hours of speech therapy, 29.5 hours of physical therapy, 28 hours of occupational therapy and 10.5 hours of counseling.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,256.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,256.50.

On June 28, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of K.B. and his parent, Saida Bentaleb  The Hearing Officer ordered: DCPS to fund independent compensatory education and to fund and place K.B. at Accotink Alternative Learning Center.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $15,192.50.

To date, $4,000.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $11,192.50.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $13,449.00

## 8.    N.R.

On October 13, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of N.R., a ward of the District of Columbia.  The Hearing Officer ordered DCPS to convene an MDT/IEP meeting by October 28, 2004, to determine eligibility and if necessary develop an IEP and issue a notice of placement.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $5,610.00.

To date, $3,795.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $205.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,610.00.

On April 12, 2005, a Due Process Hearing was held. The court appointed educational advocate, William E. Houston, Esq. acted on behalf of N.R., ward of the District of Columbia. The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT meeting.   Plaintiffs were therefore the prevailing parties.

On May 10, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,647.50

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $647.50.

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $205.00.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,257.50.

9.    **A.T.**

_____On October 26, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of A.T., and his parent Johnice Jackson.  The Hearing Officer ordered DCPS to fund

the student's interim placement at the Leary School of Virginia. DCPS was also ordered to convene an MDT/IEP meeting within throty days of the student's matriculation to Leary School to duscuss vison therapy. Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,867.50.

To date, $2,915.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $1,085.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $867.50.

**10.    M.E.**

         On October 26, 2004, a Due Process Hearing was held. William E. Houston, Esq. acted on behalf of M.E., ward of the District of Columbia. The Hearing Officer ordered DCPS to fund the student's placement at Phillips School in Annandlae, Virginia. Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $9,446.50.

To date, $8,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,446.50.

On April 21, 2005, DCPS entered into a settlement agreement. The court appointed educational advocate, William E. Houston, Esq., acted on behalf of M.E., ward of the District of

Columbia. DCPS agreed to pay reasonable attorney's fees not to exceed $4,000.00.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,932.50.

To date, $0 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $3,932.50.

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is 3,932.50.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,915.50.

**11.    J.H.**

On October 27, 2004, a Due Process Hearing was held. William E. Houston, Esq. acted on behalf of J.H., a ward of the District of Columbia. The Hearing Officer ordered DCPS to convene an MDT/IEP meeting within thirty (30) days to review the student's evaluations, make an eligibility determination and draft an IEP if necessary and issue notice of placement. Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,437.50

To date, $2,420.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $1,017.50.

**12.    T.L.**

On October 27, 2004, a Due Process Hearing was held. William E. Houston, Esq. acted on behalf of T.L., a ward of the District of Columbia. The Hearing Officer ordered DCPS to

convene an MDT/IEP meeting within thirty (30) days to review the student's evaluations, make

an eligibility determination and draft an IEP if necessary and issue notice of placement.

Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $2,887.50.

To date, $1,705.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs under the $4,000 cap is

$1,182.50.

On March 9, 2004, another Due Process Hearing was held.  William E. Houston, Esq.

acted on behalf of T.L., a ward of the District of Columbia.  The Hearing Officer ordered DCPS

to fund the following independent evaluations: psychoeduational, clinical, speech and language.

Upon receipt of the evaluations DCPS was ordered to convene an MDT/IEP meeting within

thirty (30) days to review the student's evaluations, make an eligibility determination and draft an

IEP if necessary and issue notice of placement.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $5,252.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is

$1,252.50.

On August 24, 2005, a Due Process Hearing was held.  The court appointed educational

advocate, William E. Houston, Esq., acted on behalf of T.L., ward of the District of Columbia.

The parties reached an agreement that was incorporated into the Hearing Officer's

22

Determination, which ordered: DCPS to fund interim placement at High Roads, convene an MDT meeting to determine placement and compensatory education.  Plaintiffs were therefore the prevailing parties.

On September 14, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,327.50.

To date, $1,155.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiffs under the $4,000 cap is $2,172.50.

The total outstanding amount of attorney's fees owed to Plaintiffs under the $4,000 cap is $3,355.00.

The total outstanding amount of attorney's fees owed to Plaintiffs over the $4,000 cap is $1,252.50.

**13.    S.M.**

On October 27, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of S.M.., a ward of the District of Columbia.  The Hearing Officer ordered DCPS to convene an MDT/IEP meeting by December 3, 3004, to dscuss the need for tutoring services, and if necessary revise the IEP and determine compensatory education.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,077.50.

To date, $2,420.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is

$1,580.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,077.50.

**14.    D.M.**

On October 27, 2004, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of D.M., a ward of the District of Columbia.  The Hearing Officer ordered DCPS to place and fund the student at Accotink Academy.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,348.50.

To date, $2,873.50  has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $1,126.50.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $348.50.

**15.    T.H.**

On October 27, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of T.H., ward of the District of Columbia.  The Hearing Officer ordered DCPS to convene an MDT/IEP meeting on or before November 30, 2004, to review the independent assessments and revise the IEP if warranted.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $3,465.00.

To date, $2,997.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $467.50.

