**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHNICE JACKSON, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 07-0138 |
| | : (GK) |
| DISTRICT OF COLUMBIA, | : |
| | : |
| Defendant. | : |

## DEFENDANT'S MOTION TO DISMISS

Comes now defendant, District of Columbia, by counsel, and moves this Court to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12 (b)(6). The grounds for defendant's Motion to Dismiss are set forth in the accompanying Memorandum of Points and Authorities. An appropriate proposed Order is also attached.

        Respectfully submitted,

        LINDA SINGER
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Edward P. Taptich
        EDWARD P. TAPTICH [012914]
        Chief, Equity, Section 2

        /s/ Maria L. Merkowitz
        MARIA L. MERKOWITZ [312967]
        Senior Litigation Counsel
        441 4th Street, N.W., Sixth Floor North
        Washington, DC 20001
        (202) 442-9842
        FAX - (202) 727-3625
        E-mail – maria.merkowitz@dc.gov

March 23, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHNICE JACKSON, et al., : | |
| Plaintiffs, : | |
| v. : | Civil Action No. 07-0138 |
| : | (GK) |
| DISTRICT OF COLUMBIA, : | |
| Defendant. : | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**Procedural Statement**

On January 19, 2007, plaintiffs filed the instant Complaint, seeking reimbursement for attorney's fees from the District of Columbia, pursuant to the Individuals with Disabilities Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sec. 1400, *et seq*. Sixty three plaintiffs are named. The Complaint contains two counts which are virtually identical[1] to the counts included in a prior lawsuit brought by the same law firm, *Gray v. District of Columbia,* Civ. No. 06-0144 (D.D.C.), and dismissed by the honorable Judge Urbina on March 12, 2007 (March 12, 2007 Memorandum Opinion [24].

In this case, as in *Gray*, the first Count of the Complaint states that "an incongruity continues to exist between Section 327 of the District of Columbia Appropriations Act of 2005 [capping IDEIA attorneys' fees at $4,000 and the provision of the IDEIA that permits [c]ourts to award attorney's fees," and that "[c]ourts cannot leave it up to Congress to resolve [the incongruity]." Complaint at par. 70. The second

---

[1] In the instant Complaint, plaintiffs change the date from 2005 to 2007in Count Two and reference *Arlington Cent. Sch. Dist. Bd. Of Educ. v. Murphy,* 126 S. Ct. 2455, 2457 (2006), for the proposition that prevailing parties can no longer recover expert fees in IDEA cases. (Complaint at 53)

2

Count of the Complaint alleges that the attorneys' fees "cap effectively limits the access of the District of Columbia's poor families to quality legal representation, which impairs their due process protections under the IDEA." Complaint at par. 72.

Plaintiffs here, seek *inter alia,* as they did in *Gray*, to have this honorable Court:

> A. [f]ind that the cap imposed under Section 327 of the District of Columbia Appropriations Act of 2005 is arbitrary and limits access to the due process protections provided by the IDEA.  B. Find that the Defendant has, with respect to each Plaintiff, deprived said Plaintiff of rights, privileges, and the benefits that are available and secured by the laws of the United States, specifically 20 U.S.C. Sec. 1400 *et seq.*

Complaint at 54

## ARGUMENT

### I. Standard Of Review For Dismissal Of A Complaint Pursuant To Fed. R. Civ. P. 12(b)(6)

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172 (1967)).  However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts.  *See Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Further, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averments of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only enjoys the "benefit of all inferences that plausibly can be drawn from

3

well-pleaded allegations of the complaint. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987)

## II. The Complaint Fails To Allege That The Defendant Is Violating The Plaintiffs' IDEA rights.

Plaintiffs' first count alleges that there is an incongruity between the fee cap imposed by the District of Columbia Appropriations Act of 2005 and the provision of the IDEIA that permits courts to award attorney's fees. Since Congress has not reconciled that conflict the courts should do so, claim the plaintiffs. (Complaint at 51-53, par. 70) How this count alleges a violation of any of plaintiffs' rights under the IDEIA is unclear.

