UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNICE JACKSON, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 07-0138 |
| : | (GK) |
| DISTRICT OF COLUMBIA, : | |
| : | |
| Defendant. : | |

………………………………………………………..

### DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Comes now defendant, District of Columbia, by counsel, and replies to plaintiffs' Opposition to defendant's Motion to Dismiss as follows:

**I.    Plaintiffs Fail to State a Claim With Regard to Attorneys' Fees and a Violation of the IDEIA.**

Plaintiffs claim that they have been denied rights under the IDEIA because DCPS "refused to pay some or all the fees" submitted by plaintiffs' counsel for payment. (Opp. at 4-5) They misconstrue defendant's arguments as to why their claim does not indicate a violation of the IDEIA. While plaintiffs have the right to seek reimbursement from DCPS when they are a prevailing party, the fact that plaintiffs did not receive all the money they sought, does not mean that DCPS improperly reduced the amount of the requested fees. Nor is there any indication in plaintiffs' Complaint or Opposition that DCPS agreed to pay a certain amount and reneged on their agreement. Lastly, while defendant is not suggesting that plaintiffs must apply to the Court in the first instance for payment of attorneys' fees, only the court, and not the defendant, may award the plaintiffs reasonable attorneys' fees. 20 U.S.C. Sec. 1415(1)(3)(B). Had the court

ordered defendants to pay plaintiffs' attorneys' fees and defendant failed to pay, then plaintiffs would have a proper claim. However, that is not the case here, and accordingly, plaintiffs' claim must be dismissed.

  **II.**  **Plaintiffs Fail To State a Claim That the Fee Cap Violates Due Process and Impermissibly Limits the Court's Authority to Award Fees.**

Plaintiffs assert that defendant relied solely on a recent decision by the honorable Judge Urbina, *Gray v. District of Columbia,* Civ. No. 06-0144 (D.D.C.), in arguing why the section 130 fee cap does not violate plaintiffs' due process rights. Apparently, because plaintiffs are appealing that decision, they believe that the decision has no validity. However, defendant did not rely solely on Judge Urbina's decision, but also on the law on which he based his decision, specifically, *Calloway v. District of Columbia*, 216 F.3d 1 (D.C. Cir. 2000).

In *Calloway*, the court entertained and rejected the same arguments as are now being presented.[1] In *Calloway*, as here, plaintiffs alleged that the section 130 fee cap violated their due process rights by "prevent[ing] them from retaining qualified legal counsel…." leaving them "powerless to enforce their IDEA rights…." *Calloway*, 216 F.3d at 5-6. Plaintiffs further argued in *Calloway,* as they do here, that "the Plaintiffs are being discriminated merely on the basis that they are citizens of the District of Columbia." (Opp. at 6) (*Calloway* at 6)   However, both the United States District Court for the District of Columbia and the United States Court of Appeals for the District of Columbia Circuit rejected plaintiffs' challenges to section 130, as this Court must also. The Court of Appeals also took into account, and rejected, plaintiffs' argument in

---

[1] Plaintiffs' counsel, Paul Dalton, participated in the brief writing for plaintiffs' appeal in *Calloway.*

2

*Calloway*, that the section 130 fee cap would not benefit the special education system. "Whatever the doubts about section 130, 'rational-basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.'" *Calloway*, 216 F.3d at 8, citing *Heller v. Doe,* 509 U.S. 312, 318 (1993).

Lastly, the court in *Calloway* also addressed plaintiffs' argument that "Congress is effectively usurping the power of the Court under IDEA to award attorneys' fees," (Opp. at 7).

> In view of the "very strong presumption" that appropriation acts do no amend substantive law, we face a straightforward question of statutory construction: has Congress unambiguously expressed an intent to limit court authority to award fees under IDEA? When Congress wants to use an appropriations act to limit court authority, it knows precisely how to do so. For example, section 311 of the 2000 Appropriations Act says, "section 5 of the Y2K Act… is amended" to state that "punitive damages in a Y2K action may not be awarded against an institution of higher education." Section 311, Consolidated Appropriations Act, 2000, Pub. L. 106-113, 113 Stat. 1501, 1537 (Nov. 29, 1999). Section 130 contains no similar limiting language.

*Calloway*, 216 F.3d at 5-6

## **CONCLUSION**

While plaintiffs may believe that the *Gray* decision was wrongly decided, they cannot, and do not, dispute the fact that *Calloway* represents the law in this jurisdiction. As has been established, the *Gray* decision was based in large part on *Calloway*. Thus while defendant's Motion to Dismiss was based on the *Gray* decision--because the complaint in that case and the complaint in the instant case are virtually identical-- defendant's arguments incorporated all the findings in *Calloway*. For the above stated reasons plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,   Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

April 10, 2007