## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHNICE JACKSON, et al.** | : |
| | : |
| **Plaintiffs** | : |
| | : |
| **v.** | :       **Civil Action No. 07-0138 (GK)** |
| | : |
| **DISTRICT OF COLUMBIA** | : |
| | : |
| **Defendants** | : |
| | : |

## <u>DEFENDANT'S RULE 16.3 REPORT</u>

COMES NOW the Defendant District of Columbia, by counsel, and pursuant to Local Rule 16.3 to file its Report.1

The counsel for the parties have conferred, and respectfully submit the following:

I.      <u>**Defendant's Statement of the Case**</u>

The Complaint seeks reimbursement for attorney's fees from the District of Columbia, pursuant to the Individuals with Disabilities Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sec. 1400, *et seq*.

Defendant filed a Motion to Dismiss the instant action on March 23, 2007, on the grounds that the Complaint failed to state a claim upon which relief could be granted.  The Complaint contains two counts which are virtually identical to the counts included in a prior lawsuit brought by the same law firm, *Gray v. District of Columbia,* Civ. No. 06-0144 (D.D.C.), and dismissed by the honorable Judge Urbina on March 12, 2007 (March 12, 2007 Memorandum Opinion).

---

1 The undersigned counsel attempted several times, by telephone and e-mail, to resolve the differences between plaintiffs' and defendant's proposed Local Rule 16.3 Reports.  Because plaintiffs' counsel did not respond, except to state that she would file a separate Rule 16.3 Report, defendant is filing its own proposed Rule 16.3 Report.

Both Counts allege that Section 327 of the District of Columbia Appropriations Act of 2005 is unconstitutional.

Plaintiffs here seek as they did in *Gray*, to have this Court find that the fee cap imposed under Section 327 of the District of Columbia Appropriations Act of 2005 is arbitrary and limits access to the due process protections provided by the IDEIA. Defendant asserts that this issue has been reviewed and dismissed previously by this Court and that the instant Complaint fails to state a claim upon which relief can be granted.

II.    **Matters discussed by the Parties Pursuant to Local Rule 16.3(c)2**

1.    Based on the information available, the parties believe that this case can be decided by dispositive motion.

2.    The parties do not anticipate the need for joining parties or amending the pleadings. At this time, the parties do not believe that the factual and legal issues can be agreed upon or narrowed.

3.    The parties do not believe that this matter should be assigned to a magistrate judge.

4.    The parties will discuss settlement, but do not believe that a settlement is possible at this time.

5.    The parties do not believe that ADR will be beneficial in this case.

6.    This case can be decided by dispositive motion and the parties propose the following schedule:

---

2 The following matters were proposed by plaintiffs and are agreed to by the defendant.

2

      a.      The Plaintiffs will file their Motion for Summary Judgment on or before May 15, 2007.

      b.      The Defendant will file their Cross Motion for Summary Judgment and its Opposition on or before June 15, 2007.

      c.      The Plaintiff will file its Opposition and Reply on or before July 16, 2007.

      d.      Defendants will file their Reply on or before August 16, 2007.

7.      The parties agree to stipulate to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

8.      The parties do not believe that discovery will be necessary.

9.      The parties do not believe that there will be a need for expert witnesses.

10.      The instant case is not a class action.

11.      There is no need to bifurcate discovery or trial.

12.      There is no need for a pretrial conference at this time.

13.      At this point, there is no need to set a trial date.

14.      The parties are not aware of any other matters that require inclusion in a scheduling order.

      Respectfully submitted,

      LINDA SINGER
      Attorney General for the District of Columbia

      GEORGE C. VALENTINE
      Deputy Attorney General, Civil Litigation Division

      /s/ Edward P. Taptich

3

EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,   Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

April 17, 2007

4