UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHNICE JACKSON, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 07-0138 |
| | : | (GK) |
| DISTRICT OF COLUMBIA, | : | |
| Defendant. | : | |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

### PRELIMINARY STATEMENT

On April 23, 2007, plaintiffs filed a Motion for Leave to File an Amended Complaint on the grounds that they allegedly just learned that some of their attorneys' fees, for which they seek reimbursement in this lawsuit, were denied by DCPS on the grounds that the billed tasks were administrative in nature. Despite not seeing any of DCPS' "dispute sheets" (DCPS' explanations of its response to invoices submitted), nor knowing whether other attorneys' bills have been similarly adjusted, plaintiffs seek to amend their Complaint to reflect that "[t]he policy and practice of DCPS to reduce attorneys' fees on the basis that attorneys cannot charge their hourly rate for administrative tasks is in direct contradiction to the law in this jurisdiction." (Motion at 3)

**ARGUMENT**

1.  **Where a Proposed Amendment Would Be Futile, Is Offered in Bad Faith, Or Is Contrary to the Interests of Justice, a Motion for Leave to Amend Should be Denied.**

A motion for leave to amend a pleading may be denied, *inter alia,* if the amendment would be futile, is offered in bad faith, or is contrary to the interests of justice. *Foman v. Davies,* 371 U.S. 178, 182 (1962); *Atchinson v. District of Columbia,* 73 F.3d 418, 425 (U.S. App. D.C. 1996); *Wakeen v. Hoffman House, Inc.,* 724 F.2d 1238, 1244 (7th Cir. 1983). Here, as will be shown, plaintiffs' proposed amendment is legally insufficient on its face, brought with an improper motive, and should not be permitted.

  A. **Plaintiffs' Proposed Amendment Would be Futile.**

On January 19, 2007, plaintiffs filed a Complaint seeking reimbursement for attorney's fees from the District of Columbia pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sec. 1400, *et seq*. On April 3, 2007, defendant filed a Motion to Dismiss on the grounds that the Complaint contained only two counts, which were virtually identical to the counts included in a prior lawsuit brought by the same law firm, *Gray v. District of Columbia,* Civ. No. 06-0144 (D.D.C.), and dismissed by the honorable Judge Urbina on March 12, 2007 (March 12, 2007 Memorandum Opinion [24]).

An Initial Scheduling Conference was held in this case on April 19, 2007, wherein plaintiffs stated that the *Gray* case was currently being appealed. At that time the Court expressed its concern about issuing a scheduling order while another case, which presents identical issues to those presented here, was pending before the United

States Court of Appeals for the District of Columbia Circuit.[1]  Accordingly, this Court issued an Order on April 23, 2007, acknowledging defendant's Motion to Dismiss and stating that it was under advisement at this time.  (Order at 1)  The Court did not issue a scheduling order.

In their Motion, plaintiffs claim that they should be permitted to amend their Complaint because they were unaware, prior to April 19, 2007, that DCPS had reduced their request for fees because they were charging their normal attorney hourly rate for administrative tasks.  (Motion at 3)[2]  Citing *Bailey v. District of Columbia,* 839 F.Supp 888, 891 (D.D.C. 1993) and *Czarniewy v. District of Columbia,* 2005 U.S. Dist. LEXIS 5161 *15 (D.D.C., March 25, 2005), plaintiffs allege that this action by DCPS is contrary to the law in this jurisdiction.  Plaintiffs provide no supporting documentation or facts to bolster their argument.

In *Bailey, supra,* the Court allowed a sole practitioner to recover his hourly fees for administrative/clerical tasks, on the grounds that he should not be penalized because he did not have the staff that could have performed these tasks more economically. *Bailey v. District of Columbia,* 839 F.Supp. at 891.  However, in a recent Memorandum Opinion issued by this Court, *Thomas v. District of Columbia,* Civil Action No. 03-1791 (D.D.C. March 22, 2007), ruling on a Motion for Payment of Attorney's Fees and Costs filed by the same sole practitioner as in *Bailey,* Judge Kollar-Kotelly adopted Magistrate Judge Kay's Report and Recommendation (March 2, 2007), in which he reduced

---

[1] On April 23, 2007, defendant was served with a third identical lawsuit, *Billup v. District of Columbia,* Civ. No. 06-0144 (D.D.C.), filed on February 20, 2007, which is assigned to Judge James Robertson.
[2] When DCPS processes attorneys' fees, it routinely e-mails to plaintiffs' counsel the "dispute sheets" which identify the reason(s) a fee request is being denied.  In the case of the instant plaintiffs' attorneys, the dispute sheets are e-mailed to a Ms. Castro at the law firm of Dalton, Dalton, & Houston at d.castro@daltonlaw.com.

