UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNICE JACKSON, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 07-0138 (GK) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION
TO MOTION TO AMEND COMPLAINT**

Plaintiffs maintain that it is proper to amend its complaint based on the new information recently discovered by Plaintiff's counsel. The Defendant incorrectly asserts that Plaintiff's amendment is legally insufficient and brought with an improper motive. The Plaintiffs were previously unaware of the facts supporting the amendment because of the lack of disclosure on the part of the Defendant. These new facts have a serious impact on the current litigation, and as such should be allowed to be incorporated into the complaint.

**A. Plaintiff's Amendment Would not be Futile**

On January 19, 2007, Plaintiffs filed the instant complaint seeking reimbursement of attorneys' fees from the District of Columbia for prevailing claims brought against the District of Columbia Public Schools ("DCPS") pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sec. 1400, *et seq*. At that time, Plaintiffs did not know, and had no way to know, that the reason why DCPS had reduced Plaintiffs' invoices was because some of the fees were related to administrative tasks. It was not until April 19, 2007, following the initial scheduling conference before this honorable Court, that counsel for

the Plaintiffs became aware of this fact through conversation with counsel for the Defendant.

In its opposition, the Defendant contends that Plaintiffs did not provide any supporting documentation or facts to bolster the argument that DCPS has routinely reduced Plaintiffs' invoices in violation of the law of this jurisdiction.  The Defendant apparently does not grasp that the very reason why Plaintiffs now need to amend the complaint is because the Defendant has failed to provide the Plaintiffs with this documentation.  In footnote 2 of the opposition, Defendant attempts to invalidate Plaintiffs' assertion that they were not aware of the reason for reduction of the invoices by stating that he invoice dispute sheets, which identify the reason(s) a fee request is denied, are routinely e-mailed to the firm.  As stated in Plaintiffs' Motion for Leave to Amend, however, Plaintiffs have not received these sheets on a regular basis, and even when the Defendant provides such sheets, they do not include the explanation that fees are being reduced because the tasks performed were administrative or clerical in nature.  In fact, Plaintiffs included, as Exhibit 1 to its Motion, a few examples of these dispute sheets, and they clearly show that the Defendant does not specify the reasons for reductions or denials.

As stated in the Motion for Leave to Amend, the policy and practice of DCPS to reduce attorneys' fees on the basis that attorneys cannot bill for administrative tasks is in direct contradiction to the law in this jurisdiction.  *See Bailey v. District of Columbia*, 839 F. Supp. 888, 891 (D.D.C. 1993); *see also Czarniewy v. District of Columbia*, 2005 U.S. Dist. LEXIS 5161 *15 (D.D.C., Mar. 25, 2005).  Defendant cites a more recent opinion to support its argument that Defendant is within its power to deny reimbursement for administrative tasks.  This opinion, however, does not overrule previous case law, but rather compliments it.  In *Thomas v. District of Columbia*, the Court adopted the Magistrate Judge's Report that concluded

"[t]he *Bailey* case does not however prevent an attorney from adjusting his fee rates downward with regard to the performance of administrative tasks, which could be handled by a junior associate or paralegal".  Civil Action No. 03-1791 (D.D.C. March 22, 2007), *adopting* Magistrate Judge Kay's Report and Recommendation (March 2, 2007) at 12.

The opinion in *Thomas* does not give the Defendant unfettered authority to deny claims for reimbursement based solely on the fact that administrative tasks are included on the invoice.  Rather, the Court merely stated that *Bailey* does not prohibit reducing fees in some circumstances where the work could be done by a junior associate or paralegal.  In the instant case, the dispute sheets do not indicate that hourly rates have been reduced for administrative tasks.  In fact, there is no specificity whatsoever to indicate how or where the invoice has been reduced.  It is altogether possible that junior associates in the instant case have performed all of the administrative tasks associated with these cases, but because the Defendant has not identified where the invoices are reduced, Plaintiffs are unable to dispute the reduction.  Defendant is inaccurately interpreting *Thomas* to hold that blanket reductions of fees are permitted wherever administrative tasks are concerned.  This is simply not the law.

