# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHNICE JACKSON                                       )
as next of friend of the minor child,                 )
A.T.                                                  )
and                                                   )
A.T                                                   )
1238 D Street, NE                                     )
Washington, DC 20002                                  )
                                                      )
and                                                   )
                                                      )
WILLIAM HOUSTON,                                      )
as next friend of the minor child,                    )
A.B., ward of the District of Columbia,               )
and                                                   )
A.B., individually                                    )
1008 Pendleton Street                                 )
Alexandria, VA 22314                                  )
                                                      )
and                                                   )
                                                      )
SAIDA BENTALEB,                                       )
as next friend of the minor child,                    )
K.B.                                                  )
and                                                   )
K.B., individually                                    )
2301 41ˢᵗ Street NW Apt 2                             )
Washington, DC 20007                                  )
                                                      )
and                                                   )
                                                      )
WILLIAM HOUSTON,                                      )
as next friend of the minor child,                    )
N.R., ward of the District of Columbia,               )
and                                                   )
N.R, individually                                     )
1008 Pendleton Street                                 )
Alexandria, VA 22314                                  )
                                                      )
and                                                   )
                                                      )
WILLIAM HOUSTON,                                      )
as next friend of the minor child,                    )

M.E., ward of the District of Columbia,     )
and     )
M.E., individually     )
1008 Pendleton Street     )
Alexandria, VA 22314     )
     )
and     )
     )
WILLIAM HOUSTON,     )
as next friend of the minor child,     )
J.H., ward of the District of Columbia,     )
and     )
J.H., individually     )
1008 Pendleton Street     )
Alexandria, VA 22314     )
     )
and     )
     )
WILLIAM HOUSTON,     )
as next friend of the minor child,     )
T.L, ward of the District of Columbia,     )
and     )
T.L., individually     )
1008 Pendleton Street     )
Alexandria, VA 22314     )
     )
and     )
     )
WILLIAM HOUSTON,     )
as next friend of the minor child,     )
S.M., ward of the District of Columbia,     )
and     )
S.M., individually     )
1008 Pendleton Street     )
Alexandria, VA 22314     )
     )
and     )
     )
ELLEN DOUGLASS DALTON, ESQ.     )
as next friend of the minor child,     )
D.M.     )
and     )
D.M., individually     )

2

1008 Pendleton Street                        )
Alexandria, VA 22314                         )
                                             )
and                                          )
                                             )
WILLIAM HOUSTON,                             )
as next friend of the minor child,          )
T.H., ward of the District of Columbia,      )
and                                          )
T.H., individually                          )
1008 Pendleton Street                        )
Alexandria, VA 22314                         )
                                             )
and                                          )
                                             )
ELLEN DOUGLASS DALTON, ESQ.                  )
as next friend of the minor child,          )
D. A., ward of the District of Columbia,     )
and                                          )
D.A., individually                          )
4104 Maidenstone Place                       )
Fort Washington, MD 20744)                    )
                                             )
and                                          )
                                             )
ELLEN DOUGLASS DALTON, ESQ.                  )
as next friend of the minor child,          )
K.A., ward of the District of Columbia,      )
and                                          )
K.A., individually                          )
4104 Maidenstone Place                       )
Fort Washington, MD 20744)                    )
                                             )
and                                          )
                                             )
IONA FRANCIS                                 )
as next of friend of the minor child        )
T.H.                                         )
and                                          )
T.H., individually                          )
2311 13th Place                            )
Washington DC 20017                          )
                                             )

and                                                      )
                                                         )
TONDALAYA HAMPTON                                        )
as next of friend of the minor child                     )
Je. H.                                                   )
and                                                      )
Je.H., individually                                      )
1908 C Street                                            )
Washington DC                                            )
                                                         )
and                                                      )
                                                         )
TONDALAYA HAMPTON                                        )
as next of friend of the minor child                     )
Jo. H.                                                   )
and                                                      )
Jo.H., individually                                      )
1908 C Street                                            )
Washington DC                                            )
                                                         )
and                                                      )
                                                         )
KIMBERLY TATE                                            )
as next friend of the minor child,                       )
M.T.                                                     )
and                                                      )
M.T.                                                     )
1376 Bryant Street, NE #2                                )
Washington, D.C. 20018                                   )
                                                         )
and                                                      )
                                                         )
NANCY EVANS,                                             )
as next friend of the minor child,                       )
P.E.B.                                                   )
and                                                      )
P.E.B. individually                                      )
1121 42nd Street NE                                      )
Washington, DC 20019                                     )
                                                         )
and                                                      )
                                                         )
ELEANOR YOUNG,                           )

as next friend of the minor child,     )
J.C.     )
and     )
J.C., individually     )
3339 P Street, NW     )
Washington, DC 20007     )
     )
and     )
     )
SANDRA FORREST     )
as next friend of the minor child,     )
E.S.     )
and     )
E.S., individually     )
222 37th Street, SE     )
Washington, DC 20019     )
     )
and     )
     )
ELLEN DOUGLASS DALTON,     )
as next friend of the minor child,     )
Q.J., ward of the District of Columbia,     )
and     )
Q.J., individually     )
1008 Pendleton Street     )
Alexandria, VA 22314     )
     )
and     )
     )
CHARLENE GLYMPH,     )
as next friend of the minor child,     )
R.G.     )
and     )
R.G., individually     )
622 Faragut St. NW     )
Washington, DC 20011     )
     )
and     )
     )
LINDA PURVIS,     )
as next friend of the minor child,     )
K.P.     )
and     )
K.P., individually     )

P.O. Box 30115                          )
Washington, DC 20030                    )
                                        )
and                                     )
                                        )
DIANE PIXLEY                            )
as next friend of the minor child,      )
D.H.                                    )
and                                     )
D.H., individually                      )
3044 Stanton Road, SE Apt. #202         )
Washington, DC 20020                    )
                                        )
and                                     )
                                        )
WALTER LID & LeSHAWN ENGLISH,           )
as next friend of the minor child,      )
W.E.                                    )
and                                     )
W.E., individually                      )
4909 Illinois Ave, NW                   )
Washington, DC 20011                    )
                                        )
and                                     )
                                        )
SHARON EGGLESTON,                       )
as next friend of the minor child,      )
P.S.                                    )
and                                     )
P.S.,  individually                     )
1717 Montana Ave, NE                    )
Washington, DC 20018                    )
                                        )
and                                     )
                                        )
DIANA EPPS,                             )
as next friend of the minor child,      )
K.E.                                    )
and                                     )
K.E., individually                      )
2930 14th Street NE                     )
Washington, DC 20017                    )
                                        )
and                                     )

CAROLYN JEPPSEN                          )
as next friend of the minor child,      )
M.J.                                     )
and                                      )
M.J., individually                       )
5818 Chevy Chase Pkwy, NW                )
Washington, DC 20016                     )
                                         )
and                                      )
                                         )
CARRIE WILKINS,                          )
as next friend of the minor child,      )
J.W.                                     )
and                                      )
J.W., individually                       )
2909 S. Dakota Ave, NE                   )
Washington, DC 20018                     )
                                         )
and                                      )
                                         )
KELLY HANSON,                            )
as next friend of the minor child,      )
M.E.                                     )
and                                      )
M.E., individually                       )
516 Groff Court, NE                      )
Washington, DC 20002                     )
                                         )
and                                      )
                                         )
REGINA PIXLEY,                           )
as next friend of the minor child,      )
E.H.                                     )
and                                      )
E.H., individually                       )
5344 C Street, SE                        )
Washington, DC 20017                     )
                                         )
and                                      )
                                         )
WILLIAM HOUSTON,                         )
as next friend of the minor child,      )
D.H., ward of the District of Columbia,  )

7

```
and                                           )
D.H., individually                            )
1008 Pendleton Street                         )
Alexandria, VA 22314                          )
                                              )
and                                           )
                                              )
WILLIAM HOUSTON,                              )
as next friend of the minor child,            )
A.W., ward of the District of Columbia,       )
and                                           )
A.W., individually                            )
1008 Pendleton Street                         )
Alexandria, VA 22314                          )
                                              )
and                                           )
                                              )
MABEL BOYD,                                   )
as next friend of the minor child,            )
T.B.                                          )
and                                           )
T.B., individually                            )
1441 West Virginia Ave., N.E.                 )
Washington, DC 20002                          )
                                              )
and                                           )
                                              )
MABEL BOYD,                                   )
as next friend of the minor child,            )
A.Y.                                          )
and                                           )
A.Y., individually                            )
1441 West Virginia Ave., N.E.                 )
Washington, DC 20002                          )
                                              )
and                                           )
                                              )
LESLIE JACKSON                                )
as next friend of the minor child,            )
A.J.P.                                        )
and                                           )
A.J.P., individually                          )
235 Oglethorpe Street                         )
Washington, DC 20011                          )
```

