### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHNICE JACKSON, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 07-0138 |
| | : | (GK) |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Comes now defendant, District of Columbia, by counsel, and moves this Court to dismiss plaintiffs' Amended Complaint, pursuant to Fed. R. Civ. P. 12 (b)(6). The grounds for defendant's Motion to Dismiss are set forth in the accompanying Memorandum of Points and Authorities.  An appropriate proposed Order is also attached.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,   Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

June 4, 2007

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JOHNICE JACKSON, et al.,     :
             :
      Plaintiffs,    :
             :
v.             :  Civil Action No. 07-0138
             :  (GK)
DISTRICT OF COLUMBIA,    :
             :
      Defendant.   :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

### Procedural Statement

On January 19, 2007, plaintiffs filed a Complaint, seeking reimbursement for attorney's fees from the District of Columbia, pursuant to the Individuals with Disabilities Improvement Act of 2004 ("IDEIA"), 20 U.S.C. Sec. 1400, *et seq*.  On April 3, 2007, defendant filed a Motion to Dismiss on the grounds, *inter alia,* that the Complaint contained only two counts, which were virtually identical to the counts included in a prior lawsuit brought by the same law firm, *Gray v. District of Columbia,* Civ. No. 06-0144 (D.D.C.), and dismissed by the honorable Judge Urbina on March 12, 2007 (March 12, 2007 Memorandum Opinion [24]).

An Initial Scheduling Conference was held in this case on April 19, 2007, wherein plaintiffs stated that the *Gray* case was currently being appealed.  At that time the Court expressed its concern about issuing a scheduling order while another case, which presents identical issues to those presented here, was pending before the United

States Court of Appeals for the District of Columbia Circuit.[1]  Accordingly, this Court

issued an Order on April 23, 2007, acknowledging defendant's Motion to Dismiss and

stating that it was under advisement at this time.  (Order at 1)

On April 23, 2007, plaintiffs filed a Motion for Leave to File an Amended

Complaint on the grounds that they allegedly just learned that some of their attorneys'

fees, for which they seek reimbursement in this lawsuit, were denied by DCPS because

the billed tasks were administrative in nature.  In a Minute Order dated May 18, 2007,

this Court granted plaintiffs' Motion.

Plaintiffs filed their Amended Complaint on May 22, 2007.  The Amended

Complaint is identical to the original Complaint except for the addition of paragraph 69,

entitled "Dispute of Fees," which includes an allegedly factual recitation of a

conversation between attorney Dalton and the undersigned after a status conference in

this case held on April 19, 2007.  (Amended Complaint at 55-56)  Plaintiffs have also

added a third Count, claiming that defendant unreasonably reduced plaintiffs' attorneys'

fees because counsel charged attorney fee rates for clerical/administrative tasks.

(Amended Complaint at 59, par. 75)

## **ARGUMENT**

### I. **Standard Of Review For Dismissal Of A Complaint/Amended Complaint Pursuant To Fed. R. Civ. P. 12(b)(6)**

In reviewing the sufficiency of a complaint or amended complaint pursuant to

Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true

and construe them and all reasonable inferences in the light most favorable to the

plaintiffs.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*,

---

[1] On April 23, 2007, defendant was served with a third identical lawsuit, *Billup v. District of Columbia*, Civ. No. 06-0144 (D.D.C.), filed on February 20, 2007, which is assigned to Judge James Robertson.

