**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOHNICE JACKSON, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 07-0138 |
| | : | (GK) |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |

……………………………………………………..

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

Comes now defendant, District of Columbia, by counsel, and replies to plaintiffs' Opposition to defendant's Motion to Dismiss as follows:

**I.    Plaintiffs Fail to State a Claim With Regard to Attorneys' Fees and a Violation of the IDEIA.**

Plaintiffs claim that they have been denied rights under the IDEIA because DCPS "refused to pay some or all the fees" submitted by plaintiffs' counsel for payment. (Opp. at 4-5) They misconstrue defendant's arguments as to why their claim does not indicate a violation of the IDEIA. While plaintiffs have the right to seek reimbursement from DCPS when they are a prevailing party, the fact that plaintiffs did not receive all the money they sought, does not mean that DCPS improperly reduced the amount of the requested fees. Nor is there any indication in plaintiffs' Amended Complaint or Opposition that DCPS agreed to pay a certain amount and reneged on their agreement. Lastly, as argued in defendant's Motion to Dismiss Amended Complaint (Motion at 5)[1]

---

[1] It would appear that plaintiffs did not read the defendant's Motion to Dismiss Amended Complaint as the Opposition is virtually a verbatim repetition of the plaintiffs' April 30, 2007, Opposition to defendants' Motion to Dismiss Complaint [8]. Many of plaintiffs' arguments, repeated here, were addressed in

while defendant is not suggesting that plaintiffs must apply to the Court in the first instance for payment of attorneys' fees, only the court, and not the defendant, may award the plaintiffs reasonable attorneys' fees. 20 U.S.C. Sec. 1415(1)(3)(B). Had the court ordered the defendant to pay plaintiffs' attorneys' fees and defendant failed to pay, then plaintiffs would have a proper claim under the statute. However, that is not the case here, and accordingly, plaintiffs' claim must be dismissed.

### II.     **Plaintiffs Fail To State a Claim That the Fee Cap Violates Due Process and Impermissibly Limits the Court's Authority to Award Fees.**

Plaintiffs assert that defendant relied solely on a recent decision by the honorable Judge Urbina, *Gray v. District of Columbia,* Civ. No. 06-0144 (D.D.C., March 12, 2007 [24]), in arguing why the statutory fee cap does not violate plaintiffs' due process rights. Apparently, because plaintiffs are appealing that decision, they believe, erroneously, that the decision has no validity. Moreover, defendant did not rely solely on Judge Urbina's decision, but also on the law on which he based his decision, specifically, *Calloway v. District of Columbia*, 216 F.3d 1 (D.C. Cir. 2000). Because defendant addressed all of plaintiffs' arguments presented in their current Opposition in its Motion to Dismiss Amended Complaint, (Motion at 6-7) defendant incorporates by reference those arguments and will not repeat them here.

### III.    **Defendant Properly Reduced Some of Plaintiffs' Attorney's Fees as Clerical in Nature.**

Plaintiffs' arguments as to why they believe the defendant unreasonable reduced some of their attorney's fees on the basis that the tasks performed were "clerical in nature, were fully addressed on pages 8-9 of defendant's June 4, 2007, Motion to Dismiss

---

defendant's March 23, 2007, Motion to Dismiss Amended Complaint [3], and thus will only be briefly addressed in this Reply.

2

Amended Complaint [20]. That discussion is specifically incorporated by reference, and will not be repeated here.

## CONCLUSION

While plaintiffs may believe that the *Gray* decision was wrongly decided, they cannot, and do not, dispute the fact that *Calloway* represents the law in this jurisdiction. As has been established, the *Gray* decision was based in large part on *Calloway*. Thus, while defendant's Motion to Dismiss Amended Complaint was based in part on the *Gray* decision--because the complaint in that case and the amended complaint in the instant case are virtually identical-- defendant's arguments incorporated all the findings in *Calloway*.

According to both *Calloway* and *Gray* plaintiffs' first two counts must be dismissed. Further, plaintiffs' recently added Third Count, that defendant unreasonably reduced some of their attorney's fees because the work was clerical in nature, must also be dismissed. Not only is the law firm of Dalton, Dalton and Houston not a sole practitioner, but the firm hires personnel to perform administrative tasks. Case law in this jurisdiction is clear that DCPS may adjust attorney's fees downward with regard to the performance of administrative tasks. *See Thomas v. District of Columbia,* Civ. No. 03-1791 (D.D.C. March 22, 2007); *Coleman v. District of Columbia,* Civ. No. 03-0126 (D.D.C. May 3, 2007). Thus, for the above stated reasons, plaintiffs' Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Should the Court not grant defendant's motion, defendant requests that the Court hold this case in abeyance, as it was first inclined to do, pending a resolution by the Court of Appeals in *Gray.*

                      Respectfully submitted,

                      LINDA SINGER
                      Attorney General for the District of Columbia

                      GEORGE C. VALENTINE
                      Deputy Attorney General, Civil Litigation Division

                      /s/ Edward P. Taptich
                      EDWARD P. TAPTICH [012914]
                      Chief, Equity, Section 2

                      /s/ Maria L. Merkowitz
                      MARIA L. MERKOWITZ [312967]
                      Senior Litigation Counsel
                      441 4th Street, N.W.,   Sixth Floor North
                      Washington, DC 20001
                      (202) 442-9842
                      FAX  -  (202) 727-3625
                      E-mail – maria.merkowitz@dc.gov

June 20, 2007