**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| JOHNICE JACKSON *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 07-0138 (RMU) |
| | : | | |
| v. | : | Document No.: | 20 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION TO DISMISS

**I.  INTRODUCTION**

The plaintiffs, minor children and their parents, grandparents, guardians and court-appointed educational advocates, bring this action to collect attorneys' fees and other costs pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, and seek a declaratory judgment that § 327 of the District of Columbia Appropriations Act of 2005 violates the plaintiffs' due process rights guaranteed in the U.S. Constitution and the IDEA. The defendant argues that the D.C. Circuit has already ruled that the fee cap imposed by § 327 on the recovery of attorneys' fees under the IDEA is constitutional and that the plaintiffs have otherwise failed to state a claim. The defendant is correct in stating that the D.C. Circuit has already upheld the fee cap against the plaintiffs' arguments, but the plaintiffs may still request that the court award attorneys' fees and costs under the IDEA. Accordingly, the court grants in part and denies in part the defendant's motion to dismiss the complaint.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiffs are 63 minor children and their parents, grandparents, guardians and court-appointed educational advocates.  Nineteen of the 63 child plaintiffs are wards of the District of Columbia.  Am. Compl. ¶¶ 6, 8, 10 - 17, 25, 36, 37, 44, 47, 49, 50, 59, 67.  All of the plaintiffs participated in administrative due process hearings[1] to challenge actions taken by the District of Columbia Public Schools ("DCPS").  *Id.* ¶¶ 6-68.  The plaintiffs allege that they were prevailing parties against DCPS in the due process hearings.  *Id.*  As such, they submitted petitions for attorneys' fees to DCPS.  *Id.*  But, § 327 of the District of Columbia Appropriations Act of 2005 caps the District of Columbia's payment of IDEA attorneys' fees at $4,000 per action.  Pub. L. No. 108-335, 118 Stat. 1322 (2004).[2]

On January 19, 2007, the plaintiffs filed a two-count complaint alleging that "[a]n incongruity continues to exist between Section 327 of the District of Columbia Appropriations Act of 2005 and the provision of the IDEA that permits [c]ourts to award attorney's fees" and that "[c]ourts cannot leave it up to Congress to resolve the issue."  Compl. ¶ 70.  In addition, the complaint asserts that the attorneys' fees "cap effectively limits the access of the District of Columbia's poor families to quality legal representation, which impairs their due process protections under the IDEA."  *Id.* ¶ 72.

On May 18, 2007, the court granted the plaintiffs' request to amend their complaint. Minute Order (May 18, 2007).  In their amended complaint, the plaintiffs added a third count,

---

[1]  The "IDEA guarantees parents of disabled children an opportunity to participate in the identification, evaluation, or educational placement of children." *Calloway v. District of Columbia*, 216 F.3d 1, 3 (D.C. Cir. 2000).  Parents who disagree with the identification, evaluation or educational placement of their children may request an administrative "impartial due process hearing." 20 U.S.C. § 1415(f).

[2]  A similar rider is attached to the District of Columbia Appropriations Act of 2006. Pub. L. No. 109-115, 119 Stat. 2396 (2005).

contending that the "[d]efendant unreasonably reduced Plaintiff's fees." Am. Compl. ¶ 75. In light of the alleged violations, 30 of the plaintiffs seek recovery for attorneys' fees in excess of the $4,000 cap. *Id.* ¶¶ 7, 19, 21, 22, 25, 27, 29, 30, 32-35, 37-39, 41, 42, 44, 49, 51, 54, 56-58, 62-64, 66-68. The remaining plaintiffs seek recovery for attorneys' fees at least in part below the cap. *Id.* ¶¶ 6, 8-18, 20, 23, 24, 26, 28, 31, 36, 40, 43, 45-48, 50, 52, 53, 55, 59, 60, 61, 65. In total, the plaintiffs seek $65,256 below the cap and $174,776.60 above the cap. *Id.* at 60-65. The defendant filed a motion to dismiss the amended complaint on June 4, 2007 to which the court now turns.

### III. ANALYSIS

#### A. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege a "plausible entitlement to relief," by setting forth "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967, 1969 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Id.* at 1964, 1966. In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.

### B. The Court Grants the Defendant's Motion to Dismiss the Plaintiffs' Constitutional Claims

The plaintiffs argue that the fee cap is constitutionally unsound. Pls.' Opp'n at 5-7. Count 1 of the complaint calls on the court to overturn the cap because Congress lacks authority to "restrict an Article III Court's ability to award and enforce judgments in IDEA cases." Am. Compl. ¶ 71. This count is identical to one raised in *Gray v. District of Columbia*, 477 F. Supp. 2d 76, 79 (D.D.C. 2007). In that case, the Circuit affirmed the court's determination that the fee cap "does not constitute an impermissible limit on the court's authority to award fees." *Id.* The court sees no reason to depart from this sound precedent.