On March 8, 2005, a Due Process Hearing was held. The court appointed educational advocate, William E. Houston, Esq., acted on behalf of T.H., ward of the District of Columbia. The Hearing Officer ordered: DCPS to permit T.H. to participate in all senior class extra curricular activities. Plaintiffs were therefore the prevailing parties.

On March 17, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,630.00

To date, no payment has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $3,630.00.

The total outstanding amount of attorney's fees owed to Plaintiffs is $4,097.50.

16. **<u>D.A.</u>**

On October 29, 2004, a Due Process Hearing was held. William E. Houston, Esq., acted on behalf of D.A. a ward of the District of Columbia. The Hearing Officer ordered DCPS to convene an MDT meeting with 15 school days and issue a prior notice of placement. Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,478.00

To date, $2,432.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $1,045.50

17.    **K.A.**

_____On October 29, 2004, a Due Process Hearing was held.  William E. Houston, Esq., acted on behalf of K.A. a ward of the District of Columbia.  The Hearing Officer ordered DCPS funs an independent educational assessment and convene an MDT meeting with 15 school days.  If found eligible DCPS was to develop an IEP and issue a prior notice of placement.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,158.50

To date, $2,293.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $865.00

On July 20, 2005, a Due Process Hearing was held.  The court appointed educational advocate, Ellen Douglass Dalton, Esq., acted on behalf of K.A., ward of the District of Columbia.  The Hearing Officer ordered: DCPS to convene an MDT meeting at the student's current placement to determine the type and amount of compensatory education owed to the student.  Plaintiffs were therefore the prevailing parties.

On August 8, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,513.00.

To date, $999.50 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $3,000.50.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,513.00.

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $3,865.50.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,513.00

**18.    T.H.**

On November 15, 2004, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of T.H.. and her parent, Iona Francis.  The Hearing Officer ordered DCPS to place and fund the student at High Road Middle School.  Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,546.00.

To date, $3,882.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $118.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,546.00.

**19.    Je.H.**

On November 22, 2004, a Due Process Hearing was held.  Talib S. Abdus-Shahid, Esq. acted on behalf of J.H. and his parent, Tondalaya Hampton.  The Hearing Officer ordered DCPS to fund independent occupational and physical therapy evaluations and convene an MDT/IEP meeting within 15 school days of receipt of the evaluations.  Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,131.00.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $131.00.

**20.**    **Jo. H.**

On November 22, 2004, a Due Process Hearing was held. Talib S. Abdus-Shahid, Esq. acted on behalf of J.H. and his parent, Tondalaya Hampton. The Hearing Officer ordered DCPS to fund independent occupational and physical therapy evaluations and convene an MDT/IEP meeting within 15 school days of receipt of the evaluations. Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,081.00.

To date, $3,981.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $19.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $81.00.

**21.**    **M.T.**

On November 22, 2004, a Due Process Hearing was held. Talib S. Abdus-Shahid, Esq. acted on behalf of M.T. and his parent, Kimberly Tate. The Hearing Officer ordered DCPS to conduct an audiological evaluation within thirty (30) days and fund an independent evaluation if it

fails to meet this deadline.  DCPS was also convene IEP/placement meeting within fifteen (15) days to receiving the evaluation to review assessments. Revise the IEP and discuss compensatory education.  Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,275.00.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,275.00.

**22.    P.E.B.**

On December 14, 2004, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of P.B. and his parent,  Nancy Evans.  The Hearing Officer ordered DCPS to conduct a functional behavior assessment, develop a behavior intervention plan, and convene an MDT/IEP meeting within fifteen (15) school days.  Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,437.50.

To date, $4,007.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $430.50.

**23.    J.C.**

On December 15, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of J.C., and his parent Eleanor Young.  The Hearing Officer ordered DCPS to fund the following indepndent evaluations: psychoeducational, clinical and neuropsychological.  Upon

recevng the evaluations DCPS was ordered to convene an elgibilty meet8ng within fifteen (15) school days. Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,950.00.

To date, $4,000.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $949.50.

On April 5, 2005, pursuant to I.D.E.A., a second petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,362.50.

To date, $3,630.00 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $370.00.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,312.50.

24.    **E.S.**

On January 11, 2005, a Due Process Hearing was held.  Talib S. Abdus-Shahid, Esq. acted on behalf of E.S. and his parent, Sandra Forrest.  The Hearing Officer ordered DCPS to convene IEP/placement meeting within ten (10) days to review all assessments and decide placement.  Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,713.00.

To date, no payment has been received.

30

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $4,000.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,173.00.

**25.    Q.J.**

On January 14, 2005, a Due Process Hearing was held. The court appointed educational advocate, Ellen Douglass Dalton, Esq., acted on behalf of Q.J., ward of the District of Columbia. The Hearing Officer ordered: DCPS to fund independent evaluations, convene an MDT/ IEP meeting, and discuss and determine placement.  Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,145.00.

To date, $5,195.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $949.50.

**26.    R.G.**

On September 29, 2004, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of R.G. and his parents, Charlene and Russell Glymph.  The Hearing Officer ordered DCPS to fund an independent clinical psychological evaluation.  DCS was alos orfered to convene an MDT/IEP meeting within fifteen (15) days of the receipt of the evaluation to revise the IEP, discuss placement and compensatory education.  Plaintiffs were therefore the prevailing parties.