The Complaint alleges only that the plaintiffs submitted attorneys' fees requests to the District of Columbia Public Schools ("DCPS") and that either they were not paid the full amount they requested or they were not paid more than the fee cap. However, only the court, and not the defendant, may award the plaintiffs reasonable attorneys' fees. 20 U.S.C. Sec. 1415(i)(3)(B). "The complaint, in other words, fails to allege that the defendant is violating the plaintiffs' IDEA rights because the court has not awarded them attorneys' fees." (*Gray,* Memorandum Opinion at 8) Further,

> assuming *arguendo* that the plaintiffs have a statutory right to collect attorneys' fees from the defendant absent court order, there is no indication on the face of the complaint that the defendant is improperly reducing the amount of the requested fee awards. It makes no sense to read the IDEA as requiring the defendant to pay each and every fees request submitted by an attorney without any scrutiny or review.
>
> *Bowman v. District of Columbia,* Civ. No. 06-0016 (D.D.C.), (March 20, 2007 Memorandum Opinion [13] at 7.

4

### III. The Fee Cap Does Not Violate Due Process Nor Impermissibly Limit The Court's Authority To Award Fees.

Plaintiffs' second count claims that the fee cap "effectively limits the access of District of Columbia's poor families to quality legal representation, which impairs their due process protections under the IDEA." (Complaint at 54, par. 72) Again, it is unclear how this count alleges any violation of the named plaintiffs' rights. There are no allegations that any of the named plaintiffs were denied quality representation when represented administratively by the same counsel appearing for plaintiffs in the instant lawsuit.

As previously stated, plaintiffs' two counts, on which they base their prayer for relief, have previously been ruled upon and dismissed by the Honorable Richard Urbina. In his Memorandum Opinion in *Gray,* granting defendants' Motion to Dismiss, Judge Urbina relied on earlier Circuit court cases for the proposition that "the fee cap does not violate due process and [] does not constitute an impermissible limit on the court's authority to award fees. *Calloway v. District of Columbia*, 216 F.3d 1, 9 (D.C. Cir. 2000); *see also Jester v. District of Columbia*, --- F.3d ---, 2007 WL 148830, at *2 (D.C. Cir. Jan. 23, 2007) (vacating a district court order requiring the District of Columbia to pay attorney's fees in excess of $4,000 and stating that '[i]n *Calloway v. District of Columbia* … we held that the district court may award the full amount of attorney's fees, but the District cannot pay a fee award beyond the limit set by the cap')…." (Memorandum Opinion [24]at 6)

Here, as in *Gray,* the Court should dismiss plaintiffs' Complaint for a failure to state a claim.

**CONCLUSION**

This Complaint, while identifying different plaintiffs, is the mirror image of that in the *Gray* case. Judge Urbina's decision dismissing the *Gray* Complaint is four-square precedent for dismissal here.

        Respectfully submitted,

        LINDA SINGER
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Edward P. Taptich
        EDWARD P. TAPTICH [012914]
        Chief, Equity, Section 2

        /s/ Maria L. Merkowitz
        MARIA L. MERKOWITZ [312967]
        Senior Litigation Counsel
        441 4th Street, N.W.,  Sixth Floor North
        Washington, DC 20001
        (202) 442-9842
        FAX  -  (202) 727-3625
        E-mail – maria.merkowitz@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNICE JACKSON, et al.,            :
                                    :
            Plaintiffs,              :
                                    :
v.                                   :      Civil Action No. 07-0138
                                    :      (GK)
DISTRICT OF COLUMBIA,               :
                                    :
            Defendant.               :

## PROP[OSED ORDER

Upon consideration of Defendant's Motion to Dismiss, Plaintiff's Opposition to the same, and the entire record herein, it is this _____ day of _____ 2007, hereby

ORDERED, that defendant's Motion to Dismiss is GRANTED, and

IT IS FURTHER ORDERED, that Plaintiffs' Complaint is dismissed with prejudice.

_____
Judge Gladys Kessler