3

counsel's hourly rate for the entries involving administrative/clerical tasks. Magistrate Judge Kay concluded that "[t]he *Bailey* case does not [] prevent an attorney from adjusting his fee rates downward with regard to the performance of administrative tasks, which could be handled by a junior associate or paralegal." (Report at 12) Thus precedent exists in this jurisdiction for the reduction of attorneys' fees for work performed on administrative/clerical matters. *See also Coleman v. District of Columbia,* Civ. No. 03-0126 (D.D.C. May 3, 2007).

Further, in the instant case, plaintiffs' counsel is not a sole practitioner. The law firm of Dalton, Dalton & Houston, has three named partners, two associates, an office manager and other support staff. Accordingly, *Bailey* is inapplicable to the instant case. However, even if the Court concludes that *Bailey* does apply, "[i]t makes no sense to read the IDEA as requiring the defendant to pay each and every fees request submitted by an attorney without any scrutiny or review." *Bowman v. District of Columbia,* Civ. No. 06-0016 (D.D.C. March 20, 2007). Thus, plaintiffs' proposed amendment would be futile as the weight of legal precedent is clearly contrary to plaintiffs' position. If the Court permits plaintiffs to amend their Complaint, defendant will then file a second motion to dismiss, based in part on their first Motion to Dismiss, and citing the same law as they do here, to establish that DCPS is well within its rights to reduce attorneys' fees for work performed on administrative/clerical tasks.

### B.     Plaintiffs' Proposed Amendment is Brought in Bad Faith

Plaintiffs have filed at least three Complaints alleging virtually identical causes of action, each before a different judge in the United States District Court for the District of Columbia. One, *Gray v. District of Columbia, supra,* was dismissed by Judge Urbina and

4

is currently pending before the United States Court of Appeals for the District of Columbia Circuit. In the second, the instant matter, this honorable Court determined to take defendant's Motion to Dismiss under advisement, and appeared to want to stay proceedings pending the outcome of the *Gray* matter. The third, *Billup v. District of Columbia* Civ. No. 06-0144 (D.D.C.), assigned to Judge James Robertson, was filed on February 20, 2007, and served on defendants on April 23, 2007.

Plaintiffs' argument presented in their motion for leave to amend the instant Complaint, and the attached amended complaint, do nothing to alter the nature of the original Complaint. The thrust here, as in all three cases, is that the section of the District of Columbia Appropriations Act which caps IDEIA attorneys' fees at $4,000 should be declared unconstitutional.

By seeking to amend the instant Complaint with an additional Count, that has no legal validity, plaintiffs are attempting to save a cause of action, which was dismissed by one judge, brought before a second judge, to hopefully obtain a different result. It would appear that plaintiffs' attempt to amend the complaint is brought in bad faith,  This type of legal chicanery should not be tolerated and plaintiffs' motion for leave to amend the complaint should be denied.

## CONCLUSION

It would not be an abuse of discretion for the Court here to deny plaintiffs' Motion for Leave to Amend the Complaint. The proffered amendment merely restates the same facts as in the Complaint, and is based on an erroneous interpretation of the law. Accordingly, in the interest of justice, this honorable Court should deny plaintiffs' Motion.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,  Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

May 4, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHNICE JACKSON, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 07-0138 |
| : | (GK) |
| DISTRICT OF COLUMBIA, : | |
| : | |
| Defendant. : | |

## **PROP[OSED ORDER**

Upon consideration of Plaintiffs' Motion for Leave to File an Amended Complaint, the Opposition to the same, and the entire record herein, it is this _____ day of _____ 2007, hereby

ORDERED, that Plaintiffs' Motion for Leave to File an Amended Complaint is DENIED.

_____

Judge Gladys Kessler