In its opposition, the Defendant also gives great weight to the fact that counsel for the Plaintiff in *Bailey* was a sole practitioner, whereas the counsel for the Plaintiffs in the instant case are not.  The Court in *Bailey*, however, noted that the lack of resources faced by attorneys in this field effect small firms and solo practitioners alike.  Specifically, the Court stated that these solo and small firm outfits, "often lack the resources to retain a large staff of junior lawyers who could handle such tasks more economically".  839 F. Supp at 891.  The Court, therefore, recognizes that small firms often face the same economic disadvantages as solo practitioners.  In

the instant case, the law firm representing the Plaintiffs only includes two associate attorneys, one office manager, and one other administrative assistant.  A firm of this small size undoubtedly fits into the category envisioned by the Court in *Bailey*.

### B. **Plaintiffs' Amendment is not Brought in Bad Faith**

The Plaintiffs have not brought this amendment in bad faith.  The Plaintiffs seek to amend their complaint to include facts and allegations that would have been included in the original complaint, but for the actions of the Defendant.  Had the Defendant made it known to the Plaintiffs that it was reducing invoices on grounds this jurisdiction has already struck down, then these facts would have been included in the original complaint.  It was not until April 19, 2007, however, after the initial scheduling conference before this honorable Court, that the Plaintiffs learned of the Defendant's actions through conversation with counsel.

Defendant also incorrectly asserts that the instant case is identical to *Gray v. District of Columbia*, which is currently pending before the United States Court of Appeals for the District of Columbia Circuit.  No. 07-7061 (D.C. Cir.).  The *Gray* case, however, asserted claims only with regards to amounts owed to Plaintiffs over the statutory fee cap, challenging the District of Columbia Appropriations Act which caps IDEIA attorneys' fees.  The instant case, however, asserts that Defendant has failed to reimburse Plaintiffs for fees both above and below the statutory fee cap. The Defendant conveniently forgets that  *Bowman v. D.C.*, Civ. No. 06-016(RMU), which addresses the Plaintiffs' claims for attorneys' fees that are at or under the $4,000.00 fee cap, is still pending in the District Court.   Thus, even if the Court of Appeals were to make a definitive ruling in *Gray*, this Court would still have the authority to make a ruling on the claims for reimbursement of fees under the statutory fee cap.

Since the instant case is fundamentally different from the case in *Gray*, the Plaintiffs need not attempt to "save" the cause of action, and do not bring this amendment in bad faith. In fact, it is the Defendant who acts in bad faith by attempting to cloud the fact that a ruling in *Gray* is not dispositive of the instant case.

## **CONCLUSION**

It is within this Court's authority to grant the Plaintiffs' Motion, and for the reasons stated above the Court should do so. The Plaintiffs' proposed amendment brings to light new facts that are essential to this litigation. These facts would have been included in the original complaint, but the Defendant did not make this information known to the Plaintiffs until after initial pleadings were filed. The Defendant's allegations that the Motion is futile and is brought in bad faith are completely unfounded in law and fact. Accordingly, this honorable Court should grant the Plaintiffs' Motion for Leave to Amend the Complaint.

DATE: May 9, 2007                    Respectfully submitted,
                                     Counsel for Plaintiffs


                                     _____/s/_____
                                     Paul S. Dalton, Esq. (Bar. No. 439118)
                                     DALTON, DALTON & HOUSTON, P.C.

                                     _____/s/_____
                                     Ellen Douglass Dalton, Esq. (Bar. No. 411612)
                                     DALTON, DALTON & HOUSTON, P.C.

                                     _____/s/_____
                                     William E. Houston, Esq. (Bar. No. 450223)
                                     DALTON, DALTON & HOUSTON, P.C.

                                     1008 Pendleton Street
                                     Alexandria, VA 22314
                                     (703) 739-4300
                                     (703)-739-2323 (fax)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 9th day of May, 2007.

_____/s/_____
PAUL S. DALTON, Esq.
Counsel for the Plaintiffs