)
and                                                    )
                                                       )
SHIRLEY SMITH                                          )
as next friend of the minor child,                     )
K.S.                                                   )
and                                                    )
K.S., individually                                     )
1360 Congress Street S.E., Apt. #2                     )
Washington, DC 20032                                   )
                                                       )
and                                                    )
                                                       )
CLAUDETTE AUSTIN-JOHNSON                               )
as next friend of the minor child,                     )
R.S.J.                                                 )
and                                                    )
R.S.J., individually                                  )
5529 13th Street, NW                                   )
Washington, DC 20011                                   )
                                                       )
and                                                    )
                                                       )
DEBORAH JEFFERIES                                      )
as next friend of the minor child,                     )
J.G.                                                   )
and                                                    )
J.G., individually                                    )
532 Atlantic Street, SE                                )
Washington, DC 20032                                   )
                                                       )
and                                                    )
                                                       )
WILLIAM HOUSTON,                                       )
as next friend of the minor child,                     )
T.C., ward of the District of Columbia,                )
and                                                    )
T.C., individually                                    )
1008 Pendleton Street                                  )
Alexandria, VA 22314                                   )
                                                       )
                                                       )
and                                                    )
                                                       )

9

KAY PIXLEY,                            )
as next friend of the minor child,      )
D.P.                                   )
and                                  )
D.P., individually                  )
227 51st Street, NE              )
Washington, DC 20019        )
                                      )
and                                  )
                                      )
KAY PIXLEY,                            )
as next friend of the minor child,      )
C.P.                                  )
and                                  )
C.P., individually                  )
227 51st Street, NE               )
Washington, DC 20019         )
                                      )
and                                  )
                                      )
WILLIAM HOUSTON,             )
as next friend of the minor child,      )
V.T., ward of the District of Columbia,  )
and                                  )
V.T., individually                  )
1008 Pendleton Street         )
Alexandria, VA 22314        )
                                      )
and                                  )
                                      )
Gloria Peterson                   )
as next friend of the minor child,      )
L.B.,                                 )
and                                  )
L.B., individually                  )
258 16th Street SE #2         )
Washington, DC 20003        )
                                      )
and                                  )
                                      )
WILLIAM HOUSTON,             )
as next friend of the minor child,      )
J.J., ward of the District of Columbia,   )
and                                  )

J.J., individually                          )
1008 Pendleton Street                       )
Alexandria, VA 22314                        )
                                            )
and                                         )
                                            )
WILLIAM HOUSTON,                            )
as next friend of the minor child,          )
V.H., ward of the District of Columbia,     )
and                                         )
V.H., individually                          )
1008 Pendleton Street                       )
Alexandria, VA 22314                        )
                                            )
and                                         )
                                            )
MARY PARKER                                 )
as next friend of the minor child,          )
M.B.                                        )
and                                         )
M.B., individually                          )
4760 C Street SE Apt. 303                   )
Washington, DC 20019                        )
                                            )
and                                         )
                                            )
RAQUEL DeJESUS                              )
as next friend of the minor child,          )
G.M.                                        )
and                                         )
G.M., individually                          )
1424 Clifton St. NW #5                      )
Washington, DC 20009                        )
                                            )
and                                         )
                                            )
BARBARA ASKEW                               )
as next friend of the minor child,          )
J.J.                                        )
and                                         )
J.J., individually                          )
163 Childress Street, NE                    )
Washington, DC 20011                        )
                                            )

11

| | |
|---|---|
| and | ) |
| | ) |
| CARRIE WILKINS, | ) |
| as next friend of the minor child, | ) |
| D.W. | ) |
| and | ) |
| D.W., individually | ) |
| 2909 S. Dakota Ave, NE | ) |
| Washington, DC 20018 | ) |
| | ) |
| and | ) |
| | ) |
| SHELIA JOHNSON, | ) |
| as next friend of the minor child, | ) |
| S.J. | ) |
| and | ) |
| S.J., individually | ) |
| 4506 Douglas Street, NE | ) |
| Washington, DC 20019 | ) |
| | ) |
| and | ) |
| | ) |
| LINDA & CHARLES HUNTER, | ) |
| as next friend of the minor child, | ) |
| S.H. | ) |
| and | ) |
| S.H., individually | ) |
| 7305 Orchid Street, NW | ) |
| Washington, DC 20012 | ) |
| | ) |
| and | ) |
| | ) |
| SHANETTA RICHARDSON, | ) |
| as next friend of the minor child, | ) |
| J.F. | ) |
| and | ) |
| J.F., individually | ) |
| 834 50th Place, NE | ) |
| Washington, DC 20019 | ) |
| | ) |
| and | ) |
| | ) |
| RENNAE FORD, | ) |
| as next friend of the minor child, | ) |

12

B.F.                                          )
and                                           )
B.F., individually                            )
5618 Clay Place NE                            )
Washington, DC 20019                          )
                                              )
and                                           )
                                              )
                                              )
LAURA E. DUOS                                 )
as next friend of the minor child,            )
J.D., ward of the District of Columbia,       )
and                                           )
J.D., individually                            )
1008 Pendleton Street                         )
Alexandria, VA 22314                          )
                                              )
and                                           )
                                              )
TONDALIEA BRAXTON,                            )
as next friend of the minor child,            )
Da.B.,                                        )
and                                           )
Da.B., individually                           )
1122 21ST Street, NE                     )
Washington, DC 20002                          )
                                              )
                                              )
and                                           )
                                              )
TONDALIEA BRAXTON,                            )
as next friend of the minor child,            )
De.B.,                                        )
and                                           )
De.B., individually                           )
1122 21ST Street, NE                     )
Washington, DC 20002                          )
                                              )
and                                           )
                                              )
JUDY BROWN,                                   )
on behalf of minor child,                     )
H.F.                                          )
and                                           )

13

H.F., individually )
3710 4th Street, SE )
Washington, DC 20032 )
)
and )
RENNAE FORD, )
as next friend of the minor child, )
S.F. )
and )
S.F., individually )
5618 Clay Place, NE )
Washington, DC 20002 )
)
and )
)
BETTIE FLORENCE, )
as next friend of the minor child, )
A.F. )
and )
A.F., individually )
509 Oglethorpe Street, NW )
Washington, DC 20011 )
)
and )
)
WANDA ANDERSON, )
as next friend of the minor child, )
R.A. )
and )
R.A., individually )
3312 14th Place, SE, # 302 )
Washington, DC 20032 )
)
and )
)
DIANE FOREMAN, )
as next friend of the minor child, )
M.D. )
and )
M.D., individually )
928 10th Street NE )
Washington, DC 20002 )
)
and )

14

|  |  |
|---|---|
| ELLEN DOUGLASS DALTON, | ) |
| as next friend of the minor child, | ) |
| C.D., ward of the District of Columbia, | ) |
| and | ) |
| C.D., individually | ) |
| 1008 Pendleton Street | ) |
| Alexandria,. VA 22314 | ) |
|  | ) |
| and | ) |
|  | ) |
| CAROLE COLBERT, | ) |
| as next friend of the minor child, | ) |
| D.C. | ) |
| and | ) |
| D.C., individually | ) |
| 914 Savannah Street, SE | ) |
| Washington, DC 20032 | ) |

                    )
         Plaintiffs,         )
                    )        Civil Action No. _____
v.                  )
                    )
GOVERNMENT OF THE DISTRICT OF      )
COLUMBIA            )
A Municipal Corporation    )
                    )
         Defendant.        )
                    )
Serve:              )
                    )
Robert Spagnoletti,        )
Attorney General       )
District of Columbia     )
441 4th Street, N.W.      )
Washington, DC 20001    )
                    )
and                 )
                    )
Mayor Adrian Fenty       )
Office of the Secretary   )
1350 Pennsylvania Avenue, N.W.   )
Washington, DC 20004    )

# COMPLAINT

## JURISDICTION

1.     Jurisdiction of this Court is founded in 28 U.S.C. § 1331, and the Individuals with

Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*

2.     Each Plaintiff is a minor child, the parent/guardian, or court appointed educational advocate

of a minor child.  All Plaintiffs are or were residents or wards of the District of Columbia during

the time of the underlying administrative proceedings.

3.     Defendant is a municipal corporation.  As one of its governmental functions, Defendant

operates the District of Columbia Public Schools System ("DCPS").  DCPS is responsible for

affording children with disabilities in the District of Columbia all rights pursuant to IDEA and is

responsible for issuing checks in payment of reasonable attorneys' fees and costs incurred by the

Plaintiffs in pursuing claims under IDEA.