355 U.S. 41, 45-46 (1957) and citing *Gardner v. Toilet Goods Assn.,* 387 U.S. 167, 172

(1967)). However, the court need not consider inferences that are unsupported by the

facts or legal conclusions framed as facts. *See Kowal v. MCI Communications Corp.,* 16

F.3d 1271, 1276 (D.C. Cir. 1994). Further, "a plaintiff's bare conclusion of law, or

sweeping and unwarranted averments of fact, will not be deemed admitted" for purposes

of a motion to dismiss, and the plaintiff only enjoys the "benefit of all inferences that

plausibly can be drawn from well-pleaded allegations of the complaint. *Haynesworth v.*

*Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987)

## II.     Plaintiffs' Amended Complaint Fails to States a Claim Under the IDEIA and Should Be Dismissed.

Plaintiffs' Amended Complaint, while it asserts jurisdiction generally under the

Individuals With Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C.

sec. 1400, *et seq.*, (*See* Amended Complaint, par. 1) fails to include any Count alleging

that defendant violated the plaintiffs' rights under the statute. The Complaint contains

only a factual recitation that the plaintiffs were prevailing parties at due process hearings,

that they submitted petitions for attorneys' fees pursuant to the IDEIA, and that they did

not receive the full amount requested. Even were this Court to accept the factual

recitation as an allegation of a violation of the IDEIA, the Amended Complaint would

still need to be dismissed since plaintiffs have not established a predicate statutory

violation. "Only the court (and not the defendant) may award the plaintiffs reasonable

attorneys' fees 20 U.S.C. Sec. 1415(i)(3)(B) (stating that the *court* may award reasonable

attorneys' fees' in any district court proceeding to enforce IDEA rights)." *Gray v.*

*District of Columbia* Civ. No. 06-0144 (D.D.C.) (March 12, 2007 Memorandum Opinion

at 8) [24]. Thus, since "plaintiffs do not have a statutory right to enforce until a court

awards them attorneys' fees …[t]he complaint … cannot possibly be read to allege that the defendant is violating the plaintiffs' statutory rights." *Bowman v. District of Columbia* Civ. No. 06-016 (D.D.C.) (March 20, 2007, Memorandum Opinion at 6) [13].  "The complaint, in other words, fails to allege that the defendant is violating the plaintiffs' IDEA rights because the court has not awarded them attorneys' fees."  (*Gray,* Memorandum Opinion at 8)

Defendant is not suggesting that IDEIA bars plaintiffs from applying to DCPS in the first instance for payment of attorneys' fees.  Indeed, this Court has indicated that DCPS' first consideration of fee requests may be desirable and in some cases has directed, in the exercise of its discretion, that fee requests first be presented to DCPS.  What defendant is stating is that under the statute, only the court, and not DCPS, may award the plaintiffs reasonable attorneys' fees.  20 U.S.C. Sec. 1415(1)(3)(B).  In this case, had the court ordered defendants to pay plaintiffs' attorneys' fees and defendant failed to pay, then plaintiffs would have a proper claim.  However, that is not the case here.

**III.** **The Issues Presented in Counts One and Two of the Amended Complaint Were Dismissed Previously by Both the United States Court of Appeals for the District of Columbia and the United States District Court for the District of Columbia.**

The first Count in Plaintiffs' Amended Complaint, as in their earlier Complaint, and in the Complaints in *Gray v. District of Columbia,* Civ. No. 06-0144 (D.D.C.) and *Billup v. District of Columbia* Civ. No. 06-0144 (D.D.C.), alleges that there is an incongruity between the fee cap imposed by the District of Columbia Appropriations Act of 2005, and the provision of the IDEIA that permits courts to award attorney's fees.  Since Congress has not reconciled that conflict the courts should do so, claim the plaintiffs. (Complaint at 56, par. 71)

Plaintiffs' Second Count here, as in *Gray* and *Billups,* claims that the fee cap "effectively limits the access of District of Columbia's poor families to quality legal representation, which impairs their due process protections under the IDEA."  (Amended Complaint at 57-58, par. 73)