Count 2 of the complaint alleges that "the cap effectively limits the access of the District of Columbia's poor families to quality legal representation, which impairs their due process protections under the IDEA."  Am. Compl. ¶ 73.  Again, this claim is identical to one raised in *Gray*, and the court comes to the same conclusion – "the fee cap does not violate due process." 477 F. Supp. 2d at 79 (citing *Calloway v. District of Columbia*, 216 F.3d 1, 9 (D.C. Cir. 2000)).  Because this Circuit has already rejected the same due process claims that the plaintiffs allege here, the court grants the defendant's motions to dismiss the first two counts of the amended complaint.

### C. The Court Denies the Defendant's Motion to Dismiss the Plaintiffs' Claim for Reimbursement of Attorneys' Fees

The court granted the plaintiffs leave to amend their complaint on May 18, 2007, at which time the plaintiffs added Count 3, which asserts that the defendant is "prohibited from reducing Plaintiffs' fees on the basis that the tasks performed are 'clerical' in nature."  Am. Compl. ¶ 75.  The plaintiffs request that the court "[f]ind that the Defendant has improperly reduced Plaintiffs' attorneys' fees" and award damages in the amount of the improper reduction. *Id.* at 60-65.  The defendant first posits that the complaint fails because there is no allegation that the defendant violated the plaintiffs' rights under the IDEA.  Def.'s Mot. at 4.  Alternatively, the defendant contends that the plaintiffs cannot recover from the defendant because "only the court (and not the defendant) may award the plaintiffs reasonable attorneys' fees."  *Id.* at 4 (quoting *Gray*, 477 F. Supp. 2d at 81).  Moreover, the defendant argues that it reasonably reduced the plaintiffs' attorneys' fees.  Def.'s Mot. at 8.

The defendant's arguments fail to fell the plaintiffs' claim, however.  First, the defendant incorrectly asserts that the complaint fails to allege a violation of the IDEA.  The complaint requests that the court "[f]ind that the Defendant has, with respect to each Plaintiff, deprived said

5

Plaintiff of the rights, privileges, and the benefits that are available and secured by the laws of the United States, specifically 20 U.S.C. § 1400 *et seq.*" Am. Compl. at 59-60. Thus, the complaint provides the defendant fair notice of the claim and the ground on which it rests. *Kingman Park*, 348 F.3d at 1040 (citing FED. R. CIV. P. 8(a)(2) and *Conley*, 355 U.S. at 47). Second, although the defendant is correct to point out that the IDEA only authorizes the court to award attorneys' fees, 20 U.S.C. § 1415(i)(3)(B), this fact is inapposite here where the plaintiffs are requesting that the court award attorneys' fees.[3] *Compare* Am. Comp. at 59-60 (stating that the defendant "unreasonably reduced Plaintiffs' fees" and requesting that the court "[a]ward each Plaintiff damages") *with* Complaint ¶ 1, *Czarniewy v. District of Columbia*, 2005 WL 692081 (D.D.C. Mar. 25, 2005) (No. 02 Civ. 1496) (asserting that the District of Columbia "failed to carry out [its] legal duty to reimburse [attorneys'] fees and, without the Court's intervention, plaintiffs will not be able to obtain relief"). Likewise, the defendant's final argument fails because it focuses on the reasonableness of the fee reduction rather than the court's ability to award fees when, as here, the plaintiff has alleged that the defendant's award is deficient. *See Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 25-28 (D.D.C. 2004) (evaluating the reasonableness of the plaintiffs' fee requests under the IDEA). Consequently, the court denies the defendant's motion to dismiss Count 3 of the plaintiffs' amended complaint.

---

[3]   The court, however, dismisses the claims of the 30 plaintiffs requesting attorneys' fees above the statutory fee cap. Am. Compl. ¶¶ 7, 19, 21, 22, 25, 27, 29, 30, 32-35, 37-39, 41, 42, 44, 49, 51, 54, 56-58, 62-64, 66-68; *Calloway v. District of Columbia*, 216 F.3d 1, 9 (D.C. Cir. 2000) (holding that courts can award fees, but the District of Columbia cannot pay attorneys' fees above the cap); *Armstrong v. Vance*, 328 F. Supp. 2d 50, 61-62 (D.D.C. 2004) (dismissing claims under the IDEA for attorneys' fees that are beyond the statutory cap).

## IV.  CONCLUSION

For the foregoing reasons the court grants in part and denies in part the defendant's motion to dismiss.  An order consistent with the Memorandum Opinion is separately and contemporaneously filed this 20th day of March, 2008.

RICARDO M. URBINA  
United States District Judge