On March 17, 2005, pursuant to I.D.E.A., two invoices for attorney's fees were submitted

to D.C.P.S. totaling $8,128.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $4,128.50.

On May 24, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of R.G. and his parent, Charlene Glymph. The Hearing Officer ordered: DCPS to place and fund R.G at the Katherine Thomas School. Plaintiffs were therefore the prevailing parties.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,724.50.

To date, $3,577.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $147.50.

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $147.50.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $4,128.50.

27.    **K.P**

On February 10, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of K.P. and his parent, Linda Purvis. The Hearing Officer ordered: DCPS to place and fund K.P. at Accotink Academy, with transportation. Plaintiffs were therefore the prevailing parties.

On March 17, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,608.00.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,608.00.

**28.** **D.H.**

On February 17, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of D.H. and his parent, Diane Pixley. The Hearing Officer ordered DCPS to fund the student's placement at High Road School for the 2004-2005 school year. Plaintiffs were therefore the prevailing parties.

On March 17, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,690.50.

To date, $1,994.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $2,006.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $690.50.

**29.** **W.E.**

On March 1, 2005, a Due Process Hearing was held. Talib Abdus-Shahid, Esq. acted on behalf of W.E. and his parents, Walter Lid and LeShawn English. The Hearing Officer ordered: DCPS to fund independent evaluations, convene an MDT/IEP meeting, issue a notice of placement, and discuss and determine compensatory education. Plaintiffs were therefore the prevailing parties.

On March 17, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

33

D.C.P.S. in the amount of $4,875.00

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $875.00

**30.  P.S.**

On October 22, 2004, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of P.S. and her parent, Ms. Sharon Eggleston.  The Hearing Officer ordered: DCPS to fund independent evaluations and to hold an MDT meeting to review the evaluations and update her IEP.  Plaintiffs were therefore the prevailing parties.

On April 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,609.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,609.50.

**31.  K.E.**

On December 6, 2004, December 22, 2004 and February 2, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of K.E. and his parent, Diana Epps.  The Hearing Officer ordered: DCPS to place and fund K.E. at the Lab school with transportation. Plaintiffs were therefore the prevailing parties.

On April 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $12,980.00.

To date, $0 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $4,000.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $8,980.00.

**32.**  **M.J.**

On March 9, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of M.J. and her parent, Carolyn Jeppsen.  The Hearing Officer ordered: DCPS to place and fund M.J. at the River School with transportation.  Therefore, the Plaintiffs were the prevailing parties.

On April 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $12,567.00.

To date, $4,000.00 has been paid.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $8,567.00.

DCPS submitted a Motion for Reconsideration of the HOD.  On June 2, 2005, the Hearing Officer denied DCPS's Motion for Reconsideration.  Plaintiffs were therefore the prevailing parties.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,015.00

To date $4,000.00 has been paid.

35

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,015.00.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $9,582.00.

**33.**    **J.W.**

On March 15, 2005, a Due Process Hearing was held. Talib Abdus-Shahid, Esq. acted on behalf of J.W. and his parent, Carrie Wilkins. The Hearing Officer ordered: DCPS to provide compensatory education for services not provided. Plaintiffs were therefore the prevailing parties.

On April 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,650.00

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,650.00.

**34.**    **M. E.**

On March 17, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of M.E. and her parent, Kelly Hanson. The Hearing Officer ordered: DCPS to convene an MDT meeting, develop an IEP, and place and fund M.E. at the River School for the 2004-2005 school year. Plaintiffs were therefore the prevailing parties.

On April 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,015.00.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is

$1,015.00.

**35.**    **E.H.**

On March 21, 2005, a Due Process Hearing was held. Talib Abdus-Shahid, Esq. acted on behalf of E.H. and his parent, Regina Pixley.  The Hearing Officer ordered: DCPS to place and fund E.H. at the Children's Guild until the end of the 2004-2005 school year, and to convene a meeting to determine placement for the 2005-2006 school year.  Plaintiffs were therefore the prevailing parties.

On April 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $10,750.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $6,750.00.

**36.**    **D.H.**

On April 12, 2005, a Due Process Hearing was held. The court appointed educational advocate, William E. Houston, Esq. acted on behalf of D.H., ward of the District of Columbia. The Hearing Officer ordered: DCPS to convene a placement meeting.  Plaintiffs were therefore the prevailing parties.

On May 10, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,765.00

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,765.00.

On July 5, 2005, a Due Process Hearing was held.  The court appointed educational advocate, William E. Houston, Esq., acted on behalf of D.H., ward of the District of Columbia. The Hearing Officer ordered: DCPS to place and fund D.H. at the Leary School of Virginia. Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,822.50.

To date, $3,492.50  has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $330.00.

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $330.00.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,765.00

37.    **A.W.**

On April 13, 2005, a Due Process Hearing was held.  The court appointed educational advocate, William E. Houston, Esq. acted on behalf of A.W., ward of the District of Columbia. The Hearing Officer ordered: DCPS to fund and place A.W. at the High Road School on an interim basis and to convene an MDT meeting to determine compensatory education.  Plaintiffs were therefore the prevailing parties.