4.     All of the below cases and invoices for attorneys' fees were filed pursuant to the

$4,000.00 cap as outlined in the District of Columbia Appropriations Act.  However, when fees

were cut below $4,000.00, DCPS gave no justification for the non-payment.

5.     Section 327 of the District of Columbia Appropriations Act of 2005

("Section 327")[1] caps "the fees of an attorney who represents a party in an action . . . including

an administrative proceeding, brought against the District of Columbia Public Schools under the

Individuals with Disabilities Education Act" at $4,000.00.  108 Pub. L. 335.

---

[1]        Section 122 of the District of Columbia Appropriations Act of 2006 kept the attorney fee cap at $4,000.00.  109 Pub. L. 115.

**FACTS**

**6.**    **A.B.**


On October 6, 2004, a Due Process Hearing was held.  The court appointed educational advocate, William E Houston, Esq., acted on behalf of A.B., ward of the District of Columbia. The Hearing Officer ordered: DCPS to convene an MDT on October 13, 2004, to discuss teg need for additional evaluations and to attempt to place the student at a DCPS High School on an interim basis.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,604.50.

To date, $3,064.50 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $935.50.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $604.50

**7.**    **K.B.**

On October 12, 2004, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of K..B. and his guardian, Ms. Saida Bentaleb.  The Hearing Officer ordered DCPS to fund an independent physical therapy evaluation and to provide compensatory services includng 130 hours of tutoring, 51.5 hours of speech therapy, 29.5 hours of physical therapy, 28 hours of occupational therapy and 10.5 hours of counseling.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,256.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,256.50.

On June 28, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of K.B. and his parent, Saida Bentaleb  The Hearing Officer ordered: DCPS to fund independent compensatory education and to fund and place K.B. at Accotink Alternative Learning Center. Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $15,192.50.

To date, $4,000.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $11,192.50.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $13,449.00

## 8.    N.R.

On October 13, 2004, a Due Process Hearing was held. William E. Houston, Esq. acted on behalf of N.R., a ward of the District of Columbia. The Hearing Officer ordered DCPS to convene an MDT/IEP meeting by October 28, 2004, to determine eligibility and if necessary develop an IEP and issue a notice of placement. Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

18

D.C.P.S. in the amount of $5,610.00.

To date, $3,795.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $205.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,610.00.

On April 12, 2005, a Due Process Hearing was held. The court appointed educational advocate, William E. Houston, Esq. acted on behalf of N.R., ward of the District of Columbia. The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT meeting.   Plaintiffs were therefore the prevailing parties.

On May 10, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,647.50

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $647.50.

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $205.00.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,257.50.

**9.    A.T.**

On October 26, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of A.T., and his parent Johnice Jackson.  The Hearing Officer ordered DCPS to fund

19

the student's interim placement at the Leary School of Virginia.  DCPS was also ordered to

convene an MDT/IEP meeting within throty days of the student's matriculation to Leary School

to duscuss vison therapy.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $4,867.50.

To date, $2,915.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is

$1,085.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is

$867.50.

**10.    M.E.**

       On October 26, 2004, a Due Process Hearing was held. William E. Houston, Esq. acted

on behalf of M.E., ward of the District of Columbia.  The Hearing Officer ordered DCPS to fund

the student's placement at Phillips School in Annandlae, Virginia.  Plaintiffs were therefore the

prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $9,446.50.

To date, $8,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is

$1,446.50.

On April 21, 2005, DCPS entered into a settlement agreement.  The court appointed

educational advocate, William E. Houston, Esq., acted on behalf of M.E., ward of the District of

Columbia. DCPS agreed to pay reasonable attorney's fees not to exceed $4,000.00.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,932.50.

To date, $0 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $3,932.50.

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is 3,932.50.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,915.50.

11.    **J.H.**

On October 27, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of J.H., a ward of the District of Columbia.  The Hearing Officer ordered DCPS to convene an MDT/IEP meeting within thirty (30) days to review the student's evaluations, make an eligibility determination and draft an IEP if necessary and issue notice of placement. Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,437.50

To date, $2,420.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $1,017.50.

12.    **T.L.**

On October 27, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of T.L., a ward of the District of Columbia.  The Hearing Officer ordered DCPS to

convene an MDT/IEP meeting within thirty (30) days to review the student's evaluations, make an eligibility determination and draft an IEP if necessary and issue notice of placement. Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $2,887.50.

To date, $1,705.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs under the $4,000 cap is $1,182.50.

On March 9, 2004, another Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of T.L., a ward of the District of Columbia.  The Hearing Officer ordered DCPS to fund the following independent evaluations: psychoeduational, clinical, speech and language. Upon receipt of the evaluations DCPS was ordered to convene an MDT/IEP meeting within thirty (30) days to review the student's evaluations, make an eligibility determination and draft an IEP if necessary and issue notice of placement.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,252.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,252.50.

On August 24, 2005, a Due Process Hearing was held.  The court appointed educational advocate, William E. Houston, Esq., acted on behalf of T.L., ward of the District of Columbia. The parties reached an agreement that was incorporated into the Hearing Officer's

22

Determination, which ordered: DCPS to fund interim placement at High Roads, convene an MDT meeting to determine placement and compensatory education.  Plaintiffs were therefore the prevailing parties.

On September 14, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,327.50.

To date, $1,155.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiffs under the $4,000 cap is $2,172.50.

The total outstanding amount of attorney's fees owed to Plaintiffs under the $4,000 cap is $3,355.00.

The total outstanding amount of attorney's fees owed to Plaintiffs over the $4,000 cap is $1,252.50.

## 13.    S.M.

On October 27, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of S.M.., a ward of the District of Columbia.  The Hearing Officer ordered DCPS to convene an MDT/IEP meeting by December 3, 3004, to dscuss the need for tutoring services, and if necessary revise the IEP and determine compensatory education.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,077.50.

To date, $2,420.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is

$1,580.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,077.50.

**14.    D.M.**

On October 27, 2004, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of D.M., a ward of the District of Columbia.  The Hearing Officer ordered DCPS to place and fund the student at Accotink Academy.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,348.50.

To date, $2,873.50  has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $1,126.50.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $348.50.

**15.    T.H.**

On October 27, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of T.H., ward of the District of Columbia.  The Hearing Officer ordered DCPS to convene an MDT/IEP meeting on or before November 30, 2004, to review the independent assessments and revise the IEP if warranted.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $3,465.00.

To date, $2,997.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $467.50.

On March 8, 2005, a Due Process Hearing was held. The court appointed educational advocate, William E. Houston, Esq., acted on behalf of T.H., ward of the District of Columbia. The Hearing Officer ordered: DCPS to permit T.H. to participate in all senior class extra curricular activities. Plaintiffs were therefore the prevailing parties.

On March 17, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,630.00

To date, no payment has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $3,630.00.

The total outstanding amount of attorney's fees owed to Plaintiffs is $4,097.50.

16.   **D.A.**

On October 29, 2004, a Due Process Hearing was held. William E. Houston, Esq., acted on behalf of D.A. a ward of the District of Columbia. The Hearing Officer ordered DCPS to convene an MDT meeting with 15 school days and issue a prior notice of placement. Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,478.00

To date, $2,432.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $1,045.50

25

17.    **K.A.**

_____On October 29, 2004, a Due Process Hearing was held.  William E. Houston, Esq., acted on behalf of K.A. a ward of the District of Columbia.  The Hearing Officer ordered DCPS funs an independent educational assessment and convene an MDT meeting with 15 school days.  If found eligible DCPS was to develop an IEP and issue a prior notice of placement.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,158.50

To date, $2,293.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $865.00

On July 20, 2005, a Due Process Hearing was held.  The court appointed educational advocate, Ellen Douglass Dalton, Esq., acted on behalf of K.A., ward of the District of Columbia.  The Hearing Officer ordered: DCPS to convene an MDT meeting at the student's current placement to determine the type and amount of compensatory education owed to the student.  Plaintiffs were therefore the prevailing parties.

On August 8, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,513.00.

To date, $999.50 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $3,000.50.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,513.00.

26

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $3,865.50.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,513.00

18.    **T.H.**

On November 15, 2004, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of T.H.. and her parent, Iona Francis. The Hearing Officer ordered DCPS to place and fund the student at High Road Middle School. Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,546.00.

To date, $3,882.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $118.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,546.00.