As previously stated, plaintiffs' first two counts have been ruled upon in an earlier case and dismissed by the Honorable Richard Urbina.  In his Memorandum Opinion in *Gray,* granting defendants' Motion to Dismiss, Judge Urbina relied on earlier Circuit court cases for the proposition that "the fee cap does not violate due process and [] does not constitute an impermissible limit on the court's authority to award fees.  *Calloway v. District of Columbia*, 216 F.3d 1, 9 (D.C. Cir. 2000); *see also Jester v. District of Columbia*, --- F.3d ---, 2007 WL 148830, at *2 (D.C. Cir. Jan. 23, 2007) …." (Memorandum Opinion [24]at 6)

In *Calloway, supra,* the court entertained and rejected the same issues as are now being presented and, it borders on the frivolous that counsel here, who also participated in the *Calloway* matter, is submitting the same issues in several separate cases being tried before different judges in the United States District Court for the District of Columbia.

In *Calloway*, as here, plaintiffs alleged that the section 130 fee cap violated their due process rights by "prevent[ing] them from retaining qualified legal counsel…." leaving them "powerless to enforce their IDEA rights…." *Calloway*, 216 F.3d at 5-6. *See* Amended Complaint at 58.  Plaintiffs further argued in *Calloway,* as they do here, that "the Plaintiffs are being discriminated merely on the basis that they are citizens of the District of Columbia."  (*Calloway* at 6; Amended Complaint at 58)    However, both the United States District Court for the District of Columbia and the United States Court of

Appeals for the District of Columbia Circuit rejected plaintiffs' challenges to section 130, as this Court must also.

The Court of Appeals also took into account, and rejected, plaintiffs' argument in *Calloway*, which is included in Count Two of the Amended Complaint, that the section 130 fee cap would not benefit the special education system.  "Whatever the doubts about section 130, 'rational-basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.'"  *Calloway*, 216 F.3d at 8, citing *Heller v. Doe,* 509 U.S. 312, 318 (1993).

Lastly, the court in *Calloway* also addressed plaintiffs' allegation in Count Two, that Congress is effectively usurping the power of the Court under IDEA to award attorneys' fees.

> In view of the "very strong presumption" that appropriation acts do no amend substantive law, we face a straightforward question of statutory construction: has Congress unambiguously expressed an intent to limit court authority to award fees under IDEA?  When Congress wants to use an appropriations act to limit court authority, it knows precisely how to do so.  For example, section 311 of the 2000 Appropriations Act says, "section 5 of the Y2K Act… is amended" to state that "punitive damages in a Y2K action may not be awarded against an institution of higher education."  Section 311, Consolidated Appropriations Act, 2000, Pub. L. 106-113, 113 Stat. 1501, 1537 (Nov. 29, 1999).  Section 130 contains no similar limiting language.

*Calloway*, 216 F.3d at 5-6

Accordingly, since the issues raised in Counts One and Two of the Amended Complaint have been rejected previously by this Circuit, and also have been dismissed when raised anew by the same counsel in District Court, in *Gray, supra*, this Court must also dismiss these counts.

**IV.    Plaintiffs May Not Seek Reimbursement for Clerical Tasks at Attorney Fee Rates.**

The recently added Count Three of the Amended Complaint must also be dismissed.  Plaintiffs here claim that defendant unreasonably, and contrary to case law in this jurisdiction, reduced plaintiffs' attorney fees on the basis that the work being billed was clerical and could not be billed at the attorney's regular hourly rate.  (Amended Complaint at 59, par. 75)  Plaintiffs do not deny that they billed at the higher rate for clerical work, but allege that they are a small firm where all the attorneys perform clerical tasks.  (*Id*.)  Plaintiffs cite *Bailey v. District of Columbia,* 839 F.Supp 888, 891 (D.D.C. 1993), and *Czarniewy v. District of Columbia,* 2005 U.S. Dist. LEXIS 5161 *15 (D.D.C., March 25, 2005), in support of their position.  (*Id.*)

However, plaintiffs' interpretation of the law, as set forth in their Amended Complaint, is incorrect.  In *Bailey, supra,* the Court allowed <u>a sole practitioner</u> to recover his hourly fees for administrative/clerical tasks, on the grounds that he should not be penalized because he did not have the staff that could have performed these tasks more economically.  *Bailey v. District of Columbia,* 839 F.Supp. at 891.  Plaintiffs here are not sole practitioners.