On May 10, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,609.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is

$2,609.50.

38.    **T.B.**

On April 20, 2005, a Due Process Hearing was held. Talib Abdus-Shahid, Esq. acted on behalf of T.B. and his grandmother, Mabel Boyd.  The Hearing Officer ordered: DCPS to place and fund T.B. at the High Road Academy.  Plaintiffs were therefore the prevailing parties.

On May 10, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $14,755.00.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $10,755.00.

39.    **A.Y.**

On April 21, 2005, a Due Process Hearing was held. Talib Abdus-Shahid, Esq. acted on behalf of A.Y. and his Grandmother, Mabel Boyd.  The Hearing Officer ordered: DCPS to fund placement at Sunrise Academy for 2004-2005 school year.  Plaintiffs were therefore the prevailing parties.

On May 10, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,392.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,392.50

40.    **A.J.P.**

On May 5, 2005, a Due Process Hearing was held.  Laura E. Duos, Esq. acted on behalf

39

of A.J.P. and his parent, Leslie Jackson. The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT meeting to determine placement and discuss compensatory education. Plaintiffs were therefore the prevailing parties.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,162.00.

To date, $1,306.00 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $2,694.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $162.00.

**41.   K.S.**

On May 23, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of K.S. and her parent, Shirley Smith. The Hearing Officer ordered: DCPS to place and fund K.S. at Accotink Academy. Plaintiffs were therefore the prevailing parties.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $10,000.00

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $6,000.00.

**42.   R.S.J.**

On May 23, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of R.S.J. and her parent, Claudette Austin-Johnson. The Hearing Officer ordered: DCPS to

fund independent evaluations and convene an MDT meeting.   Plaintiffs were therefore the prevailing parties.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,723.00.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,723.00.

**43**.    **J.G.**

On November 18, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of J.G. and her parent Deborah Jefferies.  The Hearing Officer ordered: DCPS to convene an MDT meeting and determine compensatory education.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $1,622.50.

To date, $990.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $632.50

**44.**    **T.C.**

On June 6, 2005, a Due Process Hearing was held. The court appointed educational advocate, William E. Houston, Esq., acted on behalf of T.C., ward of the District of Columbia. The Hearing Officer ordered: DCPS to provide T.C.'s educational records to Mr. Houston. Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

41

D.C.P.S. in the amount of $6,105.00.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,105.00.

**45.**   **D.P.**

On June 9, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of D.P. and his parent, Kay Pixley.  The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT meeting to determine placement.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,222.50.

To date, $1,180.00 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $2,820.00

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $222.50.

On October 12, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of D.P. and his parent Kay Pixley.  The Hearing Officer ordered: DCPS to fund placement at High Road Academy.  Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,483.50.

To date, $2,805.00 has been received.

42

The outstanding amount of attorney's fees owed to Plaintiffs is $678.50

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $3,498.50.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $222.50

**46.    C.P.**

On June 9, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of C.P and his parent, Kay Pixley.  The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT meeting.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,753.50

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $753.50.

On October 12, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of D.P. and his parent Kay Pixley.  The Hearing Officer ordered: DCPS to fund placement at High Road Academy.  Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,483.50.

To date, $2,808.50 has been received.

43

The outstanding amount of attorney's fees owed to Plaintiffs is $675.00.

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $675.00.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $753.50.

47.    **V.T.**

On, July 5, 2005, a Due Process Hearing was held. The court appointed educational advocate, William E. Houston, Esq., acted on behalf of V.T., ward of the District of Columbia. The Hearing Officer ordered:   DCPS to fund independent evaluations and convene an MDT meeting to determine placement.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,005.00.

To date, $2,475.00 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $1,525.00

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,005.00.

48.    **L.B.**

On July 7, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of L.B. and her parent, Gloria Peterson.  The Hearing Officer ordered: DCPS to fund 75 hours of independent tutoring and 18 hours of speech and language therapy.  Plaintiffs were

44

therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $1,841.00

To date, $1,634.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $206.50.


**49.    J. J.**

On July 8, 2005, a Due Process Hearing was held. The court appointed educational advocate, William E. Houston, Esq., acted on behalf of J.J., ward of the District of Columbia. The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT meeting to determine placement. Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $8,205.00

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $4,205.00.

**50.    V.H.**

On July 8, 2005, a Due Process Hearing was held. The court appointed educational advocate, William E. Houston, Esq., acted on behalf of V.H., ward of the District of Columbia. On July 14, 2005, the Plaintiffs submitted a Motion for Reconsideration. The Hearing Officer ordered: DCPS to conduct a clinical evaluation, psych-educational evaluation, and speech and language evaluation within 30 days, or be required to fund independent evaluations. Plaintiffs

45

were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,998.00.

To date, $1,842.50 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $2,157.50.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $998.00.

**51.** **M.B.**

On July 8, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of M.B. and her parent, Mary Parker. The Hearing Officer ordered: DCPS to continue to place and fund M.B. at Accotink Academy. Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,313.50.

To date, $4000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,313.50.