19.    **Je.H.**

On November 22, 2004, a Due Process Hearing was held. Talib S. Abdus-Shahid, Esq. acted on behalf of J.H. and his parent, Tondalaya Hampton. The Hearing Officer ordered DCPS to fund independent occupational and physical therapy evaluations and convene an MDT/IEP meeting within 15 school days of receipt of the evaluations. Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,131.00.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $131.00.


**20.    Jo. H.**

On November 22, 2004, a Due Process Hearing was held.  Talib S. Abdus-Shahid, Esq. acted on behalf of J.H. and his parent, Tondalaya Hampton.  The Hearing Officer ordered DCPS to fund independent occupational and physical therapy evaluations and convene an MDT/IEP meeting within 15 school days of receipt of the evaluations.  Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,081.00.

To date, $3,981.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $19.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $81.00.

**21.    M.T.**

On November 22, 2004, a Due Process Hearing was held.  Talib S. Abdus-Shahid, Esq. acted on behalf of M.T. and his parent, Kimberly Tate.  The Hearing Officer ordered DCPS to conduct an audiological evaluation within thirty (30) days and fund an independent evaluation if it

fails to meet this deadline. DCPS was also convene IEP/placement meeting within fifteen (15) days to receiving the evaluation to review assessments. Revise the IEP and discuss compensatory education. Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,275.00.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,275.00.

## 22.    **P.E.B.**

On December 14, 2004, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of P.B. and his parent, Nancy Evans. The Hearing Officer ordered DCPS to conduct a functional behavior assessment, develop a behavior intervention plan, and convene an MDT/IEP meeting within fifteen (15) school days. Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,437.50.

To date, $4,007.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $430.50.

## 23.    **J.C.**

On December 15, 2004, a Due Process Hearing was held. William E. Houston, Esq. acted on behalf of J.C., and his parent Eleanor Young. The Hearing Officer ordered DCPS to fund the following indepndent evaluations: psychoeducational, clinical and neuropsychological. Upon

recevng the evaluations DCPS was ordered to convene an elgibilty meet8ng within fifteen (15) school days. Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,950.00.

To date, $4,000.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $949.50.

On April 5, 2005, pursuant to I.D.E.A., a second petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,362.50.

To date, $3,630.00 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $370.00.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,312.50.

**24.**    **E.S.**

On January 11, 2005, a Due Process Hearing was held.  Talib S. Abdus-Shahid, Esq. acted on behalf of E.S. and his parent, Sandra Forrest.  The Hearing Officer ordered DCPS to convene IEP/placement meeting within ten (10) days to review all assessments and decide placement.  Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,713.00.

To date, no payment has been received.

30

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $4,000.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,173.00.

**25.   Q.J.**

On January 14, 2005, a Due Process Hearing was held. The court appointed educational advocate, Ellen Douglass Dalton, Esq., acted on behalf of Q.J., ward of the District of Columbia. The Hearing Officer ordered: DCPS to fund independent evaluations, convene an MDT/ IEP meeting, and discuss and determine placement. Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,145.00.

To date, $5,195.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $949.50.

**26.   R.G.**

On September 29, 2004, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of R.G. and his parents, Charlene and Russell Glymph.  The Hearing Officer ordered DCPS to fund an independent clinical psychological evaluation.  DCS was alos orfered to convene an MDT/IEP meeting within fifteen (15) days of the receipt of the evaluation to revise the IEP, discuss placement and compensatory education.  Plaintiffs were therefore the prevailing parties.

On March 17, 2005, pursuant to I.D.E.A., two invoices for attorney's fees were submitted

31

to D.C.P.S. totaling $8,128.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is

$4,128.50.

On May 24, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on

behalf of R.G. and his parent, Charlene Glymph.  The Hearing Officer ordered: DCPS to place and

fund R.G at the Katherine Thomas School.  Plaintiffs were therefore the prevailing parties.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $3,724.50.

To date, $3,577.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $147.50.

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is

$147.50.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is

$4,128.50.

27.    **K.P**

On February 10, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq.

acted on behalf of K.P. and his parent, Linda Purvis.  The Hearing Officer ordered: DCPS to place

and fund K.P. at Accotink Academy, with transportation.  Plaintiffs were therefore the prevailing

parties.

On March 17, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $6,608.00.

32

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,608.00.

## 28.    D.H.

On February 17, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of D.H. and his parent, Diane Pixley.  The Hearing Officer ordered DCPS to fund the student's placement at High Road School for the 2004-2005 school year.  Plaintiffs were therefore the prevailing parties.

On March 17, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,690.50.

To date, $1,994.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $2,006.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $690.50.

## 29.    W.E.

On March 1, 2005, a Due Process Hearing was held.  Talib Abdus-Shahid, Esq. acted on behalf of W.E. and his parents, Walter Lid and LeShawn English.  The Hearing Officer ordered: DCPS to fund independent evaluations, convene an MDT/IEP meeting, issue a notice of placement, and discuss and determine compensatory education.  Plaintiffs were therefore the prevailing parties.

On March 17, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $4,875.00

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $875.00

**30.    P.S.**

On October 22, 2004, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of P.S. and her parent, Ms. Sharon Eggleston.  The Hearing Officer ordered: DCPS to fund independent evaluations and to hold an MDT meeting to review the evaluations and update her IEP.  Plaintiffs were therefore the prevailing parties.

On April 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,609.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,609.50.

**31.    K.E.**

On December 6, 2004, December 22, 2004 and February 2, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of K.E. and his parent, Diana Epps.  The Hearing Officer ordered: DCPS to place and fund K.E. at the Lab school with transportation. Plaintiffs were therefore the prevailing parties.

On April 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $12,980.00.

To date, $0 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $4,000.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $8,980.00.

32.   **M.J.**

On March 9, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of M.J. and her parent, Carolyn Jeppsen. The Hearing Officer ordered: DCPS to place and fund M.J. at the River School with transportation. Therefore, the Plaintiffs were the prevailing parties.

On April 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $12,567.00.

To date, $4,000.00 has been paid.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $8,567.00.

DCPS submitted a Motion for Reconsideration of the HOD. On June 2, 2005, the Hearing Officer denied DCPS's Motion for Reconsideration. Plaintiffs were therefore the prevailing parties.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,015.00

To date $4,000.00 has been paid.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,015.00.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $9,582.00.

**33.    J.W.**

On March 15, 2005, a Due Process Hearing was held. Talib Abdus-Shahid, Esq. acted on behalf of J.W. and his parent, Carrie Wilkins.  The Hearing Officer ordered: DCPS to provide compensatory education for services not provided.  Plaintiffs were therefore the prevailing parties.

On April 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,650.00

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,650.00.

**34.    M. E.**

On March 17, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of M.E. and her parent, Kelly Hanson.  The Hearing Officer ordered:  DCPS to convene an MDT meeting, develop an IEP, and place and fund M.E. at the River School for the 2004-2005 school year.  Plaintiffs were therefore the prevailing parties.

On April 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,015.00.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,015.00.

36

35.    **E.H.**

On March 21, 2005, a Due Process Hearing was held. Talib Abdus-Shahid, Esq. acted on behalf of E.H. and his parent, Regina Pixley.  The Hearing Officer ordered: DCPS to place and fund E.H. at the Children's Guild until the end of the 2004-2005 school year, and to convene a meeting to determine placement for the 2005-2006 school year.  Plaintiffs were therefore the prevailing parties.

On April 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $10,750.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $6,750.00.

36.    **D.H.**

On April 12, 2005, a Due Process Hearing was held. The court appointed educational advocate, William E. Houston, Esq. acted on behalf of D.H., ward of the District of Columbia. The Hearing Officer ordered: DCPS to convene a placement meeting.  Plaintiffs were therefore the prevailing parties.

On May 10, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,765.00

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,765.00.

On July 5, 2005, a Due Process Hearing was held.  The court appointed educational

advocate, William E. Houston, Esq., acted on behalf of D.H., ward of the District of Columbia. The Hearing Officer ordered: DCPS to place and fund D.H. at the Leary School of Virginia. Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,822.50.

To date, $3,492.50  has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $330.00.

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $330.00.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,765.00

**37.   <u>A.W.</u>**

On April 13, 2005, a Due Process Hearing was held.  The court appointed educational advocate, William E. Houston, Esq. acted on behalf of A.W., ward of the District of Columbia. The Hearing Officer ordered: DCPS to fund and place A.W. at the High Road School on an interim basis and to convene an MDT meeting to determine compensatory education.  Plaintiffs were therefore the prevailing parties.

On May 10, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,609.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,609.50.

38. **T.B.**

On April 20, 2005, a Due Process Hearing was held. Talib Abdus-Shahid, Esq. acted on behalf of T.B. and his grandmother, Mabel Boyd.  The Hearing Officer ordered: DCPS to place and fund T.B. at the High Road Academy.  Plaintiffs were therefore the prevailing parties.