Further, the law as expressed in Bailey has been modified recently.  In a Memorandum Opinion issued by this Court, *Thomas v. District of Columbia,* Civil Action No. 03-1791 (D.D.C. March 22, 2007), the honorable Judge Kollar-Kotelly, ruling on a Motion for Payment of Attorney's Fees and Costs filed by the same sole practitioner as in *Bailey,* adopted Magistrate Judge Kay's Report and Recommendation (March 2, 2007), in which he reduced counsel's hourly rate for the entries involving administrative/clerical tasks.

Magistrate Judge Kay concluded that "[t]he *Bailey* case does not [] prevent an attorney from adjusting his fee rates downward with regard to the performance of administrative tasks, which could be handled by a junior associate or paralegal." (Report at 12) Thus precedent exists in this jurisdiction for the reduction of attorneys' fees for work performed on administrative/clerical matters. *See also Coleman v. District of Columbia,* Civ. No. 03-0126 (D.D.C. May 3, 2007).

Further, as previously stated, plaintiffs' counsel here is not a sole practitioner. The law firm of Dalton, Dalton & Houston, has three named partners, two associates, an office manager and other support staff. Accordingly, *Bailey* is inapplicable to the instant case. However, even if the Court were to conclude that *Bailey* does apply, "[i]t makes no sense to read the IDEA as requiring the defendant to pay each and every fees request submitted by an attorney without any scrutiny or review." *Bowman v. District of Columbia,* Civ. No. 06-0016 (D.D.C. March 20, 2007).

All that plaintiffs' Count Three is alleging is that DCPS reviewed plaintiffs' bills and concluded that some of the items were for administrative tasks. DCPS subsequently reduced plaintiffs' invoices to reflect the fact that "counsel cannot charge attorney hourly rates for administrative tasks." (Amended Complaint at 59, par. 75)

Accordingly, even if this Courts considers the facts presented in the Amended Complaint as true the case must nonetheless, be dismissed. The issues presented in the first two counts were dismissed by the United States Court of Appeals for the District of Columbia in *Calloway v. District of Columbia,* 216 F.3d 1, and the exact same counts were dismissed by the United States District Court for the District of Columbia in *Gray v. District of Columbia,* Civ. No. 06-144. Lastly, the issues presented in the newly added

Third Count have been dismissed in prior court decisions. *See Thomas v. District of Columbia*, Civil Action No. 03-1791 and *Coleman v. District of Columbia*, Civ. No. 03-0126.

## <u>CONCLUSION</u>

For all the above stated reasons plaintiffs' Amended Complaint should be dismissed. The first two counts of the Amended Complaint, border on the frivolous. They are a rehash of issues presented by counsel here in *Calloway v. District of Columbia*, 216 F.3d 1: (1) that the section 130 fee cap violates plaintiffs' due process rights by effectively limiting the access of low-income parents from the District of Columbia from obtaining quality legal representation (Amended Complaint at 58, par 73) (*see Calloway*, 216 F.3d at 5-6) and, (2) that the fee cap usurps the power of the court under the IDEIA to award attorneys' fees.) Amended Complaint at 56-57, par. 71) (*see Calloway v. District of Columbia*, 216 F.3d at 5-6). The Third Count avers that the defendant impermissibly reduced plaintiffs' attorneys' fees when billed for clerical tasks. However, the law in this jurisdiction is clear: clerical/administrative work is not to be billed at the same rate as the performance of legal tasks. *See Thomas v. District of Columbia*, Civil Action No. 03-1791; *Coleman v. District of Columbia*, Civ. No. 03-0126. Accordingly, plaintiffs' Amended Complaint should be dismissed.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,   Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

June 4, 2007