**52.** **G.M.**

On December 14, 2004, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of G.M. and her parent, Ms. Raquel de Jesus. The Hearing Officer ordered: DCPS to provide the student with 175 hours of compensatory education. Plaintiffs were therefore the prevailing parties.

On August 8, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,715.50.

To date, $2,447.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $1,268.50.

On September 26, 2005, DCPS entered into a settlement agreement in lieu of a due process hearing.  Ellen Douglass Dalton, Esq. acted on behalf of G.M. and her parent, Raquel de Jesus.  DCPS agreed to pay attorneys' fees not to exceed $4,000.00.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,366.00.

To date, $811.50  has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $2,554.50.

The total outstanding amount of attorney's fees owed to Plaintiffs is $3,823.00

53.    **J.J.**

On January 14, 2005, a Due Process Hearing was held.  Paul S. Dalton, Esq. acted on behalf of J.J. and his parent, Barbara Askew.  The Hearing Officer ordered: DCPS to place and find J.J. at Accotink Academy.  Plaintiffs were therefore the prevailing parties.

On August 8, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,427.60.

To date, $1,852.50  has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $2,147.50.

For purposes of this suit, the outstanding amount of attorney's fees owed to Plaintiff over

47

the $4,000.00 cap is $427.60.

54.    **D.W.**

On July 12, 2005, a Due Process Hearing was held.  Talib Abdus-Shahid, Esq. acted on

behalf of D.W. and his parent, Ms. Carrie Wilkins.  The Hearing Officer ordered: DCPS to

convene an MDT meeting to review all evaluations, determine eligibility, develop an IEP if

necessary, and discuss and determine placement and compensatory education if warranted.

Plaintiffs were therefore the prevailing parties.

On August 8, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $9,787.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is

$5,787.50.

55.    **S.J.**

On July 15, 2005, a Due Process Hearing was held.  Talib Abdus-Shahid, Esq. acted on

behalf of S.J. and her parent, Ms. Shelia Johnson.  The Hearing Officer ordered: DCPS to convene

an MDT meeting within 20 days to review all evaluations, determine eligibility, develop an IEP if

necessary, and discuss and determine placement.  Plaintiffs were therefore the prevailing parties.

On August 8, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $9,925.00.

To date, $0  has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of

attorney's fees owed to Plaintiffs under that cap is $4,000.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $5,925.00.

56.    **S.H.**

On July 15, 2005, a Due Process Hearing was held.  Talib Abdus-Shahid, Esq. acted on behalf of S.H.  and his parents, Linda and Charles Hunter.  The Hearing Officer ordered: DCPS to convene an MDT meeting to review evaluations and determine eligibility, and if eligible, develop an IEP, determine placement, and determine compensatory education.    Plaintiffs were therefore the prevailing parties.

On September 14, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $9,900.00

To date, $4000.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $5,900.00.

57.    **J.F.**

On July 25 and August 9, 2005, a Due Process Hearing was held.  Talib Abdus-Shahid, Esq. acted on behalf of J.F. and his parent, Ms. Shanetta Richardson.  The Hearing Officer ordered: DCPS to fund an independent psycho-educational evaluation, conduct other evaluations, and convene an MDT meeting to determine eligibility, develop an IEP and determine placement. Plaintiffs were therefore the prevailing parties.

On September 14, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $11,500.00

To date, $4,000.00  has been received.

49

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $7,500.00.

**58.   B.F.**

On August 12, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq., acted on behalf of B.F. and his parent, Ms. Rennae Ford.  The Hearing Officer ordered: DCPS to fund wrap around services.   Plaintiffs were therefore the prevailing parties.

On September 14, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $8,051.50.

On September 9, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq., acted on behalf of B.F. and his parent, Ms. Rennae Ford.  The Hearing Officer ordered: DCPS to place and fund B.F. at the Sunrise Academy on an interim basis with transportation, to convene an MDT meeting to update the IEP and determine placement, and to fund wrap around services. Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $9,468.50, which included the previous time billed on September 14, 2005.

To date, $8,000.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,468.50.

**59.   J.D.**

On September 9, 2005, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of J.D., ward of the District of Columbia, and his guardian, Ms. Margaret Marshall.

The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT meeting.  Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,884.00.

To date, $0  has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $4,000.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,884.00.

**60.    Da.B.**

On September 12, 2005, a Due Process Hearing was held.  Laura E. Duos, Esq. acted on behalf of D.B. and his parent, Tondaleia Braxton.  The Hearing Officer ordered: DCPS to fund independent evaluations and to convene an MDT meeting to discuss eligibility, develop an  IEP if appropriate, determine placement, and determine compensatory education.  Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $2,510.00

To date, $1,267.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $1,242.50.

**61.    De. B.**

On September 12, 2005, a Due Process Hearing was held.  Laura E. Duos, Esq. acted on behalf of D.B. and his parent, Tondaleia Braxton.  The Hearing Officer ordered:   DCPS to

provide D.B. with evaluations within 30-days of the order, or fund independent evaluations if DCPS failed to provide such evaluations, and to convene an MDT meeting to discuss eligibility, develop an IEP if appropriate, determine placement, and determine compensatory education. Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $2,705.00

To date, $1,287.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $1,418.00.