On May 10, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $14,755.00.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $10,755.00.

39. **A.Y.**

On April 21, 2005, a Due Process Hearing was held. Talib Abdus-Shahid, Esq. acted on behalf of A.Y. and his Grandmother, Mabel Boyd.  The Hearing Officer ordered: DCPS to fund placement at Sunrise Academy for 2004-2005 school year.  Plaintiffs were therefore the prevailing parties.

On May 10, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,392.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,392.50

40. **A.J.P.**

On May 5, 2005, a Due Process Hearing was held.  Laura E. Duos, Esq. acted on behalf of A.J.P. and his parent, Leslie Jackson.  The Hearing Officer ordered: DCPS to fund

39

independent evaluations and convene an MDT meeting to determine placement and discuss compensatory education. Plaintiffs were therefore the prevailing parties.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,162.00.

To date, $1,306.00 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $2,694.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $162.00.

**41.    K.S.**

On May 23, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of K.S. and her parent, Shirley Smith. The Hearing Officer ordered: DCPS to place and fund K.S. at Accotink Academy. Plaintiffs were therefore the prevailing parties.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $10,000.00

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $6,000.00.

**42.    R.S.J.**

On May 23, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of R.S.J. and her parent, Claudette Austin-Johnson. The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT meeting. Plaintiffs were therefore the

prevailing parties.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,723.00.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,723.00.

**43**.    **J.G.**

On November 18, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of J.G. and her parent Deborah Jefferies.  The Hearing Officer ordered: DCPS to convene an MDT meeting and determine compensatory education.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $1,622.50.

To date, $990.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $632.50

**44.**    **T.C.**

On June 6, 2005, a Due Process Hearing was held. The court appointed educational advocate, William E. Houston, Esq., acted on behalf of T.C., ward of the District of Columbia. The Hearing Officer ordered: DCPS to provide T.C.'s educational records to Mr. Houston. Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,105.00.

41

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,105.00.

**45.    D.P.**

On June 9, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of D.P. and his parent, Kay Pixley.  The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT meeting to determine placement.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,222.50.

To date, $1,180.00 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $2,820.00

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $222.50.

On October 12, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of D.P. and his parent Kay Pixley.  The Hearing Officer ordered: DCPS to fund placement at High Road Academy.  Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,483.50.

To date, $2,805.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $678.50

42

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $3,498.50.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $222.50

**46.**   **C.P.**

On June 9, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of C.P and his parent, Kay Pixley.  The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT meeting.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,753.50

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $753.50.

On October 12, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of D.P. and his parent Kay Pixley.  The Hearing Officer ordered: DCPS to fund placement at High Road Academy.  Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,483.50.

To date, $2,808.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $675.00.

43

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $675.00.

The total outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $753.50.


47.    **V.T.**

On, July 5, 2005, a Due Process Hearing was held. The court appointed educational advocate, William E. Houston, Esq., acted on behalf of V.T., ward of the District of Columbia. The Hearing Officer ordered:   DCPS to fund independent evaluations and convene an MDT meeting to determine placement.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,005.00.

To date, $2,475.00 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $1,525.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,005.00.

48.    **L.B.**

On July 7, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of L.B. and her parent, Gloria Peterson.  The Hearing Officer ordered: DCPS to fund 75 hours of independent tutoring and 18 hours of speech and language therapy.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $1,841.00

To date, $1,634.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $206.50.


49.    **J. J.**

On July 8, 2005, a Due Process Hearing was held. The court appointed educational advocate, William E. Houston, Esq., acted on behalf of J.J., ward of the District of Columbia. The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT meeting to determine placement.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $8,205.00

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $4,205.00.

50.    **V.H.**

On July 8, 2005, a Due Process Hearing was held.  The court appointed educational advocate, William E. Houston, Esq., acted on behalf of V.H., ward of the District of Columbia. On July 14, 2005, the Plaintiffs submitted a Motion for Reconsideration.  The Hearing Officer ordered: DCPS to conduct a clinical evaluation, psych-educational evaluation, and speech and language evaluation within 30 days, or be required to fund independent evaluations.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,998.00.

To date, $1,842.50 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $2,157.50.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $998.00.

**51.    M.B.**

On July 8, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of M.B. and her parent, Mary Parker. The Hearing Officer ordered: DCPS to continue to place and fund M.B. at Accotink Academy. Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,313.50.

To date, $4000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,313.50.

**52.    G.M.**

On December 14, 2004, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of G.M. and her parent, Ms. Raquel de Jesus. The Hearing Officer ordered: DCPS to provide the student with 175 hours of compensatory education. Plaintiffs were therefore the prevailing parties.

On August 8, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

46

D.C.P.S. in the amount of $3,715.50.

To date, $2,447.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $1,268.50.

On September 26, 2005, DCPS entered into a settlement agreement in lieu of a due process hearing. Ellen Douglass Dalton, Esq. acted on behalf of G.M. and her parent, Raquel de Jesus. DCPS agreed to pay attorneys' fees not to exceed $4,000.00.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,366.00.

To date, $811.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $2,554.50.

The total outstanding amount of attorney's fees owed to Plaintiffs is $3,823.00

**53.**    **J.J.**

On January 14, 2005, a Due Process Hearing was held. Paul S. Dalton, Esq. acted on behalf of J.J. and his parent, Barbara Askew. The Hearing Officer ordered: DCPS to place and find J.J. at Accotink Academy. Plaintiffs were therefore the prevailing parties.

On August 8, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,427.60.

To date, $1,852.50 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $2,147.50.

For purposes of this suit, the outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $427.60.

47

54.    **D.W.**

On July 12, 2005, a Due Process Hearing was held.  Talib Abdus-Shahid, Esq. acted on behalf of D.W. and his parent, Ms. Carrie Wilkins.  The Hearing Officer ordered: DCPS to convene an MDT meeting to review all evaluations, determine eligibility, develop an IEP if necessary, and discuss and determine placement and compensatory education if warranted.  Plaintiffs were therefore the prevailing parties.

On August 8, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $9,787.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $5,787.50.

55.    **S.J.**

On July 15, 2005, a Due Process Hearing was held.  Talib Abdus-Shahid, Esq. acted on behalf of S.J. and her parent, Ms. Shelia Johnson.  The Hearing Officer ordered: DCPS to convene an MDT meeting within 20 days to review all evaluations, determine eligibility, develop an IEP if necessary, and discuss and determine placement.  Plaintiffs were therefore the prevailing parties.

On August 8, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $9,925.00.

To date, $0  has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $4,000.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is

48

$5,925.00.

**56.  S.H.**

On July 15, 2005, a Due Process Hearing was held.  Talib Abdus-Shahid, Esq. acted on

behalf of S.H.  and his parents, Linda and Charles Hunter.  The Hearing Officer ordered: DCPS to

convene an MDT meeting to review evaluations and determine eligibility, and if eligible, develop

an IEP, determine placement, and determine compensatory education.    Plaintiffs were therefore

the prevailing parties.

On September 14, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted

to D.C.P.S. in the amount of $9,900.00

To date, $4000.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is

$5,900.00.

**57.    J.F.**

On July 25 and August 9, 2005, a Due Process Hearing was held.  Talib Abdus-Shahid,

Esq. acted on behalf of J.F. and his parent, Ms. Shanetta Richardson.  The Hearing Officer

ordered: DCPS to fund an independent psycho-educational evaluation, conduct other evaluations,

and convene an MDT meeting to determine eligibility, develop an IEP and determine placement.

Plaintiffs were therefore the prevailing parties.

On September 14, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted

to D.C.P.S. in the amount of $11,500.00

To date, $4,000.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is

$7,500.00.

**58.    B.F.**

On August 12, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq.,
acted on behalf of B.F. and his parent, Ms. Rennae Ford.  The Hearing Officer ordered: DCPS to
fund wrap around services.   Plaintiffs were therefore the prevailing parties.

On September 14, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted
to D.C.P.S. in the amount of $8,051.50.

On September 9, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq.,
acted on behalf of B.F. and his parent, Ms. Rennae Ford.  The Hearing Officer ordered: DCPS to
place and fund B.F. at the Sunrise Academy on an interim basis with transportation, to convene
an MDT meeting to update the IEP and determine placement, and to fund wrap around services.
Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to
D.C.P.S. in the amount of $9,468.50, which included the previous time billed on September 14,
2005.

To date, $8,000.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is
$1,468.50.

**59.    J.D.**

On September 9, 2005, a Due Process Hearing was held.  William E. Houston, Esq. acted
on behalf of J.D., ward of the District of Columbia, and his guardian, Ms. Margaret Marshall.
The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT

50

meeting.  Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,884.00.