## 62.    **H.F.**

On September 21, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of H.F. and his parent, Judy Brown.  The Hearing Officer ordered: place and fund the student at Devereux Residential Facility in Malvern, Pennsylvania.  Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $10,533.50

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $6,533.50.

## 63.    **S.F.**

On October 20, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of S.F. and her parent, Rennae Ford.  The Hearing Officer ordered: DCPS to place and fund S.F. at the High Roads Upper School.  Plaintiffs were therefore the prevailing

parties.

On November 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,454.00.

To date, $4000.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,454.00.

64.    **A.F.**

On November 7, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of A.F. and her guardian, Bettie Florence.  The Hearing Officer ordered: DCPS to convene an MDT meeting to review evaluations, update the IEP, and determine placement, and to reimburse Ms. Florence for the cost of an independent clinical evaluation.   Plaintiffs were therefore the prevailing parties.

On November 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $11,458.00.

To date, $4,000.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $7,458.00.

65.    **R.A.**

On November 14, 2005, a Due Process Hearing was held.  Laura E. Duos, Esq. acted on behalf of R.A. and his parent, Wanda Anderson.  The Hearing Officer ordered: DCPS to place and fund R.A. at High Road Academy and convene an MDT meeting to determine compensatory education.  Plaintiffs were therefore the prevailing parties.

On November 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,149.00.

To date, $0 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $4,000.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,149.00.

**66.    M.D.**

On October 27, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of M.D. and his parent, Diane Foreman. The Hearing Officer ordered: DCPS to fund placement at High Road Academy. Plaintiffs were therefore the prevailing parties.

On December 18, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $18,043.50.

To date, $4000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $14,043.50.

**67.    C.D.**

On November 23, 2005, a Due Process Hearing was held. The court appointed educational advocate, Ellen Douglass Dalton, Esq., acted on behalf of C.D., ward of the District of Columbia. The Hearing Officer ordered: DCPS to convene an MDT meeting to review evaluations, revise the IEP, and determine placement and compensatory education. Plaintiffs were therefore the prevailing parties.

54

On December 18, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $8,858.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $4,858.50.

**68.    D.C.**

On December 5, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq., acted on behalf of D.C. and his parent, Carole Colbert. The Hearing Officer ordered: DCPS to fund D.C.'s placement at High Road Academy. Plaintiffs were therefore the prevailing parties.

On December 18, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $8,305.50.

To date, $8,000.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $305.50.

**COUNT ONE**

69.    Plaintiff repeats and realleges paragraphs 1 - 68.

70.    An incongruity continues to exist between Section 327 of the District of Columbia Appropriations Act of 2005 and the provision of the IDEA that permits Courts to award attorney's fees. Section 327 arbitrarily caps "the fees of an attorney who represents a party in an action . . . including an administrative proceeding, brought against the District of Columbia Public Schools under the Individuals with Disabilities Education Act" at $4,000.00. 108 Pub. L.

55

335.  However, Section 327 is silent as to where Congress gets its authority to restrict an Article

III Court's ability to award and enforce judgments in IDEA cases.  Case law is consistent in

interpreting Section 327 as allowing Courts to order attorney fees in excess of the $4,000.00

cap;[2]  however, under Section 327, the District of Columbia cannot use the funds appropriated to

it by Congress to pay for attorney fees in excess of $4,000.00.  In *Calloway v. D.C.*, the D.C.

Circuit "recognize[d] the potential incongruity of courts' awarding fees that [Section 327]

prohibits the District from paying during the same fiscal year." 216 F.3d 1, 10 (D.C. Cir. 2000).

Consistent with the holdings of the U.S. Supreme Court,[3] the Circuit Court left it to Congress to

resolve the incongruity between the IDEA and Section 327.  *See Id.*  Congress reauthorized the

IDEA in 2004 (the new law went into effect on July 1, 2005).  In this most recent reauthorization,

Congress added mandatory resolution sessions prior to holding a due process hearing in an effort

to give the schools and the parents the opportunity to resolve the disagreements in a constructive

and positive way and without involving attorneys.  If, however, the matter cannot be resolved at

the resolution session, the parent is permitted to proceed to a due process hearing with legal

representation.  Pursuant to § 1415 of the IDEA, the prevailing party may recover reasonable

attorney's fees.  In reauthorizing the IDEA, however, Congress failed to resolve the continuing

incongruity that exists between Section 327 and the IDEA.  Congress recognized that the cap

exists; however, Congress did not attempt to reconcile the conflict.  *See* 20 U.S.C. §

1415(i)(3)(B)(ii).  Thus, the Courts cannot leave it up to Congress to resolve this issue.

---

[2]      *See Blackman v. D.C.*, 150 F. Supp. 2d 133 (D.D.C. 2001); *Blackman v D.C.*, 397
F. Supp. 2d 12 (D.D.C. 2005).

[3]      *See TVA v. Hill*, 437 U.S. 153 (1978) (leaving it to Congress to resolve the
incongruity of appropriating funds for a dam that another statute prohibited).