To date, $0  has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $4,000.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,884.00.

**60.    Da.B.**

On September 12, 2005, a Due Process Hearing was held.  Laura E. Duos, Esq. acted on behalf of D.B. and his parent, Tondaleia Braxton.  The Hearing Officer ordered: DCPS to fund independent evaluations and to convene an MDT meeting to discuss eligibility, develop an  IEP if appropriate, determine placement, and determine compensatory education.  Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $2,510.00

To date, $1,267.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $1,242.50.

**61.    De. B.**

On September 12, 2005, a Due Process Hearing was held.  Laura E. Duos, Esq. acted on behalf of D.B. and his parent, Tondaleia Braxton.  The Hearing Officer ordered:  DCPS to provide D.B. with evaluations within 30-days of the order, or fund independent evaluations if

51

DCPS failed to provide such evaluations, and to convene an MDT meeting to discuss eligibility, develop an IEP if appropriate, determine placement, and determine compensatory education. Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $2,705.00

To date, $1,287.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $1,418.00.

**62.   H.F.**

On September 21, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of H.F. and his parent, Judy Brown. The Hearing Officer ordered: place and fund the student at Devereux Residential Facility in Malvern, Pennsylvania. Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $10,533.50

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $6,533.50.

**63.   S.F.**

On October 20, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of S.F. and her parent, Rennae Ford. The Hearing Officer ordered: DCPS to place and fund S.F. at the High Roads Upper School. Plaintiffs were therefore the prevailing parties.

On November 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,454.00.

To date, $4000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $1,454.00.

**64.**   **A.F.**

On November 7, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of A.F. and her guardian, Bettie Florence.  The Hearing Officer ordered: DCPS to convene an MDT meeting to review evaluations, update the IEP, and determine placement, and to reimburse Ms. Florence for the cost of an independent clinical evaluation.   Plaintiffs were therefore the prevailing parties.

On November 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $11,458.00.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $7,458.00.

**65.**   **R.A.**

On November 14, 2005, a Due Process Hearing was held.  Laura E. Duos, Esq. acted on behalf of R.A. and his parent, Wanda Anderson.  The Hearing Officer ordered: DCPS to place and fund R.A. at High Road Academy and convene an MDT meeting to determine compensatory education.  Plaintiffs were therefore the prevailing parties.

On November 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted

53

to D.C.P.S. in the amount of $6,149.00.

To date, $0  has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $4,000.00.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $2,149.00.

66.    **M.D.**

On October 27, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of M.D. and his parent, Diane Foreman.  The Hearing Officer ordered: DCPS to fund placement at High Road Academy.  Plaintiffs were therefore the prevailing parties.

On December 18, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $18,043.50.

To date, $4000.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is $14,043.50.

67.    **C.D.**

On November 23, 2005, a Due Process Hearing was held.  The court appointed educational advocate, Ellen Douglass Dalton, Esq., acted on behalf of C.D., ward of the District of Columbia.  The Hearing Officer ordered: DCPS to convene an MDT meeting to review evaluations, revise the IEP, and determine placement and compensatory education.   Plaintiffs were therefore the prevailing parties.

On December 18, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted

to D.C.P.S. in the amount of $8,858.50.

To date, $4,000.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is

$4,858.50.

68.    **D.C.**

On December 5, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq.,

acted on behalf of D.C. and his parent, Carole Colbert.  The Hearing Officer ordered: DCPS to

fund D.C.'s placement at High Road Academy.  Plaintiffs were therefore the prevailing parties.

On December 18, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted

to D.C.P.S. in the amount of $8,305.50.

To date, $8,000.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff over the $4,000.00 cap is

$305.50.

69.    **Dispute of Fees**

When DCPS remits payment on invoices properly submitted by Plaintiffs in accordance

with the *DCPS Guidelines for the Payment of Attorney Fees in IDEA Matters*, they are to include

an explanation of any disputed charges.  DCPS has not, in most cases, provided such an

explanation.  *See* Exhibit 1.[1]

On April 19, 2007, following an initial conference before Judge Kessler, counsel for the

Defendant, Maria Merkowitz, indicated to Paul Dalton, counsel for the Plaintiffs, that she had

reviewed the DCPS fee dispute sheets, and the Defendant, in most cases, reduced the attorneys'

fees because the fees related to administrative matters.  Accordingly, Ms. Merkowitz stated, the

fees were properly reduced because Plaintiffs' counsel cannot charge their billing rates for

completing administrative tasks.  Mr. Dalton informed Ms. Merkowitz that he had not received

this explanation from DCPS in the past.

## COUNT ONE

70.    Plaintiff repeats and realleges paragraphs 1 - 69.

71.    An incongruity continues to exist between Section 327 of the District of Columbia

Appropriations Act of 2005 and the provision of the IDEA that permits Courts to award

attorney's fees.  Section 327 arbitrarily caps "the fees of an attorney who represents a party in an

action . . . including an administrative proceeding, brought against the District of Columbia

Public Schools under the Individuals with Disabilities Education Act" at $4,000.00.  108 Pub. L.

335.  However, Section 327 is silent as to where Congress gets its authority to restrict an Article

III Court's ability to award and enforce judgments in IDEA cases.  Case law is consistent in

interpreting Section 327 as allowing Courts to order attorney fees in excess of the $4,000.00

---

[1]Exhibit 1 includes four examples of dispute sheets sent to Plaintiffs' counsel.  Only one
of the four sheets includes an explanation for disputed fees.  In the other three cases, DCPS
appears to have arbitrarily reduced Plaintiffs' fees without reason.

cap;[2] however, under Section 327, the District of Columbia cannot use the funds appropriated to

it by Congress to pay for attorney fees in excess of $4,000.00. In *Calloway v. D.C.*, the D.C.

Circuit "recognize[d] the potential incongruity of courts' awarding fees that [Section 327]

prohibits the District from paying during the same fiscal year." 216 F.3d 1, 10 (D.C. Cir. 2000).

Consistent with the holdings of the U.S. Supreme Court,[3] the Circuit Court left it to Congress to

resolve the incongruity between the IDEA and Section 327. *See Id.* Congress reauthorized the

IDEA in 2004 (the new law went into effect on July 1, 2005). In this most recent reauthorization,

Congress added mandatory resolution sessions prior to holding a due process hearing in an effort

to give the schools and the parents the opportunity to resolve the disagreements in a constructive

and positive way and without involving attorneys. If, however, the matter cannot be resolved at

the resolution session, the parent is permitted to proceed to a due process hearing with legal

representation. Pursuant to § 1415 of the IDEA, the prevailing party may recover reasonable

attorney's fees. In reauthorizing the IDEA, however, Congress failed to resolve the continuing

incongruity that exists between Section 327 and the IDEA. Congress recognized that the cap

exists; however, Congress did not attempt to reconcile the conflict. *See* 20 U.S.C. §

1415(i)(3)(B)(ii). Thus, the Courts cannot leave it up to Congress to resolve this issue.

## COUNT TWO

72.     Plaintiff repeats and realleges paragraphs 1 - 71.

73.     Section 327 arbitrarily caps "the fees of an attorney who represents a party in an

---

[2]         *See Blackman v. D.C.*, 150 F. Supp. 2d 133 (D.D.C. 2001); *Blackman v D.C.*, 397 F. Supp. 2d 12 (D.D.C. 2005).

[3]         *See TVA v. Hill*, 437 U.S. 153 (1978) (leaving it to Congress to resolve the incongruity of appropriating funds for a dam that another statute prohibited).

action . . . including an administrative proceeding, brought against the District of Columbia

Public Schools under the Individuals with Disabilities Education Act" at $4,000.00.  108 Pub. L.

335.  There is no support justifying why the cap is set at $4,000.00.  Nationally, the District of

Columbia is the only local education agency that places a limit on attorneys' fees.  The cap was

originally put into place in an attempt to allocate more resources to special education in District

of Columbia and curb the growth of legal expenses.  This arose in part due to a Compliance

Agreement entered into by the U.S. Secretary of Education and DCPS in 1998 "mandating that

DCPS 'be in full compliance with the requirements of [IDEA in] no later than three years.'"