## COUNT TWO

71.    Plaintiff repeats and realleges paragraphs 1 - 70.

72.    Section 327 arbitrarily caps "the fees of an attorney who represents a party in an

action . . . including an administrative proceeding, brought against the District of Columbia

Public Schools under the Individuals with Disabilities Education Act" at $4,000.00.  108 Pub. L.

335.  There is no support justifying why the cap is set at $4,000.00.  Nationally, the District of

Columbia is the only local education agency that places a limit on attorneys' fees.  The cap was

originally put into place in an attempt to allocate more resources to special education in District

of Columbia and curb the growth of legal expenses.  This arose in part due to a Compliance

Agreement entered into by the U.S. Secretary of Education and DCPS in 1998 "mandating that

DCPS 'be in full compliance with the requirements of [IDEA in] no later than three years.'"

*Calloway*, 216 F.3d at 4; *see also* 63 Fed. Reg. 41370.   However, it is now 2007 and DCPS is far

from being in full compliance with IDEA.  Therefore, the cap has not had the intended effect of

improving DCPS's compliance with the requirements of IDEA.  Furthermore, in light of the

recent decision by the United States Supreme Court, the cap undermines the purpose behind the

IDEA by limiting the procedural safeguards of low-income families.  In *Schaffer v. Weast*, the

Supreme Court stated, "Litigating a due process complaint is an expensive affair, costing schools

approximately $8,000.00 - $12,000.00 per hearing."  126 S. Ct. 528, 535 (2005).  Additionally,

the Supreme Court held that prevailing parents cannot recover experts fees in IDEA cases.  *See*

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* 126 S. Ct. 2455, 2457 (U.S. 2006).  There is

no effective remedy for District of Columbia residents in complex IDEA cases, because the

District of Columbia cap restricts low-income parents from being able to afford such costly

57

litigation.  The cap effectively limits the access of District of Columbia's poor families to quality

legal representation, which impairs their due process protections under the IDEA.

## RELIEF

WHEREFORE, Plaintiffs respectfully request that this honorable Court:

A.     Find that the cap imposed under Section 327 of the District of Columbia Appropriations

Act of 2005 is arbitrary and limits access to the due process protections provided by the IDEA.

B.     Find that the Defendant has, with respect to each Plaintiff, deprived said Plaintiff of

rights, privileges, and the benefits that are available and secured by the laws of the United States,

specifically 20 U.S.C. § 1400 *et seq.*;

C.   Award each Plaintiff damages as follows:

**Relief Sought Under the Cap**

| | |
|---|---|
| A.B., ward of the District of Columbia | $  935.50 |
| N.R., ward of the District of Columbia | $  205.00 |
| A.T. and Johnice Jackson | $1,085.00 |
| M.E., ward of the District of Columbia | $3,932.50 |
| J.H., ward of the District of Columbia | $1,017.50 |
| T.L., ward of the District of Columbia | $3,355.00 |
| S.M., ward of the District of Columbia | $1,580.00 |
| D.M., ward of the District of Columbia | $1,126.50 |
| T.H., ward of the District of Columbia | $4,097.50 |
| D.A., ward of the District of Columbia | $1,045.50 |
| K.A., ward of the District of Columbia | $3,865.50 |
| T.H. and Iona Francis | $  118.00 |
| Jo. H. and Tondalaya Hampton | $   19.00 |
| J. C. and Eleanor Young | $  370.00 |
| E.S. and Sandra Forrest | $4,000.00 |
| R.G. and Charlene Glymph | $  147.50 |
| D.H. and Diane Pixley | $2,006.00 |
| K.E. and Diana Epps | $4,000.00 |
| D.H., ward of the District of Columbia | $  330.00 |
| A.J.P.and Leslie Jackson | $2,694.00 |

58

| | |
|---|---|
| J.G.. and Deborah Jefferies | $  632.50 |
| D.P. and Kay Pixley | $3,498.50 |
| C.P and Kay Pixley | $  675.00 |
| V.T., ward of the District of Columbia | $1,525.00 |
| L.B. and Gloria Peterson | $  206.50 |
| V.H., ward of the District of Columbia | $2,157.50 |
| G.M. and Raquel de Jesus | $3,823.00 |
| J.J. and Barbara Askew | $2,147.50 |
| S.J. and Shelia Johnson | $4,000.00 |
| J.D., ward of the District of Columbia | $4,000.00 |
| Da.B. and Tondaleia Braxton | $1,242.50 |
| De.B. and Tondaleia Braxton | $1,418.00 |
| R.A. and Wanda Anderson | $4,000.00 |

Totaling **$ 65,256.00** under the cap.