*Calloway*, 216 F.3d at 4; *see also* 63 Fed. Reg. 41370.  However, it is now 2007 and DCPS is far

from being in full compliance with IDEA.  Therefore, the cap has not had the intended effect of

improving DCPS's compliance with the requirements of IDEA.  Furthermore, in light of the

recent decision by the United States Supreme Court, the cap undermines the purpose behind the

IDEA by limiting the procedural safeguards of low-income families.  In *Schaffer v. Weast*, the

Supreme Court stated, "Litigating a due process complaint is an expensive affair, costing schools

approximately $8,000.00 - $12,000.00 per hearing."  126 S. Ct. 528, 535 (2005).  Additionally,

the Supreme Court held that prevailing parents cannot recover experts fees in IDEA cases.  *See*

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* 126 S. Ct. 2455, 2457 (U.S. 2006).  There is

no effective remedy for District of Columbia residents in complex IDEA cases, because the

District of Columbia cap restricts low-income parents from being able to afford such costly

litigation.  The cap effectively limits the access of District of Columbia's poor families to quality

legal representation, which impairs their due process protections under the IDEA.

## COUNT THREE

74.    Plaintiff repeats and realleges paragraphs 1 - 73.

75.    The Defendant unreasonably reduced Plaintiffs' fees in direct contradiction to the case

law of this jurisdiction.  According to this Court, the Defendant is prohibited from reducing

Plaintiffs' fees on the basis that the tasks performed are "clerical" in nature.  *See Bailey v.*

*District of Columbia*, 839 F. Supp. 888, 891 (D.D.C. 1993).  To do this would unfairly punish

Plaintiffs' counsel for operating small law firms that lack the manpower and resources to

delegate such tasks to junior members of the firm who could complete the tasks at a lower hourly

rate.  *See Bailey*, 839 F. Supp at 891; *see also Czarniewy v. District of Columbia*, 2005 U.S. Dist.

LEXIS 5161 *15 (D.D.C., Mar. 25, 2005).  In this case, Plaintiffs' counsel operate a small firm

in which the attorneys are involved in all aspects of case preparation, including "clerical" tasks.

According to Defendant's own counsel, the Defendant has been reducing Plaintiffs' invoices on

the basis that counsel cannot charge attorney hourly rates for administrative tasks.

## RELIEF

WHEREFORE, Plaintiffs respectfully request that this honorable Court:

A.    Find that the cap imposed under Section 327 of the District of Columbia Appropriations

Act of 2005 is arbitrary and limits access to the due process protections provided by the IDEA.

B.    Find that the Defendant has, with respect to each Plaintiff, deprived said Plaintiff of

59

rights, privileges, and the benefits that are available and secured by the laws of the United States, specifically 20 U.S.C. § 1400 *et seq.*;

C.    Find that the Defendant has improperly reduced Plaintiffs' attorneys' fees in violation of *Bailey* and *Czarniewy*. 839 F. Supp. 888; 2005 U.S. Dist. LEXIS 5161.

D.    Award each Plaintiff damages as follows:

**Relief Sought Under the Cap**

| | |
|---|---|
| A.B., ward of the District of Columbia | $   935.50 |
| N.R., ward of the District of Columbia | $   205.00 |
| A.T. and Johnice Jackson | $1,085.00 |
| M.E., ward of the District of Columbia | $3,932.50 |
| J.H., ward of the District of Columbia | $1,017.50 |
| T.L., ward of the District of Columbia | $3,355.00 |
| S.M., ward of the District of Columbia | $1,580.00 |
| D.M., ward of the District of Columbia | $1,126.50 |
| T.H., ward of the District of Columbia | $4,097.50 |
| D.A., ward of the District of Columbia | $1,045.50 |
| K.A., ward of the District of Columbia | $3,865.50 |
| T.H. and Iona Francis | $   118.00 |

| | |
|---|---|
| Jo. H. and Tondalaya Hampton | $     19.00 |
| J. C. and Eleanor Young | $   370.00 |
| E.S. and Sandra Forrest | $4,000.00 |
| R.G. and Charlene Glymph | $   147.50 |
| D.H. and Diane Pixley | $2,006.00 |
| K.E. and Diana Epps | $4,000.00 |
| D.H., ward of the District of Columbia | $   330.00 |
| A.J.P.and Leslie Jackson | $2,694.00 |
| J.G.. and Deborah Jefferies | $   632.50 |
| D.P. and Kay Pixley | $3,498.50 |
| C.P and Kay Pixley | $   675.00 |
| V.T., ward of the District of Columbia | $1,525.00 |
| L.B. and Gloria Peterson | $   206.50 |
| V.H., ward of the District of Columbia | $2,157.50 |
| G.M. and Raquel de Jesus | $3,823.00 |
| J.J. and Barbara Askew | $2,147.50 |
| S.J. and Shelia Johnson | $4,000.00 |
| J.D., ward of the District of Columbia | $4,000.00 |
| Da.B. and Tondaleia Braxton | $1,242.50 |

De.B. and Tondaleia Braxton                          $1,418.00

R.A. and Wanda Anderson                              $4,000.00

Totaling **$ 65,256.00** under the cap.

**Relief Sought Over the Cap**

A.B., ward of the District of Columbia              $     604.50

K.B. and Saida Bentaleb                             $13,449.00

N.R., ward of the District of Columbia              $  2,257.50

A.T. and Johnice Jackson                            $     867.50

M.E., ward of the District of Columbia              $  1,915.50

T.L., ward of the District of Columbia              $  1,252.50

S.M., ward of the District of Columbia              $  2,077.50

D.M., ward of the District of Columbia              $     348.50

K.A., ward of the District of Columbia              $  1,513.00

T.H. and Iona Francis                               $  1,546.00

Jo.H. and Tondalaya Hampton                         $       81.00

Je.H. and Tondalaya Hampton                         $     131.00

| | |
|---|---|
| M.T. and Kimberly Tate | $ 1,275.00 |
| P.E.B. and Nancy Evans | $   430.50 |
| J.C. and Eleanor Young | $ 2,312.50 |
| E.S. Schuler and Sandra Forrest | $ 2,173.00 |
| Q.J., ward of the District of Columbia | $   949.50 |
| R.G. and Charlene Glymph | $ 4,128.50 |
| K.P. and Linda Purvis | $ 2,608.00 |
| D.H. and Diane Pixley | $   690.50 |
| W.E. and Walter Lid & LeShawn English | $   875.00 |
| P.S. and Sharon Eggleston | $ 1,609.50 |
| K.E. and Diana Epps | $ 8,980.00 |
| M.J. and Carolyn Jeppsen | $ 9,582.00 |
| J.W. and Carrie Wilkins | $ 1,650.00 |
| M.E. and Kelly Hanson | $ 1,015.00 |
| E.H. and Regina Pixley | $ 6,750.00 |
| D.H., ward of the District of Columbia | $ 2,765.00 |
| A.W., ward of the District of Columbia | $ 2,609.50 |
| T.B. and Mabel Boyd | $10,755.00 |
| A.Y. and Mabel Boyd | $ 2,392.50 |

| | |
|---|---|
| A.J.P. and Leslie Jackson | $    162.00 |
| K.S. and Shirley Smith | $ 6,000.00 |
| R.S.J. and Claudette Austin-Johnson | $ 1,723.00 |
| T.C., ward of the District of Columbia | $ 2,105.00 |
| D.P. and Kay Pixley | $    222.50 |
| C.P. and Kay Pixley | $    753.50 |
| V.T., ward of the District of Columbia | $ 1,005.00 |
| J.J., ward of the District of Columbia | $ 4,205.00 |
| V.H., ward of the District of Columbia | $    998.00 |
| M.B. and Mary Parker | $ 2,313.50 |
| J.J. and Barbara Askew | $    427.60 |
| D.W. and Carrie Wilkins | $ 5,787.50 |
| S.J. and Shelia Johnson | $ 5,925.00 |
| S.H. and Linda and Charles Hunter | $ 5,900.00 |
| J.F. and Shanetta Richardson | $ 7,500.00 |
| B.F. and Rennae Ford | $ 1,468.50 |
| J.D., ward of the District of Columbia | $ 1,884.00 |
| H.F. and Judy Brown | $ 6,533.50 |
| S.F. and Rennae Ford | $ 1,454.00 |

A.F. and Bettie Florence                              $ 7,458.00

R.A. and Wanda Anderson                          $ 2,149.00

M.D. and Diane Foreman                            $14,043.50

C.D, ward of the District of Columbia          $ 4,858.50

D.C., Carole Colbert                                   $   305.50

Totaling **$ 174,776.60** over the cap.


Total combined amount of Relief sought **$ 240,032.60**.