**Relief Sought Over the Cap**

| | |
|---|---|
| A.B., ward of the District of Columbia | $   604.50 |
| K.B. and Saida Bentaleb | $13,449.00 |
| N.R., ward of the District of Columbia | $ 2,257.50 |
| A.T. and Johnice Jackson | $   867.50 |
| M.E., ward of the District of Columbia | $ 1,915.50 |
| T.L., ward of the District of Columbia | $ 1,252.50 |
| S.M., ward of the District of Columbia | $ 2,077.50 |
| D.M., ward of the District of Columbia | $   348.50 |
| K.A., ward of the District of Columbia | $ 1,513.00 |
| T.H. and Iona Francis | $ 1,546.00 |
| Jo.H. and Tondalaya Hampton | $    81.00 |
| Je.H. and Tondalaya Hampton | $   131.00 |
| M.T. and Kimberly Tate | $ 1,275.00 |
| P.E.B. and Nancy Evans | $   430.50 |
| J.C. and Eleanor Young | $ 2,312.50 |
| E.S. Schuler and Sandra Forrest | $ 2,173.00 |
| Q.J., ward of the District of Columbia | $   949.50 |
| R.G. and Charlene Glymph | $ 4,128.50 |
| K.P. and Linda Purvis | $ 2,608.00 |
| D.H. and Diane Pixley | $   690.50 |
| W.E. and Walter Lid & LeShawn English | $   875.00 |
| P.S. and Sharon Eggleston | $ 1,609.50 |
| K.E. and Diana Epps | $ 8,980.00 |
| M.J. and Carolyn Jeppsen | $ 9,582.00 |

| | |
|---|---|
| J.W. and Carrie Wilkins | $ 1,650.00 |
| M.E. and Kelly Hanson | $ 1,015.00 |
| E.H. and Regina Pixley | $ 6,750.00 |
| D.H., ward of the District of Columbia | $ 2,765.00 |
| A.W., ward of the District of Columbia | $ 2,609.50 |
| T.B. and Mabel Boyd | $10,755.00 |
| A.Y. and Mabel Boyd | $ 2,392.50 |
| A.J.P. and Leslie Jackson | $   162.00 |
| K.S. and Shirley Smith | $ 6,000.00 |
| R.S.J. and Claudette Austin-Johnson | $ 1,723.00 |
| T.C., ward of the District of Columbia | $ 2,105.00 |
| D.P. and Kay Pixley | $   222.50 |
| C.P. and Kay Pixley | $   753.50 |
| V.T., ward of the District of Columbia | $ 1,005.00 |
| J.J., ward of the District of Columbia | $ 4,205.00 |
| V.H., ward of the District of Columbia | $   998.00 |
| M.B. and Mary Parker | $ 2,313.50 |
| J.J. and Barbara Askew | $   427.60 |
| D.W. and Carrie Wilkins | $ 5,787.50 |
| S.J. and Shelia Johnson | $ 5,925.00 |
| S.H. and Linda and Charles Hunter | $ 5,900.00 |
| J.F. and Shanetta Richardson | $ 7,500.00 |
| B.F. and Rennae Ford | $ 1,468.50 |
| J.D., ward of the District of Columbia | $ 1,884.00 |
| H.F. and Judy Brown | $ 6,533.50 |
| S.F. and Rennae Ford | $ 1,454.00 |
| A.F. and Bettie Florence | $ 7,458.00 |
| R.A. and Wanda Anderson | $ 2,149.00 |
| M.D. and Diane Foreman | $14,043.50 |
| C.D, ward of the District of Columbia | $ 4,858.50 |
| D.C., Carole Colbert | $   305.50 |

Totaling **$ 174,776.60** over the cap.

Total combined amount of Relief sought **$ 240,032.60**.

D.    Award to each Plaintiff pre-judgment interest and post-judgment interest on each damage

award;

E.    Award Plaintiffs the attorneys' fees and costs incurred by virtue of the instant lawsuit; and

F.    Award any other relief this Court deems appropriate and just.

60

Respectfully submitted,


_____/s/_____
Paul S. Dalton, Esq. (Bar. No. 439118)
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, VA 22314
(703) 739-4300
(703)-739-2323 (fax)




_____/s/_____
Ellen Douglass Dalton, Esq. (Bar. No. 411612)
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, VA 22314
(703) 739-4300
(703)-739-2323 (fax)




_____/s/_____
William E. Houston, Esq. (Bar. No. 450223)
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, VA 22314
(703) 739-4300
(703)-739-2323 (fax)


Counsel for Plaintiffs

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Johnice Jackson et. al.

1/001

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DC
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Paul S. Dalton, Esq. (Bar. No. 439118)
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, VA 22314
(703) 739-4300

## DEFENDANTS

Government of District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

ATTORNEYS (IF KNOWN)

CASE NUMBER   1:07CV00138

JUDGE: Gladys Kessler

DECK TYPE: Civil Rights (non-employm

DATE STAMP: 01/19/2007

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

◉ 3 Federal Question
   (U.S. Government Not a Party)

○ 2 U.S. Government
   Defendant

○ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

## III CITIZEN
FOR PLAINTIFF

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
     Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
     defendant
☐ 871 IRS-Third Party 26
     USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
     of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
     Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
     Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
     Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
     Exchange
☐ 875 Customer Challenge 12 USC
     3410
☐ 900 Appeal of fee determination
     under equal access to Justice
☐ 950 Constitutionality of State
     Statutes
☐ 890 Other Statutory Actions (if
     not administrative agency
     review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. § 1331, and the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** _____ Check YES only if demanded in complaint

**JURY DEMAND:**    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 01/19/07    SIGNATURE OF ATTORNEY OF RECORD _____

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.