E.    Award to each Plaintiff pre-judgment interest and post-judgment interest on each damage

award;

F.    Award Plaintiffs the attorneys' fees and costs incurred by virtue of the instant lawsuit; and

G.    Award any other relief this Court deems appropriate and just.



Respectfully submitted,


_____/s/_____

Paul S. Dalton, Esq. (Bar. No. 439118)

DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street

Alexandria, VA 22314

(703) 739-4300

(703)-739-2323 (fax)

65

_____ /s/ _____

Ellen Douglass Dalton, Esq. (Bar. No. 411612)

DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street

Alexandria, VA 22314

(703) 739-4300

(703)-739-2323 (fax)

_____ /s/ _____

William E. Houston, Esq. (Bar. No. 450223)

DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street

Alexandria, VA 22314

(703) 739-4300

(703)-739-2323 (fax)

Counsel for Plaintiffs

District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944



| | | | | |
|---|---|---|---|---|
| **Attorney Firm** | Dalton, Dalton & Houston, P.C. | | **Dates of Service** | 9/17/2003  to  1/29/2005 |
| **Student** | James   Jenkins | | **OGC Control** | 3317 |
| **Date Received** | 8/9/2005 | | **Attorney Invoice** | 3104 |
| **HOD DATE** | 1/21/2005 | | **Fiscal Year** | 2005 |

## Allocation of Invoice

| | Invoiced | Approved |
|---|---|---|
| **Attorney's Fees** | $4,427.60 | $1,852.50 |
| **Expert/Advocate Fees** | $0.00 | $0.00 |
| **Attorney's Expenses** | $0.00 | $0.00 |
| **TOTA** | $4,427.60 | $1,852.50 |

| | |
|---|---|
| **Total Before Partial Payment** | $1,852.50 |
| **Partial Paymen** | $0.00 |
| **Total Amount Approved** | $1,852.50 |

## Disputes

| OGC | Date of Dispute | Dispute Type | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3317 | | Cost | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 3317 | | Expert Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 3317 | 9/17/2003 10/28/04 | Fee | Pre Hearing Request | Remote or unrelated to HOD | $1,762. | 1 | $1,762.60 | $0.00 | 0 | $0.00 | 1 | $1,762.60 |
| 3317 | 12/9/2004 | Fee | Travel | Not reimburseable | $812.50 | 1 | $812.50 | $0.00 | 0 | $0.00 | 1 | $812.50 |
| **Totals** | | | | | | | $2,575.10 | | | $0.00 | | $2,575.10 |

| **Attorney Charges** | | **Expert/Advocate Charges** | |
|---|---|---|---|
| Invoiced Attorney Fee Amount | $4,427.60 | Total Invoiced Expert Charges: | $0.00 |
| Disputed Attorney Fee Amount | $2,575.10 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $1,852.50 | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 | **Attorney Expenses** | |
| Approved Attorney Fees | $1,852.50 | Invoiced Attorney Expenses | $0.00 |
| | | Disputed Attorney Expenses | $0.00 |
| | | Approved Expenses | $0.00 |

**EXHIBIT**

**1**

Processed By: Attorney Fee Invoice Processing Team

Approved By:

Attorney Fee Cap Amount    $4,000.00

Dalton, Dalton & Houst    3317   Jenkins

District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944

| | | | |
|---|---|---|---|
| **Attorney Firm** | Dalton, Dalton & Houston, P.C. | **Dates of Service** | 5/17/2006  to  10/30/2006 |
| **Student** | Perry      Ford | **OGC Control** | 6112 |
| **Date Received** | 11/15/2006 | **Attorney Invoice** | 4463 |
| **HOD DATE** | 10/5/2006 | **Fiscal Year** | 2007 |

## Allocation of Invoice

| | Invoiced | Approved |
|---|---|---|
| **Attorney's Fees** | $1,880.00 | $1,000.00 |
| **Expert/Advocate Fees** | $0.00 | $0.00 |
| **Attorney's Expenses** | $0.00 | $0.00 |
| **TOTA** | $1,880.00 | $1,000.00 |

| | |
|---|---|
| **Total Before Partial Payment** | $1,000.00 |
| **Partial Paymen** | $0.00 |
| **Total Amount Approved** | $1,000.00 |

## Disputes

| OGC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6112 | | Cost | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 6112 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 6112 | | Fee | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| **Totals** | | | | | | | $0.00 | | | $0.00 | | $0.00 |

**Attorney Charges**

| | |
|---|---|
| Invoiced Attorney Fee Amount | $1,880.00 |
| Disputed  Attorney Fee Amount | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $1,880.00 |
| Fee Cap Adjustment (amt cap exceeded) | $880.00 |
| **Approved Attorney Fees** | $1,000.00 |

**Expert/Advocate Charges**

| | |
|---|---|
| Total Invoiced Expert Charges: | $0.00 |
| Disputed Expert Fee | $0.00 |
| Approved Expert Fee | $0.00 |

**Attorney Expenses**

| | |
|---|---|
| Invoiced Attorney Expenses | $0.00 |
| Disputed Attorney Expenses | $0.00 |
| Approved Expenses | $0.00 |

District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944

| | | | |
|---|---|---|---|
| **Attorney Firm** | Dalton, Dalton & Houston, P.C. | **Dates of Service** | 8/7/2006  to  11/3/2006 |
| **Student** | David    Bernard | **OGC Control** | 6107 |
| **Date Received** | 11/15/2006 | **Attorney Invoice** | 4343 |
| **HOD DATE** | 10/23/2006 | **Fiscal Year** | 2007 |

## Allocation of Invoice

| | Invoiced | Approved |
|---|---|---|
| **Attorney's Fees** | $1,626.50 | $1,500.00 |
| **Expert/Advocate Fees** | $0.00 | $0.00 |
| **Attorney's Expenses** | $0.00 | $0.00 |
| **TOTAL** | $1,626.50 | $1,500.00 |

| | |
|---|---|
| **Total Before Partial Payment** | $1,500.00 |
| **Partial Payment** | $0.00 |
| **Total Amount Approved** | $1,500.00 |

## Disputes

| OGC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6107 | | Cost | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 6107 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 6107 | | Fee | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| **Totals** | | | | | | | $0.00 | | | $0.00 | | $0.00 |

| Attorney Charges | | Expert/Advocate Charges | |
|---|---|---|---|
| Invoiced Attorney Fee Amount | $1,626.50 | Total Invoiced Expert Charges: | $0.00 |
| Disputed Attorney Fee Amount | $0.00 | Disputed Expert Fee | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $1,626.50 | Approved Expert Fee | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $126.50 | **Attorney Expenses** | |
| Approved Attorney Fees | $1,500.00 | Invoiced Attorney Expenses | $0.00 |
| | | Disputed Attorney Expenses | $0.00 |
| | | Approved Expenses | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

Attorney Fee Cap Amount:      $1,500.00

Dalton, Dalton & Houst    6107  Bernard              Page 1 of 1

District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944

| | | | | |
|---|---|---|---|---|
| **Attorney Firm** | Dalton, Dalton & Houston, P.C. | **Dates of Service** | 5/17/2006 to 10/19/2006 | |
| **Student** | William Perry | **OGC Control** | 6113 | |
| **Date Received** | 11/15/2006 | **Attorney Invoice** | 4462 | |
| **HOD DATE** | 9/20/2006 | **Fiscal Year** | 2007 | |

## Allocation of Invoice

| | Invoiced | Approved |
|---|---|---|
| **Attorney's Fees** | $2,103.50 | $1,000.00 |
| **Expert/Advocate Fees** | $0.00 | $0.00 |
| **Attorney's Expenses** | $0.00 | $0.00 |
| **TOTA** | $2,103.50 | $1,000.00 |

| | |
|---|---|
| **Total Before Partial Payment** | $1,000.00 |
| **Partial Paymen** | $0.00 |
| **Total Amount Approved** | $1,000.00 |

## Disputes

| OGC | Date of Dispute | Dispute Type | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6113 | | Cost | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 6113 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 6113 | | Fee | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| **Totals** | | | | | $0.00 | | | | | $0.00 | | $0.00 |

**Attorney Charges**

| | |
|---|---|
| Invoiced Attorney Fee Amount | $2,103.50 |
| Disputed Attorney Fee Amount | $0.00 |
| Pre-Cap Approved Attorney Fee Amount | $2,103.50 |
| Fee Cap Adjustment (amt cap exceeded) | $1,103.50 |
| **Approved Attorney Fees** | $1,000.00 |

**Expert/Advocate Charges**

| | |
|---|---|
| Total Invoiced Expert Charges: | $0.00 |
| Disputed Expert Fee | $0.00 |
| Approved Expert Fee | $0.00 |

**Attorney Expenses**

| | |
|---|---|
| Invoiced Attorney Expenses | $0.00 |
| Disputed Attorney Expenses | $0.00 |
| Approved Expenses | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

Attorney Fee Cap Amount:    $1,000.00

Dalton, Dalton & Houst    6113    Perry    Page 1 of 1