## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOHNICE JACKSON, et al.** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | **Civil Action No. 07-0138 (RMU)** |
| | : | |
| **DISTRICT OF COLUMBIA** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## PLAINTIFFS'
## PETITION FOR ATTORNEYS' FEES

COMES NOW, the Plaintiffs by and through counsel, and moves this honorable Court to award the Plaintiffs reasonable attorneys' fees in the amount of $64,886.00. Attached please find the Plaintiffs' Memorandum of Points and Authorities in support of this Motion.

Wherefore, the Plaintiffs urge the Court to grant their Motion and to provide counsel with an opportunity, if necessary, for oral argument on this Motion.

May 19, 2008                                 Respectfully submitted,

                                      _____/s/_____
                                      ELLEN DOUGLASS DALTON, Esq.
                                      Bar # 411612
                                      _____/s/_____
                                      PAUL S. DALTON, Esq.
                                      Bar # 439118
                                      Counsel for the Defendant
                                      Dalton & Dalton, P.C.
                                      1008 Pendleton Street
                                      Alexandria, Virginia 22314
                                      (703) 739-4300
                                      (703) 739-2323 (fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOHNICE JACKSON, et al. | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | Civil Action No. 07-0138 (RMU) |
| | : | |
| DISTRICT OF COLUMBIA | : | |
| | : | |
| **Defendant.** | : | |
| ————————————————— | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING**
**PLAINTIFFS'PETITION FOR ATTORNEYS' FEES**

On March 20, 2008, an Order was issued granting in part and denying in part the Defendant's Motion to Dismiss.  The Order was accompanied by a Memorandum of Opinion which set forth and explained the Courts legal analysis for dismissing Counts I and II but leaving and preserving Count III of Plaintiffs' Complaint.  Plaintiffs' Count III requests this Court to find that the Defendant is "prohibited from reducing Plaintiffs' attorney fees" and award damages in the amount of the improper reduction.  Accordingly, the parties submitted a Joint Status Report on April 14, 2008 which proposed  a briefing schedule for the resolution of the attorney fees that the Plaintiffs' are seeking that were under the amount of the statutory cap, yet for which payment was improperly refused by the Defendant.

Accordingly, by way of this Motion, the Defendant hereby petitions this Court for an award of attorneys' fees for amounts under the cap that were incurred in the following proceedings pursuant to Fed. R. Civ. P.  54(d), Local Rule 54.2, and 20 U.S.C. § 1415(i)(3)(B).

2

### 1. **A.B.**

On October 6, 2004, a Due Process Hearing was held. The court appointed educational advocate, William E Houston, Esq., acted on behalf of A.B., ward of the District of Columbia. The Hearing Officer ordered: DCPS to convene an MDT on October 13, 2004, to discuss the need for additional evaluations and to attempt to place the student at a DCPS High School on an interim basis. Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,604.50.

To date, $3,064.50 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $935.50.

### 2. **N. R.**

On October 13, 2004, a Due Process Hearing was held. William E. Houston, Esq. acted on behalf of N.R., a ward of the District of Columbia. The Hearing Officer ordered DCPS to convene an MDT/IEP meeting by October 28, 2004, to determine eligibility and if necessary develop an IEP and issue a notice of placement. Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,610.00.

To date, $3,795.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $205.00.

**3. <u>A.T.</u>**

On October 26, 2004, a Due Process Hearing was held. William E. Houston, Esq. acted on behalf of A.T., and his parent Johnice Jackson. The Hearing Officer ordered DCPS to fund the student's interim placement at the Leary School of Virginia. DCPS was also ordered to convene an MDT/IEP meeting within throty days of the student's matriculation to Leary School to duscuss vison therapy. Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,867.50.

To date, $2,915.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $1,085.00.

**4.    <u>M.E.</u>**

On April 21, 2005, DCPS entered into a settlement agreement. The court appointed educational advocate, William E. Houston, Esq., acted on behalf of M.E., ward of the District of Columbia. DCPS agreed to pay reasonable attorney's fees not to exceed $4,000.00.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,932.50.

To date, $0 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $3,932.50.

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is 3,932.50.

5.    **J.H.**

On October 27, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of J.H., a ward of the District of Columbia.  The Hearing Officer ordered DCPS to convene an MDT/IEP meeting within thirty (30) days to review the student's evaluations, make an eligibility determination and draft an IEP if necessary and issue notice of placement. Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,437.50

To date, $2,420.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $1,017.50.

6.    **T.L.**

On October 27, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of T.L., a ward of the District of Columbia.  The Hearing Officer ordered DCPS to convene an MDT/IEP meeting within thirty (30) days to review the student's evaluations, make an eligibility determination and draft an IEP if necessary and issue notice of placement. Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $2,887.50.

To date, $1,705.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs under the $4,000 cap is $1,182.50.

On August 24, 2005, another Due Process Hearing was held.  The court appointed

educational advocate, William E. Houston, Esq., acted on behalf of T.L., ward of the District of Columbia.  The parties reached an agreement that was incorporated into the Hearing Officer's Determination, which ordered: DCPS to fund interim placement at High Roads, convene an MDT meeting to determine placement and compensatory education.  Plaintiffs were therefore prevailing parties.

On September 14, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,327.50.

To date, $1,155.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiffs under the $4,000 cap is $2,172.50.

The total outstanding amount of attorney's fees owed to Plaintiffs under the $4,000 cap is $3,355.00.

## 7.    S.M.

On October 27, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of S.M.., a ward of the District of Columbia.  The Hearing Officer ordered DCPS to convene an MDT/IEP meeting by December 3, 3004, to discuss the need for tutoring services, and if necessary revise the IEP and determine compensatory education.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,077.50.

To date, $2,420.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is

6

$1,580.00.

**8.    D.M.**

On October 27, 2004, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of D.M., a ward of the District of Columbia.  The Hearing Officer ordered DCPS to place and fund the student at Accotink Academy.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,348.50.

To date, $2,873.50  has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $1,126.50.

**9.    T.H.**

On October 27, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of T.H., ward of the District of Columbia.  The Hearing Officer ordered DCPS to convene an MDT/IEP meeting on or before November 30, 2004, to review the independent assessments and revise the IEP if warranted.  Plaintiffs were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,465.00.

To date, $2,997.50  has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $467.50.

On March 8, 2005, a Due Process Hearing was held.  The court appointed educational advocate, William E. Houston, Esq., acted on behalf of T.H., ward of the District of Columbia.

The Hearing Officer ordered: DCPS to permit T.H. to participate in all senior class extra

curricular activities.  Plaintiffs were therefore the prevailing parties.

On March 17, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $3,630.00

To date, no payment has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $3,630.00.

The total outstanding amount of attorney's fees owed to Plaintiffs is $4,097.50.

**10.    D.A.**

On October 29, 2004, a Due Process Hearing was held.  William E. Houston, Esq., acted

on behalf of D.A. a ward of the District of Columbia.  The Hearing Officer ordered DCPS to

convene an MDT meeting with 15 school days and issue a prior notice of placement.  Plaintiffs

were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $3,478.00

To date, $2,432.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $1,045.50

**11.    K.A.**

On October 29, 2004, a Due Process Hearing was held.  William E. Houston, Esq., acted

on behalf of K.A. a ward of the District of Columbia.  The Hearing Officer ordered DCPS fund

an independent educational assessment and convene an MDT meeting with 15 school days.  If

found eligible DCPS was to develop an IEP and issue a prior notice of placement.  Plaintiffs

were therefore the prevailing parties.

On January 6, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,158.50

To date, $2,293.50 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $865.00

On July 20, 2005, a Due Process Hearing was held. The court appointed educational advocate, Ellen Douglass Dalton, Esq., acted on behalf of K.A., ward of the District of Columbia. The Hearing Officer ordered: DCPS to convene an MDT meeting at the student's current placement to determine the type and amount of compensatory education owed to the student. Plaintiffs were therefore the prevailing parties.

On August 8, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,513.00.

To date, $999.50 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $3,000.50.

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $3,865.50.

## 12.    **T.H.**

On November 15, 2004, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of T.H.. and her parent, Iona Francis. The Hearing Officer ordered DCPS to place and fund the student at High Road Middle School. Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $5,546.00.

To date, $3,882.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $118.00.

**13.   Jo. H.**

On November 22, 2004, a Due Process Hearing was held.  Talib S. Abdus-Shahid, Esq. acted on behalf of J.H. and his parent, Tondalaya Hampton.  The Hearing Officer ordered DCPS to fund independent occupational and physical therapy evaluations and convene an MDT/IEP meeting within 15 school days of receipt of the evaluations.  Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,081.00.

To date, $3,981.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $19.00.

**14.   E.S.**

On January 11, 2005, a Due Process Hearing was held.  Talib S. Abdus-Shahid, Esq. acted on behalf of E.S. and his parent, Sandra Forrest.  The Hearing Officer ordered DCPS to convene IEP/placement meeting within ten (10) days to review all assessments and decide placement.  Plaintiffs were therefore the prevailing parties.

On February 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $6,713.00.

To date, no payment has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $4,000.00.

**15.     R.G.**

On September 29, 2004, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of R.G. and his parents, Charlene and Russell Glymph.  The Hearing Officer ordered DCPS to fund an independent clinical psychological evaluation.  DCPS was also ordered to convene an MDT/IEP meeting within fifteen (15) days of the receipt of the evaluation to revise the IEP, discuss placement and compensatory education.  Plaintiffs were therefore the prevailing parties.

On March 17, 2005, pursuant to I.D.E.A., two invoices for attorney's fees were submitted to D.C.P.S. totaling $8,128.50.

To date, $4,000.00 has been received.

On May 24, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of R.G. and his parent, Charlene Glymph.  The Hearing Officer ordered: DCPS to place and fund R.G at the Katherine Thomas School.  Plaintiffs were therefore the prevailing parties.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,724.50.

To date, $3,577.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $147.50.

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $147.50.

11

16.    **D.H.**

On February 17, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of D.H. and his parent, Diane Pixley. The Hearing Officer ordered DCPS to fund the student's placement at High Road School for the 2004-2005 school year. Plaintiffs were therefore the prevailing parties.

On March 17, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to DCPS in the amount of $4,690.50.

To date, $1,994.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap is $2,006.00.

17.    **K.E.**

On December 6, 2004, December 22, 2004 and February 2, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of K.E. and his parent, Diana Epps. The Hearing Officer ordered: DCPS to place and fund K.E. at the Lab school with transportation. Plaintiffs were therefore the prevailing parties.

On April 5, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $12,980.00.

To date, $0 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $4,000.00.

18.    **D.H.**

On April 12, 2005, a Due Process Hearing was held. The court appointed educational

advocate, William E. Houston, Esq. acted on behalf of D.H., ward of the District of Columbia. The Hearing Officer ordered: DCPS to convene a placement meeting.  Plaintiffs were therefore the prevailing parties.

On July 5, 2005, a Due Process Hearing was held.  The court appointed educational advocate, William E. Houston, Esq., acted on behalf of D.H., ward of the District of Columbia. The Hearing Officer ordered: DCPS to place and fund D.H. at the Leary School of Virginia. Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,822.50.

To date, $3,492.50  has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $330.00.

### 19.    **A.J.P.**

On May 5, 2005, a Due Process Hearing was held.  Laura E. Duos, Esq. acted on behalf of A.J.P. and his parent, Leslie Jackson.  The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT meeting to determine placement and discuss compensatory education.  Plaintiffs were therefore the prevailing parties.

On June 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,162.00.

To date, $1,306.00  has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $2,694.00.

### 20.    **J.G.**

On November 18, 2004, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of J.G. and her parent Deborah Jefferies.  The Hearing Officer ordered: DCPS to convene an MDT meeting and determine compensatory education.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $1,622.50.

To date, $990.00  has been received.

The outstanding amount of attorney's fees owed to Plaintiffs under the cap is $632.50.

**21.    D.P.**

On June 9, 2005, a Due Process Hearing was held. Ellen Douglass Dalton, Esq. acted on behalf of D.P. and his parent, Kay Pixley.  The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT meeting to determine placement.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to DCPS. in the amount of $4,222.50.

To date, $1,180.00 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $2,820.00

On October 12, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of D.P. and his parent Kay Pixley.  The Hearing Officer ordered: DCPS to fund placement at High Road Academy.  Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $3,483.50.

To date, $2,805.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $678.50

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap

is $3,498.50.

**22.    C.P.**

On October 12, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq.

acted on behalf of D.P. and his parent Kay Pixley.  The Hearing Officer ordered: DCPS to fund

placement at High Road Academy.  Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

D.C.P.S. in the amount of $3,483.50.

To date, $2,808.50 has been received.

The total outstanding amount of attorney's fees owed to Plaintiff under the $4,000.00 cap

is $675.00.

**23.    V.T.**

On, July 5, 2005, a Due Process Hearing was held. The court appointed educational

advocate, William E. Houston, Esq., acted on behalf of V.T., ward of the District of Columbia.

The Hearing Officer ordered:   DCPS to fund independent evaluations and convene an MDT

meeting to determine placement.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to

DCPS in the amount of $5,005.00.

To date, $2,475.00 has been received.

15

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $1,525.00

**24.    L.B.**

On July 7, 2005, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of L.B. and her parent, Gloria Peterson.  The Hearing Officer ordered: DCPS to fund 75 hours of independent tutoring and 18 hours of speech and language therapy.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $1,841.00

To date, $1,634.50 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $206.50.

**25.    V.H.**

On July 8, 2005, a Due Process Hearing was held.  The court appointed educational advocate, William E. Houston, Esq., acted on behalf of V.H., ward of the District of Columbia. On July 14, 2005, the Plaintiffs submitted a Motion for Reconsideration.  The Hearing Officer ordered: DCPS to conduct a clinical evaluation, psych-educational evaluation, and speech and language evaluation within 30 days, or be required to fund independent evaluations.  Plaintiffs were therefore the prevailing parties.

On July 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,998.00.

To date, $1,842.50  has been received.

16

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $2,157.50.

**26.    G.M.**

On December 14, 2004, a Due Process Hearing was held.  Ellen Douglass Dalton, Esq. acted on behalf of G.M. and her parent, Ms. Raquel de Jesus.  The Hearing Officer ordered: DCPS to provide the student with 175 hours of compensatory education.  Plaintiffs were therefore the prevailing parties.

On August 8, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,715.50.

To date, $2,447.00 has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $1,268.50.

On September 26, 2005, DCPS entered into a settlement agreement in lieu of a due process hearing.  Ellen Douglass Dalton, Esq. acted on behalf of G.M. and her parent, Raquel de Jesus.  DCPS agreed to pay attorneys' fees not to exceed $4,000.00.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $3,366.00.

To date, $811.50  has been received.

The outstanding amount of attorney's fees owed to Plaintiffs is $2,554.50.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $3,823.00.

**27.    J.J.**

On January 14, 2005, a Due Process Hearing was held.  Paul S. Dalton, Esq. acted on

17

behalf of J.J. and his parent, Barbara Askew.  The Hearing Officer ordered: DCPS to place and find J.J. at Accotink Academy.  Plaintiffs were therefore the prevailing parties.

On August 8, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $4,427.60.

To date, $1,852.50  has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $2,147.50.

**28.    S.J.**

On July 15, 2005, a Due Process Hearing was held.  Talib Abdus-Shahid, Esq. acted on behalf of S.J. and her parent, Ms. Shelia Johnson.  The Hearing Officer ordered: DCPS to convene an MDT meeting within 20 days to review all evaluations, determine eligibility, develop an IEP if necessary, and discuss and determine placement.  Plaintiffs were therefore the prevailing parties.

On August 8, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to DCPS in the amount of $9,925.00.

To date, $0  has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $4,000.00.

**29.    J.D.**

On September 9, 2005, a Due Process Hearing was held.  William E. Houston, Esq. acted on behalf of J.D., ward of the District of Columbia, and his guardian, Ms. Margaret Marshall. The Hearing Officer ordered: DCPS to fund independent evaluations and convene an MDT

meeting.  Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $5,884.00.

To date, $0  has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $4,000.00

**30.    Da. B.**

On September 12, 2005, a Due Process Hearing was held.  Laura E. Duos, Esq. acted on behalf of D.B. and his parent, Tondaleia Braxton.  The Hearing Officer ordered: DCPS to fund independent evaluations and to convene an MDT meeting to discuss eligibility, develop an  IEP if appropriate, determine placement, and determine compensatory education.  Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $2,510.00

To date, $1,267.50 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $1,242.50.

**31.    De. B.**

On September 12, 2005, a Due Process Hearing was held.  Laura E. Duos, Esq. acted on behalf of D.B. and his parent, Tondaleia Braxton.  The Hearing Officer ordered:  DCPS to

provide D.B. with evaluations within 30-days of the order, or fund independent evaluations if DCPS failed to provide such evaluations, and to convene an MDT meeting to discuss eligibility, develop an IEP if appropriate, determine placement, and determine compensatory education. Plaintiffs were therefore the prevailing parties.

On October 13, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to D.C.P.S. in the amount of $2,705.00

To date, $1,287.00 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $1,418.00.

**32.    R.A.**

On November 14, 2005, a Due Process Hearing was held. Laura E. Duos, Esq. acted on behalf of R.A. and his parent, Wanda Anderson. The Hearing Officer ordered: DCPS to place and fund R.A. at High Road Academy and convene an MDT meeting to determine compensatory education. Plaintiffs were therefore the prevailing parties.

On November 22, 2005, pursuant to I.D.E.A., a petition for attorney's fees was submitted to DCPS in the amount of $6,149.00.

To date, $0 has been received.

Although there is currently a $4,000.00 cap on attorney's fees, the outstanding amount of attorney's fees owed to Plaintiffs under that cap is $4,000.00.

The amount of the invoices above for sums that are under the statutory cap is **$64,886.00**

*See* Attachment A, the underlying invoices. The attached declarations of undersigned counsel support the detailed accounting of these sums. *See* Attachments C, D, E, and F.

20

In support of this Peition, the Defendant states as follows:

I.    **The Hourly Rates Are Reasonable and Consistent with the Rates**

**Prevailing in the Community.**

The work of the Plaintiffs' counsel should be valued at a rate which reflects the customary fee for similarly complex work and the experience, reputation and ability of the individual attorneys.  As nearly as possible, market rates should prevail.  *See*, *Hensley v. Eckerhart*, 461 U.S. 424, 447 (1983).  Under *Hensley*, the fee applicant bears the burden of "documenting the appropriate hours expended and hourly rates . . . and should exercise 'billing judgment' . . . ." 461 U.S. at 437.  In submitting this petition, the Plaintiffs' counsel have exercised "billing judgment" and have properly documented their time expended as evidenced in the attached declarations and billing statements.

The Plaintiffs seek an award of attorneys' fees for Paul S. Dalton's services at an hourly rate of $295.00;  Ellen Douglass Dalton's services at the hourly rate of $295.00; William E. Houston's services at the hourly rate of $ 275.00, Talib Abdus Shahid's services at the hourly rate of $250.00 and Laura E. Duos at the hourly rate of $170.00.  These are the rates currently charged to the firm's clients for work performed by the above referenced attorneys.  The hourly rates which the Defendant requests are documented in the attached Declarations of Paul S. Dalton, Esq. Ellen Douglass Dalton, Esq., William E. Houston, Esq., Talib Abdus Shahid, Esq., and Laura E. Duos, Esq.

 In the District of Columbia, case law originally developed a fee matrix.  *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371-72 (D.D.C. 1983), *rev'd on other grounds*, 746

F. 2d 4 (D.C. Cir. 1984), *cert denied*, 472 U.S. 1021 (1985) (herein *"Laffey* fee schedule"). The

*Laffey* fee schedule has been described as "an accurate and updated schedule of fees in the

District." *Trout v. Ball*, 705 F. Supp. 705, 709, n. 10 (D.D.C. 1989). In 1991 the U.S.

Attorney's Office for the District of Columbia developed its own updated *Laffey* fee matrix and

has since supplemented it. *See* Attachment B. Its version adds the Consumer Price Index of the

Washington, D.C. metropolitan area to the rate for the prior year, and then rounding up if within

$3 of the next multiple of $5. This matrix, as updated and supplemented, provides specific

evidence of the prevailing market rate for attorneys in the District of Columbia. Moreover, it is

clear that a prevailing party should be awarded attorneys' fees at the prevailing market rate. *See*

*Covington v. District of Columbia, et al.,* 57 F. 3d 1101 (D.C. Cir. 1995).

As reflected in the declarations of the above referenced attorneys, they have extensive

legal experience. *See* Attachments C, D, E, and F. The rates charged by these attorneys are

reasonable and are actually below the prevailing hourly market rates in the Washington

metropolitan area. Moreover, the respective attorneys have been paid at their respective rates by

D.C. Public Schools and LEA Charter Schools in cases involving IDEA and administrative due

process hearings.

## II.    The Number of Hours Worked Are Reasonable and Were Necessary to Obtain the Results.

The Plaintiffs counsel's time is modest and reasonable in light of the fact that the

administrative action was initiated on behalf of students with disabilities and their parents, who

prevailed below. The amount of time spent on behalf of the Plaintiffs in this case is set forth in

Attachment A.

In summary, the experience and skill of the Plaintiffs' counsel, the quality of representation which resulted in obtaining the relief sought in favor of these Plaintiffs, and the comparable cost of similar legal work justifies the billing rates requested by Plaintiffs.

**IV.** **Attorneys' Fees.**

Paul S. Dalton, Esq. ($295.00 / hour)

Ellen Douglass Dalton, Esq. ($295.00/ hour)

William E. Houston, Esq.  ($275.00/ hour)

Talib Abdus Shahid, Esq. ($250.00/ hour)

Laura E. Duos, Esq.    ($170.00 / hour)

**Total amount requested       $64,886.00**

## CONCLUSION

WHEREFORE, the Plaintiffs are the prevailing parties and the Plaintiffs' counsel have significantly limited their request for fees to only that time which would be charged to regular paying clients after the exercise of reasonable billing judgment and only the base compensation amount without any multiplier.

For the foregoing reasons, the Plaintiffs respectfully request that this honorable Court enter judgment for the Plaintiffs on Count III  and award the Plaintiffs' reasonable attorneys' fees in the amount of $ 64,886.00.

May 19, 2008                                    Respectfully submitted,

                                      /s/

                              ELLEN DOUGLASS DALTON, Esq.
                              Counsel for the Plaintiffs
                              Bar # 411612

                                        /s/

-

PAUL S. DALTON, Esq.
Bar # 439118
Counsel for the Plaintiffs
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 19th day of May, 2008.

_____/s/_____

ELLEN DOUGLASS DALTON, Esq.


_____/s/_____

PAUL S. DALTON, Esq.

Counsel for the Plaintiffs

# District of Columbia Public Schools

Office of General Counsel
825 North Capitol Street NE, 9TH Floor
Washington, DC 20002-1944
Phone - 202-442-5000 Fax- 202-442-5098

### APPLICATION  FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES ACT

1.    **Attorney Information**
    Law Firm:                            **Dalton, Dalton & Houston, P.C.**
    Federal Tax ID Number :     **54-1647932**
    D.C. Bar Number:                **439118**

2.    **Student Information**
    Name:                                   Anthony Bell
    DOB:                                     07/13/86
    Date of Determination (**HOD/SA**):     **10/06/04**
    Parent / Guardian Name:
    Parent / Guardian Address:     3803 Aynor Drive Mitchellville, MD 20721
    Current School:                     St. Francis Academy of Baltimore
    Home School:                        Wilson SHS

3.    **Invoice Information**

    Invoice Number:                   2646
    Date Request Submitted:      01/06/05
    Date(s) Services Rendered:    06/09/04 thru 01/06/05
    Amount of Payment Request:   $4,604.50

4.    **Certification ( must be signed by principal attorney)**

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and  expenses represents the actual amount of costs and expenses incurred.
    - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested.
    - No attorney or law firm who either (1) provided services listed on the enclosed  invoice, or (2) will benefit from any monies paid as a result of the submission of   the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers.
    - I understand that the making of a false statement to an agency of the DC  Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          _____
    Signature                                                                    Date

Law Offices
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston+*
Talib S. Abdus-Shahid*+
Laura E. Duos~

*ADMITTED IN VA & W.VA
+ADMITTED IN D.C.
*ADMITTED IN PA.
-ADMITTED IN MD.
°ADMITTED TO THE U.S. SUPREME COURT

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

January 6, 2005

5th **BILLING**

Ms. Erika Pierson
District of Columbia Public Schools
Office of General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:     **Billing for the case of: Anthony Bell**
**Services Rendered : June 9, 2004 through January 6, 2005**
**Total Bill: $4,604.50**
**Payment Request: $4,604.50**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after February 6, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/6/2005 | 2646 |

1008 Pendleton Street
Alexandria, VA  22314-1837

| Bill To |
|---------|
| District of Columbia Public Schools<br>Attn: Ms. Erika Pierson<br>Office of General Counsel<br>825 N. Capital St., N. E., 9th Floor<br>Washington, DC  20002 |

BILLING #

5



| | Terms | Project |
|---|-------|---------|
| | Net 30 | Bell, Anthony |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 6/9/2004 | REVIEW DOCUMENT FROM GUARDIAN | 0.4 | WEH | 110.00 |
| 6/9/2004 | TELECON WITH GUARDIAN | 0.3 | WEH | 82.50 |
| 6/28/2004 | MEETING WITH GUARDIAN | 0.8 | WEH | 220.00 |
| 7/4/2004 | PREPARE LETTER TO BRYANT RE: MDT MEETING | 0.7 | WEH | 192.50 |
| 7/22/2004 | TELECON WITH DCPS PLACEMENT SPECIALIST | 0.3 | WEH | 82.50 |
| 28/2004 | TELECON WITH GUARDIAN | 0.4 | WEH | 110.00 |
| 7/29/2004 | TELECON WITH SCHOOL DIRECTOR | 0.1 | WEH | 27.50 |
| 8/18/2004 | TELECON WITH GUARDIAN | 0.6 | WEH | 165.00 |
| 8/31/2004 | MEETING WITH GUARDIAN | 1.3 | WEH | 357.50 |
| 8/31/2004 | TELECON WITH SCHOOL DIRECTOR | 0.7 | WEH | 192.50 |
| 9/14/2004 | PREPARE DPH REQUEST | 0.7 | WEH | 192.50 |
| 9/14/2004 | REVIEW DOCUMENTS FROM GUARDIAN | 1.3 | WEH | 357.50 |
| 9/17/2004 | REVIEW DOCUMENT FROM SHO | 0.1 | WEH | 27.50 |
| 9/21/2004 | MEETING WITH GUARDIAN | 1.1 | WEH | 302.50 |
| 9/29/2004 | REVIEW DCPS 5 DAY | 1.2 | WEH | 330.00 |
| 9/29/2004 | PREPARE FIVE DAY LETTER | 0.7 | WEH | 192.50 |
| 9/29/2004 | PREPARE DOCUMENTS FOR 5 DAY | 0.7 | WEH | 192.50 |
| 10/4/2004 | TELECON WITH GUARDIAN | 0.6 | WEH | 165.00 |
| 10/5/2004 | PREPARE FOR DPH | 1.1 | WEH | 302.50 |
| 10/6/2004 | DPH | 0.7 | WEH | 192.50 |
| 10/6/2004 | MEETING WITH SPED COORDINATOR | 0.6 | WEH | 165.00 |
| 10/6/2004 | MEETING WITH GUARDIAN | 0.4 | WEH | 110.00 |
| 10/12/2004 | TELECON WITH GUARDIAN | 0.5 | WEH | 137.50 |
| 10/13/2004 | REVIEW HOD | 0.1 | WEH | 27.50 |
| 10/13/2004 | TELECON WITH GUARDIAN | 0.3 | WEH | 82.50 |
| 10/15/2004 | REVIEW DOCUMENT FROM GUARDIAN | 0.2 | WEH | 55.00 |
| 10/29/2004 | REVIEW DOCUMENT FROM GUARDIAN | 0.2 | WEH | 55.00 |
| 11/5/2004 | TELECON WITH GUARDIAN | 0.2 | WEH | 55.00 |

| | Total |
|---|-------|

**Balance Due**

# Dalton, Dalton & Houston, P.C.

# Invoice

1008 Pendleton Street
Alexandria, VA 22314-1837

| Date | Invoice # |
|------|-----------|
| 1/6/2005 | 2646 |

| Bill To |
|---------|
| District of Columbia Public Schools |
| Attn: Ms. Erika Pierson |
| Office of General Counsel |
| 825 N. Capital St., N. E., 9th Floor |
| Washington, DC 20002 |

BILLING #

5

| Terms | Project |
|-------|---------|
| Net 30 | Bell, Anthony |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 1/6/2005 | EXAMINED BILLING ENTRIES | 0.4 | WEH | 110.00 |
| | Subtotal Hours | | | 4,592.50 |
| | | | Reimb Group | |
| 11/15/2004 | Colonial Parking Inv #1509701 | | | 6.00 |
| 1/15/2004 | Colonial Parking Inv #1509701 | | | 6.00 |
| | Total Reimbursable Expenses | | | 12.00 |

| Total | $4,604.50 |
|-------|-----------|

| Balance Due | $4,604.50 |
|-------------|-----------|

10/13/2004  12:42    2024425556          STUDENT HEARINGS OFF                PAGE  01/03

District of Columbia Public Schools
*Office of Compliance*
STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8ᵀᴴ Floor
Washington, D.C. 20002
FAX: (202) 442-5556



### *FACSIMILE SHEET*

Date: *10-13-04*

TO: *W. Houston ( 903-642-3101 )*

FROM: STUDENT HEARING OFFICE

RE: *HOD — A. Bell*

TOTAL NUMBER OF PAGES, INCLUDING COVER: ___3___


COMMENTS:

*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the
individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure,
copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly
prohibited.

10 13 2004  12:42    0004405556                    STUDENT HEARINGS OFF                    PAGE  02 03

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## OFFICE OF MANAGEMENT SERVICES

### SPECIAL EDUCATION DUE PROCESS HEARING

#### CONFIDENTIAL

#### HEARING OFFICER'S DETERMINATION

STUDENT: Anthony Bell          DATE OF BIRTH: July 13, 1986

ADDRESS: 3803 Aynor Dr.
Mitchellville, MD. 20721

LAST SCHOOL ATTENDING: St. Francis Academy of Baltimore
HOME SCHOOL: Wilson S.H.S.

DATE OF HEARING: October 6, 2004

PRESENT AT THE HEARING:

William Houston          Counsel for Student
Michael Levy             Counsel for DCPS
Shannon Cassidy          Treatment Coordinator
Tim Fitzgerald           Placement Specialist

Student's Representative: William Houston, Esq.
Address: 1008 Pendleton Street
Alexandria, Va. 22314
FAX: 703-739-2323

School System's Representative: Michael Levy, Esq.
Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002

## INTRODUCTION:

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on October 6, 2004 at the request of William Houston, counsel for the student.  Michael Levy represented DCPS, the other party to this hearing.

## JURISDICTION:

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

## DISPOSITION OF THE CASE:

Counsel for the parties entered a settlement agreement on the record.  That accord is incorporated into the following ORDER:

It is hereby ORDERED that:

1.     DCPS agrees to convene an MDT meeting on October 13th 2004 to discuss an interim placement and discuss the need for any further evaluations.  DCPS will attempt to place the student in a DCPS High School on an interim basis and the student will be enrolled at Dunbar S.H.S. as a non-attending student.  Counsel for the student will notify DCPS if the student doesn't attend any school or is emancipated by the courts therefore negating the need for further assessments.  There shall be one day of delay of the above time frame for every day of delay caused by the student, parent or counsel for the student.

This is the final administrative decision in this matter.  Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed:  October 12, 2004
Date Issued:  10-13-04

Law Offices

## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglas Dalton*+
William E. Houston^+°
Talib S. Abdus-Shahid~+
Laura E. Duos~

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

\* ADMITTED IN VA & W.VA
+ ADMITTED IN D.C
^ ADMITTED IN PA
~ ADMITTED IN MD
° ADMITTED TO THE U.S. SUPREME COURT

January 6, 2005

1st **BILLING**
Invoice #: 2640

Ms. Erika Pierson
District of Columbia Public Schools
Office of General Counsel
825 North Capital Street, NE
9th Floor
Washington, D.C. 20002

RE:     **Billing for the case of: Nathaniel Roy**
          **Services Rendered : June 2, 2004 through January 6, 2005**

**Total Bill: $5,610.00**
**Current Payment Request:  $5,610.00**

Dear Ms. Erika Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter.  If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services.  Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts.  All Payments received after February 6, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

# Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/6/2005 | 2640 |

1008 Pendleton Street
Alexandria, VA  22314-1837

| Bill To |
|---------|
| Office of the General Counsel<br>Attention:  Ms. Erika Pierson<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC  20002 |



BILLING #

\

| Terms | Project |
|-------|---------|
| Net 30 | Roy, Nathaniel |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 6/2/2004 | TELECON WITH FATHER | 0.8 | WEH | 220.00 |
| 7/2/2004 | TELECON WITH FATHER | 0.6 | WEH | 165.00 |
| 8/17/2004 | TELECON WITH MOM | 0.5 | WEH | 137.50 |
| 9/1/2004 | TELECON WITH DAD | 0.5 | WEH | 137.50 |
| 9/2004 | TELECON WITH FATHER | 0.6 | WEH | 165.00 |
| 10/2004 | INITIAL MEETING WITH FATHER | 2.3 | WEH | 632.50 |
| 9/13/2004 | REVIEW DOCUMENTS FROM FATHER | 1.3 | WEH | 357.50 |
| 9/14/2004 | PREPARE DPH REQUEST | 0.7 | WEH | 192.50 |
| 9/14/2004 | TELECON WITH FATHER | 0.5 | WEH | 137.50 |
| 9/20/2004 | REVIEW DOCUMENT FROM SHO | 0.1 | WEH | 27.50 |
| 9/20/2004 | TELECON WITH FATHER | 0.5 | WEH | 137.50 |
| 9/24/2004 | TELECON WITH FATHER | 0.6 | WEH | 165.00 |
| 9/27/2004 | REVIEW LETTER FROM GARFIELD E.S. SPED COORDINATOR | 0.2 | WEH | 55.00 |
| 9/28/2004 | TELECON WITH DCPS LEGAL | 0.1 | WEH | 27.50 |
| 9/29/2004 | REVIEW LETTER FROM SPED COORDINATOR | 0.1 | WEH | 27.50 |
| 9/30/2004 | REVIEW DOCUMENTS FROM GARFIELD E.S. | 0.8 | WEH | 220.00 |
| 9/30/2004 | TELECON WITH FATHER | 0.5 | WEH | 137.50 |
| 10/1/2004 | PREPARE FIVE DAY LETTER | 0.7 | WEH | 192.50 |
| 10/1/2004 | PREPARE DOCUMENTS FOR 5 DAY | 0.8 | WEH | 220.00 |
| 10/1/2004 | REVIEW DCPS FIVE DAY | 0.8 | WEH | 220.00 |
| 10/7/2004 | PREPARE WITNESS FOR DPH | 1.1 | WEH | 302.50 |
| 10/8/2004 | DPH | 0.6 | WEH | 165.00 |
| 10/8/2004 | MEETING WITH FATHER | 0.5 | WEH | 137.50 |
| 10/12/2004 | MEETING WITH FATHER | 0.6 | WEH | 165.00 |
| 10/13/2004 | REVIEW HOD | 0.2 | WEH | 55.00 |
| 10/13/2004 | TELECON WITH FATHER | 0.4 | WEH | 110.00 |
| 10/19/2004 | MEETING WITH SPED COORDINATOR | 0.5 | WEH | 137.50 |

| | Total |
|---|---|

## Balance Due

Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/6/2005 | 2640 |

1008 Pendleton Street
Alexandria, VA 22314-1837

| Bill To |
|---------|
| Office of the General Counsel
Attention: Ms. Erika Pierson
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC 20002 |

BILLING #

| Terms | Project |
|-------|---------|
| Net 30 | Roy, Nathaniel |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 10/25/2004 | REVIEW DOCUMENTS FROM SPED COORDINATOR | 0.2 | WEH | 55.00 |
| 11/4/2004 | REVIEW DOCUMENT FROM GARFIELD E.S. | 0.2 | WEH | 55.00 |
| 11/4/2004 | TELECON WITH DAD | 0.5 | WEH | 137.50 |
| 1/9/2004 | TELECON WITH SPED COORDINATOR | 0.2 | WEH | 55.00 |
| 1/9/2004 | TELECON WITH FATHER | 0.5 | WEH | 137.50 |
| 11/15/2004 | REVIEW DOCUMENTS FROM GARFIELD E.S. | 0.3 | WEH | 82.50 |
| 11/15/2004 | TELECON WITH FATHER | 0.3 | WEH | 82.50 |
| 11/30/2004 | TELECON WITH DAD | 0.6 | WEH | 165.00 |
| 11/30/2004 | TELECON WITH SPED COORDINATOR | 0.3 | WEH | 82.50 |
| 1/6/2005 | ANALYZED BILLING ENTRIES | 0.4 | WEH | 110.00 |

| Total | $5,610.00 |
|-------|-----------|

| Balance Due | $5,610.00 |
|-------------|-----------|

12/13/2004  12:55    2024425556          STUDENT HEARINGS OFF                    PAGE  21/23

# District of Columbia Public Schools
*Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date:  *10-13-04*

TO:  *W. Houston - (703-642-3101)*

FROM: STUDENT HEARING OFFICE

RE:  *HOD - N. Roy*

TOTAL NUMBER OF PAGES, INCLUDING COVER:  *3*

COMMENTS:

*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

12/13/2004  12:55    2024426555          STUDENT HEARINGS OFF                    PAGE  22/23

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
OFFICE OF MANAGEMENT SERVICES

SPECIAL EDUCATION DUE PROCESS HEARING

CONFIDENTIAL

HEARING OFICER'S DETERMINATION

STUDENT: Nathaniel Roy          DATE OF BIRTH: 2/2/97

ADDRESS: 3430 23rd St., S.E.
Washington, D.C. 20020

LAST SCHOOL ATTENDING: Garfield E.S.

STUDENT'S REPRESENTATIVE: William Houston, Esq.
ADDRESS: 1008 Pendleton Street
Alexandria, Va. 22314
FAX: 703-739-2323

SCHOOL SYSTEM'S REPRESENTATIVE: Jack Schreibman, Esq.
ADDRESS: 825 N. Capitol Street, N.E., Washington, D.C. 20002

12/13/2004  12:55    2024425555          STUDENT HEARINGS OFF                    PAGE  23/23

DISPOSITION OF THE CASE:

Counsel for the parties entered a settlement agreement on the record. That accord is incorporated into the following ORDER:

It is hereby ORDERED that:

1.  DCPS agrees to convene an MDT meeting by October 28th 2004 to determine eligibility. If the student is found eligible for special education services, DCPS shall develop an appropriate IEP and determine placement. If a public placement is determined appropriate, a Prior Notice of Placement (PNOP) shall be issued within 5 school days of the MDT meeting. If a private placement is determined appropriate, a PNOP shall be issued within 30 calendar days of the MDT meeting. All meetings shall be scheduled through counsel for the student. There shall be one day of delay of the above time frame for every day of delay caused by the student, parent, or counsel for the student.

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: October 13, 2004
Date Issued:  10-13-04

# District of Columbia Public Schools
### Office of General Counsel
825 North Capitol Street NE, 9TH Floor
Washington, DC 20002-1944
Phone - 202-442-5000 Fax- 202-442-5098

## APPLICATION  FOR  PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES ACT

1.  **Attorney Information**
    Law Firm:                              **Dalton, Dalton & Houston, P.C.**
    Federal Tax ID Number :                **54-1647932**
    D.C. Bar Number:                       **439118**

2.  **Student Information**
    Name:                                  Anton Taylor
    DOB:                                   12/28/94
    Date of Determination (**HOD/SA**):    **10/26/04**
    Parent / Guardian Name:                Johnice Jackson
    Parent / Guardian Address:             1238 D Street, NE, Washington, DC 20002
    Current School:
    Home School:                           Slowe Elementary School

3.  **Invoice Information**

    Invoice Number:                        2642
    Date Request Submitted:                01/06/05
    Date(s) Services Rendered:             08/17/04 thru 01/06/05
    Amount of Payment Request:             $4,867.50

4.  **Certification ( must be signed by principal attorney)**

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and  expenses represents the actual amount of costs and expenses incurred.
    - The District of Columbia Public Schools is the sole entity from which payment of  the fees, costs and expenses itemized on the enclosed invoice is requested.
    - No attorney or law firm who either (1) provided services listed on the enclosed  invoice, or (2) will benefit from any monies paid as a result of the submission of   the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers.
    - I understand that the making of a false statement to an agency of the DC  Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          _____
              Signature                                  Date

Law Offices

## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street

Alexandria, Virginia 22314-1837

Telephone: (703) 739-4300

Facsimile: (703) 739-2323

E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston**±
Talib S. Abdus-Shahid*+
Laura E. Duos~

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

* ADMITTED IN VA & W.VA
+ ADMITTED IN D.C.
± ADMITTED IN PA
~ ADMITTED IN MD.
© ADMITTED TO THE U.S. SUPREME COURT

January 6, 2005

**5th BILLING**

Invoice # 2642

Ms. Erika Pierson

District of Columbia Public Schools

Office of General Counsel

825 North Capital Street, NE

9th Floor

Washington, D.C. 20002

RE:     **Billing for the case of: Anton Taylor**
        **Services Rendered : August 17, 2004 through January 6, 2005**
        **Total Bill: $4,867.50**
        **Current Payment Request: $4,867.50**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of our client mentioned above.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

### See attached, for the detailed invoice.

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after February 6, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON,  DALTON & HOUSTON, P.C.

By:

Paul S. Dalton, Esquire

# Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 1.6 2005 | 2642 |

'008 Pendleton Street
Alexandria, VA  22314-1837

| Bill To |
|---------|
| District of Columbia Public Schools
Attention: Ms. Erika Pierson
Office of General Counsel
825 N. Capital Street, NE, 9th Floor
Washington, DC  20002 |

BILLING #

5

| | Terms | Project |
|--|-------|---------|
| | Net 30 | Taylor, Anton |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 8/17/2004 | TELECON WITH MOM | 0.4 | WEH | 110.00 |
| 8/17/2004 | TELECON WITH LEARY ADMISSIONS | 0.4 | WEH | 110.00 |
| 8/18/2004 | PREPARE ADMISSIONS PACKET TO LEARY | 1.1 | WEH | 302.50 |
| 8/19/2004 | PREPARE ADMISSIONS PACKET FOR ACCOTINK | 1.3 | WEH | 357.50 |
| 8/19/2004 | TELECON WITH ACCOTINK ADMISSIONS | 0.3 | WEH | 82.50 |
| 9/1/2004 | TELECON WITH PSYCHOLOGIST | 0.5 | WEH | 137.50 |
| ?/2004 | TELECON WITH MOM | 0.6 | WEH | 165.00 |
| , 10/2004 | TELECON WITH LEARY ADMISSIONS | 0.3 | WEH | 82.50 |
| 9/10/2004 | TELECON WITH MOM | 0.6 | WEH | 165.00 |
| 9/14/2004 | TELECON WITH MOM | 0.3 | WEH | 82.50 |
| 9/14/2004 | MEETING WITH SPED COORDINATOR | 0.8 | WEH | 220.00 |
| 9/17/2004 | TELECON WITH MOM | 0.3 | WEH | 82.50 |
| 9/20/2004 | REVIEW LETTER FROM LEARY | 0.2 | WEH | 55.00 |
| 9/20/2004 | PREPARE DPH REQUEST | 0.8 | WEH | 220.00 |
| 9/20/2004 | TELECON WITH MOM | 0.4 | WEH | 110.00 |
| 9/27/2004 | REVIEW DOCUMENT FROM SHO | 0.1 | WEH | 27.50 |
| 9/27/2004 | TELECON WITH MOM | 0.3 | WEH | 82.50 |
| 9/27/2004 | TELECON WITH LEARY ADMISSIONS | 0.1 | WEH | 27.50 |
| 10/18/2004 | TELECON WITH MOM | 0.4 | WEH | 110.00 |
| 10/19/2004 | PREPARE FIVE DAY LETTER | 0.7 | WEH | 192.50 |
| 10/19/2004 | PREPARE DOCUMENTS FOR 5 DAY | 0.9 | WEH | 247.50 |
| 10/19/2004 | REVIEW DCPS 5 DAY | 0.2 | WEH | 55.00 |
| 10/25/2004 | PREPARE WITNESSES FOR DPH | 1.4 | WEH | 385.00 |
| 10/25/2004 | PREPARE FOR DPH | 1.4 | WEH | 385.00 |
| 10/26/2004 | DPH | 1.1 | WEH | 302.50 |
| 10/26/2004 | MEETING WITH MOTHER | 0.6 | WEH | 165.00 |
| 10/26/2004 | TELECON WITH LEARY ADMISSIONS | 0.3 | WEH | 82.50 |
| 10/29/2004 | TELECON WITH MOTHER | 0.5 | WEH | 137.50 |

**Total**

**Balance Due**

# Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/6/2005 | 2642 |

008 Pendleton Street
Alexandria, VA 22314-1837

| Bill To |
|---------|
| District of Columbia Public Schools<br>Attention: Ms. Erika Pierson<br>Office of General Counsel<br>825 N. Capital Street, NE, 9th Floor<br>Washington, DC 20002 |

BILLING #

5

| Terms | Project |
|-------|---------|
| Net 30 | Taylor, Anton |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 11/1/2004 | REVIEW LETTER FROM LEARY | 0.1 | WEH | 27.50 |
| 11/3/2004 | REVIEW HOD | 0.4 | WEH | 110.00 |
| 11/3/2004 | TELECON WITH MOM | 0.5 | WEH | 137.50 |
| 1/6/2005 | EXAMINED BILLING ENTRIES | 0.4 | WEH | 110.00 |

| | Total | $4,867.50 |
|--|-------|-----------|

| **Balance Due** | $4,867.50 |
|-----------------|-----------|

District of Columbia Public Schools
*Office of Compliance*
STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 11/3/04

TO    W. Houston

FROM: STUDENT HEARING OFFICE

RE:    HOD A. Taylor

TOTAL NUMBER OF PAGES, INCLUDING COVER: _____ 6

COMMENTS:

transmittal

CONFIDENTIALITY NOTICE: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# District of Columbia Public Schools

*Office of Management Services*

*confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE 8ᵗʰ Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL** |
| | ) | **DUE PROCESS HEARING** |
| **ANTON TAYLOR**, student | ) | |
| Date of Birth: December 28, 1994 | ) | |
| Petitioner, | ) | **DECISION AND ORDER** |
| | ) | |
| | ) | Request Date:  September 20, 2004 |
| versus | ) | Hearing Date:  October 26, 2004 |
| | ) | |
| The District of Columbia Public Schools, | ) | Held at:  825 North Capitol Street, NE |
| Home School: Slowe Elementary School, | ) | Eighth Floor |
| Attending: N.A., | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

Parent:
    Johnice Jackson
    1238 **D** Street, NE
    Washington, D.C. 20002

Counsel for the Parent/Student:
    William E. Houston, Esq.
    **Dalton, Dalton & Houston, P.C.**
    6303 Little River Turnpike, Suite 310
    Alexandria, Virginia 22312-5045

District of Columbia Public Schools:
    Donna Whitman Russell, Esq., Attorney-Advisor
    **Office of the General Counsel, DCPS**
    825 North Capitol Street, NE 9ᵗʰ Floor
    Washington, D.C. 20002

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this DECISION & ORDER as a public record.

# INDEX of NAMES for Anton Taylor

Hearing Date:  October 26, 2004

Appearing on behalf of DCPS:  None.

Appearing on behalf of the parent/student:

1. Johnice Jackson, mother
2. Agnes Coleman, aunt

No testimony was received.

# INTRODUCTION

On September 20, 2004, Counsel for the Parent filed the herein Request for Mediation/ Hearing on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of violation the Hearing Officer's Decision (HOD) issued in this matter August 5, 2004 wherein DCPS was ordered to convene an MDT/Placement meeting for the student by September 6, 2004 and did not. For relief, the parent requested placement at the Leary School of Virginia for the 2004-05 School Year.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 1:00 P.M., Tuesday, October 26, 2004 at DCPS Headquarters, 825 North Capitol Street, NE 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

# JURISDICTION

The hearing convened under Public Law 105-17, The Individuals with Disabilities Education Act Amendments of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300; and Title V of the District of Columbia Municipal Regulations

# SUMMARY OF THE EVIDENCE and FINDINGS OF FACT

By facsimile dated October 19, 2004, DCPS disclosed 8 witnesses.

By facsimile dated October 19, 2004, the parent disclosed 2 witnesses and 5 documents. The documents were placed into the record and are referenced/footnoted herein where relevant.

Counsel for the Parent represented that DCPS had failed to convene the MDT/Placement meeting as ordered in the August 5, 2004 HOD, Parent's Document No 4.

The Attorney-Advisor stated that DCPS had not convened the MDT/Placement meeting as ordered and did offer an explanation as to why the meeting was not convened. The Attorney-Advisor represented that on the herein Request for Due Process Hearing no attending school for the student was listed and that, as a result, DCPS was unable to locate the student's records; further, that the student was not enrolled as a student at Slowe Elementary School as required by 5 DCMR 5000.1. The Attorney-Advisor requested a DISMISSAL or a Continuance.

The hearing officer noted that the herein Request for Mediation/Hearing was based the alleged violation of the Hearing Officer's Determination (HOD) issued in this matter August 5, 2004.

The hearing officer determined first, that the purpose of Chapter 50, 5 DCMR 5000.1, was to insure that non-resident students attending a DCPS school paid non-resident tuition; second, that neither the District of Columbia residency of the Parent nor the student's eligibility to attend DCPS on a tuition free basis was in question; third, that on the August 5, 2004 HOD, DCPS had all of the information on the student necessary to comply with the said HOD and fourth, that DCPS violated the said HOD without explanation and, therefore, DENIED the motion for a DISMISSAL or, in the alternative, a Continuance.

Further and for the same reasons, the hearing officer directed a Finding for the Parent: Denial of FAPE, failure on the part of DCPS to convene an MDT Placement meeting as ordered in the August 5, 2004 HOD.

The hearing was ordered forward on the issue of educational benefit at the Leary School of Virginia.

Referring to the 1 hour of vision therapy indicated on the May 6, 2004 IEP, Parent's Document No 1, and the acceptance letter for Leary School, Parent's Document No 5, wherein the school stated their inability to provide the vision therapy, the Attorney-Advisor questioned whether the Leary School could fully implement the said IEP. The Attorney-Advisor stated that the hearing officer should address the vision therapy in any ORDER issued in this matter placing the student at the Leary School.

The hearing officer directed a **Finding for the Parent: the Leary school can provide education al benefit to the student.**

In consideration of the foregoing, the hearing officer made the following

## ORDER

1. The Parent will immediately satisfy DCPS regulations for annual residency verification and annual reenrollment of students at the correct neighborhood school.

2. On an interim basis for the 2004-05 School Year, DCPS will place and fund the student at the Leary School of Virginia with transportation.

3. Within 30 days of matriculation of the student to the Leary School, DCPS may convene an MDT/IEP meeting to discuss the vision therapy indicated on the May 6, 2004 IEP or arrange for the delivery of the vision therapy at the Leary School; alternatively, DCPS will reimburse the Leary School for the cost of the delivery of the vision therapy.

4. At the said MDT/IEP meeting, the form, amount and delivery of compensatory education, if any, will be discussed and determined. For disputes under this paragraph, either party may request a hearing.

5. For said MDT/IEP meeting, scheduling is to be through the Leary School and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/

Counsel for the Parent, the deadline herein will be extended one day. For disputes under this paragraph, with the burden of proof on DCPS, documentation of the parties will be relied upon to determine the good faith of each party.

This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within thirty (30) days of the issue date of this decision.

Date: _____    November 3, 2004

H. St. Clair, Esq., Hearing Officer

Issued: __11-3-04__

Student Hearing Office, DCPS

3 of 3 pages

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
202-442-5000    Fax: 202-442-509
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: William E. Houston
   Federal Tax ID No: 54-1647932
   D.C. Bar No: 450223

2. **Student Information**
   Name: Micheal Edmondson
   DOB: 12/09/1989
   Date Hearing Request Filed:
   Date(s) of Hearing: 4/21/2005
   Date of Determination (HOD/ SA): 5/23/2005
   Parent/ Guardian Name
   Parent/ Guardian Address

3. **Invoice Information**
   Invoice Number: 2998
   Date Request Submitted 6/22/2005
   Date(s) of Service Rendered: 1/12/2005- 5/24/2005
   Attorney Hourly Rate: $ 275.00
   Total Attorney Fees: $ 3,932.50
   Total Attorney Costs: $ 0.00
   Total Experts: $ 0.00
   Total Invoice: $ 3,932.50

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   • Allservices listed on the enclosed invoices were actually performed;
   • The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   • The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   • No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   • I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

   _____          6/22/2005
   Signature                               Date

Revised Nov 2004

# Invoice

## Dalton, Dalton & Houston,

8 Pendleton Street
Alexandria, VA 22314-1897

| Date | Invoice # |
|------|-----------|
| 6/10/2005 | 2998 |

| Bill To | BILLING # |
|---------|-----------|
| District of Columbia Public Schools<br>Attention: Ms. Erika Pierson<br>825 N. Capital Street, NE, 9th Floor<br>Washington, DC 20002 | |

| Terms | Project |
|-------|---------|
| Net 30 | Edmondson, Michael |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 1/12/2005 | TELECON WITH PHILLIPS SPED COORDINATOR | 0.1 | WEH | 27.50 |
| 1/12/2005 | TELECON WITH PHILLIPS SPED COORDINATOR | 0.1 | WEH | 27.50 |
| 1/ /2005 | TELECON WITH GUARDIAN | 0.6 | WEH | 165.00 |
| /2005 | TELECON WITH SPED COORDINATOR | 0.4 | WEH | 110.00 |
| /2005 | TELECON WITH GUARDIAN | 0.6 | WEH | 165.00 |
| 1/25/2005 | TELECON WITH PHILLIPS DIRECTOR | 0.5 | WEH | 137.50 |
| 1/25/2005 | TELECON WITH GUARDIAN | 0.3 | WEH | 82.50 |
| 1/25/2005 | TELECON WITH GUARDIAN | 0.3 | WEH | 82.50 |
| 2/1/2005 | REVIEW DOCUMENT FROM PHILLIPS SCHOOL | 0.6 | WEH | 165.00 |
| 2/1/2005 | REVIEW DOCUMENT FROM PHILLIPS SCHOOL | 0.2 | WEH | 55.00 |
| 2/22/2005 | TELECON WITH DCPS SPED COORDINATOR | 0.7 | WEH | 192.50 |
| 2/22/2005 | PREPARE RECORDS/TRANSCRIPT REQUEST | 0.7 | WEH | 192.50 |
| 2/22/2005 | PREPARE RECORDS/TRANSCRIPT REQUEST | 0.2 | WEH | 55.00 |
| 2/22/2005 | TELECON WITH DCPS SPED COORDINATOR | 0.7 | WEH | 192.50 |
| 2/22/2005 | PREPARE RECORDS/TRANSCRIPT REQUEST | 0.9 | WEH | 247.50 |
| 3/20/2005 | PREPARE DPH REQUEST | 0.9 | WEH | 247.50 |
| 4/14/2005 | PREPARE FIVE DAY DISCLOSURE NOTICE | 0.7 | WEH | 192.50 |
| 4/14/2005 | PREPARE DOCUMENTS FOR 5 DAY | 0.1 | WEH | 27.50 |
| 4/14/2005 | REVIEW DCPS 5 DAY | 0.1 | WEH | 27.50 |
| 4/19/2005 | TELECON WITH DCPS LEGAL | 0.2 | WEH | 55.00 |
| 4/19/2005 | TELECON WITH DCPS LEGAL | 1.3 | WEH | 357.50 |
| 4/20/2005 | PREPARE FOR DPH | 0.4 | WEH | 110.00 |
| 4/21/2005 | TELECON WITH DCPS LEGAL | 0.9 | WEH | 247.50 |
| 4/21/2005 | PREPARE SETTLEMENT AGREEMENT | 0.4 | WEH | 110.00 |
| 4/21/2005 | TELECON WITH GUARDIAN | 0.3 | WEH | 82.50 |
| 4/21/2005 | PREPARE WITHDRAWAL | 0.1 | WEH | 27.50 |
| 5/14/2005 | REVIEW DOCUMENT FROM DCPS LEGAL | 0.5 | WEH | 137.50 |
| 5/24/2005 | MEETING WITH SPED COORDINATOR | 0.3 | WEH | 82.50 |
| 5/24/2005 | MEETING WITH STUDENT | | | |

| | |
|---|---|
| **Total** | |
| Payments/Credits | |
| Balance Due | |

# Invoice

**Dalton, Dalton & Houston,**
8 Pendleton Street
Alexandria, VA 22314-1837

| Date | Invoice # |
|------|-----------|
| 6/10/2005 | 2993 |

| Bill To |
|---------|
| District of Columbia Public Schools |
| Attention: Ms. Erika Pierson |
| 825 N. Capital Street, NE, 9th Floor |
| Washington, DC 20002 |

| BILLING # |
|-----------|
|  |

| Terms | Project |
|-------|---------|
| Net 30 | Edmondson, Michael |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 5/24/2005 | MEETING WITH GUARDIAN | 0.6 | WEH | 165.00 |

| | |
|---|---|
| **Total** | $3,932.50 |
| Payments/Credits | $0.00 |
| Balance Due | $3,932.50 |

04/22/05   13:55 FAX 800 275 7619        REG OPS CENTER

Law Offices
# DALTON, DALTON, & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*
Ellen Douglass DAlton*
William E. Houston£
Talib S. Abdus-Shahid@
Laura E. Duos+
* ADMITTED IN VA, DC, & WVA
£ ADMITTED IN DC, PA, & U.S. SUPREME COURT
@ ADMITTED IN DC & PA
+ ADMITTED IN MD

## SETTLEMENT AGREEMENT
21 April 2005

Mr. Aaron Price, Esquire
Office of General Counsel
825 North Capitol Street, N.E.
9th Floor
Washington, DC 20002

Re:   Michael Edmondson                    D.O.B.: 9 December 1989
Address: 8104 Hunters Green Court; Clinton, MD 20732
Attending School: Phillips School – Annandale      Home School: Wilson SHS

Dear Mr. Price:

     In response to our conversation today, I am proposing the following settlement agreement.

1.   DCPS agrees to make a good faith effort to recover the complete transcript for Michael and provide the transcript to Mr. William E. Houston within 20 business days of this settlement.

2.   Counsel for the student certifies the student is a ward of the District of Columbia and therefore a resident of the District of Columbia and has been during the entire time in question.

3.   Counsel for the student will withdraw the 20 March 2005 hearing request upon execution of this document.

5.   DCPS agrees to pay reasonable attorney fees not to exceed four thousand dollars ($4,000) as payment of attorney fees. Payment contingent upon submission of an itemized invoice conforming to DCPS guidelines.

Aaron Price, esquire              William E. Houston, esquire
For DCPS                          For the Student
Date:                            Date:

Law Offices
## DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglas Dalton*+
William E. Houston△+○
Talib S. Abdus-Shahid△+
Laura E. Duos~

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

* ADMITTED IN VA & W.VA
· ADMITTED IN D.C
△ ADMITTED IN PA
~ ADMITTED IN MD
○ ADMITTED TO THE U.S. SUPREME COURT

January 6, 2005

4th    **BILLING**
Invoice # 2641

Ms. Erika Pierson
District of Columbia Public Schools
Office of General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:    **Billing for the case of: Jamar Hill**
       **From: August 3, 2004 through January 6, 2005**
       **Total Bill: $3,437.50**
       **Current Payment Request: $3,437.50**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of our above mentioned client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

### See attached, for the detailed invoice.

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after February 6, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/6/2005 | 2641 |

008 Pendleton Street
Alexandria, VA  22314-1837

| Bill To |
|---------|
| District of Columbia Public Schools
Attention:  Ms. Erika Pierson
Office of General Counsel
825 N. Capital Street, NE, 9th Floor
Washington, DC  20002 |

BILLING #

4

| Terms | Project |
|-------|---------|
| Net 30 | Hill, Jamar |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 8/3/2004 | TELECON WITH GUARDIAN | 0.6 | WEH | 165.00 |
| 9/6/2004 | TELECON WITH SPED COORDINATOR | 0.4 | WEH | 110.00 |
| 9/15/2004 | TELECON WITH SPED COORDINATOR | 0.5 | WEH | 137.50 |
| 9/20/2004 | TELECON WITH GUARDIAN | 0.5 | WEH | 137.50 |
| 10/19/2004 | TELECON WITH SPED COORDINATOR | 0.4 | WEH | 110.00 |
| 10/19/2004 | TELECON WITH PSYCHOLOGIST | 0.6 | WEH | 165.00 |
| /20/2004 | PREPARE FIVE DAY DISCLOSURE LETTER | 0.7 | WEH | 192.50 |
| /0/20/2004 | PREPARE DOCUMENTS FOR 5 DAY | 0.8 | WEH | 220.00 |
| 10/25/2004 | REVIEW DCPS FIVE DAY DISCLOSURE | 1.2 | WEH | 330.00 |
| 10/27/2004 | PREPARE FOR DPH | 2.3 | WEH | 632.50 |
| 10/27/2004 | DPH | 0.5 | WEH | 137.50 |
| 10/27/2004 | TELECON WITH PSYCHOLOGIST | 0.6 | WEH | 165.00 |
| 10/28/2004 | REVIEW DOCUMENT FROM PSYCHOLOGIST | 0.5 | WEH | 137.50 |
| 10/28/2004 | REVIEW HOD | 0.4 | WEH | 110.00 |
| 10/28/2004 | TELECON WITH SPED COORDINATOR | 0.2 | WEH | 55.00 |
| 11/10/2004 | TELECON WITH SPED COORDINATOR | 0.2 | WEH | 55.00 |
| 11/15/2004 | REVIEW DOCUMENTS FROM LEARY | 0.7 | WEH | 192.50 |
| 11/22/2004 | TELECON WITH SPED COORDINATOR | 0.3 | WEH | 82.50 |
| 12/3/2004 | TELECON WITH SPED COORDINATOR | 0.2 | WEH | 55.00 |
| 12/8/2004 | TELECON WITH GUARDIAN | 0.5 | WEH | 137.50 |
| 1/6/2005 | ANALYZED BILLING ENTRIES | 0.4 | WEH | 110.00 |

| Total | $3,437.50 |
|-------|-----------|

| Balance Due | $3,437.50 |
|-------------|-----------|

District of Columbia Public Schools
*Office of Compliance*
STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



*FACSIMILE SHEET*

Date: 10/28/04

TO: W. Houston

FROM: STUDENT HEARING OFFICE

RE: Hott J. Hill

TOTAL NUMBER OF PAGES, INCLUDING COVER: 6

COMMENTS:

Transmittal

*CONFIDENTIALITY NTOICE.* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

12 29 2004  14:07    2024425555          STUDENT HEARINGS OFF          PAGE  01 05

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *Office of Compliance*
### CONFIDENTIAL
Coles B. Ruff, Jr., Due Process Hearing Officer

RECEIVED
OCT 2 7 2004
STUDENT HEARING OFFICE

In the Matter of Jamar Hill )
Date of Birth: June 7, 1988 )

)
Petitioner (Student), )

)
v. )

)
District of Columbia Public Schools )
("DCPS" or "District") )
Attending School: Friendly SHS )
Respondent. )
)

IMPARTIAL DUE PROCESS

HEARING OFFICER'S DECISION

Hearing Date: October 27, 2004

Held at: 825 North Capitol St. NE
Washington, DC

Hearing Participants:
Counsel for Student:

Counsel for DCPS:

William E. Houston, Esq.
1008 Pendleton Street
Alexandria, Virginia 22314

Quinne Harris Lindsey, Esq.
Office of General Counsel
825 North Capitol St. NE
Washington, DC 20002

## INTRODUCTION:

A Due Process Hearing was convened on October 27, 2004, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a hearing request submitted by the counsel for the student dated September 20, 2004.

## JURISDICTION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

In the Matter of JH  DOB 8/7 86  HOD October 28, 2004

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record. The parties discussed the matter on the record and reached an agreement.

## FINDINGS OF FACT:

The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

## ORDER:

1. DCPS shall, within thirty (30) calendar days of the issuance of this Order, convene a multi-disciplinary team/individual educational program (MDT/IEP) meeting to review the student's evaluations, make an eligibility determination and if the student is determined to be eligible develop an IEP.
2. If the student is determined to be eligible DCPS shall issue a prior notice of placement within five (5) business days of the MDT meeting if the recommended placement is public and within thirty (30) calendar days of the meeting if a private placement is recommended.
3. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, his parent and/or representative(s).
4. This Order resolves all issues in this case and the Hearing Officer makes no additional findings.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Coles B. Ruff, Esq.
Hearing Officer
Date: October 28, 2004

Issued: _____ 10/28/04

2

MATTER OF Jamar Hill V. DCPS

INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|-----------|----------------|----------|
| JH 1-6 | Parent's Disclosures | Yes |
| DCPS 1-8 | DCPS Disclosures | Yes |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

MATTER OF Jamar Hill V. DCPS

RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 9/20/04 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 9/20/04 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

## INDEX OF NAMES

### MATTER OF  Jamar Hill V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Teacher | |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | William E. Houston, Esq. |
| School System's Representative | Quinne Harris Lindsey, Esq. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# District of Columbia Public Schools
Office of General Counsel
825 North Capitol Street NE, 9TH Floor
Washington, DC 20002-1944
Phone - 202-442-5000 Fax- 202-442-5098

## APPLICATION  FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES ACT

1.  **Attorney Information**
    Law Firm:                        **Dalton, Dalton & Houston, P.C.**
    Federal Tax ID Number :          **54-1647932**
    D.C. Bar Number:                 **439118**

2.  **Student Information**
    Name:                            Taiwon Lemon
    DOB:                             06/19/96
    Date of Determination (**HOD/SA**):    **02/12/04**
    Parent / Guardian Name:          Ward of the District of Columbia
    Parent / Guardian Address:
    Current School:                  Rose Valley E.S.
    Home School:                     Amidon E.S.

3.  **Invoice Information**

    Invoice Number:                  2649
    Date Request Submitted:          01/06/05
    Date(s) Services Rendered.       04/12/04 thru 06/29/04
    Amount of Payment Request:       $2,887.50

4.  **Certification ( must be signed by principal attorney)**

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and  expenses represents the actual amount of costs and expenses incurred.
    - The District of Columbia Public Schools is the sole entity from which payment of  the fees, costs and expenses itemized on the enclosed invoice is requested.
    - No attorney or law firm who either (1) provided services listed on the enclosed  invoice, or (2) will benefit from any monies paid as a result of the submission of    the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers.
    - I understand that the making of a false statement to an agency of the DC  Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          _____

    Signature                                                     Date

Law Offices

## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston⁴⁺□
Talib S. Abdus-Shahid⁴⁺
Laura E. Duos~

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

_____

* ADMITTED IN VA & W.VA
⁺ ADMITTED IN D.C
⁴ ADMITTED IN PA
~ ADMITTED IN MD
□ ADMITTED TO THE U.S. SUPREME COURT

January 6, 2005

3ʳᵈ **BILLING**
Invoice #:2649

Ms. Erika Pierson
District of Columbia Public Schools
Office of General Counsel
825 North Capital Street, N.E.; 9th Floor
Washington, D.C. 20002

RE:    **Billing for the case of: Taiwon Lemon**
**Services Rendered : April 12, 2004 through June 29, 2004**
**Total Bill: $2,887.50**
**Current Payment Request:   $2,887.50**

Dear Ms. Erika Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter.  If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services.  Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts.  All Payments received after February 6, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/6/2005 | 2649 |

1008 Pendleton Street
Alexandria, VA 22314-1837

| Bill To |
|---------|
| District of Columbia Public Schools
Attention: Ms. Erika Pierson
Office of General Counsel
825 N. Capital Street, NE, 9th Floor
Washington, DC 20002 |

BILLING #

3

| Terms | Project |
|-------|---------|
| Net 30 | Lemon, Taiwon |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 4/12/2004 | REVIEW DOCUMENT FROM GUARDIAN | 0.5 | WEH | 137.50 |
| 4/14/2004 | TELECON WITH PSYCHOLOGIST | 0.6 | WEH | 165.00 |
| 4/15/2004 | TELECON WITH S/L EVALUATOR | 0.5 | WEH | 137.50 |
| 4/15/2004 | TELECON WITH INDEPENDENT EVALUATOR | 0.6 | WEH | 165.00 |
| 26/2004 | REVIEW DOCUMENT FROM IEE PROVIDER | 0.2 | WEH | 55.00 |
| 6/2004 | TELECON WITH IEE PROVIDER | 0.5 | WEH | 137.50 |
| 4/26/2004 | TELECON WITH SPED TEACHER | 0.6 | WEH | 165.00 |
| 4/27/2004 | TELECON WITH SPED TEACHER | 0.7 | WEH | 192.50 |
| 6/2/2004 | REVIEW DOCUMENT FROM GUARDIAN | 0.6 | WEH | 165.00 |
| 6/3/2004 | REVIEW DOCUMENT FROM GUARDIAN | 0.2 | WEH | 55.00 |
| 6/3/2004 | TELECON WITH PSYCHOLOGIST | 0.5 | WEH | 137.50 |
| 6/3/2004 | PREPARE DOCUMENT FOR IEE PROVIDER | 0.3 | WEH | 82.50 |
| 6/3/2004 | MEETING WITH GUARDIAN | 1.3 | WEH | 357.50 |
| 6/10/2004 | REVIEW PSYCHOEDUCATIONAL IEE | 0.8 | WEH | 220.00 |
| 6/10/2004 | REVIEW CLINICAL IEE | 0.6 | WEH | 165.00 |
| 6/21/2004 | TELECON WITH GUARDIAN | 0.1 | WEH | 27.50 |
| 6/29/2004 | REVIEW DOCUMENT FROM PSYCHOLOGIST | 0.4 | WEH | 110.00 |
| 6/29/2004 | TELECON WITH PSYCHOLOGIST | 0.7 | WEH | 192.50 |
| 6/29/2004 | MEETING WITH GUARDIAN | 0.5 | WEH | 137.50 |
| 6/29/2004 | TELECON WITH GUARDIAN | 0.1 | WEH | 27.50 |
| 1/6/2005 | ANALYZED BILLING ENTRIES | 0.2 | WEH | 55.00 |

| | Total | $2,887.50 |
|---|-------|-----------|

| **Balance Due** | $2,887.50 |
|-----------------|-----------|

20 2004 TUE 12:01 FAX 2024425554        DCPS SPECIAL ED DEPT                                                ✎ 001

# District of Columbia Public Schools
## *Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 3-23-04

TO: W. Houston

FROM: STUDENT HEARING OFFICE

RE: Noo T. Lemon            7-642-3/0/
TOTAL NUMBER OF PAGES, INCLUDING COVER: ___7___

COMMENTS:

transmittal

*CONFIDENTIALITY NOTICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

'03/22 2004 TUE 19:21 FAX 2024425524    DCPS SPECIAL ED DEPT    Ø002

# District of Columbia Public Schools

## Office of Management Services
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | | |
|---|---|---|
| TAIWON LEMON, STUDENT | ) | |
| | ) | |
| Date of Birth: June 19, 1996 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: March 9, 2004 |
| | ) | |
| v. | ) | Request for Hearing: February 12, 2004 |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| PUBLIC SCHOOLS | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) | 8th Floor |
| Non-Attending Student | ) | Washington, D.C. 20002 |
| Enrolled: Rose Valley E.S. | ) | |
| Home School: Amidon E.S. | ) | |

RECEIVED
MAR 2 2 2004
STUDENT HEARING OFFICE

## HEARING OFFICER'S DECISION

Parents:                                Ward of the District of Columbia

Counsel for the Parent/Student:    William E. Houston, Esquire
                                   Dalton, Dalton & Houston, P.C.
                                   6003 Little River Turnpike
                                   Suite 310
                                   Alexandria, Virginia 22312-5045
                                   (703) 941-4455; Fax: (703) 642-3101

Counsel for DCPS:                  Quinne Harris-Lindsey, Esquire
                                   Office of the General Counsel, DCPS
                                   825 North Capitol Street, N.E.
                                   9th Floor
                                   Washington, D.C. 20002

AUG 10 2004 TUE 13:21 FAX 2024425524    DCPS SPECIAL ED DEPT    @008

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

# INDEX OF NAMES

*Taiwon Lemon v. District of Columbia Public Schools*

| Child And Child's DCPS ID # or SSN | Taiwon Lemon |
|---|---|
| Child's Parent(s) (specific relationship) | Ward of the District of Columbia |
| Child/Parent's Representative | William E. Houston, Esquire |
| School System's Representative | Quinne Harris-Lindsey, Esquire |
| Placement Specialist/Monitor | Timothy Fitzgerald |

MAR 23 2004 TUE 12:22 FAX 2024425514          DCPS SPECIAL ED DEPT

Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

Introduction

Petitioner is a seven year-old, non-attending ward of the District. On February 12, 2004, Petitioner filed a *Request for Due Process Hearing* ("*Request*") alleging that the District of Columbia Public Schools ("DCPS") had failed to conduct reevaluations. The due process hearing was convened on March 9, 2004. The parties did not introduce Five Day Disclosure Notices into evidence. Neither party offered oral testimony at the hearing. At the hearing, the parties agreed to relief for Petitioner as described below in the Findings of Fact.

Findings of Fact

1. Petitioner is a seven year-old, non-attending ward of the District.[1]

2. During the hearing, the parties agreed to the following relief for Petitioner:

   A. Petitioner shall obtain the following independent evaluations in accordance with 5 DCMR Section 3027.5: psychoeducational, clinical psychological, and speech and language. If one of the evaluators recommends the completion of a neuropsychological evaluation, Petitioner shall obtain an independent evaluation. Petitioner's counsel shall forward copies of the completed evaluations to Timothy Fitzgerald, Placement Specialist/Monitor, by facsimile and first-class mail.

   B. DCPS will convene a Multidisciplinary Team ("MDT") meeting within 15 school days of receiving copies of the evaluations from Petitioner's counsel. The MDT shall review all current evaluations and determine Petitioner's eligibility for special education services. If the MDT determines that Petitioner is eligible, it shall develop an Individualized Education Program ("IEP") and discuss placement alternatives. DCPS shall issue a Prior Notice within 5 school days of the MDT meeting if Petitioner is placed in a public facility or within 30 days if Petitioner is placed in a private facility.

   C. DCPS will coordinate scheduling the MDT meeting with Petitioner's counsel.

---

[1] *Request* at 1.

D. Any delay in meeting any of the deadlines attributable to Petitioner will extend DCPS' deadlines on a day-for-day basis.

Conclusions of Law

The parties' agreement is in Petitioner's best interests.

ORDER

Upon consideration of Petitioner's request for a due process hearing and the representations of the parties' counsel at the hearing, this 22nd day of March 2004, it is hereby

ORDERED, that Petitioner shall obtain the following independent evaluations in accordance with 5 DCMR Section 3027.5: psychoeducational, clinical psychological, and speech and language. If any of the evaluators recommends the completion of a neuropsychological evaluation, Petitioner shall obtain an independent evaluation. Petitioner's counsel shall forward copies of the completed evaluations to Timothy Fitzgerald, Placement Specialist/Monitor, by facsimile and first-class mail.

IT IS FURTHER ORDERED, that DCPS shall convene an MDT meeting within 15 school days of receiving copies of the evaluations from Petitioner's counsel. The MDT shall review all current evaluations and determine Petitioner's eligibility for special education services. If the MDT determines that Petitioner is eligible, it shall develop an IEP and discuss placement alternatives.

IT IS FURTHER ORDERED, that DCPS shall afford Petitioner's guardian an opportunity to participate in any meeting in which Petitioner's placement is discussed or determined. The DCPS placement representative shall advise Petitioner's guardian of the advantages and disadvantages for Petitioner with respect to each school that is discussed, including any schools proposed by the guardian. DCPS shall provide Petitioner's guardian an explanation for the placement DCPS proposes, and the reasons for the proposal shall be provided in the Meeting Notes. DCPS shall issue a Prior Notice within five school days if Petitioner is placed in a public facility or within 30 days if Petitioner is placed in a private facility.

IT IS FURTHER ORDERED, that DCPS will coordinate scheduling the MDT meeting, and any meeting in which Petitioner's placement is discussed or determined, with Petitioner's counsel, William E. Houston, Esquire: (703) 941-4455.

IT IS FURTHER ORDERED, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document

4

with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

IT IS FURTHER ORDERED, that this Order is effective immediately.

Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[2]

Terry Michael Banks
Hearing Officer

Date:   March 22, 2004

Issued:   3-23-04

---

[2] *See Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitations period for filing an appeal from a final agency action. D.C. Code §1-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

5

06 23 2004 TUE 12:23 FAX 2024425624    DCPS SPECIAL ED DEPT    ☑ 007

Copies to:

William E. Houston, Esquire
Dalton, Dalton & Houston, P.C.
6005 Little River Turnpike
Suite 310
Alexandria, Virginia 22312-5045
(703) 941-4455; Fax: (703) 642-5101

Quinne Harris-Lindsey, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

# District of Columbia Public Schools
### Office of General Counsel
825 North Capitol Street NE, 9TH Floor
Washington, DC 20002-1944
Phone - 202-442-5000 Fax- 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES ACT

1.   **Attorney Information**
     Law Firm:                          **Dalton, Dalton & Houston, P.C.**
     Federal Tax ID Number :            **54-1647932**
     D.C. Bar Number:                   **439118**

2.   **Student Information**
     Name:                              Taiwon Lemon
     DOB.                               06/19/96
     Date of Determination (**HOD/SA**):  **02/12/04**
     Parent / Guardian Name:            Ward of the District of Columbia
     Parent / Guardian Address:
     Current School:                    Rose Valley E.S.
     Home School:                       Amidon E.S.

3.   **Invoice Information**

     Invoice Number:                    2649
     Date Request Submitted:            01/06/05
     Date(s) Services Rendered:         04/12/04 thru 06/29/04
     Amount of Payment Request:         $2,887.50

4.   **Certification ( must be signed by principal attorney)**

     I certify that all of the following statements are true and correct:

     - All services listed on the enclosed invoices were actually performed;
     - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred.
     - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested.
     - No attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers.
     - I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

     _____          _____
     Signature                                     Date

Law Offices
## DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston^+c
Talib S. Abdus-Shahid±+
Laura E. Duos~

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

* ADMITTED IN VA & W.VA
~ ADMITTED IN D.C
^ ADMITTED IN PA
+ ADMITTED IN MD.
c ADMITTED TO THE U.S. SUPREME COURT

January 6, 2005

3rd **BILLING**
Invoice #:2649

Ms. Erika Pierson
District of Columbia Public Schools
Office of General Counsel
825 North Capital Street, N.E.; 9th Floor
Washington, D.C. 20002

    RE:    **Billing for the case of: Taiwon Lemon**
             **Services Rendered : April 12, 2004 through June 29, 2004**
             **Total Bill: $2,887.50**
    **Current Payment Request:  $2,887.50**

Dear Ms. Erika Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after February 6, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:


Paul S. Dalton, Esquire

# Dalton, Dalton & Houston, P.C.

# Invoice

1008 Pendleton Street
Alexandria, VA 22314-1837

| Date | Invoice # |
|------|-----------|
| 1/6/2005 | 2649 |

| Bill To |
|---------|
| District of Columbia Public Schools
Attention: Ms. Erika Pierson
Office of General Counsel
825 N. Capital Street, NE, 9th Floor
Washington, DC 20002 |

BILLING #

3

| Terms | Project |
|-------|---------|
| Net 30 | Lemon, Taiwon |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 4/12/2004 | REVIEW DOCUMENT FROM GUARDIAN | 0.5 | WEH | 137.50 |
| 4/14/2004 | TELECON WITH PSYCHOLOGIST | 0.6 | WEH | 165.00 |
| 4/15/2004 | TELECON WITH S/L EVALUATOR | 0.5 | WEH | 137.50 |
| 4/15/2004 | TELECON WITH INDEPENDENT EVALUATOR | 0.6 | WEH | 165.00 |
| 4/26/2004 | REVIEW DOCUMENT FROM IEE PROVIDER | 0.2 | WEH | 55.00 |
| 4/26/2004 | TELECON WITH IEE PROVIDER | 0.5 | WEH | 137.50 |
| 4/26/2004 | TELECON WITH SPED TEACHER | 0.6 | WEH | 165.00 |
| 4/27/2004 | TELECON WITH SPED TEACHER | 0.7 | WEH | 192.50 |
| 6/2/2004 | REVIEW DOCUMENT FROM GUARDIAN | 0.6 | WEH | 165.00 |
| 6/3/2004 | REVIEW DOCUMENT FROM GUARDIAN | 0.2 | WEH | 55.00 |
| 6/3/2004 | TELECON WITH PSYCHOLOGIST | 0.5 | WEH | 137.50 |
| 6/3/2004 | PREPARE DOCUMENT FOR IEE PROVIDER | 0.3 | WEH | 82.50 |
| 6/3/2004 | MEETING WITH GUARDIAN | 1.3 | WEH | 357.50 |
| 6/10/2004 | REVIEW PSYCHOEDUCATIONAL IEE | 0.8 | WEH | 220.00 |
| 6/10/2004 | REVIEW CLINICAL IEE | 0.6 | WEH | 165.00 |
| 6/21/2004 | TELECON WITH GUARDIAN | 0.1 | WEH | 27.50 |
| 6/29/2004 | REVIEW DOCUMENT FROM PSYCHOLOGIST | 0.4 | WEH | 110.00 |
| 6/29/2004 | TELECON WITH PSYCHOLOGIST | 0.7 | WEH | 192.50 |
| 6/29/2004 | MEETING WITH GUARDIAN | 0.5 | WEH | 137.50 |
| 6/29/2004 | TELECON WITH GUARDIAN | 0.1 | WEH | 27.50 |
| 1/6/2005 | ANALYZED BILLING ENTRIES | 0.2 | WEH | 55.00 |

| | Total | $2,887.50 |
|---|-------|-----------|

| **Balance Due** | $2,887.50 |
|-----------------|-----------|

23 2004 TUE 10:01 FAX 2024425524        DCPS SPECIAL ED DEPT                        ☒001

District of Columbia Public Schools
*Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



### *FACSIMILE SHEET*

Date:  3-23-04

TO:  W. Houston

FROM:  STUDENT HEARING OFFICE

RE:  Noo T. Lemon          7-642-3/0/
TOTAL NUMBER OF PAGES, INCLUDING COVER:  ___7___

COMMENTS:

transmittal

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

03/20 2004 TUE 10:01 FAX 2024425564    DCPS SPECIAL ED DEPT    @002

# District of Columbia Public Schools

Office of Management Services
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

Confidential

| | | |
|---|---|---|
| TAIWON LEMON, STUDENT | ) | |
| | ) | |
| Date of Birth: June 19, 1996 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: March 9, 2004 |
| | ) | |
| v. | ) | Request for Hearing: February 12, 2004 |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| PUBLIC SCHOOLS | ) | Held at: 825 North Capitol Street, N.E. |
| | ) | 8th Floor |
| Respondent. | ) | Washington, D.C. 20002 |
| Non-Attending Student | ) | |
| Enrolled: Rose Valley E.S. | ) | |
| Home School: Amidon E.S. | ) | |

## HEARING OFFICER'S DECISION

RECEIVED
MAR 2 2 2004
STUDENT HEARING OFFICE

Parents:                          Ward of the District of Columbia

Counsel for the Parent/Student:   William E. Houston, Esquire
                                  Dalton, Dalton & Houston, P.C.
                                  6003 Little River Turnpike
                                  Suite 310
                                  Alexandria, Virginia 22312-5045
                                  (703) 941-4455; Fax: (703) 642-3101

Counsel for DCPS:                 Quinne Harris-Lindsey, Esquire
                                  Office of the General Counsel, DCPS
                                  825 North Capitol Street, N.E.
                                  9th Floor
                                  Washington, D.C. 20002

AUG 20 2004 THE 13:31 FAX 2024425524          DCPS SPECIAL ED DEPT

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

# INDEX OF NAMES

*Taiwon Lemon v. District of Columbia Public Schools*

| Child And Child's DCPS ID # or SSN | Taiwon Lemon |
|---|---|
| Child's Parent(s) (specific relationship) | Ward of the District of Columbia |
| Child/Parent's Representative | William E. Houston, Esquire |
| School System's Representative | Quinne Harris-Lindsey, Esquire |
| Placement Specialist/Monitor | Timothy Fitzgerald |

## Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300, Title V of the District of Columbia ("District") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

## Introduction

Petitioner is a seven year-old, non-attending ward of the District. On February 12, 2004, Petitioner filed a *Request for Due Process Hearing* ("Request") alleging that the District of Columbia Public Schools ("DCPS") had failed to conduct reevaluations. The due process hearing was convened on March 9, 2004. The parties did not introduce Five Day Disclosure Notices into evidence. Neither party offered oral testimony at the hearing. At the hearing, the parties agreed to relief for Petitioner as described below in the Findings of Fact.

## Findings of Fact

1. Petitioner is a seven year-old, non-attending ward of the District.[1]

2. During the hearing, the parties agreed to the following relief for Petitioner:

   A. Petitioner shall obtain the following independent evaluations in accordance with 5 DCMR Section 3027.5: psychoeducational, clinical psychological, and speech and language. If one of the evaluators recommends the completion of a neuropsychological evaluation, Petitioner shall obtain an independent evaluation. Petitioner's counsel shall forward copies of the completed evaluations to Timothy Fitzgerald, Placement Specialist/Monitor, by facsimile and first-class mail.

   B. DCPS will convene a Multidisciplinary Team ("MDT") meeting within 15 school days of receiving copies of the evaluations from Petitioner's counsel. The MDT shall review all current evaluations and determine Petitioner's eligibility for special education services. If the MDT determines that Petitioner is eligible, it shall develop an Individualized Education Program ("IEP") and discuss placement alternatives. DCPS shall issue a Prior Notice within 5 school days of the MDT meeting if Petitioner is placed in a public facility or within 30 days if Petitioner is placed in a private facility.

   C. DCPS will coordinate scheduling the MDT meeting with Petitioner's counsel.

---

[1] *Request* at 1.

DCPS SPECIAL ED DEPT

D.  Any delay in meeting any of the deadlines attributable to Petitioner will extend DCPS' deadlines on a day-for-day basis.

Conclusions of Law

The parties' agreement is in Petitioner's best interests.

ORDER

Upon consideration of Petitioner's request for a due process hearing and the representations of the parties' counsel at the hearing, this 22nd day of March 2004, it is hereby

ORDERED, that Petitioner shall obtain the following independent evaluations in accordance with 5 DCMR Section 3027.5: psychoeducational, clinical psychological, and speech and language. If any of the evaluators recommends the completion of a neuropsychological evaluation, Petitioner shall obtain an independent evaluation. Petitioner's counsel shall forward copies of the completed evaluations to Timothy Fitzgerald, Placement Specialist/Monitor, by facsimile and first-class mail.

IT IS FURTHER ORDERED, that DCPS shall convene an MDT meeting within 15 school days of receiving copies of the evaluations from Petitioner's counsel. The MDT shall review all current evaluations and determine Petitioner's eligibility for special education services. If the MDT determines that Petitioner is eligible, it shall develop an IEP and discuss placement alternatives.

IT IS FURTHER ORDERED, that DCPS shall afford Petitioner's guardian an opportunity to participate in any meeting in which Petitioner's placement is discussed or determined. The DCPS placement representative shall advise Petitioner's guardian of the advantages and disadvantages for Petitioner with respect to each school that is discussed, including any schools proposed by the guardian. DCPS shall provide Petitioner's guardian an explanation for the placement DCPS proposes, and the reasons for the proposal shall be provided in the Meeting Notes. DCPS shall issue a Prior Notice within five school days if Petitioner is placed in a public facility or within 30 days if Petitioner is placed in a private facility.

IT IS FURTHER ORDERED, that DCPS will coordinate scheduling the MDT meeting, and any meeting in which Petitioner's placement is discussed or determined, with Petitioner's counsel, William E. Houston, Esquire: (703) 941-4455.

IT IS FURTHER ORDERED, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document

'03/23/2004 TUE 12:20 FAX 2024425524    DCPS SPECIAL ED DEPT    ☒ 006

with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

IT IS FURTHER ORDERED, that this Order is effective immediately.

Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[2]

Terry Michael Banks
Hearing Officer

Date:   March 22, 2004

Issued:    3-23-04

[2] *See Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

5

JUN 29 2004 TUE 12:29 FAX 2024428524          DCPS SPECIAL ED DEPT                                    ☑ 007

Copies to:

William E. Houston, Esquire
Dalton, Dalton & Houston, P.C.
6003 Little River Turnpike
Suite 310
Alexandria, Virginia 22312-5045
(703) 941-4455; Fax: (703) 642-3101

Quinne Harris-Lindsey, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

# District of Columbia Public Schools
Office of General Counsel
825 North Capitol Street NE, 9TH Floor
Washington, DC 20002-1944
Phone - 202-442-5000 Fax- 202-442-5098

## APPLICATION  FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES ACT

1.  **Attorney Information**
    Law Firm:                        **Dalton, Dalton & Houston, P.C.**
    Federal Tax ID Number :          **54-1647932**
    D.C. Bar Number:                 **439118**

2.  **Student Information**
    Name:                            Sean Mack
    DOB:                             06/07/91
    Date of Determination (HOD/SA):  **10/27/04**
    Parent / Guardian Name:          Mr. Oliver Roy-Father
    Parent / Guardian Address:       1717 Montana Ave, NE Washington, DC 20018
    Current School:
    Home School:                     Accotink Academy

3.  **Invoice Information**

    Invoice Number:                  2638
    Date Request Submitted:          01/06/05
    Date(s) Services Rendered:       09/16/03 thru 01/06/05
    Amount of Payment Request:       $6,077.50

4.  **Certification ( must be signed by principal attorney)**

    I certify that all of the following statements are true and correct:

    - All services listed on the enclosed invoices were actually performed;
    - The entire amount requested on the enclosed invoice for payment of costs and  expenses represents the actual amount of costs and expenses incurred.
    - The District of Columbia Public Schools is the sole entity from which payment of  the fees, costs and expenses itemized on the enclosed invoice is requested.
    - No attorney or law firm who either (1) provided services listed on the enclosed  invoice, or (2) will benefit from any monies paid as a result of the submission of   the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers.
    - I understand that the making of a false statement to an agency of the DC  Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

    _____          _____
              Signature                                      Date

Law Offices
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston+°
Talib S. Abdus-Shahid°+
Laura E. Duos¬

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

* ADMITTED IN VA & W.VA
+ ADMITTED IN D.C.
° ADMITTED IN PA.
¬ ADMITTED IN MD.
° ADMITTED TO THE U.S. SUPREME COURT

January 6, 2005

5th  BILLING
Invoice #:2638

Ms. Erika Pierson
District of Columbia Public Schools
Office of General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:    **Billing for the case of: Sean Mack**
**Services Rendered : September 16, 2003 through January 6, 2005**
**Total Payment Request: $6,077.50**
**Payment Due: $6,077.50**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.,** Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after February 6, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/6/2005 | 2658 |

1008 Pendleton Street
Alexandria, VA 22314-1837

| Bill To |
|---------|
| District of Columbia Public Schools
Attention: Ms. Erika Pierson
Office of Mediation, Due Process & Compli
825 N. Capital Street, NE, 9th Floor
Washington, DC 20002 |

BILLING #

5

| Terms | Project |
|-------|---------|
| Net 30 | Mack, Sean |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 9/16/2003 | MEETING DCPS SPED COORDINATOR | 2 | WEH | 550.00 |
| 9/16/2003 | MEETING WITH GUARDIAN | 0.8 | WEH | 220.00 |
| 10/15/2003 | REVIEW DOCUMENTS FROM ACCOTINK | 0.8 | WEH | 220.00 |
| 10/20/2003 | REVIEW DOCUMENT FROM SPED COORDINATOR | 0.1 | WEH | 27.50 |
| /28/2003 | MEETING WITH SPED COORDINATOR | 1.2 | WEH | 330.00 |
| .0/28/2003 | MEETING WITH GUARDIAN | 0.4 | WEH | 110.00 |
| 4/26/2004 | TELECON WITH SPED COORDINATOR | 0.3 | WEH | 82.50 |
| 5/12/2004 | TELECON WITH FATHER | 0.4 | WEH | 110.00 |
| 5/12/2004 | TELECON WITH SPED COORDINATOR | 0.5 | WEH | 137.50 |
| 5/13/2004 | MEETING WITH FATHER AND SPED COORDINATOR | 1.4 | WEH | 385.00 |
| 6/2/2004 | TELECON WITH FATHER | 0.5 | WEH | 137.50 |
| 6/8/2004 | MEETING WITH FATHER | 0.5 | WEH | 137.50 |
| 6/10/2004 | TELECON WITH SPED COORDINATOR | 0.3 | WEH | 82.50 |
| 7/4/2004 | PREPARE LETTER TO BRYANT RE: MDT MEETING | 0.7 | WEH | 192.50 |
| 9/1/2004 | TELECON WITH DAD | 0.5 | WEH | 137.50 |
| 9/10/2004 | MEETING WITH FATHER | 1.6 | WEH | 440.00 |
| 9/14/2004 | TELECON WITH DAD | 0.4 | WEH | 110.00 |
| 9/15/2004 | TELECON WITH SCHOOL PSYCHOLOGIST | 0.4 | WEH | 110.00 |
| 9/20/2004 | TELECON WITH FATHER | 0.5 | WEH | 137.50 |
| 9/20/2004 | PREPARE DPH REQUEST | 0.7 | WEH | 192.50 |
| 9/27/2004 | REVIEW DOCUMENT FROM SHO | 0.1 | WEH | 27.50 |
| 9/27/2004 | TELECON WITH FATHER | 0.4 | WEH | 110.00 |
| 10/20/2004 | PREPARE FIVE DAY LETTER | 0.7 | WEH | 192.50 |
| 10/20/2004 | PREPARE DOCUMENTS FOR 5 DAY | 0.5 | WEH | 137.50 |
| 10/20/2004 | TELECON WITH FATHER | 0.7 | WEH | 192.50 |
| 10/25/2004 | REVIEW DCPS FIVE DAY DISCLOSURE | 0.4 | WEH | 110.00 |
| 10/26/2004 | PREPARE WITNESSES FOR DPH | 1.1 | WEH | 302.50 |

| Total | |
|-------|--|

| Balance Due | |
|-------------|--|

Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/6/2005 | 2638 |

1008 Pendleton Street
Alexandria, VA 22314-1837

| Bill To |
|---------|
| District of Columbia Public Schools
Attention: Ms. Erika Pierson
Office of Mediation, Due Process & Compli
825 N. Capital Street, NE, 9th Floor
Washington, DC 20002 |

BILLING #

5

| Terms | Project |
|-------|---------|
| Net 30 | Mack, Sean |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 10/26/2004 | TELECON WITH SCHOOL PSYCHOLOGIST | 0.6 | WEH | 165.00 |
| 10/26/2004 | PREPARE FOR DPH | 1.1 | WEH | 302.50 |
| 10/27/2004 | MEETING WITH SPED COORDINATOR | 0.3 | WEH | 82.50 |
| 10/27/2004 | DPH | 0.6 | WEH | 165.00 |
| /27/2004 | MEETING WITH FATHER | 0.4 | WEH | 110.00 |
| 1/10/2004 | REVIEW HOD | 0.3 | WEH | 82.50 |
| 1/10/2004 | TELECON WITH FATHER | 0.3 | WEH | 82.50 |
| 11/10/2004 | TELECON WITH SPED COORDINATOR | 0.2 | WEH | 55.00 |
| 1/6/2005 | EXAMINED BILLING ENTRIES | 0.4 | WEH | 110.00 |

| Total | $6,077.50 |
|-------|-----------|

| **Balance Due** | $6,077.50 |
|-----------------|-----------|

11/10 2004  18:05    2024425555          STUDENT HEARINGS OFF                    PAGE  01/06

District of Columbia Public Schools
*Office of Compliance*
STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



*FACSIMILE SHEET*

Date: *11-10-04*

TO: *W. Houston ( 713 - 642 - 3101 )*

FROM: STUDENT HEARING OFFICE

RE: *HOD - S. MACK*

TOTAL NUMBER OF PAGES, INCLUDING COVER: *6*

COMMENTS:

transmittal

*CONFIDENTIALITY NOTICE.* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# District of Columbia Public Schools

Office of Management Services
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.: Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| SEAN MACK, STUDENT | ) |
| | ) |
| Date of Birth: June 7, 1991 | ) Hearing Date: October 27, 2004 |
| | ) |
| Petitioner, | ) Request for Hearing: September 20, 2004 |
| | ) |
| v. | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| PUBLIC SCHOOLS | ) |
| | ) Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) 8th Floor |
| | ) Washington, D.C. 20002 |
| Student Attending: | ) |
| Accotink Academy | ) |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| Parents: | Mr. Oliver Roy, Father
1717 Montana Avenue, N.E.
Washington, D.C. 20018 |
| Counsel for Petitioner: | William E. Houston, Esquire
Dalton, Dalton & Houston, P.C.
6003 Little River Turnpike
Suite 310
Alexandria, Virginia 22312-5045
(703) 941-4455; Fax: (703) 642-3101 |
| Counsel for DCPS: | Melisa D. Bennett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002 |

11 12 2024  12:26   2024425558                STUDENT HEARINGS OFF                PAGE  23 25

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| | |
|---|---|
| Child | Sean Mack |
| Child's Parent(s) (specific relationship) | Oliver Roy, Father |
| Child/Parent's Representative | William E. Houston, Esquire |
| School System's Representative | Melisa D. Bennett, Esquire |

11/18/2004  12:05    2024425556    STUDENT HEARINGS OFF    PAGE 24/25

### Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

### Introduction

Petitioner is a thirteen year-old student attending Accotink Academy ("Accotink"). On September 20, 2004, Petitioner filed a Request for Due Process Hearing ("*Request*") alleging that the District of Columbia Public Schools ("DCPS") failed to provide Petitioner needed special education services. The due process hearing was convened on October 27, 2004. The parties' Five Day Disclosure Notices were admitted into evidence. Neither party offered oral testimony at the hearing. The parties agreed to relief for Petitioner as is described in the Findings of Fact below.

### Findings of Fact

1. Petitioner is a thirteen year-old student attending Accotink.[1]

2. During the hearing, the parties agreed to the following relief for Petitioner:

   A. Within fifteen (15) school days of the issuance of this decision, DCPS will convene a Multidisciplinary Team ("MDT") meeting. The MDT will discuss and determine Petitioner's need for tutoring services.
   B. DCPS shall coordinate scheduling all meetings through Petitioner's counsel.
   C. Any delay in meeting any of the deadlines attributable to Petitioner will extend DCPS' deadlines on a day-for-day basis.

### Conclusions of Law

The parties' agreement is in Petitioner's best interests.

---

[1] *Request* at 1.

3

11 18 2004  12:25    2024425555           STUDENT HEARINGS OFF                    PAGE  25 26

## ORDER

Upon consideration of Petitioner's requests for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 9th day of November 2004 it is hereby

**ORDERED**, that on or before December 3, 2004, DCPS will convene an MDT meeting. The MDT will discuss and determine Petitioner's need for tutoring services. If the MDT determines that Petitioner requires such services, it shall update the IEP or develop a compensatory education services plan.

**IT IS FURTHER ORDERED**, that DCPS will coordinate scheduling the MDT meeting with Petitioner's counsel, William E. Houston, Esquire, (703) 941-4455.

**IT IS FURTHER ORDERED**, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

11/10/2004  12:05   2024425555         STUDENT HEARINGS OFF                    PAGE  29/29

Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this proceeding. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[2]

Terry Michael Banks
Hearing Officer

Date:   November 9, 2004

Issued: _11 – 10 – 04_

Copies to:

William E. Houston, Esquire
Dalton, Dalton & Houston, P.C.
6003 Little River Turnpike
Suite 310
Alexandria, Virginia 22312-5045
(703) 941-4455; Fax: (703) 642-3101

Melisa D. Bennett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

---

[2] See Amman v. Town of Stow, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); Spiegler v. District of Columbia, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

# District of Columbia Public Schools

### Office of General Counsel
825 North Capitol Street NE, 9TH Floor
Washington, DC 20002-1944
Phone - 202-442-5000 Fax- 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES ACT

1. **Attorney Information**
   Law Firm: **Dalton, Dalton & Houston, P.C.**
   Federal Tax ID Number : **54-1647932**
   D.C. Bar Number: **439118**

2. **Student Information**
   Name: Delonte McLean
   DOB: 07/06/90
   Date of Determination **(HOD/SA):** **10/26/04**
   Parent / Guardian Name: Unknown
   Parent / Guardian Address:
   Current School: Prospect LC
   Home School: HD Woodson

3. **Invoice Information**

   Invoice Number: 2637
   Date Request Submitted: 01/06/05
   Date(s) Services Rendered: 09/15/04 thru 01/06/05
   Amount of Payment Request: $4,348.50

4. **Certification ( must be signed by principal attorney)**

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred.
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested.
   - No attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers.
   - I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _____          _____
   Signature                                              Date

Law Offices

DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street

Alexandria, Virginia 22314-1837

Telephone: (703) 739-4300

Facsimile: (703) 739-2323

E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston△+○
Talib S. Abdus-Shahid△+
Laura E. Duos~

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

* ADMITTED IN VA & W.VA
~ ADMITTED IN D.C.
△ ADMITTED IN PA
+ ADMITTED IN MD.
○ ADMITTED TO THE U.S. SUPREME COURT

January 6, 2005

**2ⁿᵈ BILLING**
<u>Invoice # 2637</u>

Ms. Erika Pierson
District of Columbia Public Schools
Office of General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:  **Billing for the case of: Delonte McLean**
**From: September 15, 2004 through January 6, 2005**
**Total Bill: $4,348.50**
<u>**Current Payment Request: $4,348.50**</u>

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of our above mentioned client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.,** Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after February 6, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:


Paul S. Dalton, Esquire

Dalton, Dalton & Houston, P.C.

# Invoice

1008 Pendleton Street
Alexandria, VA  22314-1837

| Date | Invoice # |
|------|-----------|
| 1/6/2005 | 2637 |

| Bill To |
|---------|
| District of Columbia Public Schools<br>ATTN: Ms. Erika Pierson<br>Office of General Counsel<br>825 N. Capital St., N. E., 9th Floor<br>Washington, DC  20002 |

BILLING #

2

| Terms | Project |
|-------|---------|
| Net 30 | McLean, Delonte |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 9/15/2004 | TCW/ MR. HOWARD OF DCPS RE: SCHEDULING PLACEMENT MEETING; TC/ ACCOTINK ACADEMY; TC/ MS. MCLEAN. | 0.3 | EDD | 88.50 |
| 9/20/2004 | TCW/ MS. OAKS @ ACCOTINK RE: MEETING WITH DCPS; TCW./ MS. MCLEAN. | 0.4 | EDD | 118.00 |
| 9/20/2004 | TCW/ MS. OAKS @ ACCOTINK RE: MEETING WITH DCPS; TCW./ MS. MCLEAN. | 0.4 | EDD | 118.00 |
| 9/22/2004 | TCW/ MS. MCLEAN; TCW/ MS. OAKS; TC/ MR. HOWARD | 0.3 | EDD | 88.50 |
| 9/22/2004 | RECEIVE CALL FROM MS. CAMPBELL @ ACCOTINK; TC/. PROSPECT LEARNING CENTER; TCW/ SPINGARN; PREPARE LETTER TO SPINGARN REQUESTING THAT THEY FORWARD DELONTE'S RECORDS. | 0.7 | EDD | 206.50 |
| 9/23/2004 | ATTEND HOD ORDERED IEP MEETING. | 2.5 | EDD | 737.50 |
| 9/28/2004 | PREPARE DUE PROCESS HEARING REQUEST WITH HEARING DATE FORM. | 1.7 | EDD | 501.50 |
| 10/6/2004 | PREPARE CLIENT NOTICE LETTER AND NOTICE TO SHO THAT PRIOR HEARING OFFICER RETAINED JURISDICTION. | 0.5 | EDD | 147.50 |
| 10/13/2004 | TCW/ MS. MCLEAN; TCW/ DIANNE LIPPS @ ACCOTINK | 0.3 | EDD | 88.50 |
| 10/15/2004 | TCW/ MS. LIPPS @ ACCOTINK RE: DATE TO OBSERVE DCPS PROPOSED PLACEMENT. | 0.2 | EDD | 59.00 |
| 10/18/2004 | TCW/ JULIA WARDEN RE:  INFORMATION TO OBTAIN FROM SITE VISIT @ WOODSON; PREPARE FIVE DAY DISCLOSURE. | 1.8 | EDD | 531.00 |

| | Total |
|--|-------|
| | |

| Balance Due |
|-------------|

Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/6/2005 | 2637 |

1008 Pendleton Street
Alexandria, VA  22314-1837

| Bill To |
|---------|
| District of Columbia Public Schools<br>ATTN. Ms. Erika Pierson<br>Office of General Counsel<br>825 N. Capital St., N. E., 9th Floor<br>Washington, DC  20002 |

BILLING #

7

| | Terms | Project |
|--|-------|---------|
| | Net 30 | McLean, Delonte |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 10/19/2004 | COMPLETE 5 DAY DISCLOSURE PLEADING WITH EXHIBITS. | 0.7 | EDD | 206.50 |
| 10/25/2004 | PREPARATION OF WITNESS FROM ACCOTINK ACADEMY FOR TESTIMONY AT DPH. | 2.4 | EDD | 708.00 |
| 0/25/2004 | PREPARE DIRECT EXAMINATION OF WITNESSES FROM ACCOTINK. | 1.5 | EDD | 442.50 |
| 11/12/2004 | PREPARE LETTER TO HEARING OFFICER RE: OVERDUE HEARING OFFICER'S DETERMINATION. | 0.3 | EDD | 88.50 |
| 11/16/2004 | REVIEW HOD; TCW/ JULIA WARDENT AT ACCOTINK; TCW/ MOTHER; INSTRUCT STAFF TO FAX AND MAIL HOD TO SCHOOL AND PARENT. | 0.3 | EDD | 88.50 |
| 1/6/2005 | EXAMINED BILLING ENTRIES | 0.4 | EDD | 118.00 |
| | Subtotal Hours | | | 4,336.50 |
| 9/10/2004 | Colonial Parking Inv # 1507337 | | | 12.00 |
| | Subtotal Expenses | | | 12.00 |

| Total | $4,348.50 |
|-------|-----------|

| Balance Due | $4,348.50 |
|-------------|-----------|

District of Columbia Public Schools
*Office of Compliance*
STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
6TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



*FACSIMILE SHEET*

Date: 11-16-04

TO: E. Dalton

FROM: STUDENT HEARING OFFICE

RE: HOD D McLean

TOTAL NUMBER OF PAGES, INCLUDING COVER: _____9_____


COMMENTS:

transmittal


*CONFIDENTIALITY NOTICE*. The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*Office of Compliance*
CONFIDENTIAL
Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Delonte McLean ) <br> Date of Birth: July 6, 1990 ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> District of Columbia Public Schools ) <br> ("DCPS" or "District") ) <br> Home School: HD Woodson ) <br> Respondent. ) <br> ) <br> ) | IMPARTIAL DUE PROCESS <br><br> **HEARING OFFICER'S DECISION** <br><br> Hearing Date: October 26, 2004 <br><br> Held at: 825 North Capitol St. NE <br> Washington, DC |

Counsel for Student:                    Ellen Douglass Dalton, Esq.
                                        1008 Pendleton Street
                                        Alexandria, Virginia 22314

Counsel for DCPS:                       Karen Jones Herbert, Esq.
                                        Linda M. Smalls, Esq.
                                        Office of General Counsel
                                        825 North Capitol St. NE
                                        Washington, DC 20002

## JURISDICATION:

A Due Process Hearing was convened on October 26, 2004, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent dated August 20, 2004. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

1

In the Matter of D.M. DOB 1690  HOD November 15 2004

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (DM 1-9 and DCPS 1-2) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student has been determined to be eligible for special education and related services with a disability classification of learning disabled (LD) and hearing impaired (HI). The student attended Prospect Learning Center (Prospect) during the 2002-03 school year. On May 13, 2004, DCPS revised the student's individualized educational program (IEP). The IEP prescribed the following weekly services: 24.5 hours of specialized instruction, 1 hour of speech language services, .75 hours of occupational therapy (OT), .5 hours of audiology, and .5 hours of psychological counseling. The IEP indicates that the student should be in a special education program 100% of time. (DCPS 2)

DCPS proposed the student attend Spingarn Senior High School (Spingarn) for the 2004-05 school year. The parent challenged the appropriateness of Spingarn at a hearing convened on August 20, 2004. DCPS requested a continuance of the hearing and the parties agreed to an interim placement for the student at Accotink Academy (Accotink) until DCPS had made a long term placement decision and issued a notice of placement. (DCPS 1)

On September 23, 2004, DCPS placement specialist Mr. Milo Howard convened a placement meeting at Accotink. In addition to Mr. Howard, the parent, her counsel and the student's teachers and related service providers at Accotink attended the meeting. The teachers and service providers shared information about the student's current level of performance and progress since attending Accotink. The parent expressed a desire that the student remain at Accotink. (DM 8)

Mr. Howard indicated that DCPS proposed that the student attend his local school, H.D. Woodson (Woodson). Mr. Howard, however, had never visited Woodson and observed its program. Ms. Katie Phillips, the special education coordinator at Woodson joined the meeting by phone. Ms. Phillips described Woodson's special education program. She indicated that the program had social worker to provide counseling and special education

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

2

In the Matter of DM, DOB 1-8-90   HOD November 16, 2004

teachers to address the student's learning disability. Ms. Phillips had not seen the
student's IEP at the time of the meeting. Parent's counsel pointed out to Ms. Phillips that
the student's IEP required him to be in special education 100% of time. Ms. Phillips
indicated that ninth grade students would have all classes with a certified special
education teacher. Although Woodson does not have a full time psychologist or
occupational therapist, these services are available through itinerant service providers.
Following Ms. Phillips presentation Mr. Howard indicated that DCPS was proposing
Woodson as the student's placement and would issue a notice to that effect. The parent
and her counsel objected to Woodson because it was not a 100% special education setting
and indicated the parent would challenge the placement through a due process hearing.
(Mr. Howard's testimony, DM 8)

On October 19, 2004, the parents visited and observed the special education program at
Woodson. The parents were accompanied by Ms. Laura Greenfield, the student's teacher
at Accotink and Ms. Julia Warden, Accotink's educational director. Ms. Phillips was not
available at the time of the visit. The student's mother was concerned that the school was
chaotic and students displayed disruptive behavior. The parents met with the special
education English and math teachers. The English teacher indicated that the student
would only have English and math with special education teachers and that as far as he
knew the student's other classes would be with general education teachers and students.
(Mother's testimony, Ms. Warden's testimony)

At Accotink the student is in a classroom with four other students. The student's teacher,
Ms. Greenfield, is assisted in the classroom by an educational aide. In addition, the
speech/language specialist is available in the classroom a couple of hours at day.
Accotink provides the student with psychological counseling, speech/language,
occupational therapy, and audiology services. Accotink only services special education
students. Accotink has been implementing the full range of services prescribed in the
student's IEP and has been addressing the goals and objectives as outlined in the IEP.
(Ms. Greenfield's testimony)

ISSUE(S):

Did DCPS deny the student FAPE by failing to propose an appropriate placement for the
student?

CONTENTIONS OF THE PARTIES:

DCPS counsel asserted the following:
   1. In compliance with the HOD DCPS convened the placement meeting and issued a
      notice of placement to an appropriate placement.
   2. There was sufficient evidence that the Woodson can provide the student an
      appropriate placement.

In the Matter of DM, DOB 1/3/90  HOD November 8, 2004

The parent's counsel asserted the following:

1. The student's IEP requires the student be in a 100% special education setting.
2. The evidence is clear that Woodson cannot provide the student a 100% out of
   general education setting.
3. Ms. Phillips description of Woodson at the meeting even indicated that the
   student would be with general education students part time.
4. The parent's visit to the program proved that the student would only have English
   and math with special education students.
5. Accotink can and is providing the student an appropriate placement.

## CONCLUSIONS OF LAW:

Pursuant to 5 DCMR 3022.16 DCPS bears the burden of proof, based solely upon the
evidence and testimony presented at the hearing, that the action or proposed placement is
adequate to meet the educational needs of the student.

Did DCPS deny the student FAPE by failing to propose an appropriate placement?
Conclusion: DCPS did not sustain its burden of proof.

The testimony and evidence presented by DCPS was insufficient to establish that
Woodson could provide the student with a full time special education program. Mr.
Howard had not personally visited Woodson and could not refute the testimony of Ms.
Warden, Ms. Greenfield and the parent, who visited Woodson and observed its program.
The Hearing Officer credits their testimony relating their personal observation of
Woodson's program and conversations with the special education providers who
indicated the student would only have English and math with special education teachers.
This evidence was credited over the information in the meeting notes of Ms. Phillips'
description of the Woodson program. Although there was other testimony of additional
concerns whether the Woodson program could meet the student's individual needs, the
Hearing Officer concludes that lack of sufficient evidence that Woodson could provide a
full time special education program was key in the conclusion that Woodson is an
inappropriate placement for this student.

Although IDEA requires that a student be placed in the least restrictive environment
(LRE), the Woodson program did does not meet the special educational requirements of
the student's IEP. There was sufficient evidence presented that Accotink can and is
implementing the student's IEP and can provide the student a full time special education
program and all the related services prescribed. Accotink is an appropriate placement for
the student.

4

In the Matter of: D.M. DOB 7/6/90  HOD November 15, 2004

## ORDER:

DCPS shall place and fund the student at Accotink Academy and provide transportation services.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Coles B. Ruff, Esq.
Hearing Officer
Date: November 15, 2004

Issued: _11-16-04_

MATTER OF Delonte McLean V. DCPS

## INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| DM 1-9 | Parent's Disclosures | Yes |
| DCPS 1-3 | DCPS Witness List | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

MATTER OF Delonte McLean V. DCPS
RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 9/30/04 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 10/4/04 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

7

# INDEX OF NAMES

## MATTER OF Delonte McLean V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Placement Specialist | Mr. Milo A. Howard |
| School Psychologist | |
| Regular Education Teacher | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Yolonda McLean, Mother |
| Child/Parent's Representative | Ellen Douglass Dalton, Esq. |
| School System's Representative | Karen Jones Herbert, Esq., Katherine Rodi, Esq. |
| Accotink Academy | Ms. Laura Greenfield, Teacher Ms. Julia Warden, Ed. Director |

# District of Columbia Public Schools

Office of General Counsel
825 North Capitol Street NE, 9TH Floor
Washington, DC 20002-1944
Phone - 202-442-5000 Fax- 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES ACT

1. **Attorney Information**
   Law Firm:                        **Dalton, Dalton & Houston, P.C.**
   Federal Tax ID Number :          **54-1647932**
   D.C. Bar Number:                 **439118**

2. **Student Information**
   Name:                            Terrell Holiday
   DOB:                             10/28/86
   Date of Determination (HOD/SA):  10/27/04
   Parent / Guardian Name:          Ms. Holiday
   Parent / Guardian Address:       308 Florida Ave., NW Washington, DC 20001
   Current School:                  Leary School Oxen Hill, MD
   Home School:                     Eastern Senior High School

3. **Invoice Information**

   Invoice Number:                  2645
   Date Request Submitted:          01/06/05
   Date(s) Services Rendered:       09/08/04 thru 01/06/05
   Amount of Payment Request:       $3,465.00

4. **Certification ( must be signed by principal attorney)**

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred.
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested.
   - No attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers.
   - I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _____          _____

   Signature                                Date

Law Offices
## DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston◦+□
Talib S. Abdus-Shahid◇+
Laura E. Duos~

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

* ADMITTED IN VA & W.VA
~ ADMITTED IN D.C.
◦ ADMITTED IN PA.
□ ADMITTED IN MD.
◇ ADMITTED TO THE U.S. SUPREME COURT

January 6, 2005

**4th BILLING**
(Inv#: 2645)

Ms. Erika Pierson
District of Columbia Public Schools
Office of General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:     **Billing for the case of: Terrell Holiday**
        **Services Rendered : September 8, 2004 through January 6, 2005**

        **Total Payment Request: $ 3,465.00**
        **Current Amount Due: $3,465.00**

Dear Ms. Pierson:

    The following represents an accounting of hours spent on behalf of the above named client.

    Thank you in advance for your prompt attention to this matter.  If you have any questions concerning this bill, please direct them to my attention at the number above.

                    **See attached, for the detailed invoice.**

    Thank you for your prompt payment for these services.  Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts.  All Payments received after February 6, 2005  shall be subject to the statutory maximum interest rate provided by law.

                    Sincerely,

                    DALTON, DALTON & HOUSTON, P.C.
                    By:

                    Paul S. Dalton, Esquire

Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 1/6/2005 | 2645 |

1008 Pendleton Street
Alexandria, VA  22314-1837

| Bill To |
|---------|
| Office of the General Counsel
Attention:  Ms. Erika Pierson
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC  20002 |

BILLING #

4

| Terms | Project |
|-------|---------|
| Net 30 | Holiday, Terrell |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 9/8/2004 | MEETING WITH STUDENT | 0.6 | WEH | 165.00 |
| 9/17/2004 | TELECON WITH SPED COORDINATOR | 0.5 | WEH | 137.50 |
| 9/20/2004 | TELECON WITH GUARDIAN | 0.6 | WEH | 165.00 |
| 9/20/2004 | PREPARE DPH REQUEST | 0.7 | WEH | 192.50 |
| 9/20/2004 | TELECON WITH ACADEMIC DIRECTOR LEARY | 0.6 | WEH | 165.00 |
| 9/22/2004 | TELECON WITH GUARDIAN | 0.7 | WEH | 192.50 |
| 9/24/2004 | REVIEW DOCUMENTS FROM LEARY | 0.2 | WEH | 55.00 |
| 10/1/2004 | REVIEW DOCUMENT FROM LEARY | 0.1 | WEH | 27.50 |
| 10/15/2004 | TELECON WITH LEARY | 0.5 | WEH | 137.50 |
| 10/19/2004 | TELECON WITH DIRECTOR LEARY | 0.7 | WEH | 192.50 |
| 10/20/2004 | REVIEW DCPS FIVE DAY | 0.6 | WEH | 165.00 |
| 10/20/2004 | PREPARE FIVE DAY LETTER | 0.7 | WEH | 192.50 |
| 10/20/2004 | PREPARE DOCUMENTS FOR 5 DAY | 0.9 | WEH | 247.50 |
| 10/25/2004 | REVIEW DCPS FIVE DAY DISCLOSURE | 0.3 | WEH | 82.50 |
| 10/26/2004 | PREPARE FOR DPH | 0.9 | WEH | 247.50 |
| 10/26/2004 | TELECON WITH GUARDIAN | 0.5 | WEH | 137.50 |
| 10/26/2004 | TELECON WITH STUDENT | 0.4 | WEH | 110.00 |
| 11/2/2004 | REVIEW HOD | 0.3 | WEH | 82.50 |
| 11/3/2004 | REVIEW DOCUMENT FROM GUARDIAN | 0.2 | WEH | 55.00 |
| 11/16/2004 | HOD ORDERED IEP MEETING | 1.6 | WEH | 440.00 |
| 11/16/2004 | MEETING WITH GUARDIAN | 0.6 | WEH | 165.00 |
| 1/6/2005 | ANALYZED BILLING ENTRIES | 0.4 | WEH | 110.00 |

| Total | $3,465.00 |
|-------|-----------|

| Balance Due | $3,465.00 |
|-------------|-----------|

11 02 2004 11:12    2024425556    STUDENT HEARINGS OFF    PAGE 21/25

District of Columbia Public Schools
*Office of Compliance*
STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8ᵗʰ Floor
Washington, D.C. 20002
FAX: (202) 442-5556



*FACSIMILE SHEET*

Date 11-2-04

TO    W. Houston

FROM   STUDENT HEARING OFFICE

RE   HOD T Holiday

TOTAL NUMBER OF PAGES, INCLUDING COVER:    5

COMMENTS:

transmittal

*CONFIDENTIALITY NOTICE.* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*Office of Compliance*
CONFIDENTIAL

Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of ) | IMPARTIAL DUE PROCESS |
| ) | |
| ) | HEARING OFFICER'S DECISION |
| Terrell Holiday,  Student, ) | |
| Date of Birth: 10-28-86 ) | |
| ) | |
| Petitioner, ) | Hearing Date: October 27, 2004 |
| ) | |
| ) | |
| vs. ) | |
| ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, ) | Eighth Floor |
| Leary School Oxen Hill ) | Washington, D.C. 20002 |
| Respondent. ) | |
| ) | |

Parent(s):              Ms. Holiday
                        308 Florida Ave., N.W.
                        Washington, D.C. 20001

Counsel for Parent:     William Houston, Esq.
                        Dalton, Dalton & Houston, P.C.
                        1008 Pendleton Street
                        Alexandria, VA 22314

Counsel for School:     Jack Schreibman, Attorney- Advisor
                        Office of the General Counsel, DCPS
                        825 North Capitol Street, N.E., 9th Floor
                        Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### OFFICE OF COMPLIANCE

Special Education Due Process Hearing

## I. INTRODUCTION

On September 23, 2004, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, William Houston, Esq. The request alleges DCPS failed to comply with a Hearing Officer's Determination (HOD) dated August 2, 2004.

A Due Process Hearing was convened on October 27, 2004, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Jack Schreibman, Esq.-Attorney Advisor, represented DCPS. William Houston, Esq., represented the parent. Five- Day Disclosure Letters were entered into the record without objection of either party. On behalf of DCPS: Disclosure Letters dated October 20, 2004: DCPS-1. Parent's counsel waived a formal reading of the Due Process Rights. The parties did not enter any witnesses' testimony in this matter as the case was settled.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether DCPS denied the student FAPE by failing comply with a Hearing Officer's Determination (HOD) dated August 2, 2004?

2.

## IV.    SUMMARY OF RELEVANT EVIDENCE

At the commencement of the Hearing, the parties represented that they had agreed upon terms to settle this matter. Counsel for the parties requested that the Hearing Officer approve of the terms and incorporate those terms into an Order.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

- The terms of the agreement, as set forth in the record, are in the best interest of this student; therefore, the terms are approved and incorporated into an Order.

Based upon the foregoing, IT IS HEREBY ORDERED:

1. DCPS shall, on or before November 30, 2004, convene a MDT/IEP meeting to review the independent assessment and all current evaluations, and review and revise the student's IEP, if warranted.

2. All communications and notices shall be sent through the parent's counsel. Parent's counsel shall provide DCPS copies of all independent evaluations at least two (2) weeks prior to convening a MDT/IEP team meeting.

3. Any delay in the above time frames caused by the parent or parent's counsel shall result in an extension of one day for each day of delay.

3.

VI.    APPEAL PROCESS

This is the FINAL ADMINISTRATIVE DECISION. Appeals may be made to a court of competent jurisdiction within thirty (30) days from the date this decision was issued.

Date Filed: _11-02-04_

Charles R. Jones, Esq., Hearing Officer

Date Issued: _11-2-04_

4

Law Offices
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4500
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston*+°
Talib S. Abdus-Shahid*+
Laura E. Duos*

* ADMITTED IN VA & W.VA.
+ ADMITTED IN D.C.
^ADMITTED IN PA.
° ADMITTED IN MD.
◊ ADMITTED TO THE U.S. SUPREME COURT

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

March 17, 2005

1st **BILLING**
(Inv # 2801)

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:    **Billing for the case of:    Terrell Holiday**
       **Services Rendered :    1/4/2005- 3/17/2005**
       **Total Bill:    $ 3,630.00**
       **Current Payment Request: $ 3, 630.00**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter.  If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services.  Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts.  All Payments received after March 5, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
202-442-5000    Fax: 202-442-509
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: William E. Houston
   Federal Tax ID No: 54-1647932
   D.C. Bar No: 450223

2. **Student Information**
   Name: Terrell Holiday
   DOB: 10/28/1986
   Date Hearing Request Filed: 2/7/2005
   Date(s) of Hearing: 3/8/2005
   Date of Determination (HOD/ SA): 3/14/2005
   Parent/ Guardian Name: Terrell Holiday
   Parent/ Guardian Address: 1814 Potomac Avenue, SE
   Washington, DC 20003

3. **Invoice Information**
   Invoice Number: 2801
   Date Request Submitted: 3/18/05
   Date(s) of Service Rendered: 1/4/2005- 3/17/2005
   Attorney Hourly Rate: $ 275.00
   Total Attorney Fees: $ 3,630.00
   Total Attorney Costs: $ 0.00
   Total Experts: $ 0.00
   Total Invoice: $ 3,630.00

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Allservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishalbe by criminal penalties pursuant to D.C. Code § 22- 2405.

   _____          3/17/05
   Signature                                 Date

# Dalton, Dalton & Houston, P.C.

# Invoice

1008 Pendleton Street
Alexandria, VA 22314-1837

| Date | Invoice # |
|------|-----------|
| 3/17/2005 | 2801 |

**Bill To**

Office of the General Counsel
Attention: Ms. Erika Pierson
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC 20002

**BILLING #**

| Terms | Project |
|-------|---------|
| Net 30 | Holiday, Terrell |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 1/4/2005 | REVIEW DOCUMENT FROM LEARY SCHOOL | 0.1 | WEH | 27.50 |
| 1/24/2005 | MEETING WITH GUARDIAN | 1.5 | WEH | 412.50 |
| 1/24/2005 | REVIEW DOCUMENTS FROM GUARDIAN | 0.7 | WEH | 192.50 |
| 1/24/2005 | REVIEW DOCUMENT FROM LEARY | 0.2 | WEH | 55.00 |
| 1/28/2005 | REVIEW LETTER FROM GUARDIAN | 0.2 | WEH | 55.00 |
| 1/28/2005 | TELECON WITH GUARDIAN | 0.6 | WEH | 165.00 |
| 2/4/2005 | PREPARE DPH REQUEST | 0.9 | WEH | 247.50 |
| 2/10/2005 | REVIEW DOCUMENT FROM SHO -- RE: DPH | 0.1 | WEH | 27.50 |
| 2/10/2005 | TELECON WITH GUARDIAN RE: DPH | 0.5 | WEH | 137.50 |
| 2/16/2005 | TELECON WITH GUARDIAN | 0.5 | WEH | 137.50 |
| 3/1/2005 | TELECON WITH SHO | 0.1 | WEH | 27.50 |
| 3/1/2005 | PREPARE FIVE DAY DISCLOSURE | 0.9 | WEH | 247.50 |
| 3/1/2005 | PREPARE DOCUMENTS FOR 5 DAY | 1.1 | WEH | 302.50 |
| 3/1/2005 | TELECON WITH GUARDIAN | 0.5 | WEH | 137.50 |
| 3/1/2005 | REVIEW DCPS 5 DAY | 0.2 | WEH | 55.00 |
| 3/2/2005 | TELECON WITH GUARDIAN RE DPH | 0.5 | WEH | 137.50 |
| 3/8/2005 | TELECON WITH DCPS LEGAL | 0.1 | WEH | 27.50 |
| 3/8/2005 | DUE PROCESS HEARING | 1.1 | WEH | 302.50 |
| 3/8/2005 | MEETING WITH GUARDIAN | 0.4 | WEH | 110.00 |
| 3/8/2005 | PREPARE FOR DPH | 1.1 | WEH | 302.50 |
| 3/11/2005 | REVIEW DOCUMENT FROM LEARY | 0.1 | WEH | 27.50 |
| 3/14/2005 | REVIEW HOD | 0.3 | WEH | 82.50 |
| 3/14/2005 | TELECON WITH GUARDIAN | 0.2 | WEH | 55.00 |
| 3/16/2005 | TELECON WITH EASTERN H.S. PRINCIPAL | 0.1 | WEH | 27.50 |
| 3/16/2005 | TELECON WITH GUARDIAN | 0.6 | WEH | 165.00 |
| 3/17/2005 | TELECON WITH EASTERN HS PRINCIPAL | 0.1 | WEH | 27.50 |
| 3/17/2005 | TELECON WITH GUARDIAN | 0.5 | WEH | 137.50 |

| | Total | $3,630.00 |
|--|-------|-----------|

| Balance Due | $3,630.00 |
|-------------|-----------|

23/14/2005  14:59    2024425556              STUDENT HEARINGS OFF                    PAGE  22/26

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *STATE ENFORCEMENT AND INVESTIGATIVE DIVISION*
## CONFIDENTIAL

Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| **In the Matter of** | ) | IMPARTIAL DUE PROCESS |
| | ) | |
| **TERRELL HOLIDAY,** Student, | ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: 10-28-86 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: March 8, 2005 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| **The District of Columbia Public Schools,** | ) | Eighth Floor |
| **Home School: Eastern High School** | ) | Washington, D.C. 20002 |
| Respondent. | ) | |
| | ) | |

Ward:                          Terrell Holliday
                               1814 Potomac Avenue, S.E.
                               Washington, DC 20003

Counsel for Student            William E. Houston, Esq.
                               Dalton, Dalton, F& Houston, P.C.
                               1008 Pendleton Street
                               Alexandria, VA 22314

Counsel for School:            Rhondalyn Primes, Attorney-Advisor
                               Office of the General Counsel, DCPS
                               825 North Capitol Street, N.E., 9th Floor
                               Washington, D.C. 20002

03/14/2005  14:59   2024425555           STUDENT HEARINGS OFF                PAGE  03/26

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *OFFICE OF COMPLIANCE*

### Special Education Due Process Hearing

## I.  INTRODUCTION

On February 7, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the student William Houston, Esq. The request alleges DCPS failed to allow Terrell Holiday to participate in school activities including: Senior Class Yearbook, Senior Prom and Graduation ceremonies.

A Due Process Hearing was convened on March 8, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Rhondalyn Primes, Esq., Attorney-Advisor represented DCPS. William Houston, Esq., represented the student.  Five- Day Disclosure Letters were entered into the record without objection of either party.  On behalf of the parent: Disclosure Letter dated March 1, 2005: TH-1 through TH-2. On behalf of DCPS: Disclosure Letter dated March 1, 2005.  Student's counsel waived a formal reading of the Due Process Rights.  Witness for DCPS: Jacqueline Williams.  Witness for the student: Kesa Williams.

## II.  JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III.  ISSUES

Whether DCPS denied the student FAPE by failing to allow Terrell Holiday to participate in all senior class school activities at Eastern Senior High School. ?

03/14/2005  14:59   2224425555              STUDENT HEARINGS OFF                    PAGE  24/26

## IV.    SUMMARY OF RELEVANT EVIDENCE

In this case, petitioner, Terrell Holiday a ward of the District of Columbia, asserts and alleges DCPS has denied him the right to participate in senior class school activities including: the senior prom, graduating ceremonies, senior trip, being photographed with other seniors in the Senior Class Yearbook and other activities afforded other seniors at Eastern Senior High School.  DCPS alleges that the student has not been formally denied participating in any of the senior class activities, as the officials are completely unaware of any official denial of the student's right to participate.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.    Terrell Holiday is an eighteen- (18) year old student, who is a Ward of the District of Columbia, attending the Leary School of Prince George's County.

2.    Terrell Holiday is eligible for special education and related services.  Due to his disability classification, Terrell's appropriate educational placement is at a private placement at the Leary School of Prince George's County.

3.    Terrell's home school is Eastern Senior High School where he has been participating as a band member of the Eastern Senior High School band for a number of years.

4.    Ms. Jacqueline Williams, Acting Principal at Eastern Senior High School, concluded that Terrell Holiday could participate in all senior class activities. She had no knowledge of any Eastern Senior High School official notifying Terrell that he could not participate.

5.    The Acting Principal had discussed Terrell's participation in senior class activities with several top Eastern Senior High School officials. These officials informed her that they did not preclude, refuse or restrict Terrell from participating in any senior class activities.

3.

6.    On or about September 2004, Kesa Williams, Case Manager of Terrell Holiday, met and discussed with an Eastern Senior High official, in the front office, whether Terrell would be allowed to participate in senior class activities.  The case manager specifically requested permission for Terrell to participate in all senior class extra curricular activities.  The Eastern Senior High School official refused to allow Terrell's participation.  The case manager did not remember the official's name at Eastern Senior High School.  This was an incorrect decision.

7.    As a direct result of this decision, Terrell did not participate in the Senior Class pictures.

8.    The case manager, on or about January 2005, registered Terrell as a non-attending student at Eastern Senior High School.

## VI.    DECISION AND CONCLUSION OF LAW

In this case, DCPS has sustained its burden of proof.  Although the case manager stated that an Eastern Senior High School employee in the front office, whose name she did not recall, denied her request for Terrell to participate in senior class extra curricular activities, the decision was an incorrect decision.  However, the front official was not the appropriate person to request permission. The appropriate official would be the principal. The Acting Principal at Eastern Senior High School, who has the authority to approve or deny the petitioner's request, clearly stated that the petitioner could participate in all graduating events at the high school.  Under this set of circumstance, DCPS has not denied the student a free appropriate public education.

Based upon the foregoing, IT IS HEREBY ORDERED:

1) Petitioner request for relief is DENIED in part and GRANTED in part.

2) Petitioner's request to find a denial of FAPE is DENIED.

3) Notwithstanding, Petitioner's request that DCPS permit Terrell Holiday to participate in all senior class extra curricular activities is GRANTED.

03/14/2005  14:59    2024425559             STUDENT HEARINGS OFF                    PAGE  25/25

VII.    APPEAL PROCESS

    This is the FINAL ADMINISTRATIVE DECISION.  Appeals may be made to a court of competent jurisdiction within thirty (30) days from the date this decision was issued.

Date Filed: 03-14-05

_____
Charles R. Jones, Esq., Hearing Officer

Date Issued: 3-14-05

# District of Columbia Public Schools

### Office of General Counsel
825 North Capitol Street NE, 9TH Floor
Washington, DC 20002-1944
Phone - 202-442-5000 Fax- 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES ACT

1. **Attorney Information**
   Law Firm:                     **Dalton, Dalton & Houston, P.C.**
   Federal Tax ID Number :       **54-1647932**
   D.C. Bar Number:              **439118**

2. **Student Information**
   Name:                         Joshua Hampton
   DOB:                          05/20/01
   Date of Determination (**HOD/SA**):  **11/22/04**
   Parent / Guardian Name:       Tondalaya Hampton
   Parent / Guardian Address:    1908 C Street NE, Washington, DC
   Current School:               Ludlow-Taylor
   Home School:                  Ludlow-Taylor

3. **Invoice Information**

   Invoice Number:               2706
   Date Request Submitted:       02/05/05
   Date(s) Services Rendered:    10/28/04 to 02/04/05
   Amount of Payment Request:    $4,081.00

4. **Certification ( must be signed by principal attorney)**

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred.
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested.
   - No attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers.
   - I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _____        _____
   Signature                                              Date

Law Offices
## DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston≠+◦
Talib S. Abdus-Shahid◦+
Laura E. Duos~

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

• ADMITTED IN VA & W.VA
~ ADMITTED IN D.C.
◦ADMITTED IN PA.
+ ADMITTED IN MD.
◦ADMITTED TO THE U.S. SUPREME COURT

February 5, 2005

**2nd BILLING**
Invoice # 2706

Ms. Erika L. Pierson
District of Columbia Public Schools
Office of General Counsel
825 North Capital Street, N.E. 9th Floor
Washington, D.C. 20002

RE:    **Billing for the case of: Joshua Hampton**
**From: October 28, 2004 through February 4, 2005**
**Total Bill: $4,081.00**
**Current Payment Request: $4,081.00**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of our above mentioned client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after March 5, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/5/2005 | 2706 |

1008 Pendleton Street
Alexandria, VA 22314-1837

| BILLING # |
|-----------|
| 2 |

| Bill To |
|---------|
| Office of the General Counsel
Attention: Ms. Erika Pierson
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC 20002 |

| Terms | Project |
|-------|---------|
| Net 30 | Hampton, Joshua |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 10/28/2004 | RECEIVED PHONE CALL F/ PARENT RE/ FAILURE OF DCPS TO ABIDE BY HOD IN PROVIDING COMPENSATORY EDUCATION AS WELL AS OTHER POTENTIAL VIOLATIONS. | 0.4 | TAS | 100.00 |
| '/5/2004 | PHONE CONFERENCE W/ CLIENT. | 0.4 | TAS | 100.00 |
| 1/5/2004 | REVIEW AND ANALYZE NEW IEP AND SUPPORTING DOCUMENTS TO DETERMINE IF DCPS OBLIGATION MET UNDER HOD. | 1 | TAS | 250.00 |
| 11/10/2004 | DRAFT AND FILE W/ SHO REQUEST FOR DUE PROCESS HEARING REQUEST. | 1.8 | TAS | 450.00 |
| 11/11/2004 | RECEIVED AND ANALYZED HEARING NOTICE FOR LEGAL SUFFICIENCY. | 0.2 | TAS | 50.00 |
| 11/11/2004 | TCT PARENT; LEFT MESSAGE. | 0.1 | TAS | 25.00 |
| 11/11/2004 | PHONE CONFERENCE W/ PARENT. | 0.4 | TAS | 100.00 |
| 11/11/2004 | DRAFT CLIENT LETTER. | 0.5 | TAS | 125.00 |
| 11/15/2004 | DRAFT FIVE-DAY DISCLOSURE. | 2 | TAS | 500.00 |
| 11/15/2004 | REVIEW CASE FILE TO DETERMINE RELEVANT DOCUMENTS AND WITNESSES TO DRAFT DISCLOSURE. | 0.8 | TAS | 200.00 |
| 11/15/2004 | CONFERENCE CALL W/PARENTS | 0.4 | TAS | 100.00 |
| 11/16/2004 | PERSONAL CONFERENCE W/ PARENTS. | 0.6 | TAS | 150.00 |
| 11/19/2004 | WITNESS CONFERENCE. | 1.5 | TAS | 375.00 |
| 11/19/2004 | DRAFT TESTIMONY. | 1.8 | TAS | 450.00 |
| 11/19/2004 | DRAFT HEARING OUTLINE OF ISSUES, ARGUMENTS, AND OPENING/CLOSING STATEMENTS. | 2 | TAS | 500.00 |
| 11/22/2004 | TRAVEL TO & APPEARANCE AT DUE PROCESS HEARING . | 2 | TAS | 500.00 |

| Total | |
|-------|--|

| Balance Due |
|-------------|

Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/5/2005 | 2706 |

1008 Pendleton Street
Alexandria, VA  22314-1837

| Bill To |
|---------|
| Office of the General Counsel
Attention:  Ms. Erika Pierson
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC  20002 |

BILLING #

| Terms | Project |
|-------|---------|
| Net 30 | Hampton, Joshua |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 2/4/2005 | EXAMINED BILLING ENTRIES | 0.4 | TAS | 100.00 |
|  | Subtotal Hours |  |  | 4,075.00 |
| 10/13/2004 | Colonial Parking Inv #1508504 |  |  | 6.00 |
|  | Subtotal Expenses |  |  | 6.00 |

| Total | $4,081.00 |
|-------|-----------|

| Balance Due | $4,081.00 |
|-------------|-----------|

12 02 2004 10:24    2024425556    STUDENT HEARINGS OFF    PAGE 01/03

District of Columbia Public Schools
*Office of Compliance*
STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 12-2-04

TO: T. Abdus-Shahid    7-739-2323

FROM: STUDENT HEARING OFFICE

RE: HOD J. Hampton

TOTAL NUMBER OF PAGES, INCLUDING COVER: _____3_____

COMMENTS:

transmittal

*CONFIDENTIALITY NOTICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

12 02 2004  18:04   2024425555          STUDENT HEARINGS OFF          PAGE  22/33

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
OFFICE OF MANAGEMENT SERVICES

SPECIAL EDUCATION DUE PROCESS HEARING

CONFIDENTIAL

## HEARING OFFICER'S DETERMINATION

STUDENT: Joshua Hampton       DATE OF BIRTH: 5/20/01

ADDRESS: 1908 C Street, N.E.
Washington, D.C.

PRESENT SCHOOL ATTENDING: Ludlow-Taylor
HOME SCHOOL: Ludlow-Taylor

DATE OF HEARING: November 22, 2004

PRESENT AT THE HEARING:

Talib Abdus-Shahid          Counsel for the Parent
Donna Russell               Counsel for DCPS

Student's Representative: Talib Abdus-Shahid, Esq.
Address: 1008 Pendleton Street
Alexandria, Va. 22314
FAX:  703-739-2323

School System's Representative: Donna Russell, Esq.
Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002

12 22 2884  18:24   2824425555        STUDENT HEARINGS OFF              PAGE  23 23

## INTRODUCTION:

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on November 22, 2004, at the request of Talib Abdus-Shahid, counsel for the parent and the student.   Donna Russell represented DCPS, the other party to this hearing.

## JURISDICTION:

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

## DISPOSITION OF THE CASE:

Counsel for DCPS did not appear for the hearing and counsel for the parent moved for a directed verdict which was **GRANTED** by this hearing officer.

It is hereby **ORDERED** that:

1.    DCPS shall fund independent occupational and P.T. evaluations within the Superintendent's guidelines.

2.    DCPS shall convene an MDT meeting within 15 school days of receipt of the independent evaluations by the special education coordinator at Ludlow-Taylor to review the evaluations and review and revise the student's IEP. All meetings shall be scheduled at a mutually agreeable time through counsel for the student. There shall be one day of delay of the above time frame for every day of delay caused by the student, parent or counsel for the student.

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer
Date Issued:                            Date filed: November 30, 2004
          12-1-04

# District of Columbia Public Schools

Office of General Counsel
825 North Capitol Street NE, 9TH Floor
Washington, DC 20002-1944
Phone - 202-442-5000 Fax- 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES ACT

1. **Attorney Information**
   Law Firm: **Dalton, Dalton & Houston, P.C.**
   Federal Tax ID Number : **54-1647932**
   D.C. Bar Number: **439118**

2. **Student Information**
   Name: Eugene Shuler
   DOB: 11/24/91
   Date of Determination (**HOD/SA**): **11/11/05**
   Parent / Guardian Address: Sandra Forrest 222 37th St, S.E.  Washington, DC 20019
   Current School:
   Home School: J.P. Sousa Middle School

3. **Invoice Information**

   Invoice Number: 2692
   Date Request Submitted: 02/05/05
   Date(s) Services Rendered: 11/9/04 to 02/04/05
   Amount of Payment Request: $6,713.00

4. **Certification ( must be signed by principal attorney)**

   I certify that all of the following statements are true and correct:

   - All services listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred.
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested.
   - No attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers.
   - I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code § 22-2405.

   _____          _____
   Signature                                                    Date

Law Offices

## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street

Alexandria, Virginia 22314-1837

Telephone: (703) 739-4300

Facsimile: (703) 739-2323

E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston*+=
Talib S. Abdus-Shahid=+
Laura E. Duos~

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

* ADMITTED IN VA & W.VA
+ ADMITTED IN D.C.
= ADMITTED IN PA.
~ ADMITTED IN MD.
© ADMITTED TO THE U.S. SUPREME COURT

February 5, 2005

3rd **BILLING**

(Inv # 2692)

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:     **Billing for the case of: Eugene Shuler**
        **Services Rendered : November 9, 2004 through February 4, 2005**
        **Total Bill: $6,713.00**
        **Current Payment Request: $6,713.00**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

### See attached, for the detailed invoice.

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.,** Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after March 5, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/5/2005 | 2692 |

1008 Pendleton Street
Alexandria, VA  22314-1837

| Bill To |
|---------|
| Office of the General Counsel
Attention:  Ms. Erika Pierson
Office of General Counsel
825 N. Capital Street, 9th Floor
Washington, DC  20002 |

BILLING #

3

| | Terms | Project |
|---|-------|---------|
| | Net 30 | Shuler, Eugene |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 11/9/2004 | PHONE CONFERENCE W/ SOUSA MS TO SCHEDULE HOD ORDERED IEP/PLACEMENT MEETING B/C NO RESPONSE TO 10/28/04 LETTER REQUESTING SAME; MR. MITCHELL REPLACED W/ CAROLYN PRESTON & MS. PRESTON ABSENT; DRAFTED & FAXED NEW LETTER TO MS. PRESTON. | 0.4 | TAS | 100.00 |
| 11/18/2004 | PHONE CONFERENCE W/PARENT RE/ SCHEDULING IEP/PLACEMENT MEETING. | 0.3 | TAS | 75.00 |
| 11/18/2004 | RECEIVED IEP MEETING INVITATION LETTER; REVIEWED FOR LEGAL SUFFICIENCY. | 0.3 | TAS | 75.00 |
| 11/23/2004 | PARTICIPATION IN IEP MEETING. | 2 | TAS | 500.00 |
| 11/27/2004 | PREPARATION FOR IEP MEETING. | 1.2 | TAS | 300.00 |
| 12/10/2004 | RECEIVED AND ANALYZED MDT NOTES & IEP INVITATION LTR F/ SOUSA; SUBSEQUENT REVIEW OF CASE FILE MADE  DETERMINATION THAT NEW DPHR SHOULD BE FILED DUE TO VIOLATION OF HOD. | 1 | TAS | 250.00 |
| 12/10/2004 | PHONE CONFERENCE W/ PARENT. | 0.5 | TAS | 125.00 |
| 12/10/2004 | DRAFT AND FILE REQUEST FOR DUE PROCESS HEARING. | 1.4 | TAS | 350.00 |
| 12/13/2004 | CORRECT AND REVISE FINAL DRAFT DUE PROCESS HEARING REQUEST; FILE REQUEST W/ SHO. | 0.8 | TAS | 200.00 |
| 12/20/2004 | TRAVEL TO AND ADVANCE CONFERENCE W/ PARENT TO VERIFY RELEVANT & AVAILABLE WITNESSES FOR DUE PROCESS HEARING. | 1.2 | TAS | 300.00 |

| Total |
|-------|

| Balance Due |
|-------------|

# Dalton, Dalton & Houston, P.C.

# Invoice

1008 Pendleton Street
Alexandria, VA  22314-1837

| Date | Invoice # |
|------|-----------|
| 2/5/2005 | 2692 |

| Bill To |
|---------|
| Office of the General Counsel<br>Attention: Ms. Erika Pierson<br>Office of General Counsel<br>825 N. Capital Street, 9th Floor<br>Washington, DC  20002 |

| BILLING # |
|-----------|
| 3 |

| Terms | Project |
|-------|---------|
| Net 30 | Shuler, Eugene |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 1/3/2005 | ANALYZE CASE FILE TO DETERMINE RELEVANT DOCUMENTS AND WITNESSES FOR 5-DAY DISCLOSURE. | 1.9 | TAS | 475.00 |
| 1/3/2005 | PHONE CONFERENCE W/ PARENT. | 0.5 | TAS | 125.00 |
| 4/2005 | PERSONALLY FILED 5-DAY DISCLOSURE W/ SHO & DCPS-OGC. | 0.7 | TAS | 175.00 |
| 1/7/2005 | WITNESS CONFERENCE W/ HIGH MIDDLE SCHOOL WITNESSES ON ISSUE OF PLACEMENT & EDUCATIONAL BENEFIT. | 1.5 | TAS | 375.00 |
| 1/10/2005 | WITNESS CONFERENCES IN PREPARATION FOR DPH. | 2 | TAS | 500.00 |
| 1/10/2005 | DRAFT TESTIMONY IN PREPARATION FOR DPH. | 2.1 | TAS | 525.00 |
| 1/10/2005 | DRAFT DPH OUTLINE OF FACTS, ISSUES AND ARGUMENT IN PREPARATION FOR DPH. | 1.2 | TAS | 300.00 |
| 1/11/2005 | PRE-HEARING & POST-HEARING CONFERENCES W/ PARENT. | 0.5 | TAS | 125.00 |
| 1/11/2005 | TRAVEL TO & PARTICIPATION IN DUE PROCESS HEARING. | 2.3 | TAS | 575.00 |
| 1/24/2005 | PREPARATION FOR IEP/PLACEMENT MEETING. | 1.7 | TAS | 425.00 |
| 1/25/2005 | TRAVEL TO & PARTICIPATION IN IEP MEETING. | 2.1 | TAS | 525.00 |
| 1/25/2005 | CONFERENCE W/PARENT IN PREPARATION FOR IEP MEETING. | 0.8 | TAS | 200.00 |
| 2/4/2005 | EXAMINED BILLING ENTRIES | 0.4 | TAS | 100.00 |
|  | Subtotal Hours |  |  | 6,700.00 |
| 1/27/2005 | Parking for Due Process Hearing | | | 13.00 |

| | **Total** | $6,713.00 |
|--|-----------|-----------|

| **Balance Due** | $6,713.00 |
|-----------------|-----------|

*District of Columbia Public Schools*

### Office of Management Services

<u>*Confidential*</u>

FREDERICK E. WOODS, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| Eugene Shuler | ) |
| Date of Birth: 11/24/91 | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| The District of Columbia Public Schools, | ) |
| Home School: J. P. Sousa Middle School | ) |
| | ) |
| Respondent. | ) |

**IMPARTIAL**
**DUE PROCESS HEARING**

<u>**DECISION AND ORDER**</u>

Hearing Request: December 14, 2004,
Hearing Date: January 11, 2005
Held at:   825 North Capitol Street, N.E.
       Eighth Floor
       Washington, D.C. 20002

Parent:

Sandra Forrest, Mother
222 37th Street, S.E.
Washington, D.C. 20019

Counsel for the Parent/Student:

Talib S. Abdus-Shahid, Esq.
Dalton, Dalton & Houston, P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, VA 22314

District of Columbia Public Schools:

Rhondalyn Primes, Esq.
Attorney Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

01 24 2005  13:13    5024425555                    STUDENT HEARING OFF                    PAGE  03/07

## I.    JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 105-17, the Individuals with Disabilities Education Act of 1997, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:    Admitted, without objection, a disclosure letter filed 01/05/05 that lists four witnesses and attached fourteen exhibits sequentially labeled and tabbed ES-01 through ES-14. Two witnesses were present: Sandra Forrest, the student's mother; and David Clarke, High Road Middle School Associate Director. No witnesses were called to testify because the parties settled.

Respondent:    Admitted, without objection, a disclosure letter filed 01/04/05 that lists seven witnesses. No exhibits were offered into evidence. No witnesses were present or called to testify because the parties settled.

## IV.    STATEMENT OF THE CASE

Eugene Shuler, born 11/24/91, age 13-years 2-months, is a 7th grade, 61-100% out-of-general education, Other Health Impaired (OHI) student at John Phillip Sousa Middle School (J.P. Sousa MS) in the District of Columbia. (R. at HO-01.)

Alleged is DCPS failed to comply with E.S.'s 10/25/04 Hearing Officer's Decision (HOD) by failing to provide him an appropriate full-time educational program and placement. (R. at ES-01, 03.)

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for 9:00 a.m. Tuesday, January 11, 2005 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Rhondalyn Primes appeared in-person for DCPS. Attorney Talib S. Abdus-Shahid appeared in-person for E.S. who was not present; and his mother Sandra Forrest who was present. No testimony was taken because the parties settled.

In consideration of the hearing record, the hearing officer finds it in the best interests of the child to enter the parties' Settlement on the Record as follows:

## ORDER

DCPS shall ...............................................

1. Reconvene E.S.'s BLMDT/IEP Placement Meeting within 10-school days after this Order's issue date at Sousa MS for this purpose:

   a. To review and discuss all of E.S.'s assessment reports; and review his progress reports from his 2003-04 school year to date to determine if he requires additional assessments or services;
   b. To revise E.S.'s IEP, if necessary, based on the review results; and
   c. To discuss and decide placement; and issue E.S.'s Prior Written Notice of Change in Placement (PNCOP) for school year 2004-05, as follows:

      (i)   Issue the PNCOP within 5-school days of the BLMDT Meeting if to a public placement; and

      (ii)  Issue the PNCOP within 30-calendar days of the BLMDT Meeting if to a non-public placement.

   d. To discuss and decide if a Compensatory Education Plan is warranted for E.S.

2. Allow E.S.'s BLMDT to determine the amount, form, and means of delivering his Compensatory Education, if warranted, by developing and implementing his Compensatory Education Plan.

3. Schedule all meetings at a mutually agreeable time through the student's education advocate/counsel. And provide counsel a copy of all meeting notices by facsimile at (703) 739-2323.

4. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney or, because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

5. This Order resolves all issues raised in the student's 12/14/04 Due Process Hearing Request that is dismissed; and the hearing officer made no additional findings.

This is THE FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within thirty (30) days of the issue date of this decision.

_____                    _____
Frederick E. Woods                                    Date
Hearing Officer

Issued: _____1 – 2 4 - 25_____
Student Hearing Office, DCPS

01 04 2005  13:05  2024425555                    STUDENT HEARINGS OFF                    PAGE  09 07

*District of Columbia Public Schools*
*Office of Management Services*

In the Matter of                              )
                                              )
Eugene Shuler                                 )
            Petitioner,                        )          IMPARTIAL
          vs.                                  )      DUE PROCESS HEARING
                                              )
The District of Columbia Public Schools,       )
John Phillip Sousa Middle School               )
            Respondent.                        )

---

The Individuals with Disabilities Education Act (IDEA) 20 U.S.C. §§ 1400 et seq.

Case Information:        Hearing Request Date: December 14, 2004
                         Hearing Date: January 11, 2005
                         Held at:  825 North Capitol Street, N.E.
                                   Eighth Floor
                                   Washington, D.C. 20002
                         SETS Case Number: _____
                         Student's Birth Date:  November 24, 1991
                         Attending School: John Phillip Sousa Middle School
                         Managing School: John Phillip Sousa Middle School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do

hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes

the entire record in the above captioned matter as of this date, consisting of all letters,

pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the SHO file for this student are

either the original or true copy of the original documents submitted in this matter.

Executed this ___21st___ day of ___January___, 2005.

_____
Due Process Hearing Officer

01 24 2005  13:05    2004-05555           STUDENT HEARING OFF            PAGE  07 07

Re: MATTER OF
EUGENE SHULER v. DCPS, JOHN PHILLIP SOUSA MIDDLE SCHOOL

# RECORD OF PROCEEDINGS

## DATE:                DESCRIPTION:

12/14/04          Due Process Hearing Request Filed

12/15/04          Notice of Due Process Hearing Date Sent to Parties

01/11/05          Due Process Hearing Convened; Completed; Audio
                  Tapped—1-Tape, side A; and Settlement Reached.

01/21/05          Hearing Officer's Decision Filed with the SHO

01/24/05          Hearing Officer's Decision Issued by the SHO


_____          1/21/05
Frederick E. Woods                       _____
Due Process Hearing Officer                   Date

District of Columbia Public Schools
*Office of Compliance*
STUDENT HEARING OFFICE
505 North Capitol Street, N.E.
5th Floor
Washington, D.C. 20002
FAX: (202) 442-5556



*FACSIMILE SHEET*

DATE: 1-24-05

TO: T. Abdus-Shahid

FROM: STUDENT HEARING OFFICE

RE: HOD E. Shuler

TOTAL NUMBER OF PAGES, INCLUDING COVER: _____

COMMENTS:

transmittal

CONFIDENTIALITY NOTICE: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited.

Law Offices
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston+*○
Talib S. Abdus-Shahid*+
Laura E. Duos▽

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

* ADMITTED IN VA & W.VA
+ ADMITTED IN D.C.
▲ ADMITTED IN PA.
○ ADMITTED IN MD.
○ ADMITTED TO THE U.S..SUPREME COURT

March 17, 2005

1ˢᵗ BILLING
(Inv # 2748 & 2804)

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:     Billing for the case of:   **Russell Glymph**
        Services Rendered :        6/4/2004- 3/15/2005
        **Total Bill:**            **$ 8,128.50**
        **Current Payment Request: $ 8,128.50**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after March 5, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
(02-442-5000    Fax: 202-442-509(
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: Ellen Dalton
   Federal Tax ID No: 54-1647932
   D.C. Bar No: 411612

2. **Student Information**
   Name: Russell Glymph
   DOB: 4/14/1993
   Date Hearing Request Filed: 8/27/2004
   Date(s) of Hearing: 9/29/2004
   Date of Determination (HOD/ SA): 10/15/2004
   Parent/ Guardian Name Charlene & Russell Glymph
   Parent/ Guardian Address 622 Farragut Street, NW
   Clinton, MD 20011

3. **Invoice Information**
   Invoice Number: 2748 & 2804
   Date Request Submitted 3/17/2005
   Date(s) of Service Rendered: 6/4/2004- 3/15/05
   Attorney Hourly Rate: $ 295.00
   Total Attorney Fees: $ 8,128.50
   Total Attorney Costs: $ 0.00
   Total Experts: $ 0.00
   **Total Invoice:** $ 8,128.50

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Allservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

   _Ellen Dalton_                    3/17/05
   Signature                          Date

   Revised Nov 2004

# Invoice

Dalton, Dalton & Houston, P.C.

| Date | Invoice # |
|------|-----------|
| 3/4/2005 | 2748 |

1008 Pendleton Street
Alexandria, VA 22314-1837

BILLING #

**Bill To**

Office of General Counsel
Attention: Ms. Erika Pierson
District of Columbia
825 North Capitol Street
Washington, DC 20002

| Terms | Project |
|-------|---------|
| Net 30 | Glymph, Russel |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 6/4/2004 | TCW/MS GLYMPH R: INITIAL CONVERSATION REGARDING ISSUES WITH SCHOOL | 0.5 | LED | 85.00 |
| 6/8/2004 | INITIAL MEETING WITH CLIENT | 1.1 | LED | 187.00 |
| 5/22/2004 | REVIEW RECORDS FROM CLIENT SUCH AS RECENT AND OLD IEP'S AND OLD PSYCHO-ED AND S/L EVAL | 0.9 | LED | 153.00 |
| 6/22/2004 | DRAFT LETTER TO CLIENT AND ASSEMBLE PACKET FOR CLIENT | 0.4 | LED | 68.00 |
| 8/26/2004 | PERSONAL CONFERENCE WITH MS. GLYMPH; DICTATE VIOLATIONS OF DUE PROCESS; PCW/ LED RE: FILING DUE PROCESS HEARING REQUEST. | 2.5 | EDD | 737.50 |
| 8/27/2004 | REVIEW NOTES; DRAFT AND TRANSMIT HEARING REQUEST | 0.7 | LED | 119.00 |
| 9/1/2004 | TCW/CLIENT; DRAFT STAY-PUT LETTER TO BUNKER HILL; SEND LETTER TO PARENT WITH HEARING REQUEST AND STAY PUT | 0.6 | LED | 102.00 |
| 9/8/2004 | REVIEW HEARING NOTICE FROM SHO; TCW/ MS. GLYMPH; PREPARE NOTICE OF HEARING DATE TO MS. GLYMPH. | 0.5 | EDD | 147.50 |
| 9/19/2004 | REVIEW FILE AND SEND REQUEST FOR RECORDS TO BUNKER HILL ELEM. SCHOOL. | 0.5 | EDD | 147.50 |
| 9/21/2004 | REVIEW ADDITIONAL DOCUMENTS RECEIVED FROM MS. GLYMPH; PREPARE FIVE DAY DISCLOSURE. | 1.5 | EDD | 442.50 |
| 9/22/2004 | TCW/ MS. GLYMPH; TCW/. MS. WILSON @ BUNKER HILL; TCW/ LED RE: PICKING UP RECORDS AT THE SCHOOL. | 0.5 | EDD | 147.50 |

**Total**

**Balance Due**

# Invoice

Dalton, Dalton & Houston, P.C.

| Date | Invoice # |
|------|-----------|
| 3/4/2005 | 2748 |

1008 Pendleton Street
Alexandria, VA 22314-1837

| Bill To |
|---------|
| Office of General Counsel<br>Attention: Ms. Erika Pierson<br>District of Columbia<br>825 North Capitol Street<br>Washington, DC 20002 |

BILLING #

| Terms | Project |
|-------|---------|
| Net 30 | Glymph, Russel |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 9/22/2004 | REVIEW 5-DAY FOR EDD | 0.2 | LED | 34.00 |
| 9/22/2004 | VISIT TO BUNKER HILL; REVIEW SPECIAL ED FILE; REVIEW PSYCHED SCORES; COPY AND FAX RECORDS TO EDD FOR 5-DAY | 0.9 | LED | 153.00 |
| 28/2004 | TCW/ MS. GLYMPH AND PREPARE FOR DUE PROCESS HEARING. | 1.2 | EDD | 354.00 |
| 9/29/2004 | TCW/ MS. GLYMPH; DUE PROCESS HEARING | 1 | EDD | 295.00 |
| 10/14/2004 | REVIEW HEARING OFFICER'S DETERMINATION; PREPARE LETTER TO CLIENT AND FORWARD A COPY OF THE EVALUATION. | 0.3 | EDD | 88.50 |
| 10/20/2004 | TC/ CLIENT; TCW/ MR. WILLIAMS @ BUNKER HILL; PREPARE LETTER TO MR. WILLIAMS. | 1 | EDD | 295.00 |
| 11/1/2004 | TCW/ MS. GLYMPH RE: CLINICAL EVALUATION | 0.1 | EDD | 29.50 |
| 11/2/2004 | TCW/ MS GLYMPH RE: SCHEDULING THE INDEPENDENT CLINICAL; TC/ DR. JENKINS; PREPARE MEMO RE: INFORMATION PERTAINING TO CLINICAL. | 0.9 | EDD | 265.50 |
| 11/15/2004 | TCW/ DR. JENKINS; TCW/ MS. GLYMPH; TCW/ MS. HAYLING AT BUNKER HILL TO COORDINATE AND OBTAIN PERMISSION FOR HOD ORDERED CLINICAL EVALUATION TO TAKE PLACE AT SCHOOL. | 0.5 | EDD | 147.50 |
| 1/4/2005 | TC/ DR. JENKINS; REVIEW CLINICAL EVALUATION; TCW/ MS. GLYMPH; FAX EVAL. TO MS. GLYMPH. | 0.6 | EDD | 177.00 |
| 1/5/2005 | PREPARE LETTER WITH INDEPENDENT EVALUATION ENCLOSED TO SPECIAL ED COORD AT BUNKER HILL ELEM. | 0.5 | EDD | 147.50 |

| Total |
|-------|
| |

| Balance Due |
|-------------|
| |

# Invoice

Dalton, Dalton & Houston, P.C.

1008 Pendleton Street
Alexandria, VA 22314-1837

| Date | Invoice # |
|------|-----------|
| 3 4 2005 | 2748 |

**Bill To**

Office of General Counsel
Attention: Ms. Erika Pierson
District of Columbia
825 North Capitol Street
Washington, DC 20002

BILLING #

| Terms | Project |
|-------|---------|
| Net 30 | Glymph, Russel |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 1/29/2005 | REVIEW SPEECH & LANGUAGE EVALUATION FORWARD FROM SCHOOL; PREPARE MEMO TO INTERN TO CONFIRM NEW DATE FOR HOD ORDERED IEP WITH CLIENT AND SCHOOL. | 0.6 | EDD | 177.00 |
| 7/2005 | TC/ MS.. GLYMPH; REVIEW SPEECH & LANGUAGE REPORT; NOTE SEVERAL DISCREPANCIES PERTAINING TO SCORES IN REPORT ON FRONT PAGE BEING DIFFERENT THAN IN THE BODY OF THE REPORT; TC/ MS. KEELING; PREPARE LETTER TO MS. KEELING NOTING THE DISCREPANCIES AND REQUESTING EVALUATOR REVIEW AND REVISE HER REPORT PRIOR TO HOD ORDERED MEETING. | 1 | EDD | 295.00 |
| 2/9/2005 | TCW/ MS. GLYMPH; TCW/ MS. KEELING; REFAX LETTER TO MS. KEELING RE: DISCREPANCIES IN SPEECH & LANGUAGE EVALUATION. | 0.4 | EDD | 118.00 |
| 2/16/2005 | ATTEND HOD ORDERED IEP | 4 | EDD | 1,180.00 |
| 2/17/2005 | REVIEW COMPENSATORY ED FORM AND FAX BACK TO MS. KEELING @ BUNKER HILL; TCW/ MS. GLYMPH. | 0.3 | EDD | 88.50 |

| Total | |
|-------|--|

| Balance Due | |
|-------------|--|

Dalton, Dalton & Houston, P.C.

# Invoice

1008 Pendleton Street
Alexandria, VA 22314-1837

| Date | Invoice # |
|------|-----------|
| 3/4/2005 | 2748 |



BILLING #

| Bill To |
|---------|
| Office of General Counsel
Attention: Ms. Erika Pierson
District of Columbia
825 North Capitol Street
Washington, DC 20002 |

| Terms | Project |
|-------|---------|
| Net 30 | Glymph, Russel |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 3/2/2005 | REVIEW RE-EVAL PSYCHO ED PERFORMED BY DCPS SUBSEQUENT TO HOD ORDERED IEP MEETING IN PREPARATION FOR CONTINUED IEP MEETING SCHEDULED FOR 3/4/2005; TCW/ MS. GLYMPH; FAX EVAL. TO HER; COMPARE EVAL WITH PRIOR EVAL PERFORMED IN 2003 TO DETERMINE EDUCATIONAL PROGRESS AND PRESENT LEVELS OF EDUCATIONAL PERFORMANCE. | 0.8 | EDD | 236.00 |
| 3/4/2005 | EXAMINED BILLING ENTREES | 0.6 | EDD | 177.00 |

| | Total | $6,594.50 |
|--|-------|-----------|

| **Balance Due** | $6,594.50 |
|-----------------|-----------|

Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/18/2005 | 2804 |

1008 Pendleton Street
Alexandria, VA 22314-1837

| Bill To |
|---------|
| Office of General Counsel
Attention: Ms. Erika Pierson
District of Columbia
825 North Capitol Street
Washington, DC 20002 |

BILLING #

| Terms | Project |
|-------|---------|
| Net 30 | Glymph, Russel |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 3/4/2005 | IEP MEETING PURSUANT TO HOD | 3.5 | EDD | 1,032.50 |
| 3/11/2005 | PREPARE INSTRUCTIONS TO INTERN TO PREPARE PACKETS TO SEND TO POSSIBLE SCHOOL PLACEMENTS. | 0.2 | EDD | 59.00 |
| 3/15/2005 | PREPARE ADMISSION PACKETS AND LETTERS FOR ADMISSION TO VARIOUS EDUCATIONAL PLACEMENTS: LAB SCHOOL; KINGSBURY AND KATHRYN THOMAS FOR CONSIDERATION. | 1.5 | EDD | 442.50 |

| Total | $1,534.00 |
|-------|-----------|

| Balance Due | $1,534.00 |
|-------------|-----------|

12 15 2004  10:55    2024425556    STUDENT HEARINGS OFF    PAGE 02 08

# District of Columbia Public Schools

## Office of Management Services
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

### Confidential

| | |
|---|---|
| RUSSELL GLYMPH, STUDENT | ) |
| Date of Birth: April 14, 1993 | ) |
| | ) Hearing Date: September 29, 2004 |
| Petitioner, | ) |
| | ) Request for Hearing: August 27, 2004 |
| v. | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| PUBLIC SCHOOLS | ) |
| | ) Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) 8th Floor |
| | ) Washington, D.C. 20002 |
| Student Attending: | ) |
| Bunker- Hill Elementary School | ) |
| Home School: Barnard E.S. | ) |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| Parents: | Ms. Charlene Glymph, Mother |
| | Mr. Russell Glymph, Father |
| | 622 Farragut Street, N.W. |
| | Clinton, Maryland 20011 |
| Counsel for Petitioner: | Ellen Douglass Dalton, Esquire |
| | Dalton, Dalton & Houston, P.C. |
| | 6003 Little River Turnpike; Suite 310 |
| | Alexandria, Virginia 22312-5045 |
| | (703) 941-4455; Fax: (703) 642-3101 |
| Counsel for DCPS: | Quinne Harris-Lindsey, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E. |
| | 9th Floor |
| | Washington, D.C. 20002 |

10/15 2004  12:56    1324425555          STUDENT HEARINGS OFF                    PAGE  03/05

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| | |
|---|---|
| Child | Russell Glymph |
| Child's Parent(s) (specific relationship) | Charlene Glymph, Mother |
| | Mr. Russell Glymph, Father |
| Child/Parent's Representative | Ellen Douglass Dalton, Esquire |
| School System's Representative | Quinne Harris-Lindsey, Esquire |

Jurisdiction

12 15 2004  12:59     2024455555          STUDENT HEARINGS OFF                    PAGE  04 05

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

## Introduction

Petitioner is an eleven year-old student attending Bunker Hill Elementary School ("Bunker Hill"). On August 27, 2004, Petitioner filed a Request for Due Process Hearing ("*Request*") alleging that the District of Columbia Public Schools ("DCPS") improperly changed Petitioner's placement and failed to provide extended year services ("ESY") in an appropriate setting. The due process hearing was convened on September 29, 2004. The parties' Five Day Disclosure Notices were admitted into evidence at the hearing. Neither party offered oral testimony at the hearing. The parties agreed to relief for Petitioner as is described in the Findings of Fact below.

## Findings of Fact

1. Petitioner is an eleven year-old student attending Bunker Hill.[1]

2. During the hearing, the parties agreed to the following relief for Petitioner:

   A. Petitioner's placement will remain at Bunker Hill.
   B. DCPS shall fund an independent clinical psychological evaluation in accordance with 5 DCMR Section 3027.5.
   C. Within fifteen (15) school days of receipt of the evaluation, DCPS will reconvene a Multidisciplinary Team ("MDT") meeting to review all current evaluations, update Petitioner's Individualized Education Program ("IEP"), discuss placement alternatives, and discuss and determine Petitioner's need for compensatory education services for Petitioner's not having received ESY during the summer of 2004.
   D. DCPS shall issue a Prior Notice within 5 school days if the placement is to a public facility or within 30 calendar days if the placement is to a private facility.
   E. DCPS shall coordinate scheduling all meetings through Petitioner's counsel.
   F. Any delay in meeting any of the deadlines attributable to Petitioner will extend DCPS' deadlines on a day-for-day basis.

---

[1] *Request* at 1.

Conclusions of Law

The parties' agreement is in Petitioner's best interests.

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 14th day of October 2004 it is hereby

ORDERED, that Petitioner is authorized to obtain an independent clinical psychological assessment in accordance with 5 DCMR Section 3027.5. Petitioner's counsel shall forward a copy of the assessment to the Special Education Coordinator at Bunker Hill, along with a written request to convene the MDT meeting described below, by facsimile and first-class mail.

IT IS FURTHER ORDERED, that within fifteen (15) school days of receipt of the independent evaluation, DCPS will convene an MDT meeting to review all current evaluations, update Petitioner's IEP, discuss placement alternatives, and discuss and determine Petitioner's need for compensatory education services for Petitioner's not having received ESY during the summer of 2004.

IT IS FURTHER ORDERED, that DCPS shall afford Petitioner's parents an opportunity to participate in any meeting in which Petitioner's placement is discussed or determined. The DCPS placement representative shall advise Petitioner's parents of the advantages and disadvantages for Petitioner with respect to each school that is discussed, including any schools proposed by the parent. DCPS shall provide Petitioner's parents an explanation for the placement DCPS proposes, and the reasons for the proposal shall be provided in the Meeting Notes. DCPS shall issue a Prior Notice within seven days of the MDT meeting if Petitioner is placed in a public facility or within 30 days if Petitioner is placed in a private facility.

IT IS FURTHER ORDERED, that DCPS will coordinate scheduling the BLMDT meeting, and any meeting in which Petitioner's placement is discussed or determined, with Petitioner's counsel, Ellen Douglass Dalton, Esquire, (703) 941-4455.

IT IS FURTHER ORDERED, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

IT IS FURTHER ORDERED, that this Order is effective immediately.

10/15/2004  12:55   2024425555          STUDENT HEARINGS OFF              PAGE  05/06

Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this proceeding. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[2]

Terry Michael Banks
Hearing Officer

Date:    October 14, 2004

Issued:    10-15-04

Copies to:

Ellen Douglass Dalton, Esquire
Dalton, Dalton & Houston, P.C.
6003 Little River Turnpike
Suite 310
Alexandria, Virginia 22312-5045
(703) 941-4455; Fax: (703) 642-3101

Quinne Harris-Lindsey, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

---

[2] See *Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
102-442-5000    Fax: 202-442-509
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: Elien Dalton
   Federal Tax ID No: 54-1647932
   D.C. Bar No: 411612

2. **Student Information**
   Name: Russell Glymph
   DOB: 4/14/1993
   Date Hearing Request Filed:
   Date(s) of Hearing: 5/24/2005
   Date of Determination (HOD/ SA): 5/25/2005
   Parent/ Guardian Name
   Parent/ Guardian Address

3. **Invoice Information**
   Invoice Number: 2997
   Date Request Submitted: 6/22/2005
   Date(s) of Service Rendered: 9/19/2004- 5/31/2005
   Attorney Hourly Rate: $ 295.00
   Total Attorney Fees: $ 3,724.50
   Total Attorney Costs: $ 0.00
   Total Experts: $ 0.00
   **Total Invoice:** $ 3,724.50

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Aliservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

Signature _____    Date 6/22/05

Revised Nov 2004

# Invoice

**Dalton, Dalton & Houston,**

708 Pendleton Street
Alexandria, VA 22314-1837

| Date | Invoice # |
|------|-----------|
| 6/10/2005 | 2997 |

| Bill To | BILLING # |
|---------|-----------|
| Office of General Counsel<br>Attention: Ms. Erika Pierson<br>District of Columbia<br>825 North Capitol Street<br>Washington, DC 20002 | |

| Terms | Project |
|-------|---------|
| Net 30 | Glymph, Russel |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 9/19/2004 | REVIEW FILE AND SEND REQUEST FOR RECORDS TO BUNKER HILL ELEM. SCHOOL. | 0.5 | EDD | 147.50 |
| '0/2005 | TCW/ MS. LOURIE @ KATHRYN THOMAS; TC/ MS. GLYMPH RE: DATE FOR INTERVIEW. | 0.3 | EDD | 88.50 |
| 12/2005 | REVIEW PRIOR HOD; REVIEW STATUS OF PLACMENT; REVIEW BACKGROUND INFORMATION AND PREPARE DUE PROCESS HEARING REQUEST; TCW/ SHO TO OBTAIN DATES FOR HEARING; FAX TO SHO AND TO CLIENT. | 1.5 | EDD | 442.50 |
| 4/13/2005 | PREPARE LETTERS AND PACKETS TO ACCOTINK ALTERNATIVE AND OAKWOOD SCHOOL. | 0.5 | EDD | 147.50 |
| 4/25/2005 | RECEIVE NOTICE OF HEARING; TCW/ CLIENT; PREPARE LETTER TO CLIENT RE: DATE & TIME OF HEARING. | 0.5 | EDD | 147.50 |
| 4/29/2005 | TCW/ MS. LOURIE @ KATHRYN THOMAS SCHOOL RE: RUSSELL'S ACCEPTANCE; TCW/ MS. GLYMPH; REVIEW DUE PROCESS HEARING REQUEST TO ENSURE WE INCLUDED DCPS'S FAILURE TO IMPLEMENT COMP ED PLAN. | 0.5 | EDD | 147.50 |
| 5/9/2005 | LISTEN TO MULTIPLE MESSAGES FROM DEBBIE LOURIE @ KATHRYN THOMAS SCHOOL AND MS. GLYMPH; RETURN CALLS TO BOTH; REVIEW FILE FOR DATE OF HEARING. | 0.3 | EDD | 88.50 |
| 5/10/2005 | TCW/ MS. LOURIE @ KATHRYN THOMAS; TCW/ MS. GLYMPH; REVIEW ACCEPTANCE LETTER FROM KATHRYN THOMAS. | 0.3 | EDD | 88.50 |

| Total | |
|-------|--|
| Payments/Credits | |
| Balance Due | |

# Invoice

**Dalton, Dalton & Houston,**

J08 Pendleton Street
Alexandria, VA  22314-1897

| Date | Invoice # |
|------|-----------|
| 5/10/2005 | 2997 |

**Bill To**

Office of General Counsel
Attention: Ms. Erika Pierson
District of Columbia
825 North Capitol Street
Washington, DC 20002

**BILLING #**

| Terms | Project |
|-------|---------|
| Net 30 | Glymph, Russel |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 5/12/2005 | TCW/ MS. GLYMPH; DISCUSS CONVERSATION SHE HAD WITH SPECIAL ED COORDINATOR AT BUNKER HILL. | 0.2 | EDD | 59.00 |
| 5/13/2005 | TCW/ MS/ GLYMPH; REVIEW LETTER AND PROVIDE FEEDBACK TO MS. GLYMPH. | 0.5 | EDD | 147.50 |
| 5/17/2005 | REVIEW EDUCATIONAL RECORDS & DETERMINE DOCUMENT TO BE USED AS EVIDENCE AT HEARING; PREPARE FIVE DAY DISCLOSURE. | 1.5 | EDD | 442.50 |
| 5/18/2005 | REVIEW DCPS 5 DAY DISCLOSURE; TCW/ CLIENT. | 0.3 | EDD | 88.50 |
| 5/19/2005 | TCW/ MS. GLYMPH RE: HER CONCERNS ABOUT PROSPECT. | 0.3 | EDD | 88.50 |
| 5/22/2005 | PREPARE DIRECT QUESTIONS FOR WITNESS TESTIFYING FROM KATHRYN THOMAS AND FAX TO HER. | 0.3 | EDD | 88.50 |
| 5/23/2005 | REVIEW DUE PROCESS HEARING REQUEST AND FIVE DAY DISCLOSURE; REVIEW EVIDENTIARY DOCUMENTS AND PREPARE FOR DPH. | 0.8 | EDD | 236.00 |
| 5/24/2005 | REVIEW INVITATION FROM MS. KEELING; TCW/ MS. GLYMPH; TCW/ MS. LOURIE @ KATHRYN THOMAS; REVIEW LETTER SENT TO MS. GLYMPH FROM MS. KEELING. | 0.9 | EDD | 265.50 |
| 5/24/2005 | TCW/ MS. PETRUNGARO @ KATHRYN THOMAS; DUE PROCESS HEARING. | 2 | EDD | 590.00 |
| 5/25/2005 | TCW/ MS. KEELING @ BUNKER HILL TO SCHEDULE ESY MEETING; TCW/ MS. GLYMPH; REVIEW TRANSPORTATION FORM; TCW/ MS. PETRUNGARO | 0.5 | EDD | 147.50 |

| Total | |
|-------|--|
| Payments/Credits | |
| Balance Due | |

# Dalton, Dalton & Houston,

108 Pendleton Street
Alexandria, VA 22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 6/10/2005 | 2957 |

**Bill To**

Office of General Counsel
Attention: Ms. Erika Pierson
District of Columbia
825 North Capitol Street
Washington, DC 20002

**BILLING #**

| | Terms | Project |
|---|-------|---------|
| | Net 30 | Glymph, Russel |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 5/25/2005 | READ HOD; INSTRUCTION TO PREPARE FAX TO DCPS TRANSPORTATION AND COPY TO MS. HARRIS-LINDSEY AND MOTHER; TCW/MS. GLYMPH RE: INDEPENDENT TUTORING. | 0.5 | EDD | 147.50 |
| 5/26/2005 | GLYMPH, RUSSEL: CALL TO MS. KEELING REQUESTING A COPY OF STUDENT'S ESY FORMS. CALL TO MRS. GLYMPH INFORMING HER THAT IT WAS NOT NECESSARY TO HAVE A MEETING REGARDING ESY. | 0.1 | KTM | 7.50 |
| 5/26/2005 | RECEIVE TELEPHONE CALL FROM MS. KEELING; INSTRUCT INTERN TO RETURN CALL AND CONFIRM NO NEED TO MEET FOR ESY; CONTACT PARENT AND EXPLAIN AND SEND FAX TO KATHRYN THOMAS. | 0.2 | EDD | 59.00 |
| 5/31/2005 | READ ESY FORM COMPLETED BY MS. KEELING @ BUNKER HILL; FORWARD TO PARENT AND KATHRYN THOMAS SCHOOL AS WELL AS TRANSPORTATION. | 0.2 | EDD | 59.00 |

| Total | $3,724.50 |
|-------|-----------|
| Payments/Credits | $0.00 |
| Balance Due | $3,724.50 |

25/25/2225  11:45    2224425556              STUDENT HEARINGS OFF                    PAGE  81/86

District of Columbia Public Schools
*Office of Compliance*
STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8ᵀᴴ Floor
Washington, D.C. 20002
FAX: (202) 442-5556



*FACSIMILE SHEET*

Date: 5/25/05

TO: E. Dalton

FROM: STUDENT HEARING OFFICE

RE: Russell Glymph

TOTAL NUMBER OF PAGES, INCLUDING COVER:

COMMENTS: HOD

*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

25/25/2225  11:45    2224425555          STUDENT HEARINGS OFF                    PAGE  22/26

In the Matter of RG   DOB: 4/14/93   HOD: May 24, 2005

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## State Enforcement and Investigation Division
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Russell Glymph<br>Date of Birth: April 14, 1993<br><br>Petitioner (Student),<br><br>v.<br><br>District of Columbia Public Schools<br>("DCPS" or "District")<br>Attending School: Bunker Hill ES<br>Respondent. | **IMPARTIAL DUE PROCESS**<br><br>**HEARING OFFICER'S DECISION**<br><br>Hearing Date: May 24, 2005<br><br>Held at: 825 North Capitol St. NE<br>Washington, DC |

Hearing Participants:
Counsel for Student:

Ellen Douglass Dalton, Esq.
1008 Pendleton Street
Alexandria, Va. 22314

Counsel for DCPS:

Quinne Harris Lindsey, Esq.
Office of General Counsel
825 North Capitol St. NE
Washington, DC 20002

## INTRODUCTION:

A Due Process Hearing was convened on May 24, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a hearing request submitted by the counsel for the student filed April 13, 2005.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

25/25/2225  11:45    2224255556        STUDENT HEARINGS OFF              PAGE  03/25

In the Matter of RG   DOB 4/14/93   HOD May 24, 2005

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record. The parties discussed the matter on the record and reached an agreement.

## FINDINGS OF FACT:

The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

## ORDER:

1. DCPS shall immediately place and fund the student at the Kathryn Thomas School and provide transportation services.

2. DCPS shall fund 75 hours of independent tutoring for the student, consistent with the compensatory education plan dated February 16, 2005, at a rate not to exceed $75.00 per hour.

3. This Order resolves all issues in this case and the Hearing Officer makes no additional findings.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

_____

Coles B. Ruff, Esq.
Hearing Officer
Date: May 24, 2005

Issued: 5/25/05

25/25/2005  11:45   2324425559        STUDENT HEARINGS OFF               PAGE  24/25

In the Matter of R.G   DOB: 4/14/93  HOD: May 24, 2005

# The MATTER OF Russell Glymph V. DCPS

## INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| RG 1-6 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Witness List | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

2

05/25/2005  11:45     2024405556          STUDENT HEARINGS OFF                    PAGE  25/26

In the Matter of RG   DOB: 4/14/93   HOD: May 24, 2005

# The MATTER OF Russell Glymph V. DCPS
## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 4/13/05 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 4/13/05 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |

05/25/2005  11:45   2024425550          STUDENT HEARINGS OFF                PAGE  25/25

In the Matter of RG  DOB: 4/14/93  HOD: May 24, 2005

# INDEX OF NAMES

## The MATTER OF Russell Glymph V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Teacher | |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Mrs. Charlene Roach-Glymph (Mother) Mr. Russell Glymph (Father) |
| Child/Parent's Representative | Ellen Douglass Dalton, Esq. |
| School System's Representative | Quinne Harris Lindsey, Esq. |
| Observer | Ms. Kathryn McAuliffe |
| Kathryn Thomas School | Ms. Theresa Petrungaro |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Law Offices
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston*+○
Talib S. Abdus-Shahid*+
Laura E. Duos*+

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

* ADMITTED IN VA & WVA
+ ADMITTED IN D.C.
○ ADMITTED IN PA.
- ADMITTED IN MD.
○ ADMITTED TO THE U.S. SUPREME COURT

March 18, 2005

1st BILLING
(Inv # 2797)

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:    **Billing for the case of:**  **Davon Henderson**
       **Services Rendered :**      **11/16/2004- 2/23/2005**
       **Total Bill:**              **$ 4,690.50**
       **Current Payment Request: $ 4,690.50**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.,** Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after March 5, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
202-442-5000    Fax: 202-442-509
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm:                                  Dalton, Dalton & Houston
   Attorney Information:                       Ellen Dalton
   Federal Tax ID No:                         54-1647932
   D.C. Bar No:                               411612

2. **Student Information**
   Name:                                      Davon Henderson
   DOB:                                       9/15/1996
   Date Hearing Request Filed:                1/17/2005
   Date(s) of Hearing:                        2/17/2005
   Date of Determination (HOD/ SA):           2/22/2005
   Parent/ Guardian Name                      Diane Pixley
   Parent/ Guardian Address                   3044 Stanton Road, SE Apt. # 202
                                              Washington, DC 20020

3. **Invoice Information**
   Invoice Number:                            2797
   Date Request Submitted                     3/17/2005
   Date(s) of Service Rendered.               11/16/2004- 2/23/2005
   Attorney Hourly Rate:                      $ 295.00
   Total Attorney Fees:                       $ 4,690.50
   Total Attorney Costs                       $ 0.00
   Total Experts:                             $ 0.00
   **Total Invoice:**                         $ 4,690.50

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Allservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

_Ellen D. Dalton_                    3- 17- 2005
Signature                            Date

Revised Nov 2004

# Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/17/2005 | 2797 |

1008 Pendleton Street
Alexandria, VA 22314-1837

| Bill To |
|---------|
| Office of the General Counsel
Attention: Mr. James Baxley
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC 20002 |

BILLING #

| Terms | Project |
|-------|---------|
| Net 30 | Henderson, Davon |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 11/16/2004 | PERSONAL CONFERENCE WITH NEW CLIENT; SIGN RETAINER AGREEMENT AND RELEASES. | 1.5 | EDD | 442.50 |
| 11/18/2004 | PREPARE REQUEST FOR RECORDS AND INITIAL CLIENT LETTER | 0.9 | EDD | 265.50 |
| 11/22/2004 | TCW/ MOTHER RE: ADDITIONAL RECORDS | 0.2 | EDD | 59.00 |
| 12/2/2004 | REVIEW ADDITIONAL RECORDS; TC/ TURNER ELEMENTARY RE: RECORD REQUEST. | 0.5 | EDD | 147.50 |
| 12/9/2004 | TCW/ MS. DETWYLER; TCW/ MS. PIXLEY RE: REQUEST FOR RECORDS | 0.3 | EDD | 88.50 |
| 12/13/2004 | MEETING WITH MS. DETWYLER SP.ED. COOR. FOR TURNER ELEMENTARY. | 1.7 | PSD | 501.50 |
| 12/13/2004 | TCW/ MS. DETWYLER; SPECIAL EDUCATION COORDINATOR @ TURNER RE: RECORD REQUEST; PCW/ PSD; REVIEW PRIOR MDT MEETING NOTES. | 0.5 | EDD | 147.50 |
| 12/14/2004 | RECEIVE AND REVIEW NOTICE OF INTENT TO EVALUATE FROM TURNER ELEMENTARY SCHOOL; TCW/ CLIENT RE: EVALUATION. | 0.2 | EDD | 59.00 |
| 1/17/2005 | REVIEW EDUCATIONAL RECORDS RECEIVED FROM DCPS AND MEMO FROM INTERN ON THEORY OF CASE. | 1 | EDD | 295.00 |
| 1/19/2005 | TCW/ MS. PIXLEY RE: BACKGROUND INFORMATION; PREPARE DUE PROCESS HEARING REQUEST AND HEARING REQUEST FORM WITH PROPOSED DATES. | 1.5 | EDD | 442.50 |
| 1/31/2005 | PREPARE CLIENT NOTICE LETTER RE: HEARING DATE AND FORWARD OT EVALUATION TO CLIENT AS WELL AS SCHOOL. | 0.5 | EDD | 147.50 |

| | Total |
|--|-------|

## Balance Due

Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/17/2005 | 2797 |

1008 Pendleton Street
Alexandria, VA  22314-1837

| Bill To |
|---------|
| Office of the General Counsel
Attention:  Mr. James Baxley
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC  20002 |

BILLING #

| Terms | Project |
|-------|---------|
| Net 30 | Henderson, Davon |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 2/7/2005 | PREPARE AMENDED DUE PROCESS HEARING REQUEST;  PREPARE PLACEMENT PACKETS AND FORWARD TO SEVERAL OUT OF GENERAL EDUCATION PLACEMENTS. | 1.5 | EDD | 442.50 |
| 2/9/2005 | REVIEW DOCUMENTS AND DETERMINED WHICH TO USE AS EVIDENCE; TCW/ MOTHER RE: VISITS TO POTENTIAL PLACEMENTS; PREPARE FIVE DAY DISCLOSURE. | 1.5 | EDD | 442.50 |
| 2/10/2005 | TCW/ MS. PIXLEY RE: HER VISIT TO HIGH ROAD SCHOOL; TCW/ HIGH ROAD SCHOOL RE: ACCEPTANCE. | 0.3 | EDD | 88.50 |
| 2/10/2005 | TCW/ MS. DETWYLER AT TURNER REGARDING HER REQUEST FOR ASSISTANCE IN DETERMINING WHETHER OUTSIDE CLINICAL EVAL EXISTS; TC/ CHILD & FAMILY THERAPY CENTER. | 0.3 | EDD | 88.50 |
| 2/16/2005 | TCW/ MS. BAACH; TCW/ MS. YOUNG; TCW/ MS. PIXLEY; PREPARE DIRECT EXAMINATION OF MS. PIXLEY FOR HEARING. | 1 | EDD | 295.00 |
| 2/17/2005 | PERSONAL CONFERENCE WITH CLIENT; DUE PROCESS HEARING. | 2 | EDD | 590.00 |
| 2/23/2005 | READ HEARING OFFICER'S DETERMINATION; TCW/ MS. YOUNG AT HIGH ROAD SCHOOL RE: RECEIPT OF HOD AND INITIATING TRANSPORTATION; PREPARE CLOSING LETTER TO CLIENT. | 0.5 | EDD | 147.50 |

| | Total | $4,690.50 |
|--|-------|-----------|

| Balance Due | $4,690.50 |
|-------------|-----------|

22/22/2225  13:53     2224425556              STUDENT HEARINGS OFF                    PAGE  22/25

# District of Columbia Public Schools

*State Enforcement & Investigation Division*

## *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of ) | **HEARING OFFICER'S** |
| ) | **MEMORANDUM OF** |
| **DEVON HENDERSON**, student ) | |
| Date of Birth: September 15, 1996 ) | **SETTLEMENT AGREEMENT** |
| Petitioner, ) | |
| ) | |
| versus ) | Request Date:   January 17, 2005 |
| ) | Hearing Date:   February 17, 2005 |
| The District of Columbia Public Schools, ) | |
| Home School: Turner Elementary School, ) | Held at:   825 North Capitol Street, NE |
| Attending: Turner Elementary School, ) | Eighth Floor,  Hearing Room 4 |
| Respondent. ) | Washington, D.C. 20002 |

| | |
|---|---|
| **Parent:** | Diane Pixley |
| | 3044 Stanton Road, SE   Apt No 202 |
| | Washington, D.C. 20020 |
| | |
| **Counsel for the Parent/Student:** | Ellen Douglass Dalton, Esq. |
| | **Dalton, Dalton & Houston, P.C.** |
| | 1008 Pendleton Street |
| | Alexandria, Virginia 22314-1837 |
| | |
| **District of Columbia Public Schools:** | Donna Whitman Russell, Esq., Attorney-Advisor |
| | **Office of the General Counsel, DCPS** |
| | 825 North Capitol Street, NE  9th Floor |
| | Washington, D.C. 20002 |

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this SETTLEMENT AGREEMENT as a public record.

i

22/22/2005  13:59    2224425556    STUDENT HEARINGS OFF    PAGE 29/25

## INDEX of NAMES for Davon Henderson

Hearing Date: February 17, 2005

Appearing on behalf of DCPS: None.

Appearing on behalf of the parent/student:

1. Diane Pixley, mother
2. Michelle Young, Director, Primary School, High Road School of Washington, D.C.
3. Tracy Chu, intern, Dalton, Dalton & Houston, P.C.

No testimony was received.

ii

02/22/2005  13:53   2024425555                STUDENT HEARINGS OFF                    PAGE  24/25

## JURISDICTION

The hearing convened under Public Law 105-17, The Individuals with Disabilities Education Act Amendments of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300; and Title V of the District of Columbia Municipal Regulations.

## STATEMENT of the CASE

On January 25, 2005, Counsel for the Parent filed the herein Request for Mediation/ Hearing on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of inappropriateness of placement and, for relief, requested a private placement.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 9:00 A.M., Thursday, February 17, 2005 at DCPS Headquarters, Hearing Room 4, 825 East Capitol Street, NE, 8th Floor, Washington, D.C. 20004.

The hearing officer called the hearing to order as scheduled when the parties announced they had settled.

By facsimile dated February 10, 2005, DCPS disclosed 12 witnesses.

By facsimile dated February 9, 2005, the parent disclosed 6 witnesses and 8 documents. The documents were placed into the record but are not listed here as the parties settled.

## The SETTLEMENT AGREEMENT

1. On an interim basis with transportation and for the balance of the 2004-05 School Year, DCPS agreed to place and fund the student at the Primary School of the High Road School of Washington, D.C., 1246 Taylor Street, NW, Washington, D.C. 20011.

2. DCPS further agreed that DCPS would not propose another educational placement for the student to become effective before September 2005.

3. At the next regularly scheduled MDT meeting, the form, amount and delivery of compensatory education, if any, will be discussed and determined.

1 of 2 pages

02 22 2005  13:59    2024425556                STUDENT HEARINGS OFF                PAGE  25/25

For disputes under this paragraph, either party may
request a hearing.


Date: _FEBRUARY 22, 2005_

H. St. Clair, Esq., Hearing Officer


Issued: ___2/22/05___
Student Hearing Office, DCPS


2 of 2 pages

Law Offices
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston+°
Talib S. Abdus-Shahid+
Laura E. Duos+

* ADMITTED IN VA & W.VA
+ ADMITTED IN D.C
° ADMITTED IN PA.
□ ADMITTED IN MD.
° ADMITTED TO THE U.S. SUPREME COURT

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

April 5, 2005

1st BILLING
(Inv #2624)

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:      **Billing for the case of:**   **Kahlil Epps**
         **Services Rendered :**        **9/16/2004- 3/3/2005**
         **Total Bill:**                **$ 12,980.00**
         **Current Payment Request: $ 12,980.00**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after May 5, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
525 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
102-442-5000    Fax: 202-442-509
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: Ellen Dalton
   Federal Tax ID No: 54-1647932
   D.C. Bar No: 411612

2. **Student Information**
   Name: Kahlil Epps
   DOB: 10/31/1991
   Date Hearing Request Filed:
   Date(s) of Hearing: 3/16/2005
   Date of Determination (HOD/ SA): 3/17/2005
   Parent/ Guardian Name
   Parent/ Guardian Address

3. **Invoice Information**
   Invoice Number: 2795
   Date Request Submitted 4/6/2005
   Date(s) of Service Rendered: 1/11/2005- 3/30/2005
   Attorney Hourly Rate: $ 295.00
   Total Attorney Fees: $ 12,980.00
   Total Attorney Costs $ 0.00
   Total Experts: $ 0.00
   Total Invoice: $ 12,980.00

4. Certification (must be signed by principal attorney)

   I certify that all of the followwing statements are true and correct

   • Allservices listed on the enclosed invoices were actually performed;
   • The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   • The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   • No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   • I understand that the making of a false statement to an agency of the D.C. Government is punishabibe by criminal penalties pursuant to D.C Code § 22- 2405.

_Ellen D. Dalton_        4/8/05
Signature             / Date

Revised Nov 2004

# Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 12/*/2004 | 2624 |

1008 Pendleton Street
Alexandria, VA 22314-1837

Bill To

Office of the General Counsel
Attention: Ms. Erika L. Pierson
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC 20002

BILLING #

| | Terms | Project |
|---|-------|---------|
| | | Epps, Kahlil |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 9/16/2004 | SEVERAL TCW/ CLIENT; REVIEW SPEECH & LANGUAGE EVALUATION; TC/ DR. COHN. | 0.4 | EDD | 118.00 |
| 11/1/2004 | TCW/ MS. HALL @ SHO TO CONFIRM DATE OF HEARING. | 0.2 | EDD | 59.00 |
| 1/4/2004 | PREPARE LETTERS TO LAB SCHOOL AND NICOLE SAMPSON RE: NOTICE OF HEARING DATE; RESPOND TO CLIENT'S EMAIL. | 0.8 | EDD | 236.00 |
| 11/5/2004 | PERSONAL CONFERENCE WITH EXPERT, NICOLE SAMPSON RE: PREPARATION FOR TESTIMONY. | 1 | EDD | 295.00 |
| 11/22/2004 | RESPOND TO EMAIL FROM MOTHER AND DR. SAMPSON. | 0.2 | EDD | 59.00 |
| 11/23/2004 | TCW/ KAREN DUNCAN TO SCHEDULE TIME TO PREPARE INDIVIDUALS FORM LAB SCHOOL FOR TESTIMONY AT DPH; TC/ MS.LILLY RE: MS. SELDAN; READ AND WRITE EMAIL TO MICHELLE GIPS. | 0.5 | EDD | 147.50 |
| 11/29/2004 | TCW/ MS. SAMPSON; TCW/ LAB SCHOOL;TCW/ CLIENT; REVIEW ALL DOCUMENTS AND DETERMINE THOSE TO BE UTILIZED AS EXHIBITS; PREPARE FIVE DAY DISCLOSURE; DELIVER DISCLOSURE TO SHO AND OFFICE OF GENERAL COUNSEL. | 3.9 | EDD | 1,150.50 |
| 11/29/2004 | TCW/ ATTY BENNETT RE: DCPS'S FIVE DAY DISCLOSURE; GRANT 1 DAY EXTENSION FOR FILING THEIR DISCLOSURE. | 0.2 | EDD | 59.00 |
| 12/1/2004 | PREPARATION AND TCW/ NICOLE SAMPSON REGARDING HER EXPERT TESTIMONY AT HEARING. | 1.5 | EDD | 442.50 |

| | Total | $2,566.50 |
|---|-------|-----------|

Balance Due $2,566.50

1 of 5

# Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 12/7/2004 | 1624 |

1008 Pendleton Street
Alexandria, VA 22314-1837

| Bill To |
|---------|
| Office of the General Counsel
Attention: Ms. Erika L. Pierson
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC 20002 |

| BILLING # |
|-----------|
| |

| Terms | Project |
|-------|---------|
| | Epps, Kahlil |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 12/2/2004 | PREPARE DIRECT EXAMINATION OF MS. SAMPSON; REVIEW DCPS 5 DAY DISCLOSURE; STRATEGISE THEORIES AND ARGUMENTS TO BE MADE; REVIEW PAST PSYCHO-ED WITH CURRENT PSYCHO-ED; TCW/ MS. SAMPSON; TCW/ MS. EPPS; PREPARE EMAIL TO MS. EPPS; TC/ MS. WALLNER; TC/ MS. GIPPS. | 3.5 | EDD | 1,032.50 |
| 12/3/2004 | PREPARE DUE PROCESS HEARING BOOK WITH WITNESS QUESTIONS AND EXHIBITS; PREPARE MICHELLE GIPS FOR HER TESTIMONY. | 3 | EDD | 885.00 |
| 12/3/2004 | TRAVEL TO LAB SCHOOL AND PREPARE WITNESSES FOR TESTIMONY AT DPH. | 2.5 | EDD | 737.50 |
| 12/5/2004 | PREPARE DIRECT EXAMINATION OF CLIENT; NEELA SELDIN; KRISTIN WALLNER; LYNN REICHART; MICHELLE GIPPS; TCW/CLIENT; TCW/ MS. GIPS; PREPARE OPENING; PREPARE POINTS TO COVER; REVIEW DOCUMENTS IN FIVE DAY DISCLOSURE. | 4 | EDD | 1,180.00 |
| 12/6/2004 | TRAVEL TO DUE PROCESS HEARING; PRESENT OPENING STATEMENT AND CROSS EXAM DCPS WITNESSES; TRAVEL TO OFFICE. | 4.5 | EDD | 1,327.50 |

| | Total | $5,162.50 |
|-|-------|-----------|

Balance Due $7,729.00

2 of 5

Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 1 4/2005 | 2624 |

1008 Pendleton Street
Alexandria, VA  22314-1857

BILLING #

| Bill To |
|---------|
| Office of the General Counsel
Attention:  Ms. Erika L. Pierson
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC  20002 |

| | Terms | Project |
|--|-------|---------|
| | | Epps, Kahlil |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 12/8/2004 | PERSONAL CONFERENCE WITH ASSOCIATES REGARDING INTERPRETATION OF STANDARD SCORES VS. GRADE EQUIVALENTS ON PSYCHO-EDUCATIONAL TESTING. | 1 | EDD | 295.00 |
| 2/10/2004 | LETTER TO LAB SCHOOL. | 0.5 | EDD | 147.50 |
| 2/15/2004 | TCW/ DR. SAMPSON RE: HER EXPERT TESTIMONY AT DPH AND NEW DATE FOR HEARING | 0.2 | EDD | 59.00 |
| 12/16/2004 | REVIEW DCPS'S SUPPLEMENTAL FIVE DAY DISCLOSURE; REVIEW PARENT'S EXHIBITS RELATIVE TO NEW WITNESSES TESTIMONY; LENGTHY TCW/ MS. EPPS. | 1.9 | EDD | 560.50 |

| | Total | $1,062.00 |
|--|-------|-----------|

**Balance Due**   $ 8,791.00

Dalton, Dalton & Houston, P.C.

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/1/2005 | 2627 |

1008 Pendleton Street
Alexandria, VA 22314-1837

| Bill To |
|---------|
| Office of the General Counsel
Attention: Ms. Erika L. Pierson
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC 20002 |

BILLING #

| Terms | Project |
|-------|---------|
|       | Epps, Kahlil |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 1/28/2005 | TCW/ KAREN DUNCAN; NEELA SELDAN AND LYNN REICHART (WITNESSES FROM THE LAB SCHOOL FOR UPCOMING HEARING. | 1 | EDD | 295.00 |
| 1/29/2005 | PREPARE EMAILS TO WITNESSES CONFIRMING TIME NEEDED AT DUE PROCESS HEARING. PREPARE EMAIL TO CLIENT RE: TENTATIVE WITNESS SCHEDULE. | 0.9 | EDD | 265.50 |
| 1/31/2005 | REVIEW RECORDED TESTIMONY BY DCPS WITNESS FROM 1ST DATE OF HEARING; REVIEW EVIDENTIARY EXHIBITS; MAKE NOTES RE: IMPORTANT POINTS TO COVER AT HEARING. | 0.9 | EDD | 265.50 |

| | Total | $826.00 |
|--|-------|---------|

Balance Due  $9,617.00

4 of 5

Dalton, Dalton & Houston, P.C.

# Invoice

1008 Pendleton Street
Alexandria, VA  22314-1837

| Date | Invoice # |
|------|-----------|
| 4-4-2005 | 2424 |

BILLING #

Bill To

Office of the General Counsel
Attention:  Ms. Erika L. Pierson
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC  20002

| Terms | Project |
|-------|---------|
| Net 30 | Epps, Kahlil |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 2/1/2005 | REVIEW AND RESPOND TO E-MAIL FROM CLIENT; TCW/ MS. GIPPS; WITNESS PREPARATION; TCW/ MS. WALLNE; PREPARE FAX TO MS. SELDIN; PREPARE E-MAIL TO MS. GIPPS; REVIEW PSYCHO- EDUCATIONAL AND QUESTION FOR EXPERT; TC/ DR. SAMPSON. REVIEW QUESTIONS FOR PARENT; PREPARE NOTES RE: CLOSING ARGUMENT | 3.5 | EDD | 1,032.50 |
| 2/2/2005 | DUE PROCESS HEARING (FULL DAY) | 6 | EDD | 1,770.00 |
| 2/14/2005 | PREPARE CLOSING LETTERS TO WITNESSES | 0.9 | EDD | 265.50 |
| 2/23/2005 | TCW/ MR. SMITH; TC/ MS. EPPS RE: HOD | 0.4 | EDD | 118.00 |
| 3/2/2005 | RECEIVE HOD: TCW/ MS. DUNCAN @ THE LAB SCHOOL: TCW/ MS. EPPS. FORWARD HOD TO PARENT AND SCHOOL | 0.4 | EDD | 118.00 |
| 3/3/2005 | TC/ DR. NICOLE SAMPSON: TC/ MS. GIPPS RE: HOD | 0.2 | EDD | 59.00 |

| | Total | $3,363.00 |
|---|-------|-----------|

Balance Due $12,980.00

5 of 5

03/02/2005  12:22    2024425556              STUDENT HEARINGS OFF                    PAGE  22/19

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## STATE ENFORCEMENT & INVESTIGATIONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capital Street, 8ᵗʰ Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| | ) | **HEARING OFFICER'S DECISION**[1] |
| Kahlil Epps ("Student") | ) | |
| Date of Birth:  July 14, 1996 | ) | Hearing Dates: December 6, 2004; |
| Petitioner, | ) | December 22, 2004, February 2, 2005; |
| | ) | Record Closed February 9, 2005. |
| | ) | |
| v. | ) | Held at:  825 North Capitol Street, NW |
| | ) | 8ᵗʰ Floor |
| | ) | Washington, DC 20002 |
| District of Columbia Public Schools | ) | |
| 825 North Capitol Street, NW | ) | School: |
| Washington, DC 20002 | ) | The Lab School of Washington |
| ("DCPS" or "District") | ) | |
| | ) | Hearing Request: |
| Respondent. | ) | October 20, 2004 |


Counsel for parent:

Ellen Douglas Dalton, Esq.
1008 Pendleton Street
Alexandria, Virginia 22314-1837


Counsel for DCPS:

Melissa Bennett, Esq.
District of Columbia Public Schools,
9ᵗʰ Floor
Washington, DC 20002

825 North Capitol Street, NW

---

[1]  An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Hearing Officer's Determination as a public record.

23/22/2885  12:22   2824425555        STUDENT HEARINGS OFF                PAGE  89/19

## INDEX OF NAMES

Kahlil Epps v. DCPS

| | |
|---|---|
| Speech and Language Therapist, DCPS | Ms. Toni Carroll-Wills |
| Psychologist, DCPS | Ms. Harriet Kuhn |
| Special Education Teacher, DCPS | Ms. Stephanie Owens |
| Special Education Coordinator, DCPS | Dr. Shellie Wood |
| Lab School, Psychologist | Dr. Nicole Sampson |
| Lab School, Speech & Language Therapist | Ms. Kristin Wallner |
| Lab School Teacher | Ms. Lynn Reichert |
| Lab School, Coordinator, Lower School | Ms. Neela Seldin |
| Lab School, Speech & Language Therapist | Ms. Michelle Gipps |
| CHILD AND CHILD'S DCPS ID # or SSN ( ID # or Case Number on each page of the HC vice child's name) | |
| Child's Parent(s) (specific relationship) | Mr. Leon Epps & Mrs. Diana Harris Epps |
| Child/Parent's Representative | Ellen Douglas Dalton, Esq. |
| School System's Representative | Melisa D. Bennett, Esq. |
| Observer | Ms. Jessica Smith |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

03/22/2005  10:22  2024425555                STUDENT HEARINGS OFF                PAGE  04/19

### INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400
### DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### IMPARTIAL DUE PROCESS HEARING

**INTRODUCTION:**

A Due Process Hearing was convened on December 6, 2004, continued to December 22, 2004 and concluded on February 2, 2005, with the record closing February 9, 2005. The Hearing was held at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C. 20002. The Hearing was held pursuant to a hearing request submitted by counsel for the parent dated October 20, 2004.

**ISSUE:**

1. Whether DCPS denied the student a Free Appropriate Public Education ("FAPE") by not classifying the student as having a specific learning disability on his initial Individualized Educational Plan ("IEP") dated June 24, 2003?

2. Whether DCPS failed to provide the student with the required number of speech & Language services during the 2003-2004 school year?

3. Whether DCPS failed to provide the student an appropriate IEP and placement for the 2004-2005 school year?

4. Whether the Lab School of Washington is an appropriate placement for the student?

**JURISDICTION:**

The Hearing was held and this decision was written pursuant to the *Individuals with Disabilities Education Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the *Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145,* effective October 21, 1998.

**DUE PROCESS RIGHTS:**

Counsel for the parent waived a formal reading of the due process rights.

**FINDINGS OF FACT:**

1. The student is currently attending the Lab School of Washington ("Lab School") in the third grade. He started at the Lab School with the beginning of the 2004-2005 school year. The Lab School is a private special education day school for students with learning disabilities.[2]

---

2        KE-29

09/01/2005  12:22   2224425556   STUDENT HEARINGS OFF   PAGE 25/19

2.      Prior to attending the Lab School, the student was enrolled with DCPS at the Janney Elementary School ("Janney"), from Kindergarten up to and including the second grade, through school year 2003-2004.

3.      The mother testified that she and her husband had first noticed that the student had problems in Kindergarten at Janney. The student has reading difficulties and will reverse his letters and some numbers. He also has oral comprehension problems and difficulty with following directions. While at Janney, before being in special education, he had a reading teacher and participated in reading and other programs offered by Janney, including speech and language services. He also had private tutors. She testified that she spoke with the student's teacher in the fall of 2002 about having the student tested, but nothing was done. Therefore, she arranged for private testing from Kingsbury Diagnostic & Psychological services ("Kingsbury"), which was initiated in November 2002.

4.      The mother testified that in the fall of 2002, she attended a parent teacher conference and was surprised that the principal, Dr. Charles Abelmann was participating in the conference. Dr. Abelmann told the mother that he did not feel that the student should be tested. However, the student went through the private testing in December after the Christmas break. The parents also hired a person from the Kingsbury to teach the student reading twice a week.

5.      Ms. Rebecca Brudnick testified for DCPS. Ms. Brudnick was the student's first grade teacher. She testified that she recognized that the student had reading disabilities and would benefit from intervention from a reading specialist. Ms. Brudnick said that she mentioned testing to the mother and said that it would be good for the student and that Janney could do it. She also said that the mother brought up private testing and gave her some forms to complete. Ms. Brudnick also explained the Teacher Assistance Team ("TAT") process to the mother, but that the mother declined the testing. She said that the mother did not want the student labeled or singled out.

6.      In January 2003, the mother obtained an independent evaluation of the student which was performed by Kingsbury. The student was six (6) years old at the time. Among other things, Kingsbury recommended that the student be re-evaluated in one year with regard to his academic skills. The Kingsbury report also recommended that a speech and language evaluation be conducted to clarify the student's difficulties with speech and language skills.[3]

7.      A TAT meeting was held at Janney on February 5, 2003. The participants at this meeting included the mother, Ms. Maureen Leventhel, School Counselor, Ms. Barbara Murphy Reading Teacher and Ms. Rebecca Brudnick, Classroom Teacher.[4] The team discussed the problems the student had with reading and discussed certain accommodations. The team concluded that the student should continue working in a small reading group and that the meeting would be reconvened when the parents provided Janney with the private testing of the student that they had initiated on their own.

8.      On March 10, 2003, the parents signed the "Consent for Evaluation – Initial or Reevaluation" form, necessary for having DCPS evaluate the student.[5]

---

[3]     KE-5
[4]     KE-6
[5]     KE-8

03/02/2005  12:22    2024425559         STUDENT HEARINGS OFF                      PAGE  26/19

9.      A private Speech and Language Evaluation Pathology report was completed on March 14, 2003 and diagnosed the student as having expressive language disability, resulting in poor word retrieval, slow rapid naming, delayed sentence complexity, poor phonemic awareness and reading spelling and writing challenges.[6] The report recommended the student for language and reading intervention, the computer program "Earobics" and concurred with the recommendations in the Kingsbury report.[7]

10.      On April 27, 2003, the mother wrote a letter to Dr. Charles Abelmann, Principal of Janney stating that the parents had enlisted the services of Ms. Michelle Gipps, to help the student with speech & language therapy.  The mother requested that Ms. Gipps be permitted to come to Janney and pick up the student during the school day so that she could perform speech & language therapy.[8]

11.      On April 27, 2003, the mother wrote a letter to Dr. Abelmann granting permission for the appropriate DCPS representative to observe the student in his classroom in preparation for a Multi-Disciplinary Meeting ("MDT").  The parent expressed concern that the meeting be held before the end of the school year, which was the 2002-2003 school year.[9]

12.      DCPS conducted a "Psychoeducational Evaluation Review" ("Review") of the Kingsbury report dated June 15, 2003.[10] The review was completed by Harriet Lurensky Kuhn, DCPS School Psychologist.  Among other things, her report stated:

"In conclusion, it appears that (the student) meets the eligibility criteria for special education services under Public Law 105-17 as a Learning Disabled student."

The Review also recommended that the student:

"1.)     Would benefit from part-time special education instruction where he will be able to learn strategies to improve reading skills.  He is in need of extended time for standardized tests and classroom examinations.

2.)     Counseling services should be provided to (the student) once a week for thirty minutes to aid in improving self confidence for academic tasks and concentration and focus in the classroom setting."

The Kingsbury report did not recommend that the student receive counseling services.

13.      DCPS conducted a Speech Language Review on June 18, 2003.[11] The report found that the student demonstrated weakness in expressive language skills and phonological processing deficits and that the weaknesses may be contributing to the student's overall academic success.  Accordingly, it

---

6       KE-7
7       Id.
8       KE-9
9       KE-10
10      KE-11
11      KE-12

was recommended that speech and language therapy services for the student be initiated, focusing on increasing the student's expressive language abilities and phonological processing skills.

14.   On June 24, 2003 an MDT meeting was held.  The participants at this meeting included the mother, Ms. Amy Simonsen, Special Ed Teacher and LEA Representative as well as the Principal's designee, Ms. Rebecca Brudnick, General Ed Teacher, Ms. Harriet Kuhn, School Psychologist, Ms. Toni Carroll, Speech and Language Pathologist, Ms. Barbara Murphy, Reading Specialist and Ms. Michelle Gipps, the private Speech and Language Pathologist. The MDT found the student eligible for special education and an Individualized Education Plan ("IEP") was developed classifying the student as a speech & language impaired student.  The IEP provided services for 5 hours a week consisting of 1 hour a week for speech & language therapy and 4 hours a week for specialized instruction, of which 2 hours were in a general education setting and 2 hours a week in a special education setting.[12]

15.   Ms. Toni Carroll testified at the Hearing on behalf of DCPS. Ms. Carroll is the speech/language therapist at Janney.  She testified as an expert in speech and language therapy.  She had participated in the student's eligibility meeting on June 24, 2003 that found the student eligible for special education as speech & language impaired.  She said that the Kingsbury evaluations (KE-05 and KE-07) indicated that the student had a learning disability in addition to being speech and language impaired. However, Ms. Kuhn LD was not included in the IEP because the mother was opposed to the label.  Ms. Carroll was not certain if LD was discussed at the June 24, 2003 MDT/Eligibility meeting. She said that the mother wanted the speech and language classification rather than the LD. Ms. Carroll also testified that counseling was recommended, but he parents did not feel that counseling services were needed.

16.   Ms. Carroll acknowledged that in the June 24, 2003 MDT/IEP meeting, that there was no documentation that the parents refused to have the student classified as LD in addition to speech and language impaired.  Also, that counseling was not recommended in the Kingsbury evaluation, but only by Ms. Kuhn, the DCPS person who had reviewed the Kingsbury evaluation, but who had not actually tested the student.

17.   Ms. Carroll testified that the student was one of her students during the 2003-2004 school year at Janney. Ms. Carroll reviewed the speech and language evaluation prepared by Kingsbury (KE-07) and prepared her own report (KE-12). The Kingsbury report showed that the student had poor phonic awareness skills.

18.   Ms. Carroll testified that the student had been making steady progress.  He was in a group of 3 students, including him. He had difficulty with phonemic skills. Ms. Carroll testified that the parents' outside speech and language person participated in developing the speech and language goals.

19.   The parent questioned the DCPS representatives of the MDT as to why the student was not classified as learning disabled and was informed that notwithstanding the Kingsbury report (KE-5) and the DCPS Review (KE-11), the student did not qualify as learning disabled and that he would receive the same services anyway.[13]

---

12    KE-13
13    Testimony of the mother

03/22/2005  12:22    2224425556         STUDENT HEARINGS OFF                    PAGE  29/19

20.    The mother testified about the June 24, 2003 MDT IEP meeting. She said the classification process was not clearly explained to her as to what the classifications meant and what difference it would make in terms of services to be provided. She said that she never said that she did not want the student classified as LD and that the multiple disability classification was not explained and that she requested clarification from Janney. She said that she was not aware of the different classifications and suggested speech and language in order for the student to receive services. She testified that the DCPS representatives said that he would receive the same services regardless of the classification. She said this meeting was held on the last day of the school year and it appeared to her that the staff was anxious to leave. In any event, the parent signed the IEP, agreeing to the contents thereof.

21.    Following the determination of eligibility, a Initial Placement was issued placing the student at the Janney.

22.    By letter dated November 20, 2003, the mother expressed concern with the student's progress and requested a meeting to discuss the student's IEP.[14]  At the parent's request, the meeting went forward on December 3, 2003. Attendees at this meeting included the mother, Dr. Charles Abelmann, Principal Ms. Dalda Butler, Teacher, Ms. Toni Carroll, Speech Pathologist and Ms. Stephanie Owens, Special Ed Teacher. Among other things, the MDT discussed the student's speech & language services. Also, the mother expressed her desire to review the student's disability classification at the end of the year.[15]  The mother also requested clarity about why the student was not classified as learning disabled.[16]

23.    At the Hearing, Ms. Stephanie Owens testified on behalf of DCPS. Ms. Owens is the special education teacher at Janney. Ms. Owens testified that she was the student's teacher while he was in the second grade at Janney during the 2003-2004 school year; she was not involved with his initial eligibility determination, but participated in the December 3, 2003 MDT meetings. She testified that progress reports for the second grade showed that the student made progress with regard to his IEP goals, as set forth in his initial IEP of June 24, 2003.[17]  He was in an inclusive setting except for the times he was pulled-out for his special education and speech & language services.

24.    Ms. Owens testified that she did recall a discussion at the December 3, 2003 MDT meeting about whether the student should be classified as LD and that the Kingsbury Report (KE-05) recommended a 504 Plan for the student. Ms. Owens also testified that the team had decided to code him multiple disabled, but that the mother did not want that. Ms. Owns also testified that counseling for the student was recommended in order to help him understanding his learning issues. Ms. Owens testified that the mother was opposed to counseling, so it was not included in the student's IEPs.

25.    Ms. Carroll participated in the December 3, 2003 MDT meeting. She said that the team discussed the student's classification. She said the team discussed the multiple disabled classification with the objective of changing the student's disability classification. She said the mother had concerns with changing the classification, so it was not changed.

---

14    KE-15
15    KE-16
16    KE-16, page 3 of 7
17    DCPS-01, 02, 03 and 04.

03/21/2025   12:23     2204425556          STUDENT HEARINGS OFF          PAGE 29/19

26.     Ms. Harriet Kuhn testified for DCPS. Ms. Kuhn is the school psychologist at Janney. Ms. Kuhn had not worked with the student and knew him through the testing that had been conducted. Ms. Kuhn testified that she reviewed the Kingsbury evaluation of the student (KE-05), which does not conclude that he classifies as LD. She testified that from her review of the student's test scores she concluded that the student would benefit from specialized instruction. Ms. Kuhn testified after discussions with the parents and their concerns about the LD label, the MDT concluded that the student should be classified as speech & language impaired and not LD.

27.     Ms. Kuhn testified that she had also recommended counseling, but the mother was opposed to it. Ms. Kuhn said that she felt the student needed counseling to address behavior issues and to help his self-esteem. She acknowledged that the Kingsbury report that she reviewed did not recommend counseling for the student. It was Ms. Kuhn's conclusion that the student should be in a part-time special education placement and that he would not benefit from a full-time placement. Ms. Kuhn did not attend the December 3, 2003 MDT meeting where the MDT notes reflect that the mother had a question about why the student was not LD. Ms. Kuhn further said that she had no written report of any contact by Dr. Abelmann regarding the possibility that the student was LD.

28.     The mother attended another MDT/IEP meeting on December 3, 2003. At this meeting, she sought clarification about the student's disability classification. She said that she requested additional services. She testified that she did not tell Janney at the meeting that she did not want the student labeled as LD.

29.     On May 11, 2004 an IEP was developed for the student that increased his services by 1 hour a week; form 5 hours a week to 6 hours a week. The increase was due to an increase of ½ hour for specialized instruction and ½ hour for speech & language services. The mother signed the IEP agreeing to its contents.[18]

30.     Ms. Carroll testified that there was no discussion at this meeting about inadequate speech and language services and no request for tracking forms after the May 11, 2004 meeting. She said that the student got all of his speech and language services except when he was absent or when she had to attend IEP meeting for other students. The student was not offered compensatory education for missed services. However, Ms. Carroll said that Extended School Year ("ESY") services were offered, but the parents had arranged for outside services. However, Ms. Carroll testified that she did not recall if ESY was thoroughly explained at the meeting. Also that she did not recall any discussion about missed speech and language services being offered in the summer.

31.     By letter dated May 21, 2004, the mother wrote Dr. Abelmann expressing some concerns with the May 11, 2004 IEP. The concerns that she wanted addressed were his speech services, a need for the student to be in a small classroom setting during the 2004-2005 school year and that the Janney staff make use of specific educational tools for he student.[19]

---

[18]    KE-17
[19]    KE-18

32.    Dr. Abelmann responded to the mother's letter in his letter dated May 27, 2004, in which he advised the mother that he could not assure that the student would be in a smaller educational setting for the 2004-2005 school year.[20]

33.    A private "Psychoeducational and Clinical Evaluation" of the student was conducted on July 12 and July 16, 2004 by Maria Cohn, Ph.D. The report of the evaluation recommended that the MDT consider classifying the student as having a specific learning disability and that he should be enrolled in a separate day school program for students with learning and language disorders and in small classes.[21]

34.    A private Speech-Language Evaluation was conducted of the student on July 15, 2004.[22] The report of the evaluation indicated that there was a family history of dyslexia.

35.    By letter dated August 18, 2004, the parents, through counsel, expressed concern with the amount of speech and language services the student had been receiving and that Janney had not classified the student as having a specific learning disability. The letter also stated that due to the parents' dissatisfaction with the services the student had been receiving, they had explored alternative schools and that the Lab School had offered him a placement for the 2004-2005 school year. The letter went on to state that it was serving as the required "10 day notice" of the parents intent to place the student at the Lab School. However, it was also the intent of the parents to do so on an interim basis until DCPS reconvened an MDT meeting to consider the new evaluations that had been conducted that had been forwarded to Janney by the mother, develop a new IEP and determine an appropriate placement. The letter offered 4 dates for holding the MDT meeting, August 26, 27 and 31 and September 1 and 3, 2004. An IEP was developed (KE-26) that added the disability classification of LD, but did not accept the parents request for a full-time placement; consequently, the student remained at the Lab School.

36.    DCPS School Psychologist, Harriet Kuhn conducted a Psycho-Educational Evaluation Review the report of which was issued on September 24, 2004.[23] The report stated that the student "meets the eligibility criteria for special education services under Public Law 105-17 as a learning disabled student."[24] The report also recommended Janney as a placement for the student because, among other things, he would be in a classroom with a small student to teacher ratio. The report also recommended that counseling services be provided to aid the student in improving his self confidence for academic tasks and concentration and focus in the classroom setting.

37.    DCPS also conducted a speech and language review and issued a report September 24, 2004.[25] The report recommended the student for continued speech and language services to address expressive and receptive language delays and increase phonemic awareness skills. The report also recommended continued therapy to focus on improving the student's ability to follow, multi-step oral and written directions, sequencing information, understand word relationships and multiple meanings of

20    KE-19
21    KE-21
22    KE-22
23    KE-24
24    KE-24, page 5
25    KE-25

03/02/2005  12:22  2224425558          STUDENT HEARINGS OFF                    PAGE  11/19

words and teach strategies to increase phonemic awareness skills.  The report recommended 1 hour a week of speech and language therapy.

38.    An MDT meeting was conducted on September 27, 2004 at Janney.  The student at that time had been place by his parents in Lab School.  The participants at this meeting were the mother, Dr. Shellie Wood, Special Ed Teacher and LEA Representative, Rona Walters, General Ed Teacher, Scott Cartland, Principal, Toni Carroll, Speech/Language Therapist, Ellen Dalton, Esq., the attorney for the parents and Harriet Kuhn, School Psychologist.  An IEP was developed for the student that increased his total specialized instruction and speech-language services to 11.50 hours per week.  This was an increase of 5 hours over the previous IEP developed May 11, 2004 (KE-17).  The parents did not agree with this IEP and therefore, did not sign it.[26]

39.    Ms. Owens testified that the mother had asked her to tutor the student over the 2004 summer and that she had agreed to do so.  However, when she approached Dr. Abelmann with this, she was told that it would be a conflict because of the possibility of a Due Process Hearing.

40.    Dr. Shellie Woods testified for DCPS as an expert in special education.  Dr. Woods is a special education coordinator at Janney and would have provided services to the student had he remained at Janney for the 2004-2005 school year.  Dr. Woods had not worked with the student, but knew of him as a result of the weekly staff meetings at Janney.

41.    Dr. Woods was involved with the last MDT/IEP meeting at Janney on September 27, 2004.  She said the meeting was held then because the parents had new evaluations documents submitted to Janney which did not arrive until the third week of September 2004.  Dr. Wood testified that it was her recollection that after a review of the new Psychoeducational Evaluation (KE-21) and Speech and Language Evaluation (KE-22), the mother was willing to accept LD as the student's disability so he was classified as multiple disabled.

42.    Dr. Woods testified that the classroom that would have been provided to the student was described to the parents.  It was a multi-age class with 12 third grade students and 10 fourth grade students.  There was 1 teacher, a reading specialist and a math teacher who co-teach with the classroom regular education teacher.

43.    Dr. Woods testified that counseling was recommended because the student had exhibited behavior issue, but the parents did not want the counseling feeling it was a stigma; consequently, it was not included in the IEP.  Dr. Wood testified that she felt counseling would have helped the student interact with his non-disabled peers because he would have an understanding of his learning style.

44.    Dr. Woods acknowledged that Janney was aware of the student's learning disabilities since first grade, but that it was the impression about the parents from conversations with Janney staff that parents were sensitive to their child being labeled in any way and did not want him singled out.  Dr. Woods did not have any personal knowledge that the parents had refused to let DCPS evaluate the student.

---

[26]    KE-25

23/01/2005  13:22    2224425556          STUDENT HEARINGS OFF                    PAGE  12/19

45.    The student had been tested at Janney for speech and language issues and phonemic awareness. In March of 2003, the parents' private speech-language tutor went to Janney to request that she have access to the student to provide private speech and language services, but the school would not cooperate and allow an outside person to come into the school to provide services, so it was arranged to use a library.

46.    Janney did not offer services during the summer of 2003 and therefore, services began in the beginning of the 2003-2004 school year. The student was in the second grade and participated in speech and language services at Janney. The student's teacher indicated that the student needed help in reading. The student's report card also indicated that the student did not participate in class.

47.    The student also received services from Ms. Owens and Ms. Carroll of Janney and from Ms. Michelle Gipps a private speech and language therapist. The mother also arranged for a teacher at Janney to provide services to the student 3 morning a week to make sure he understood his homework. She said that the student functioned better in a smaller setting. She testified that the student did make progress at Janney in math, but still struggled with reading and still required speech and language services.

48.    The mother testified that at the end of the second grade in 2004, she had communicated to the principal about having smaller classes for the student for the 2004-2005 school year. Also, the parents had started to look into private schools and therefore asked Janney for letters of recommendations from the teachers.

49.    In the spring of 2004 the mother asked Ms. Owens if she could spend more time with the student and initially Ms. Owens agreed to do so, but subsequently declined, because Dr. Abelmann said that it would be a conflict of interest.

50.    The mother testified that the parents had looked into placing the student in the Lab School, but did not hear from them until August 2004, at which time he was enrolled. The Lab School required more evaluation and concluded that he should be in a small class with students with reading difficulties. There is a family history of dyslexia.

51.    At the Lab School, the student is receiving his services within the school day; accordingly, he no longer requires the private tutors. The mother said that the student's self esteem is better and that he is usually taught one-on-one.

52.    When asked about counseling that Janney had recommended, the mother testified that the need for the counseling was not explained by Janney and the student had no disciplinary issues while attending Janney. Also, the Kingsbury report did not recommend any counseling, so she did not understand why Janney was recommending it. He does not receive counseling at the Lab School.

53.    Dr. Nicole Sampson testified on behalf of the parents as an expert in child psychology. Dr. Sampson works in the same private practice group as Dr. Marie Cohn who performed a Psychoeducational and Clinical Evaluation of the student on July 12 and 16, 2004. Among other things, the report of the evaluation concluded that the student should be classified as having a specific learning disability and should be enrolled in a separate day school program for students with learning disabilities

and small student - to - teacher ratio. Dr. Sampson testified that the student has relative weaknesses in phonological awareness – the ability to separate words into small parts. Also, with regard to reading he has problems with site word reading and functions in the low average range. His memory is average to above and his math skills are low average to high average. He is not on grade level and functions at about the 1.8 grade level. He is not performing up to his cognitive potential in reading and writing. He has a reading disorder and deficits in written expression and is significantly below grade level in view of his cognitive level. She testified that he meets the criteria for LD regarding reading and writing. Dr. Sampson testified that she reviewed the Kingsbury evaluation and agreed that it does not make a specific recommendation for LD. However, at the time the student was tested, he was 6 and too young for a definitive conclusion about LD.

54.  Dr. Sampson testified that the student requires a separate placement in a school for children with LD and that he needs support across the board. And whereas third grade children read to learn, he is still learning to read. He is generally a happy normal child, but he is aware of his deficits.

55.  Dr. Sampson testified that there is a family history of dyslexia. She testified that it is a neurological disorder and he has difficulty translating language into thought. It affects his reading, spelling and sometimes math. Dr. Sampson concluded he needs a full time placement notwithstanding the services that have been provided to him. Dr. Sampson testified that the student had made some improvement in math, but declined in reading and writing.

56.  Dr. Sampson said that the student does not require counseling at the Lab School, but would have required it if he had stayed at Janney in a part-time program. This would have resulted from his anxiety and his self-esteem that would have surfaced as an issue when he compared himself to his non-disabled peers. Dr. Sampson does not recommend counseling.

57.  Dr. Sampson testified that she was familiar with Janney and had observed a math class and spoke with the teacher.

58.  Ms. Kristin Wallner testified for the parents. Ms. Wallner is the speech and language pathologist assigned to the student at the Lab School. She testified that the student has strengths in receptive language and good vocabulary. His weaknesses include working memory, the ability to follow directions, auditory discrimination, which affects his ability to process information. He has difficulty in retrieving information- how to pull out the words he needs, difficulty with grammar specifically organizing ideas. She concluded that the student had not made adequate progress from year to year and that some of his scores went down.

59.  Ms. Wallner testified that at the Lab School the student has started to raise his hands to answer questions and sees himself as a reader, although he is still struggling. She felt that he should be in a full time placement in a special education setting with a small student to teacher ratio with teachers especially trained in multi-sensory methods in order for him to gain progress. She felt a part-time placement would not help him make adequate progress.

60.  Ms. Lynn Reichert testified on behalf of the parents. Ms. Reichert is a full-time special education teacher at the Lab School, the student is in her class. She testified that Ms. Kuhn form Janney observed her class. She testified that the student in comparison with the other children in her class is in

23/22/2225  12:22    2224425555          STUDENT HEARINGS OFF          PAGE  14/19

about the middle range. The class consists of only LD students. There are 12 students in the class with 4 full time teachers, including her.

61.    Ms. Neela Seldin testified for the parents. Ms. Seldin is the coordinator of the elementary program at the Lab School. Ms. Seldin described the admission process for a child to be enrolled at the Lab School. She said that the process includes reviewing the student's records, assessing his needs with what the Lab School could offer and then a decision to admit a student is made. Ms. Seldin testified that the student t was accepted following this process. She testified that information about the student shows that he meets the LD disability classification and also has speech and language deficits.

62.    Ms. Seldin testified that initially the student exhibited some of the problems that had surfaced at Janney, including his unwillingness to speak in class. But now, even though he is aware of his deficits, he takes risks and will raise his hand to speak in class. She further testified that he is not receiving counseling at the Lab School.

63.    Ms. Seldin testified that she reviewed the IEPs developed by Janney and concluded that he could not meet the goals identified in the IEP in a part-time setting, because he needs a lot of one-on-one.

64.    Michelle Gipps testified for the parents. Ms. Gipps served as the student's private tutor while he was attending Janney, from April 2003 through June 2004. She testified that the family has a history of dyslexia and she started working with him on phonic awareness and decoding. He also had word retrieval issues and deficits in written expression. Reading is also something he struggles with.

65.    Ms. Gipps said that she attended the September 27, 2004 IEP meeting at Janney and discussed the need for the student to have a full-time placement instead of a part-time placement. He had not met is speech and language goals. She said that Janney responded by stating that they could take care of him.

## DISCUSSION AND CONCLUSION:

1.    This matter is before this Hearing Officer as the result of the parents contention that DCPS failed to offer the student a Free and Appropriate Public Education ("FAPE") in accordance with 34 C.F.R. §300.300. The IDEA obligates DCPS to ensure that all children with disabilities receive FAPE. This obligation includes identifying, locating and evaluating children in all areas of suspected disabilities 34 C.F.R. §300.125, developing an IEP, 34 C.F.R. §300.340, convening a meeting to develop, review and revise the IEP of a student with a disability, 34 C.F.R. §300.340 and determining an appropriate placement 34 C.F.R. §300.552, et. seq.

2.    The parents contend that DCPS has denied the student FAPE by failing to classify the student as having a specific learning disability on his initial IEP dated June 24, 2003; failing to provide the student with the required number of speech & language services during the 2003-2004 school year; and failing to develop an appropriate IEP and placement for the 2004-2005 school year? The parents request that DCPS be ordered to place and fund the student at the Lab School, a private day school, which they contend offers the student educational benefit.

03/01/2005  12:22   2224255550              STUDENT HEARINGS OFF                    PAGE 15/19

3.    With regard to the allegation that DCPS failed to properly classify the student, the best evidence supporting the parents contention is DCPS' own documents; the "Pschoeducational Evaluation Review" dated June 15, 2003, KE-11 and "Psychoeducational Evaluation Review" dated September 24, 2004, KE-24. In both reviews, performed by the same DCPS School Psychologist, it was concluded that the student meets the criteria for being classified as a student with a specific learning disability. However, only with respect to the second review, KE-24, did DCPS conclude that this classification should be included in the student's IEP. It is noted that the second review was conducted after the student was no longer attending Janney and had been placed at the Lab School by his parents, following their notification to Janney through counsel, dated August 18, 2004 (KE-23).

4.    The Hearing Officer also accepts as credible the testimony of the mother regarding her request to Janney for the student to be tested in the fall of 2002 and the fact that Janney did not do so. In fact, the principal, Dr. Abelmann, advised the mother that testing was not necessary. Dr. Abelmann did not testify at the Hearing about this; therefore, it is not clear as to what information he may have relied on to offer this opinion. Even so, such decision is appropriately made by the TAT which did not happen until February 5, 2003.

5.    DCPS witnesses testified that at the initial IEP meeting on June 24, 2003, the learning disability question was discussed, but the mother did not want the student classified as such. This testimony is inconsistent with the mother's testimony and the record. With regard to the mothers' testimony, she said that she did not understand the various disability classifications and they were not explained to her by DCPS and that she was told that the student would be receiving the same services anyway. Consistent with the mother's testimony are the MDT meeting notes dated December 3, 2003 where it is noted:

> Mom: Question about if at end of year meeting we can
> Review his classification/label. Some confusion. Ask
> For some clarity on why label not LD.[27]

6.    With regard to the documentary evidence, the 2 Pschoeducational Evaluations Reviews and the December 3, 2003 MDT notes, that were prepared by DCPS, support the mother's testimony at the Hearing. Perhaps there was a misunderstanding about what the mother's concerns were with the LD and MD classifications. In any event, there were no meting notes or other documentation at the time of the MDT meetings stating that the mother refused the LD or MD classification. Therefore, the record and the testimony of the mother, who the Hearing Officer finds to have provided credible testimony, support the contention that notwithstanding the evidence to the contrary, DCPS failed to properly classify the student as having a specific learning disability. Such being the case, the initial IEP (KE-13) was also inappropriate because it did not address all of the student's suspected disabilities.[28]

7.    With regard to speech and language services, based on the testimony of Ms. Carroll and the Janney speech pathologist, as documented by the "Document Encounter Tracking Forms for Speech and Language Related Services," (KE-20), the student did not receive all the

---

27    KE-16, page 3 of 7
28    34 C.F.R. §500.125

speech and language services he was entitled to receive during the —9-2004 school year and the services were not made up to the student.  Accordingly, the contention of the parent that the student did not receive all the speech and language services he was entitled to is confirmed by the evidence.

8.     With regard to placement, the first question is whether the student required a part-time placement as suggested by Janney or a full-time placement sought by the parents and supported by their representatives and the Lab School.  The second question is whether or not Janney or the Lab School is capable of meeting the student's needs.

9.     With regard to a full-time versus a part-time program, the overwhelming evidence is that the student required, if not a full-time program, he certainly required more than the 11.50 hours that Janney offered.  This is particularly noticeable in view of the services that the parents were providing during the school year and summer, in addition to the services the student was receiving in school and would have received during the 2004-2005 school year.  Although the number of hours per week that the parents paid for was not stated in the record, it is concluded that added to what the student was receiving in school it would have amounted to nearly a full-time program.  The record reflects that Janney staff knew of the amount of outside support that the parents were providing the student.  Based on the evidence, Janney appeared to have been relying on the parents continuing to provide the additional services and was not willing to provide the additional services in school that the student actually needed.

10.    Although there was testimony that Janney could meet the student's IEP of September 27, 2004, it is not clear if Janney could provide the services the student needed beyond what was stated in the IEP; i.e. whether it could provide a full-time special education program for the student.  Accordingly, it cannot be concluded that Janney was an appropriate placement for the student.

11.    However, there was sufficient testimony from the Lab School staff that they are aware of the student's deficits and needs and have the resources available to help him on a full time basis. It is noted, that since the student has been attending the Lab School, the parents no longer need to provide the extra tutoring and other supports that they had to provide while the student was attending Janney.  This is further support for the above conclusions that the student needed what Janney offered, plus what the parents provided, which effectively was a full-time effort. Now, however, the student receives all of his services from one source, the Lab School.  Therefore, it is concluded that the Lab School is providing the student with educational benefit.

12.    With regard to a denial of FAPE, in *Board of Education of the Hendrick Hudson Central School District v. Rowley*, 458 U.S. 197 (1982), the Supreme Court provided guidance consisting of a two-part analysis: first, a determination must be made regarding a failure to comply with the procedural requirements of the IDEA; and secondly, whether the individualized educational program developed through the IDEA's procedures is reasonably calculated to enable the student to receive educational benefit. In the event the Local Education Agency ("LEA") fails to meet the *Rowley* standards, a student may be entitled to placement at a private placement, funded by the LEA.  The obligation of the private placement is to provide educational benefit, a standard not as restrictive as what is required of a public school to provide an "appropriate education."

13.     Based on the facts here, DCPS has met the procedural requirements of *Rowley*. There were insufficient facts that DCPS had failed to comply with the procedural requirements of the IDEA. However, in accordance with *Rowley*, DCPS is obligated to provide the student with an "appropriate" program of special education, defined as an educational program "reasonably calculated to offer a child some educational benefit." *Rowley*, 458 U.S. at 203. It is clear from the evidence that Janney convened appropriate MDT/IEP teams, but, developed an inappropriate IEP because it failed to address all of the student's suspected disabilities. Also, as stated above, there was insufficient evidence that Janney can provide an appropriate education, but sufficient evidence that the Lab School can, which therefore will justify a placement there at public expense.

14.     The Rules of the D.C. Board of Education, Section 3030.3 requires that DCPS shall bear the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student. In this regard, DCPS has not met its burden.

## ORDER:

DCPS shall place and fund the student at the Lab School for the 2004-2005 school year, with transportation, retroactive to the beginning of the 2004-2005 school year.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

David R. Smith, Esq.
Impartial Hearing Officer

Date: 3-2-05

Issued: 3-2-05

03/22/2005  12:22   2224425555        STUDENT HEARINGS OFF              PAGE  18/19

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
IMPARTIAL DUE PROCESS HEARING

|  |  |  |
|---|---|---|
| In the Matter of | ) | CERTIFICATION OF RECORD |
|  | ) |  |
| Kahlil Epps, | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| District of Columbia Public Schools | ) |  |
| 825 North Capitol Street, NW | ) |  |
| Washington, DC 20002 | ) |  |
| ("DCPS" or "District") | ) |  |
| Respondent. | ) |  |

I, David R. Smith, Impartial Due Process Hearing Officer in this matter, DO

HEREBY CERTIFY that the attached Record of Proceeding itemizes the record in

the above-entitled matter as of this date, consisting of the items admitted into evidence,

including disclosure exhibits and the audio tape recording of the Due Process Hearing.

EXECUTED this 2nd day of March, 2005.

DUE PROCESS HEARING OFFICER

03/31/2005  12:22   2024255559          STUDENT HEARINGS OFF                    PAGE  19/19

# MATTER OF KAHLIL EPPS V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 10-20-04 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 10-2-04 & 12-14-04 | Notice of Due Process Hearing |
| 2-9-05 | DCPS Disclosure Exhibits: DCPS-01 through DCPS-08 |
| 2-16-05 | Audio tapes of hearing (1) |
| 11-29-04 & 11-30-04 | Parent Disclosure Exhibits: KE-1 through KE-29 |

Law Offices
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston≠+○
Talib S. Abdus-Shariid≠+
Laura E. Duos≠

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

* ADMITTED IN VA & W.VA
+ ADMITTED IN D.C.
≠ADMITTED IN PA.
○ ADMITTED IN MD.
○ADMITTED TO THE U.S. SUPREME COURT

July 20, 2005

(Inv #3071)

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:     **Billing for the case of: Donna Harshaw**
        **Services Rendered : 3/14/2005- 7/15/2005**
        **Total Bill: $ 3,822.50**
        **Current Payment Request: $ 3,822.50**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after August 3,2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street N.E. 9th Floor
Washington, D.C. 20002- 4232
202-442-5000    Fax: 202-442-509
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: William E. Houston
   Federal Tax ID No: 54-1647932
   D.C. Bar No: 450223

2. **Student Information**
   Name: Donna Harshaw
   DOB: 5/20/1987
   Date Hearing Request Filed:
   Date(s) of Hearing: 7/05/2005
   Date of Determination (HOD/ SA): 7/06/2005
   Parent/ Guardian Name
   Parent/ Guardian Address

3. **Invoice Information**
   Invoice Number: 3071
   Date Request Submitted: 7/19/2005
   Date(s) of Service Rendered: 3/14/2005- 7/15/2005
   Attorney Hourly Rate: $275.00
   Total Attorney Fees: $0.00
   Total Attorney Costs: $3,822.50
   Total Experts: $0.00
   Total Invoice: $3,822.50

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Allservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

   _____    _____7/19/05_____
   Signature    Date

# Invoice

**Dalton, Dalton & Houston,**

J8 Pendleton Street
lexandria, VA  22314-1837

| Date | Invoice # |
|------|-----------|
| 7/11/2005 | 3071 |

**Bill To**

District of Columbia Public Schools
Attention: Mr. James Baxley
Office of General Counsel
825 N. Capital Street, NE, 9th Floor
Washington, DC  20002

**BILLING #**

| Terms | Project |
|-------|---------|
| Net 30 | Harshaw, Donna |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| | | 1.2 | WEH | 330.00 |
| 3/14/2005 | PREPARE LETTER TO GUARDIAN | 0.3 | WEH | 82.50 |
| 5/23/2005 | REVIEW DOCUMENTS FROM GUARDIAN | 0.3 | WEH | 82.50 |
| 5/23/2005 | REVIEW DOCUMENT FROM GUARDIAN | 0.5 | WEH | 137.50 |
| 3/2005 | PREPARE DPH REQUEST | 0.9 | WEH | 357.50 |
| 31/2005 | REVIEW DOCUMENTS FROM GUARDIAN | 1.3 | WEH | 137.50 |
| 27/2005 | TELECON WITH GUARDIAN | 0.5 | WEH | 82.50 |
| 6/27/2005 | REVIEW ACCEPTANCE LETTER FROM LEARY | 0.3 | WEH | |
| 6/28/2005 | SCHOOL | 0.9 | WEH | 247.50 |
| | PREPARE FIVE DAY DISCLOSURE LETTER | 1.3 | WEH | 357.50 |
| 6/28/2005 | PREPARE 5 DAY DOCUMENTS | 0.5 | WEH | 137.50 |
| 6/28/2005 | MEETING WITH GUARDIAN | 0.1 | WEH | 27.50 |
| 6/28/2005 | REVIEW DOCUMENT FROM PHILLIPS | 0.1 | WEH | 27.50 |
| 4/1/2005 | REVIEW DOCUMENT FROM FOUNDATION | | | |
| 4/5/2005 | ADMISSIONS | 0.1 | WEH | 27.50 |
| | REVIEW ACCEPTANCE LETTER FROM LEARY | 0.1 | WEH | 27.50 |
| 4/8/2005 | REVIEW DOCUMENT FROM SHO | 0.4 | WEH | 110.00 |
| 6/7/2005 | REVIEW DOCUMENTS FROM GUARDIAN | 0.2 | WEH | 55.00 |
| 6/16/2005 | REVIEW DOCUMENT FROM LEARY ADMISSIONS | 0.6 | WEH | 165.00 |
| 6/17/2005 | REVIEW DOCUMENTS FROM GUARDIAN | 1.3 | WEH | 357.50 |
| 6/27/2005 | PREPARE FOR DPH | 0.9 | WEH | 247.50 |
| 7/6/2005 | DUE PROCESS HEARING | 0.4 | WEH | 110.00 |
| 7/6/2005 | TELECON WITH LEARY SCHOOL | 0.2 | WEH | 55.00 |
| 7/6/2005 | TELECON WITH GUARDIAN | 0.5 | WEH | 137.50 |
| 7/6/2005 | REVIEW HOD | 0.1 | WEH | 27.50 |
| 7/7/2005 | REVIEW DOCUMENT FROM GUARDIAN | 0.4 | WEH | 110.00 |
| 7/15/2005 | MEETING WITH GUARDIAN | 0.5 | WEH | 137.50 |
| 7/15/2005 | TELECON WITH LEARY SCHOOL ADMISSIONS | | | |

| Total | $3,822.50 |
|-------|-----------|
| Payments/Credits | $0.00 |
| Balance Due | $3,822.50 |

07/05/2005  13:13   2224425555          STUDENT HEARINGS OFF          PAGE  02/02

(In the Matter of DH  DOB 5/20/87  HOD July 6, 2005)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *Office of Compliance*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Donna Harshaw ) <br> Date of Birth: May 20, 1987 ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> District of Columbia Public Schools ) <br> ("DCPS" or "District") ) <br> Attending School: Devereux ) <br> Respondent. ) <br> ) <br> ) <br> ) | IMPARTIAL DUE PROCESS <br><br> HEARING OFFICER'S DECISION <br><br> Hearing Date: July 5, 2005 <br><br> Held at: 825 North Capitol St. NE <br> Washington, DC |

Counsel for Student:              William Houston, Esq.
                                 1008 Pendleton Street
                                 Alexandria, VA 22314

Counsel for DCPS:                Lenore D. Verra, Esq.
                                 Office of General Counsel
                                 825 North Capitol St. NE
                                 Washington, DC 20002

## JURISDICATION:

A Due Process Hearing was convened on July 5, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed June 1, 2005. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

# INDEX OF NAMES

## In the MATTER OF Donna Harshaw V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Placement Specialist | |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | William Houston, Esq. |
| School System's Representative | Lenore D. Verra, Esq. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

27/25/2025  13:15    2224425556    STUDENT HEARINGS OFF    PAGE  01/07

# District of Columbia Public Schools
## *Office of Compliance*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 7/6/05

TO: W. Housdon

FROM:  STUDENT HEARING OFFICE

RE: HOD- D. Hanshaw

TOTAL NUMBER OF PAGES, INCLUDING COVER: 7

COMMENTS:

*CONFIDENTIALITY NTOICE:*  The information accompanying this facsimile is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

27/26/2225  13:13    2224425555                 STUDENT HEARINGS OFF                      PAGE  22/27

In the Matter of DH  DOB 5/20/87  HOD July 6, 2005)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *Office of Compliance*
### CONFIDENTIAL
## Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Donna Harshaw )<br>Date of Birth: May 20, 1987 )<br> )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br> )<br>District of Columbia Public Schools )<br>("DCPS" or "District") )<br>Attending School: Devereux )<br>Respondent. )<br> )<br> ) | **IMPARTIAL DUE PROCESS**<br><br>**HEARING OFFICER'S DECISION**<br><br>Hearing Date: July 5, 2005<br><br>Held at: 825 North Capitol St. NE<br>Washington, DC |

Counsel for Student:               William Houston, Esq.
                                   1008 Pendleton Street
                                   Alexandria, VA  22314

Counsel for DCPS:                  Lenore D. Verra, Esq.
                                   Office of General Counsel
                                   825 North Capitol St. NE
                                   Washington, DC  20002

## JURISDICATION:

A Due Process Hearing was convened on July 5, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed June 1, 2005. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

1

27/05/2005  19:13    2024425555    STUDENT HEARINGS OFF    PAGE  33/37

In the Matter of DH  DOB 5/21/87  HOD July 6, 2005)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (DH 1-3 and DCPS 1) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student is a ward of the District of Columbia and has been determined to be eligible for special education and related services with disability classifications of mental retardation (MR) and emotional disturbance (ED).  On April 25, 2005, a Hearing Officer's Determination (HOD) issued which directed DCPS to convene a placement meeting to determine an appropriate placement for the student.  DCPS did not comply with the directive and has yet to identify a placement for the student.  The student is currently in Riverside Hospital (Riverside).  She has been accepted to the Leary School (Leary) and DCPS does not dispute that the school can provide the student educational benefit.  (DH 1, 3)

## ISSUE(S):

Did DCPS deny the student FAPE by failing to comply with the April 25, 2005, HOD and provide the student an appropriate placement?

## CONTENTIONS OF THE PARTIES:

DCPS counsel acknowledged that the placement meeting was not held and did not dispute that Leary can provide the student educational benefit.  However, DCPS did not agree to the placement at Leary and requested that any evaluations of the student conducted at Riverside be provided DCPS and that an MDT/IEP meeting be held to review the evaluations.

The parent's counsel requested the student be placed at Leary for extended school year (ESY) services and that transportation services be provided.

## CONCLUSIONS OF LAW:

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student.

Did DCPS deny the student FAPE by failing to comply with the April 25, 2005, HOD and provide the student an appropriate placement?

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

2

27/25/2025  19:19   2224425555        STUDENT HEARINGS OFF                    PAGE  24/27

In the Matter of DH  DOB 3/21/87  HOD July 6, 2005)

The Hearing Officer concludes that DCPS in not convening the placement meeting and determining an appropriate placement for the student was denial of FAPE.

## ORDER:

1. DCPS shall immediately place and fund the student at the Leary School of Virginia for 2005 ESY services and provide transportation services.

2. The student's counsel shall ensure that any and all evaluations conducted and reports prepared during the student's stay at Riverside be provided to DCPS within thirty (30) calendar days of the issuance of this Order.

3. DCPS shall prior to the start of the 2005-06 school year convene a MDT/IEP meeting to review the student's evaluations and review and revise the student's IEP as appropriate.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Coles B. Ruff, Esq.
**Hearing Officer**
**Date: July 5, 2005**

Issued: __7/06/05__

27/26/2225  13:13   2824425556          STUDENT HEARINGS OFF          PAGE  25/27

In the Matter of DH  DOB 5/20/87  HOD July 6, 2005)

## In the MATTER OF Donna Harshaw V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|-----------|----------------|----------|
| DH 1-3 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Witness List | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |

07/25/2005  13:13   2024425556          STUDENT HEARINGS OFF                  PAGE  26/27

(In the Matter of DH  DOB 5/21/87  HOD July 6, 2005)

## In the MATTER OF Donna Harshaw V. DCPS
## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 6/1/05 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 6/7/05 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

27/26/2225   13:13    2224425556          STUDENT HEARINGS OFF                    PAGE  27/27

In the Matter of DH  DOB 8/20/97  HOD July 6 2005

# INDEX OF NAMES

## In the MATTER OF Donna Harshaw V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Placement Specialist | |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | William Houston, Esq. |
| School System's Representative | Lenore D. Verra, Esq. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

6

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendent
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
102-442-5000    Fax: 202-442-509
www.k12.dc.us

APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: Laura E. duos
   Federal Tax ID No: 54-1647932
   D.C. Bar No: pending

2. **Student Information**
   Name: Ari Jackson- Pitts
   DOB: 8/12/2001
   Date Hearing Request Filed:
   Date(s) of Hearing: 5/04/2005
   Date of Determination (HOD/ SA): 5/11/2005
   Parent/ Guardian Name Leslie Jackson
   Parent/ Guardian Address 235 Oglethorpe Street
   Washington, DC 20011

3. **Invoice Information**
   Invoice Number: 2994
   Date Request Submitted 6/22/2005
   Date(s) of Service Rendered: 7/12/2004- 5/04/2005
   Attorney Hourly Rate: $ 170.00
   Total Attorney Fees: $ 4,162.00
   Total Attorney Costs $ 0.00
   Total Experts: $ 0.00
   **Total Invoice:** $ 4,162.00

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   • Allservices listed on the enclosed invoices were actually performed;
   • The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   • The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   • No attorney or law firm who either (1) provides services listed on the eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   • I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

   Laura E. Quos                              6/22/05
   _____                           _____
   Signature                                 Date

                                          Revised Nov 2004

# Invoice

**Dalton, Dalton & Houston,**

508 Pendleton Street
Alexandria, VA  22314-1837

| Date | Invoice # |
|------|-----------|
| 6/10/2005 | 2994 |

**Bill To**

Office of the General Counsel
Attention: Mr. James Baxley
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC  20002

**BILLING #**

| Terms | Project |
|-------|---------|
| Net 30 | Jackson-Pitts,  Ari |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 7/12/2004 | INITIAL TCW/CLIENT | 0.4 | LED | 68.00 |
| 7/12/2004 | REVIEW PSYCHOLOGICAL EVAL FROM PARENT PRIOR TO MEETING | 0.4 | LED | 68.00 |
| /13/2004 | INITIAL MEETING WITH CLIENT; REVIEW PSYCHOLOGICAL AND QUESTIONS FOR EVALUATOR BEFORE REPORT WAS FINALIZED | 2.2 | LED | 374.00 |
| 7/13/2004 | DRAFTED INITIAL LETTER TO CLIENT AND ASSEMBLED RECORDS AND PAPERWORK FOR CLIENT | 0.5 | LED | 85.00 |
| 7/13/2004 | REVIEW RECORDS FROM PARENT INCLUDING IFSP, OT EVAL AND MEETING NOTES, REVIEW LIST OF SCHOOLS AND ADMISSION REQUIREMENTS FOR POSSIBLE PRESCHOOL PROGRAM; PCW/EDD RE: POTENTIAL PRESCHOOL PROGRAMS | 2.5 | LED | 425.00 |
| 7/23/2004 | TCW/CLIENT RE: UPCOMING IEP MEETING; OUTSTANDING EVALS | 0.4 | LED | 68.00 |
| 8/9/2004 | TCW/PARENT RE: EARLY INTERVENTION AND PLACEMENT FOR FALL | 0.3 | LED | 51.00 |
| 8/9/2004 | TCW/CLIENT | 0.2 | LED | 34.00 |
| 8/12/2004 | REVIEW REGULATIONS AND PREVIOUS EVALUATIONS FOR RECOMMENDATIONS REGARDING PRESCHOOL PROGRAMS; REVIEW IFSP FOR NEEDED EVALS BEFORE PRESCHOOL TRANSITION | 0.6 | LED | 102.00 |
| 8/12/2004 | PCW/EARLY CHILDHOOD INTERVENTION RE: PROGRESS UNDER IFSP | 0.8 | LED | 136.00 |
| 8/12/2004 | PCW/CLIENT RE: PRESCHOOL PLACEMENT AND RELATED SERVICES | 0.6 | LED | 102.00 |

| Total | |
|-------|--|
| Payments/Credits | |
| Balance Due | |

# Invoice

## Dalton, Dalton & Houston,

08 Pendleton Street
lexandria, VA 22314-1837

| Date | Invoice # |
|------|-----------|
| 6/10/2005 | 2994 |

| Bill To |
|---------|
| Office of the General Counsel<br>Attention: Mr. James Baxley<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC 20002 |

| BILLING # |
|-----------|
| |

| Terms | Project |
|-------|---------|
| Net 30 | Jackson-Pitts, Ari |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 8/12/2004 | PCW/TUTOR SR. SYRUS RE: PROGRESS WITH SPECIALIZED INSTRUCTION | 0.6 | LED | 102.00 |
| 8/12/2004 | PCW/NEIGHBORHOOD SCHOOL RE: RECOMMENDATION FOR PLACEMENT | 0.5 | LED | 85.00 |
| ./18/2004 | TCW/CLIENT RE: DCPS FAILURE TO OFFER PLACEMENT BEGINNING ON 3RD BIRTHDAY | 0.4 | LED | 68.00 |
| 9/9/2004 | TCW/CLIENT RE: NO AIDE AND NO RELATED SERVICES | 0.3 | LED | 51.00 |
| 1/5/2005 | TCW/PARENT RE: NEW PLACEMENT; SAFETY CONCERNS FOR CHILD | 0.4 | LED | 68.00 |
| 1/13/2005 | TCW/SCHOOL RE: CONFIRMATION OF MEETING DATE AND TIME | 0.3 | LED | 51.00 |
| 1/21/2005 | TCW/CLIENT RE: UPCOMING MEETING; DISCUSS PLACEMENT OPTIONS; CALCULATED MISSED SERVICES FROM BEGINNING OF SCHOOL YEAR | 0.5 | LED | 85.00 |
| 1/24/2005 | READ IEP AND RECENT PROGRESS REPORTS IN PREPARATION FOR MEETING | 0.5 | LED | 85.00 |
| 1/24/2005 | PCW/CLIENT RE: INAPPROPRIATE PLACEMENT; PLACEMENT OPTIONS AND IEP GOALS | 0.9 | LED | 153.00 |
| 1/24/2005 | PCW/ PRINCIPAL AND SPECIAL ED TEACHER RE: LACK OF PROGRESS IN INCLUSION PROGRAM; PLACEMENT OPTIONS; PROGRESS TOWARD IEP GOALS | 1.3 | LED | 221.00 |
| 1/31/2005 | TCW/KATHERINE THOMAS; DRAFT LETTERS TO KATHERINE THOMAS AND REGINALD LAURIE; ASSEMBLE PACKET OF RECORDS FOR PLACEMENT OPTIONS | 1 | LED | 170.00 |
| 1/31/2005 | DRAFT LETTER TO STODDERT RE: PLACEMENT MEETING | 0.3 | LED | 51.00 |

| | |
|---|---|
| **Total** | |
| Payments/Credits | |
| Balance Due | |

# Dalton, Dalton & Houston,

508 Pendleton Street
Alexandria, VA  22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 6/10/2005 | 2994 |

| Bill To | BILLING # |
|---------|-----------|
| Office of the General Counsel<br>Attention: Mr. James Baxley<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC  20002 | |

| Terms | Project |
|-------|---------|
| Net 30 | Jackson-Pitts,  Ari |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 2/1/2005 | TCW/ CLIENT RE: PLACEMENT MEETING; DRFAT LETTER TO SCHOOL RE: PLACEMENT MEETING DATES | 0.5 | LED | 85.00 |
| 2/7/2005 | PCW/EDD RE: DCPS FAILURE TO PLACE CHILD PER IEP | 0.4 | LED | 68.00 |
| 2/22/2005 | MEETING WITH CHRISTIENSON RE: PLACEMENT PROPOSAL | 0.8 | LED | 136.00 |
| 2/22/2005 | MEETING WITH CLIENT RE: PLACEMENT OPTIONS; ARI'S PROGRESS ON IEP GOALS | 0.8 | LED | 136.00 |
| 2/22/2005 | MEETING WITH SPECIAL ED TEACHER: PROGRESS TOWARD GOALS | 0.4 | LED | 68.00 |
| 3/29/2005 | DRAFT DUE PROCESS HEARING REQUEST | 0.6 | LED | 102.00 |
| 4/14/2005 | TCW/CLIENT RE: HEARING DATE AND RELIEF REQUESTED | 0.2 | LED | 34.00 |
| 4/27/2005 | REVIEWED DOCS FOR 5-DAY AND DRAFTED 5-DAY DISCLOSURE | 1.1 | LED | 187.00 |
| 5/2/2005 | REVIEW DCPS 5-DAY; PCW/WEH RE:5-DAY DOCS | 0.7 | LED | 119.00 |
| 5/3/2005 | PREPARE FOR DPH; DRAFT DIRECT TESTIMONY QUESTIONS FOR UPCOMING DPH; DRAFT POTENTIAL CROSS QUESTIONS; REVIEW 5-DAYS FOR DPH | 1 | LED | 170.00 |
| 5/4/2005 | PCW/CLIENT RE: TESTIMONY AT HEARING; ATTEND DUE PROCESS HEARING | 2 | LED | 340.00 |
| 8/15/2004 | Colonial Parking Inv # 1506204 | | | 14.00 |

| | |
|---|---|
| **Total** | $4,162.00 |
| Payments/Credits | $0.00 |
| Balance Due | $4,162.00 |

May 18 2005 10:20AM  ANTHONY R. DAVENPORT, ESQ  202-220-8118                    P.1

05/11/2005 15:28  2024405556          STUDENT HEARINGS OFF                    PAGE 01/05

District of Columbia Public Schools
*Office of Compliance*
STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



*FACSIMILE SHEET*

Date: 5/11/05                          202- 547-8123

TO: Laura Duos - Dalton / Dalton & Houston

FROM: STUDENT HEARING OFFICE

RE: Ari Jackson Pitts

TOTAL NUMBER OF PAGES, INCLUDING COVER:

COMMENTS: HOD

sent to Tony Davenport by
mistake

*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

May 19 2005 10:20AM  ANTHONY R. DAVENPORT, ESQ  202-220-3118          P.2

05/11/2005 15:06   2024425556              STUDENT HEARINGS OFF          PAGE  02 05

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigative Division*
## CONFIDENTIAL

**Charles R. Jones, Esq., Due Process Hearing Officer**
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL DUE PROCESS** |
| ) | |
| ARI JACKSON PITTS,        Student, ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: 08-12-01 ) | |
| ) | |
| Petitioner, ) | **Hearing Date: May 4, 2005** |
| ) | |
| vs. ) | |
| ) | Held at:  825 North Capitol Street, NE |
| The District of Columbia Public Schools, ) | Eighth Floor |
| Stoddert School ) | Washington, D.C. 20002 |
| Respondent. ) | |
| ) | |

## ORDER

**Parent/Guardian:**

Leslie Jackson.
235 Oglethorpe Street, NW
Washington, DC 20011

**Counsel for Parent:**

Laura Duos, Esq.
Law Offices of Dalton, Dalton & Houston
1008 Pendleton Street
Alexandria, VA 22314

**Counsel for School:**

Lindsey Quinne-Harris, Attorney- Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

May 18 2005 10:20AM  ANTHONY R. DAVENPORT, ESQ  202-220-9118          P.9
05/11/2005  15:05    2024425556          STUDENT HEARINGS OFF          PAGE 09/25

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### State Enforcement and Investigative Division

### Special Education Due Process Hearing

## I.  INTRODUCTION

On March 30, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Laura Duos, Esq. The request alleges DCPS failed to appropriately evaluate student in all areas of disabilities.

A Due Process Hearing was convened on May 4, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Lindsey Quinne-Harris, Esq., Attorney-Advisor, represented DCPS. Laura Duos, Esq., represented the parent. Five Day Disclosure Letters were entered into the record without any objection by either party. On behalf of the parent: Disclosure Letter dated April 27, 2005: AP-1 through AP-6. On behalf of DCPS: Disclosure Letter dated April 26, 2005: DCPS-01 through DCPS-33. Parent's counsel waived a formal reading of the Due Process Rights. The parties did not enter any testimony in this matter as the parties settled this case on the record.

## II.  JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III.  ISSUES

Whether DCPS denied the student FAPE by failing to evaluate student in all areas of suspected disabilities and by failing to provide an appropriate placement?

2.

May 13 2005 10:20AM  ANTHONY R. DAVENPORT, ESQ  202-220-3119        P.4
05/11/2005 15:35   2024425555        STUDENT HEARINGS OFF        PAGE 04/05

IV.    SUMMARY OF RELEVANT EVIDENCE

At the commencement of the Hearing, the parties represented that they had agreed upon terms to settle this matter. Counsel for the parties requested that the Hearing Officer approve of the terms and incorporate those terms into an Order.

V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

- The terms of the agreement, as set forth in the record, are in the best interest of this student; therefore, the terms shall be incorporated into an Order.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **The parent is authorized to obtain an independent Psycho-Educational Evaluation at DCPS expense pursuant to the Superintendent's Directive on outside consultant fees.**

2) **DCPS shall, within fifteen (15) school days of receipt of the evaluation, convene a MDT/IEP meeting to review all evaluations, review and revise the IEP if warranted, and discuss and determine an appropriate educational placement for the 2005 –2006 school years.**

3) **In the event the appropriate placement is to a public school, DCPS shall issue a notice of placement within five- (5) schools days of the MDT/IEP team meeting. If the appropriate placement is to a non- public facility, DCPS shall issue a notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.**

4) **The student shall remain at Stoddert Elementary School pending the completion of the placement decision-making process.**

3.

May 18 2005 10:20AM   ANTHONY R. DAVENPORT, ESQ   202-220-8116    P.5
05/11/2005 15:09   2024425558   STUDENT HEARINGS OFF   PAGE 05/05

5) DCPS shall also consider Compensatory Education for Ari Pitts and, if warranted, develop a Compensatory Education Plan including the form, hours and format for compensatory educational relief.

6) All communications and notices shall be sent through the parent's counsel.

7) Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.

## VI.    APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION**. Appeals may be made to a court of competent jurisdiction within thirty- (30) days from the date this decision was issued.

Date Filed: _O.5 - 11-05_

_____
Charles R. Jones, Esq., Hearing Officer

Date Issued: _5 - 11 - 05_

4.

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
202-442-5000    Fax: 202-442-509
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: William E. Houston
   Federal Tax ID No: 54-1647932
   D.C. Bar No: 450223

2. **Student Information**
   Name: Jasmiene Green
   DOB: 2/10/1990
   Date Hearing Request Filed: 11/18/2004
   Date(s) of Hearing: 12/13/2004
   Date of Determination (HOD/ SA): 12/212004
   Parent/ Guardian Name: Deborah Jeffries, Mother
   Parent/ Guardian Address: 532 Atlantic Street, SE
   Washington, DC 20032

3. **Invoice Information**
   Invoice Number: 2702
   Date Request Submitted: 7/19/2005
   Date(s) of Service Rendered: 6/17/2004- 2/4/2005
   Attorney Hourly Rate: $275.00
   Total Attorney Fees: $0.00
   Total Attorney Costs: $1,622.50
   Total Experts: $0.00
   **Total Invoice:** $1,622.50

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   • Allservices listed on the enclosed invoices were actually performed;
   • The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   • The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   • No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   • I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

_Signature_                    7/19/05
Signature                      Date

Revised Nov 2004

# Dalton, Dalton & Houston,

008 Pendleton Street
Alexandria, VA  22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/5/2005 | 2702 |

| Bill To |
|---------|
| Office of the General Counsel |
| Attention:  Ms. Erika Pierson |
| 825 N. Capital Street, 9th Floor |
| Washington, DC  20002 |

BILLING #

| Terms | Project |
|-------|---------|
| Net 30 | Green, Jasmiene |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 6/17/2004 | TELECON WITH MOM | 0.7 | WEH | 192.50 |
| 6/17/2004 | TELECON WITH PR HARRIS SPED COORDINATOR | 0.3 | WEH | 82.50 |
| 6/19/2004 | TELECON WITH MOM | 0.1 | WEH | 27.50 |
| '25/2004 | TELECON WITH MOM | 0.2 | WEH | 55.00 |
| /28/2004 | TELECON WITH MOM | 0.2 | WEH | 55.00 |
| 6/30/2004 | TELECON WITH MOM | 0.1 | WEH | 27.50 |
| 7/12/2004 | TCW DR. MARIA COHN'S OFFICE, FAX DOCS TO DR. M. COHN'S OFFICE | 0.2 | WEH | 55.00 |
| 7/30/2004 | PREPARE DOCUMENTS FOR MOM | 1.2 | WEH | 330.00 |
| 9/14/2004 | TELECON WITH MOM | 0.3 | WEH | 82.50 |
| 11/15/2004 | TELECON WITH MOM | 0.5 | WEH | 137.50 |
| 12/6/2004 | PREPARE FIVE DAY DISCLOSURE LETTER | 0.8 | WEH | 220.00 |
| 12/6/2005 | PREPARE DOCUMENTS FOR 5 DAY | 0.9 | WEH | 247.50 |
| 2/4/2005 | ANALYZED BILLING ENTRIES | 0.4 | WEH | 110.00 |

| Total | $1,622.50 |
|-------|-----------|
| Payments/Credits | $0.00 |
| Balance Due | $1,622.50 |

12/21/2004  14:15    2024425556         STUDENT HEARINGS OFF                    PAGE  22/27

# District of Columbia Public Schools

## Office of Management Services
### Confidential

**FREDERICK E. WOODS**, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL** |
| ) | **DUE PROCESS HEARING** |
| Jasmiene Green ) | |
| Date of Birth: 02/10/90 ) | |
| Petitioner, ) | **DECISION AND ORDER** |
| ) | |
| vs. ) | Hearing Request: November 18, 2004 |
| ) | Hearing Date: December 13, 2004 |
| The District of Columbia Public Schools, ) | Held at:   825 North Capitol Street, N.E. |
| Home School: P.R. Harris Center ) | Eighth Floor |
| ) | Washington, D.C. 20002 |
| Respondent. ) | |

Parent:            Deborah Jefferies, Mother
532 Atlantic Street, S.E.
Washington, D.C. 20032

Counsel for the Parent/Student:           William E. Houston, Esq.
Dalton, Dalton & Houston, P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, VA 22314

District of Columbia Public Schools:       Stephanie Ramjohn Moore, Esq.
Attorney Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

1

12/21/2004  14:19    2204425555    STUDENT HEARINGS OFF    PAGE 23/27

## I.    JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 105-17, the Individuals with Disabilities Education Act of 1997, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:  Admitted, without objection, a disclosure letter filed 12/06/04 that lists one witness and attached two exhibits sequentially labeled JG-01 and JG-02. No witnesses were present or called to testify because the parties settled the case.

Respondent:  Admitted, without objection, a disclosure letter filed 12/06/04 that lists three witnesses and attached one exhibit labeled DCPS-01. No witnesses were present or called to testify because the parties settled the case.

## IV.    STATEMENT OF THE CASE

Jasmiene Green (J.G.), born 02/10/90, age 14-years 10-months, is a regular education student at Patricia Robert Harris Center in the District of Columbia. (R. at DCPS-01.)

Alleged in the parent's 11/18/04 Due Process Hearing Request is DCPS failed to convene the student's BLMDT/Eligibility Meeting within the time period specified in her 04/13/04 Hearing Officer's Decision. (R. at JG-01.)

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for 3:00 p.m. Monday, December 13, 2004 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Stephanie Ramjohn Moore appeared in-person for DCPS. Attorney William E. Houston appeared in-person for J.G. who was not present; and her mother Deborah Jefferies who also was not present. No testimony was taken because the parties settled the case.

In consideration of the hearing record, the hearing officer entered the parties Settlement on the Record as follows:

12/21/2004  14:19    2024425556                    STUDENT HEARINGS OFF                    PAGE  24/27

## ORDER

DCPS shall ..............................................................

1. Convene J.G.'s BLMDT/Eligibility/IEP/Placement Meeting on or before
   January 21, 2005 at P. R. Harris Center, for this purpose:

   a. To review J.G.'s assessment results to determine her eligibility for
      special education services;
   b. To determine if additional evaluations are warranted, and if so, either
      perform them or fund independent evaluation (s);
   c. To discuss and determine J.G.'s disability classification based on her
      assessment results and unique educational needs;
   d. To develop J.G.'s IEP based on the assessments results, if eligible for
      a special education; and
   e. To discuss and decide placement; and issue her Prior Written Notice of
      Placement (PNOP), if necessary, for school year 2004-05, as follows:

      (i)    Issue the PNOP within 5-school days of the BLMDT
             Meeting if to a public placement; and

      (ii)   Issue the PNOP within 30-calendar days of the BLMDT
             Meeting if to a non-public placement.

   f. To discuss and decide whether a Compensatory Education Plan is
      warranted for J.G.

4. Allow J.G.'s BLMDT to discuss the amount, form, and means of delivering
   her Compensatory Education, if warranted, by developing and implementing
   her Compensatory Education Plan.

5. Schedule all meetings at a mutually agreeable time through the parent,
   parent's counsel. And provide counsel a copy of the meeting notice by
   facsimile at (703) 739-2323.

6. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts
   of the parent, student, student-advocate, student's attorney or an unscheduled
   school closing shall extend DCPS' performance timelines established in this
   Order by one day for each day of delay.

7. This Order resolves all issues raised in the student's 11/18/04 Due Process
   Hearing Request that is dismissed; and the hearing officer made no additional
   findings.

12/21/2004  14:19    2024425556              STUDENT HEARINGS OFF              PAGE  05/07

This is THE FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within thirty (30) days of this Order's issue date.

Frederick E. Woods
Hearing Officer

12 | 20/04
Date

Issued:    12-21-04
Student Hearing Office, DCPS

4

12/21/2004  14:19    2024425556              STUDENT HEARINGS OFF                    PAGE  25/37

# District of Columbia Public Schools

## Office of Management Services

|  |  |  |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| Jasmiene Green | ) | |
|     Petitioner, | ) | IMPARTIAL |
|     vs. | ) | DUE PROCESS HEARING |
| | ) | |
| The District of Columbia Public Schools, | ) | |
| P.R. Harris Center | ) | |
|     Respondent. | ) | |

The Individuals with Disabilities Education Act (IDEA) 20 U.S.C. §§ 1400 et seq.

Case Information:   Hearing Request Date: November 18, 2004
Hearing Date: December 13, 2004
Held at:   825 North Capitol Street, N.E.
Eighth Floor
Washington, D.C. 20002
SETS Case Number: _____
Student's Birth Date:  February 10, 1990
Attending School: Patricia Robert Harris Center
Managing School: Patricia Robert Harris Center

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do

hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes

the entire record in the above captioned matter as of this date, consisting of all letters,

pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the SHO file for this student are

either the original or true copy of the original documents submitted in this matter.

Executed this 20 th day of December , 2004.

_____
Due Process Hearing Officer

12/21/2004  14:19   2024425555          STUDENT HEARINGS OFF                    PAGE  27/27

Re: MATTER OF
JASMIENE GREEN v. DCPS, P.R. HARRIS CENTER

# RECORD OF PROCEEDINGS

## DATE:              DESCRIPTION:

11/18/04          Due Process Hearing Request Filed By Parent

11/22/04          Notice of Due Process Hearing Date Sent to Parties

12/13/04          Due Process Hearing Convened; Completed, and Audio
                  Tapped—1-Tape: side A; and the case Settled.

12/20/04          Hearing Officer's Decision Filed with the SHO

12/20/04          Hearing Officer's Decision Issued by the SHO


_____          12/20/04
Frederick E. Woods                    _____
Due Process Hearing Officer          Date

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendent
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
202-442-5000    Fax: 202-442-509
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: Ellen Dalton
   Federal Tax ID No: 54-1647932
   D.C. Bar No: 411612

2. **Student Information**
   Name: Delonte Pixley
   DOB: 12/28/1991
   Date Hearing Request Filed: 7/26/2005
   Date(s) of Hearing: 10/12/2005
   Date of Determination (HOD/ SA): 10/18/2005
   Parent/ Guardian Name: Kay Pixley
   Parent/ Guardian Address: 227 51st Street, NE
   Washington, DC 20019

3. **Invoice Information**
   Invoice Number: 3371
   Date Request Submitted: 10/13/05
   Date(s) of Service Rendered: 7/5/2005- 10/17/2005
   Attorney Hourly Rate: $ 295.00
   Total Attorney Fees: $ 3,483.50
   Total Attorney Costs: $ 0.00
   Total Experts: $ 0.00
   **Total Invoice:** $ 3,483.50

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Allservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

   _Ellen W. Dalton_                    _10/19/05_
   Signature                              Date

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington, D.C. Office:
601 Pennsylvania Avenue, N.W.
South Building   Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid~
Laura E. Duos~

⎯⎯⎯⎯⎯⎯⎯⎯⎯
*ALSO ADMITTED IN D.C. & W.VA.
+ ADMITTED IN D.C. & PA
~ADMITTED IN MD

October 13, 2005

(Invoice #3371)

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:     **Billing for the case of: Delonte Pixley**
        **Services Rendered : 7/5/2005- 10/17/2005**
        **Total Bill: $ 3,483.50**
        **Current Payment Request: $ 3,483.50**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter.  If you have any questions concerning this bill, please direct them to my attention at the number above.

### See attached, for the detailed invoice.

Thank you for your prompt payment for these services.  Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts.  All Payments received after October 27, 2005  shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# Invoice

**Dalton, Dalton & Houston,**

308 Pendleton Street
Alexandria, VA 22314-1837

| Date | Invoice # |
|------|-----------|
| 10/19/2005 | 3371 |

| Bill To |
|---------|
| Office of the General Counsel
Attention: Ms. Erika Pierson
Office of General Counsel
825 N. Capital Street, 9th Floor
Washington, DC 20002 |

| BILLING # |
|-----------|
| |

| Terms | Project |
|-------|---------|
| Net 30 | Pixley, Delonte |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 7/5/2005 | PIXLEY, DELANTE: DRAFT LETTER AND FAX INDEPENDENT EVALUATIONS TO HEARING OFFICER DUBOW. (PR) | 0.5 | KTM | 37.50 |
| 7/6/2005 | RECEIVE AND READ INDEPENDENT PSYCHO-ED AND SPEECH & LANGUAGE; FORWARD COPY TO DCPS ATTORNEY AND MS. SMITH @ KELLY MILLER. | 0.7 | EDD | 206.50 |
| 7/8/2005 | RECEIVE AND READ SECOND HOD; INSTRUCT INTERN TO PREPARE LETTER TO MS. SMITH AND FORWARD TO KELLY MILLER. | 0.3 | EDD | 88.50 |
| 7/11/2005 | PIXLEY, DELANTE: PREPARE AND MAIL OUT ADMISSIONS PACKETS TO PRIVATE SCHOOLS. (PR) | 1.5 | KTM | 112.50 |
| 7/20/2005 | TCW/ DAVID CLARK @ HIGH ROAD SCHOOL; PREPARE FAX TO MR. CLARK WITH UPDATED TESTING. | 0.3 | EDD | 88.50 |
| 7/25/2005 | REVIEW HEARING OFFICER'S DETERMINATION AND PREPARE DUE PROCESS HEARING REQUEST. | 0.7 | EDD | 206.50 |
| 8/8/2005 | PREPARE MOTION FOR DEFAULT JUDGMENT. | 0.5 | EDD | 147.50 |
| 8/9/2005 | PREPARE LETTER TO SHO REQUESTING HEARING DATE; TCW/ PHILLIPS SCHOOL; TCW/ ST. COLETTA SCHOOL (PR) | 0.8 | EDD | 236.00 |
| 8/22/2005 | RECEIVE & READ HOD RE: MOTION FOR DEFAULT JUDGMENT; CALCULATE DATE THAT RESOLUTION PERIOD EXPIRES & NOTE DATE ON CALENDAR TO REFILE MOTION FOR DEFAULT JUDGMENT; TC/ MS. PIXLEY. (PR) | 0.2 | EDD | 59.00 |

| Total | |
|-------|--|
| Payments/Credits | |
| Balance Due | |

# Dalton, Dalton & Houston,

308 Pendleton Street
Alexandria, VA 22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/19/2005 | 3371 |

| Bill To |
|---------|
| Office of the General Counsel<br>Attention: Ms. Erika Pierson<br>Office of General Counsel<br>825 N. Capital Street, 9th Floor<br>Washington, DC 20002 |

BILLING #

| Terms | Project |
|-------|---------|
| Net 30 | Pixley, Delonte |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 8/23/2005 | TCW/ MS. PIXLEY RE: PLACEMENT; TCW/ MR. WEEKS @ HIGH ROAD SCHOOL (PR) | 0.1 | EDD | 29.50 |
| 8/24/2005 | TCW/ MR. CLARK @ HIGH ROAD SCHOOL; RETRIEVE EVALUATIONS AND MOST RECENT HOD FROM FILE AND PREPARE FAX. (PR) | 0.2 | EDD | 59.00 |
| 8/25/2005 | TCW/ MR. WEEKS; TC/ MR. CLARK; TC/ MS. PIXLEY; TC/ MS. REDMAN RE: PLACEMENT. (PR) PREPARE LETTER TO MS. SMITH @ KELLY MILLER. | 1 | EDD | 295.00 |
| 8/26/2005 | PREPARE MOTION FOR DEFAULT JUDGMENT AND FAX TO SHO AND OGC. | 1.5 | EDD | 442.50 |
| 9/2/2005 | PREPARE CLIENT NOTICE LETTER AND MAIL WITH COPY OF NOTICE OF HEARING. PREPARE LETTER TO HIGH ROAD ACADEMY; TC/ TO HIGH ROAD ACADEMY. (PR) | 0.3 | EDD | 88.50 |
| 9/14/2005 | RECEIVE & READ FIVE DISCLOSURE FROM OGC ATTY. | 0.2 | EDD | 59.00 |
| 9/19/2005 | PREPARE FIVE DAY DISCLOSURE WITH EXHIBITS. | 1 | EDD | 295.00 |
| 9/23/2005 | TCW/ MS. PIXLEY; REVIEW 5 DAY DISCLOSURES AND MOTION FOR DEFAULT JUDGMENT; TCW/ MR. CLARK, WITNESS FOR HEARING; PREPARE FOR HEARING (PR) | 1 | EDD | 295.00 |
| 9/26/2005 | TO DCPS FOR DUE PROCESS HEARING; PCW/ MS. PIXLEY AND MR. CLARK OF HIGH ROAD SCHOOL; PCW/ KATHI RODI, OGC; DISCUSSION RE: REGISTERING STUDENTS AS NON-ATTENDING AND SETTLEMENT; CONTINUE CASE TO 10/12/05. (PR) | 1 | EDD | 295.00 |

| Total | |
|-------|--|
| Payments/Credits | |
| Balance Due | |

# Dalton, Dalton & Houston,

008 Pendleton Street
Alexandria, VA  22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/19/2005 | 5371 |

| Bill To | BILLING # |
|---------|-----------|
| Office of the General Counsel<br>Attention: Ms. Erika Pierson<br>Office of General Counsel<br>825 N. Capital Street, 9th Floor<br>Washington, DC  20002 | |

| Terms | Project |
|-------|---------|
| Net 30 | Pixley, Delonte |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 10/4/2005 | TCW/ ATTY RHODI RE: CONFIRMATION THAT STUDENT HAS BEEN REGISTED AS A NON-ATTENDING STUDENT; FOLLOW UP CONVERSATION WITH ATTY RHODI. | 0.2 | EDD | 59.00 |
| 0/12/2005 | DUE PROCESS HEARING | 1 | EDD | 295.00 |
| 10/17/2005 | TCW/ MS. PIXLEY; PREPARE TRANSPORTATION REQUEST FORM TO BE SUBMITTED WITH HOD FOR TRANSPORTATION. | 0.3 | EDD | 88.50 |

| | |
|---|---|
| **Total** | $3,483.50 |
| Payments/Credits | $0.00 |
| Balance Due | $3,483.50 |

12/19/2005  12:33   2024425556          STUDENT HEARINGS OFF                    PAGE  22/26

# District of Columbia Public Schools

## State Enforcement & Investigation Division
### Confidential

FREDERICK E. WOODS, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of | IMPARTIAL DUE PROCESS HEARING |
| Delante Pixley<br>Date of Birth: 12/28/91<br>Petitioner, | **DECISION AND ORDER** |
| vs. | Hearing Request: July 26, 2005<br>Cont. Hearing Date: Oct. 12, 2005 |
| The District of Columbia Public Schools,<br>Home School: Kelly Miller Middle School | Held at: 825 North Capitol Street, N.E.<br>Eighth Floor<br>Washington, D.C. 20002 |
| Respondent. | |

| | |
|---|---|
| Parent: | Kay Pixley, Mother<br>227 51st Street, N.E.<br>Washington, D.C. 20019 |
| Counsel for the Parent/Student: | Ellen D. Dalton, Esq.<br>Dalton, Dalton & Houston, P.C.<br>Attorneys at Law<br>1008 Pendleton Street<br>Alexandria, VA 22314 |
| District of Columbia Public Schools: | Katherine G. Rodi, Esq.<br>Attorney Advisor<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E., 9th Floor<br>Washington, D.C. 20002 |

10/19/2005   12:35     2024425555              STUDENT HEARINGS OFF                    PAGE   23 26

## I.    JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.    DUE PROCESS RIGHTS

The parent through counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:   Admitted, without objection, a disclosure letter filed 09/19/05 that lists two witnesses and attached nine exhibits sequentially labeled and tabbed DP-01 through DP-09. One witness was present: Kay Pixley, mother. No witnesses were called to testify because the parties resolved all issues.

Respondent:   Admitted, without objection, a disclosure letter filed 09/14/05 that lists eleven witnesses. No exhibits were offered into evidence. No witnesses were present or called to testify because the parties resolved all issues.

## IV.    STATEMENT OF THE CASE

Delante Pixley (D.P.), born 12/28/91, age 13-years 10-months, is a child with a disability receiving a special education and related services as an 8th grade, 85% out-of-general education, Speech Language Impaired (SLI) student at Kelly Miller Middle School in the District of Columbia. (R. at DP-01, 02.)

On July 27, 2005, Ellen D. Dalton, parent's counsel filed a Due Process Hearing Request complaining that DCPS violated the Individuals with Disabilities Education Improvement Act (IDEIA), 20 U.S.C. §§ 1400 et seq. and denied D.P. a Free Appropriate Public Education (FAPE) by failing to comply with his 07/08/05 Hearing Officer's Decision (HOD). (R. at DP-01, 03.)

The Student Hearing Office, DCPS, continued the Due Process Hearing until 11:00 a.m., Wednesday, October 12, 2005 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Katherine G. Rodi appeared in-person for DCPS. Attorney Ellen D. Dalton appeared in-person representing D.P. who was not present, and his mother who was present. No testimony was taken because the parties settled all issues.

12/19/2025  19:33   2024425555          STUDENT HEARINGS OFF                    PAGE  04/25

So, in consideration of the record evidence, counsel's arguments, and the parties agreed terms the hearing officer finds it in the best interest of the child to issue this:

## ORDER

DCPS shall ......................................................

1. Fund at public expense, and issue D.P.'s Prior Written Notice of Interim Placement, and transportation to receive his special education and related services for school year 2005-06 at High Road Academy of Washington, D.C.

2. D.P. may enroll at High Road, if the school permits, while awaiting DCPS' Prior Written Notice of Interim Placement, funding, and transportation based on the conditions established in this Order.

3. Continue the student's placement at High Road Academy unless and until DCPS provides D.P. another appropriate placement for the 2005-06 school year.

4. This Order resolves all issues raised in the student's 07/26/05 Due Process Hearing Request that is dismissed; and the hearing officer made no additional findings.

This is **THE FINAL ADMINISTRATIVE DECISION.** An Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.

_____          10/18/05
Frederick E. Woods                       Date
Hearing Officer

Issued: 10/19/2005
Student Hearing Office, DCPS

13/19/2005 12:39    2024425555    STUDENT HEARINGS OFF    PAGE 25/25

# District of Columbia Public Schools
### *State Enforcement & Investigation Division*

|  |  |  |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| Delante Pixley | ) | **IMPARTIAL** |
| Petitioner, | ) | **DUE PROCESS HEARING** |
| vs. | ) | |
| | ) | |
| The District of Columbia Public Schools, | ) | |
| Kelly Miller Middle School | ) | |
| Respondent. | ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C.
§§ 1400 et seq.

Case Information:    Hearing Request Date: July 26, 2005
Cont. Hearing Date: October 12, 2005
Held at:   825 North Capitol Street, N.E.
Eighth Floor
Washington, D.C. 20002
SETS Case Number: _____
Student's Birth Date: December 28, 1991
Attending School: Kelly Miller Middle School
Managing School: Kelly Miller Middle School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do

hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes

the entire record in the above captioned matter as of this date, consisting of all letters,

pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the student's case file or either the

original or true copy of the original documents submitted in this matter.

Executed this ___18th___ day of ___October___, 2005.

_____
Due Process Hearing Officer

12/19/2885  18:33    2824425555          STUDENT HEARINGS OFF          PAGE  25/25

Re: MATTER OF

DELANTE PIXLEY v. DCPS, KELLY MILLER MIDDLE SCHOOL

# RECORD OF PROCEEDINGS

## DATE:

## DESCRIPTION:

| DATE | DESCRIPTION |
|------|-------------|
| 07/26/05 | Due Process Hearing Request Filed By Parent |
| 09/26/05 | Notice of Due Process Hearing Date Sent to Parties |
| 10/12/05 | Continued Due Process Hearing Convened; Completed; Audio Recorded in HR 4, Start Time 11:25 a.m. and End Time 11:31 a.m.; and Settlement Reached. |
| 10/18/05 | Hearing Officer's Decision Filed with the SHO |
| 10/18/05 | Hearing Officer's Decision Issued by the SHO |

Frederick E. Woods
Due Process Hearing Officer

10/18/05

Date

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E. 9th Floor
Washington, D.C. 20002-4232
202-442-5000    Fax: 202-442-509
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: Ellen Dalton
   Federal Tax ID No: 54-1647932
   D.C. Bar No: 411612

2. **Student Information**
   Name: Christopher Pixley
   DOB: 9/28/1990
   Date Hearing Request Filed: 7/26/2005
   Date(s) of Hearing: 10/12/2005
   Date of Determination (HOD/ SA): 10/18/2005
   Parent/ Guardian Name Kay Pixley
   Parent/ Guardian Address 227 51st Street, NE
   Washington, DC 20019

3. **Invoice Information**
   Invoice Number: 3370
   Date Request Submitted 10/13/05
   Date(s) of Service Rendered: 7/5/2005- 10/17/2005
   Attorney Hourly Rate: $ 295.00
   Total Attorney Fees: $ 3,483.50
   Total Attorney Costs $ 0.00
   Total Experts: $ 0.00
   **Total Invoice:** $ 3,483.50

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Allservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

   *Ellen D. Dalton*                    10/19/2005
   Signature                           Date

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston~
Talib Abdus Shahid~
Laura E. Duos~

*ALSO ADMITTED IN D.C. & VA/A.
* ADMITTED IN D.C. & PA
~ADMITTED IN MD

October 13, 2005

(Invoice #3370)

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:     **Billing for the case of: Christopher Pixley**
        **Services Rendered : 7/5/2005- 10/17/2005**
        **Total Bill: $ 3,483.50**
        **Current Payment Request: $ 3,483.50**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

### See attached, for the detailed invoice.

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after October 27, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.

By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# Dalton, Dalton & Houston,

1008 Pendleton Street
Alexandria, VA  22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/19/2005 | 3370 |

| Bill To | BILLING # |
|---------|-----------|
| Office of the General Counsel<br>Attention: Ms. Erika Pierson<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC  20002 | |

| Terms | Project |
|-------|---------|
| Net 30 | Pixley, Christopher |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 7/5/2005 | PIXLEY, CHRISTOPHER: DRAFT LETTER AND FAX INDEPENDENT EVALUATIONS TO HEARING OFFICER DUBOW. (PR) | 0.5 | KTM | 37.50 |
| 7/6/2005 | RECEIVE AND READ INDEPENDENT PSYCHO-ED AND SPEECH & LANGUAGE; FORWARD COPY TO DCPS ATTORNEY AND MS. SMITH @ KELLY MILLER. | 0.7 | EDD | 206.50 |
| 7/8/2005 | RECEIVE AND READ SECOND HOD; INSTRUCT INTERN TO PREPARE LETTER TO MS. SMITH AND FORWARD TO KELLY MILLER. | 0.3 | EDD | 88.50 |
| 7/11/2005 | PIXLEY, CHRISTOPHER: PREPARE AND MAIL OUT ADMISSIONS PACKETS TO PRIVATE SCHOOLS. (PR) | 1.5 | KTM | 112.50 |
| 7/20/2005 | TCW/ DAVID CLARK @ HIGH ROAD SCHOOL; PREPARE FAX TO MR. CLARK WITH UPDATED TESTING. | 0.3 | EDD | 88.50 |
| 7/25/2005 | REVIEW HEARING OFFICER'S DETERMINATION AND PREPARE DUE PROCESS HEARING REQUEST. | 0.7 | EDD | 206.50 |
| 8/8/2005 | PREPARE MOTION FOR DEFAULT JUDGMENT. | 0.5 | EDD | 147.50 |
| 8/9/2005 | PREPARE LETTER TO SHO REQUESTING HEARING DATE; TCW/ PHILLIPS SCHOOL; TCW/ ST. COLETTA SCHOOL (PR) | 0.8 | EDD | 236.00 |
| 8/22/2005 | RECEIVE & READ HOD RE: MOTION FOR DEFAULT JUDGMENT; CALCULATE DATE THAT RESOLUTION PERIOD EXPIRES & NOTE DATE ON CALENDAR TO REFILE MOTION FOR DEFAULT JUDGMENT; TC/ MS. PIXLEY. (PR) | 0.2 | EDD | 59.00 |

| Total | |
|-------|--|
| **Payments/Credits** | |
| **Balance Due** | |

# Invoice

**Dalton, Dalton & Houston,**
1008 Pendleton Street
Alexandria, VA 22314-1837

| Date | Invoice # |
|------|-----------|
| 10/19/2005 | 3370 |

| Bill To | BILLING # |
|---------|-----------|
| Office of the General Counsel<br>Attention: Ms. Erika Pierson<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC 20002 | |

| Terms | Project |
|-------|---------|
| Net 30 | Pixley, Christopher |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 8/23/2005 | TCW/ MS. PIXLEY RE: PLACEMENT; TCW/ MR. WEEKS @ HIGH ROAD SCHOOL (PR) | 0.1 | EDD | 29.50 |
| 8/24/2005 | TCW/ MR. CLARK @ HIGH ROAD SCHOOL; RETRIEVE EVALUATIONS AND MOST RECENT HOD FROM FILE AND PREPARE FAX. (PR) | 0.2 | EDD | 59.00 |
| 8/25/2005 | TCW/ MR. WEEKS; TC/ MR. CLARK; TC/ MS. PIXLEY; TC/ MS. REDMAN RE: PLACEMENT. (PR)) PREPARE LETTER TO MS. SMITH @ KELLY MILLER. | 1 | EDD | 295.00 |
| 8/26/2005 | PREPARE MOTION FOR DEFAULT JUDGMENT AND FAX TO SHO AND OGC. | 1.5 | EDD | 442.50 |
| 9/2/2005 | PREPARE CLIENT NOTICE LETTER AND MAIL WITH COPY OF NOTICE OF HEARING. PREPARE LETTER TO HIGH ROAD ACADEMY; TC/ TO HIGH ROAD ACADEMY. (PR) | 0.3 | EDD | 88.50 |
| 9/14/2005 | RECEIVE & READ FIVE DISCLOSURE FROM OGC ATTY. | 0.2 | EDD | 59.00 |
| 9/19/2005 | PREPARE FIVE DAY DISCLOSURE WITH EXHIBITS | 1 | EDD | 295.00 |
| 9/23/2005 | TCW/ MS. PIXLEY; REVIEW 5 DAY DISCLOSURES AND MOTION FOR DEFAULT JUDGMENT; TCW/ MR. CLARK, WITNESS FOR HEARING; PREPARE FOR HEARING (PR) | 1 | EDD | 295.00 |
| 9/26/2005 | TO DCPS FOR DUE PROCESS HEARING; PCW/ MS. PIXLEY AND MR. CLARK OF HIGH ROAD SCHOOL; PCW/ KATHI RODI, OGC; DISCUSSION RE: REGISTERING STUDENTS AS NON-ATTENDING AND SETTLEMENT; CONTINUE CASE TO 10/12/05. (PR) | 1 | EDD | 295.00 |

| Total | |
|-------|--|
| Payments/Credits | |
| Balance Due | |

# Dalton, Dalton & Houston,

1008 Pendleton Street
Alexandria, VA 22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/19/2005 | 3370 |

| Bill To |
|---------|
| Office of the General Counsel
Attention: Ms. Erika Pierson
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC 20002 |

| BILLING # |
|-----------|
| |

| Terms | Project |
|-------|---------|
| Net 30 | Pixley, Christopher |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 10/4/2005 | TCW/ ATTY RHODI RE: CONFIRMATION THAT STUDENT HAS BEEN REGISTED AS A NON-ATTENDING REGISTERED UP CONVERSATION WITH ATTY RHODI. | 0.2 | EDD | 59.00 |
| 10/12/2005 | DUE PROCESS HEARING | 1 | EDD | 295.00 |
| 10/17/2005 | TCW/ MS. PIXLEY; PREPARE TRANSPORTATION REQUEST FORM TO BE SUBMITTED WITH HOD FOR TRANSPORTATION. | 0.3 | EDD | 88.50 |

| | |
|--|--|
| **Total** | $3,483.50 |
| Payments/Credits | $0.00 |
| Balance Due | $3,483.50 |

12/19/2225 12:43    2224425556    STUDENT HEARINGS OFF    PAGE 22/25

# District of Columbia Public Schools

## State Enforcement & Investigation Division

### Confidential

FREDERICK E. WOODS, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

|  |  |  |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL**<br>**DUE PROCESS HEARING** |
|  | ) |  |
| Christopher Pixley | ) |  |
| Date of Birth: 09/28/90 | ) | **DECISION AND ORDER** |
| Petitioner, | ) |  |
|  | ) | Hearing Request: July 26, 2005 |
| vs. | ) | Cont. Hearing Date: Oct. 19, 2005 |
|  | ) | Held at: 825 North Capitol Street, N.E. |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Home School: Kelly Miller Middle School | ) | Washington, D.C. 20002 |
|  | ) |  |
| Respondent. | ) |  |

| | |
|---|---|
| Parent: | Kay Pixley, Mother<br>227 51st Street, N.E.<br>Washington, D.C. 20019 |
| Counsel for the Parent/Student: | Ellen D. Dalton, Esq.<br>Dalton, Dalton & Houston, P.C.<br>Attorneys at Law<br>1008 Pendleton Street<br>Alexandria, VA 22314 |
| District of Columbia Public Schools: | Katherine G. Rodi, Esq.<br>Attorney Advisor<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E., 9th Floor<br>Washington, D.C. 20002 |

12/19/2005  12:43   2024425556           STUDENT HEARINGS OFF                    PAGE  09/26

## I.    JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.   DUE PROCESS RIGHTS

The parent through counsel waived a formal reading of the due process rights.

## III.  FIVE-DAY DISCLOSURES

Petitioner:   Admitted, without objection, a disclosure letter filed 09/19/05 that lists two witnesses and attached nine exhibits sequentially labeled and tabbed CP-01 through CP-09. One witness was present: Kay Pixley, mother. No witnesses were called to testify because the parties resolved all issues.

Respondent:   Admitted, without objection, a disclosure letter filed 09/14/05 that lists eleven witnesses. No exhibits were offered into evidence. No witnesses were present or called to testify because the parties resolved all issues.

## IV.   STATEMENT OF THE CASE

Christopher Pixley (C.P.), born 09/28/90, age 15-years 1-month, is a child with a disability receiving a special education and related services as an 8th grade, 85% out-of-general education, Specific Learning Disabled (SLD) student at Kelly Miller Middle School in the District of Columbia. (R. at CP-01.)

On July 26, 2005, Ellen D. Dalton, parent's counsel filed a Due Process Hearing Request complaining that DCPS violated the Individuals with Disabilities Education Improvement Act (IDEIA), 20 U.S.C. §§ 1400 et seq. and denied C.P. a Free Appropriate Public Education (FAPE) by failing to comply with his 07/08/05 Hearing Officer's Decision (HOD). (R. at CP-01, 03.)

The Student Hearing Office, DCPS, continued the Due Process Hearing until 11:00 a.m., Wednesday, October 12, 2005 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Katherine G. Rodi appeared in-person for DCPS. Attorney Ellen D. Dalton appeared in-person representing C.P. who was not present, and his mother who was present. No testimony was taken because the parties settled all issues.

12/19/2005  10:43    2024255556    STUDENT HEARINGS OFF    PAGE  24/26

So, in consideration of the record evidence, counsel's arguments, and the parties agreed terms the hearing officer finds it in the best interest of the child to issue this:

## ORDER

DCPS shall ..................................................

1. Fund at public expense, and issue C.P.'s Prior Written Notice of Interim Placement, and transportation to receive his special education and related services for school year 2005-06 at High Road Academy of Washington, D.C.

2. C.P. may enroll at High Road, if the school permits, while awaiting DCPS' Prior Written Notice of Interim Placement, funding, and transportation based on the conditions established in this Order.

3. Continue the student's placement at High Road Academy unless and until DCPS provides C.P. another appropriate placement for the 2005-06 school year.

4. This Order resolves all issues raised in the student's 07/26/05 Due Process Hearing Request that is dismissed; and the hearing officer made no additional findings.

This is **THE FINAL ADMINISTRATIVE DECISION.** An Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.

_____        10/18/05
Frederick E. Woods              Date
Hearing Officer

Issued: 10/19/2005
Student Hearing Office, DCPS

12/15/2005  13:43    2024425556    STUDENT HEARINGS OFF    PAGE  25/26

# District of Columbia Public Schools
### State Enforcement & Investigation Division

In the Matter of                              )
                                              )
                                              )
Christopher Pixley                            )         IMPARTIAL
            Petitioner,                       )     DUE PROCESS HEARING
                                              )
            vs.                               )
                                              )
The District of Columbia Public Schools,      )
Kelly Miller Middle School                    )
            Respondent.                       )

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C.
§§ 1400 et seq.

Case Information:    Hearing Request Date: July 26, 2005
                     Cont. Hearing Date: October 12, 2005
                     Held at:  825 North Capitol Street, N.E.
                               Eighth Floor
                               Washington, D.C. 20002
                     SETS Case Number: _____
                     Student's Birth Date: September 28, 1990
                     Attending School: Kelly Miller Middle School
                     Managing School: Kelly Miller Middle School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do

hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes

the entire record in the above captioned matter as of this date, consisting of all letters,

pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the student's case file or either the

original or true copy of the original documents submitted in this matter.

Executed this __18th__ day of __October__, 2005.

_____
Due Process Hearing Officer

12/18/2005  12:43    2024425555    STUDENT HEARINGS OFF    PAGE  25/26

Re: MATTER OF
CHRISTOPHER PIXLEY v. DCPS, KELLY MILLER MIDDLE SCHOOL

# RECORD OF PROCEEDINGS

## DATE:                DESCRIPTION:

07/26/05        Due Process Hearing Request Filed By Parent

09/26/05        Notice of Due Process Hearing Date Sent to Parties

10/12/05        Continued Due Process Hearing Convened; Completed;
                Audio Recorded in HR 4, Start Time 11:35 a.m. and
                End Time 11:45 a.m.; and Settlement Reached.

10/18/05        Hearing Officer's Decision Filed with the SHO

10/18/05        Hearing Officer's Decision Issued by the SHO


_____                    10/18/05
  Frederick E. Woods                          _____
Due Process Hearing Officer                     Date

Law Offices
DALTON, DALTON & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202) 393-0060
Facsimile: (202) 393-1555

Paul S. Dalton*+
Ellen Douglass Dalton*+
William E. Houston*+*
Talib S. Abdus-Shahid*+
Laura E. Duos~

* ADMITTED IN VA & W.VA
+ ADMITTED IN D.C.
^ADMITTED IN PA.
- ADMITTED IN MD.
*ADMITTED TO THE U.S. SUPREME COURT

July 20, 2005

(Inv #3069 )

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:    **Billing for the case of: Valentino Tonic**
**Services Rendered : 3/02/2005- 6/29/2005**
**Total Bill: $ 5,005.00**
**Current Payment Request: $ 5.005.00**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after August 3,2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
202-442-5000    Fax: 202-442-509
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: William E. Houston
   Federal Tax ID No: 54-1647932
   D.C. Bar No: 450223

2. **Student Information**
   Name: Valentino Tonic
   DOB: 10/30/1998
   Date Hearing Request Filed:
   Date(s) of Hearing: 7/05/2005
   Date of Determination (HOD/ SA): 7/08/2005
   Parent/ Guardian Name
   Parent/ Guardian Address

3. **Invoice Information**
   Invoice Number: 3069
   Date Request Submitted 7/19/2005
   Date(s) of Service Rendered: 3/02/2005- 6/29/2005
   Attorney Hourly Rate: $275.00
   Total Attorney Fees: $0.00
   Total Attorney Costs $5,005.00
   Total Experts: $0.00
   **Total Invoice:** $5,005.00

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Allservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

   _William Houston_                     _7/19/05_
        Signature                              /Date

Revised Nov 2004

# Invoice

**Dalton, Dalton & Houston,**
008 Pendleton Street
Alexandria, VA  22314-1837

| Date | Invoice # |
|------|-----------|
| 7/11/2005 | 3069 |

| Bill To |
|---------|
| Office of the General Counsel<br>Attention:  Ms. Erika Pierson<br>District of Columbia<br>825 N. Capital Street, 9th Floor<br>Washington, DC  20002 |

| BILLING # |
|-----------|
| |

| Terms | Project |
|-------|---------|
| Net 30 | Tonic, Valentino |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 3/2/2005 | TELECON WITH GUARDIAN | 0.1 | WEH | 27.50 |
| 3/3/2005 | REVIEW DOCUMENTS FROM GUARDIAN | 0.8 | WEH | 220.00 |
| 3/8/2005 | TELECON WITH GUARDIAN | 0.5 | WEH | 137.50 |
| 3/9/2005 | REVIEW DOCUMENTS FROM GUARDIAN | 1.7 | WEH | 467.50 |
| 3/9/2005 | REVIEW DOCUMENTS FROM SW | 1.9 | WEH | 522.50 |
| 3/10/2005 | PREPARE DOCUMENT FOR GUARDIAN | 1.5 | WEH | 412.50 |
| 3/10/2005 | REVIEW EVALUATIONS FROM GUARDIAN | 1.4 | WEH | 385.00 |
| 3/10/2005 | TELECON WITH GUARDIAN | 0.4 | WEH | 110.00 |
| 3/10/2005 | PREPARE RE-EVALUATION REQUEST LETTER TO AMIDON | 0.9 | WEH | 247.50 |
| 3/10/2005 | MEETING WITH GUARDIAN | 1.1 | WEH | 302.50 |
| 3/20/2005 | REVIEW DOCUMENT FROM GUARDIAN | 0.1 | WEH | 27.50 |
| 4/4/2005 | TELECON WITH AMIDON ADMINISTRATOR | 0.1 | WEH | 27.50 |
| 4/8/2005 | RETRIEVE DOCUMENTS | 1.4 | WEH | 385.00 |
| 5/31/2005 | TELECON WITH GUARDIAN | 0.4 | WEH | 110.00 |
| 5/31/2005 | PREPARE DPH REQUEST | 0.9 | WEH | 247.50 |
| 6/1/2005 | REVIEW CASE FILE | 0.9 | WEH | 247.50 |
| 6/1/2005 | TELECON WITH GUARDIAN | 0.5 | WEH | 137.50 |
| 6/2/2005 | REVIEW DOCUMENT FROM SPED COORDINATOR | 0.1 | WEH | 27.50 |
| 6/27/2005 | PREPARE FIVE DAY DISCLOSURE LETTER | 0.9 | WEH | 247.50 |
| 6/27/2005 | PREPARE DOCUMENTS FOR 5 DAY | 1.1 | WEH | 302.50 |
| 6/27/2005 | TELECON WITH GUARDIAN | 0.5 | WEH | 137.50 |
| 6/29/2005 | MEETING WITH GUARDIAN | 1 | WEH | 275.00 |

| **Total** | **$5,005.00** |
|-----------|---------------|
| **Payments/Credits** | $0.00 |
| **Balance Due** | **$5,005.00** |

07/08/2005  14:57    2024425558            STUDENT HEARINGS OFF                    PAGE  22/84

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
ENFORCEMENT AND INVESTIGATION DIVISION

SPECIAL EDUCATION DUE PROCESS HEARING

CONFIDENTIAL

<u>HEARING OFFICER'S DETERMINATION</u>

**STUDENT:** Valentino Tonic        **DATE OF BIRTH:** 10/30/98

**ADDRESS:** Ward of D.C.

**PRESENT SCHOOL ATTENDING:** Walden Woods E.S. in P.G. County
**HOME SCHOOL:** Amidon E.S.

**DATE OF HEARING:** July 5, 2005

Student's Representative: William Houston, Esq.
Address: 1008 Pendleton Street,
Alexandria, Va. 22314
FAX: 703-739-2323

School System's Representative: Aaron Price, Esq.
Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002

07/08/2005  14:57   2024425559            STUDENT HEARINGS OFF                        PAGE  03/04

## INTRODUCTION:

A teleconference hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on July 5th 2005, at the request of William Houston , counsel for the student.    Aaron Price represented DCPS, the other party to this hearing.

## JURISDICTION:

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

## DISPOSITION OF THE CASE:

Counsel for the parties entered a settlement agreement on the record.  That accord is incorporated into the following ORDER:

It is hereby **ORDERED** that:

1.    DCPS agrees to fund independent clinical, psycho-educational, psychiatric, speech and language and social history evaluations within the Superintendent's guidelines.

2.    DCPS agrees to convene an MDT meeting within 40 calendar days of receipt of the independent evaluations by Tim Fitzgerald of DCPS and the special education coordinator at Walden Woods E.S. to review the evaluations and determine eligibility.  If the student is found eligible for special education services, DCPS shall develop an appropriate IEP and discuss and determine placement.  If a public placement is determined appropriate, a Prior Notice of Placement (PNOP) shall be issued within 5 school days of the MDT meeting.  If a private placement is determined appropriate, a PNOP shall be issued within 30 calendar days of the MDT meeting.  All meetings shall be scheduled at a mutually agreeable time through counsel for the student.  There shall be one day of delay of the above time frame for every day of delay caused by the student, parent or counsel for the student.

3.    Counsel for the student shall provide to DCPS a copy of his appointment order.

27/23/2225  14:57    2224425555              STUDENT HEARINGS OFF                    PAGE   24/24

This is the final administrative decision in this matter.  Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: July 8, 2005

Date Issued: 7/8/05

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building,  Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid+
Laura E. Duos~

*ALSO ADMITTED IN D.C. & W.VA.
+ ADMITTED IN D.C. & PA
~ADMITTED IN MD

August 1, 2005

(Inv #3103 )

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:     **Billing for the case of: Lovenia Barrett**
        **Services Rendered : 9/21/2004- 7/8/2005**
        **Total Bill: $ 1,841.00**
        **Current Payment Request: $ 1,841.00**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter.  If you have any questions concerning this bill, please direct them to my attention at the number above.

### See attached, for the detailed invoice.

Thank you for your prompt payment for these services.  Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts.  All Payments received after August 11,2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: Ellen Dalton
   Federal Tax ID No: 54-1647932
   D.C. Bar No: 411612

2. **Student Information**
   Name: Lovenia Barrett
   DOB: 6/17/1990
   Date Hearing Request Filed: 1/14/2005
   Date(s) of Hearing: 2/10/2005
   Date of Determination (HOD/ SA): 3/11/2005
   Parent/ Guardian Name
   Parent/ Guardian Address

3. **Invoice Information**
   Invoice Number: 3103
   Date Request Submitted: 7/28/05
   Date(s) of Service Rendered: 9/21/2004- 7/8/2005
   Attorney Hourly Rate: $295.00
   Total Attorney Fees: $0.00
   Total Attorney Costs: $1,841.00
   Total Experts: $0.00
   **Total Invoice:** $1,841.00

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Allservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

_Ellen Douglass Dalton_                    8/1/05
Signature                                    Date

Revised Nov 2004

# Dalton, Dalton & Houston,

.008 Pendleton Street
Alexandria, VA 22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/28/2005 | 3103 |

| Bill To |
|---------|
| Office of the General Counsel<br>Attention: Mr. James Baxley<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC 20002 |

| BILLING # |
|-----------|
| |

| Terms | Project |
|-------|---------|
| Net 30 | Barrett, Lovenia |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 9/21/2004 | PREPARE CLOSING LETTER. | 0.7 | EDD | 206.50 |
| 5/27/2005 | TCW/ MS. PETERSON; READ HOD AND MDT NOTES; PREPARE LETTER TO OFFICE OF MEDIATION & COMPLIANCE. | 0.8 | EDD | 236.00 |
| 6/6/2005 | READ PRIOR HOD AND MDT/IEP NOTES; PREPARE DUE PROCESS HEARING REQUEST AND HEARING REQUEST FORM; PREPARE LETTER TO CLIENT. | 1.5 | EDD | 442.50 |
| 6/27/2005 | PREPARE FIVE DAY DISCLOSURE | 1 | EDD | 295.00 |
| 7/6/2005 | RECEIVE CALL FROM AARON PRICE RE: SETTLEMENT; TC/ MS. BARRETT; REVIEW FILE TO DETERMINE WHETHER SETTLEMENT PROPOSAL IS ACCEPTABLE AND WHETHER THERE IS ANY LONGER A NEED FOR DPH. | 0.5 | EDD | 147.50 |
| 7/7/2005 | TCW/ MR. PRICE RE: SETTLEMENT; TCW/ MS. PETERSON RE: HER TESTIMONY; PROCEED WITH DUE PROCESS HEARING. | 1 | EDD | 295.00 |
| 7/8/2005 | RECEIVE AND READ HEARING OFFICER'S DETERMINATION; PREPARE LETTER TO CLIENT; PREPARE LETTER TO MS. ONAKOYA (TUTOR). | 0.7 | EDD | 206.50 |
| 9/10/2004 | Colonial Parking Inv # 1507337 | | | 12.00 |

| | |
|---|---|
| **Total** | $1,841.00 |
| Payments/Credits | $0.00 |
| Balance Due | $1,841.00 |

07/05/2005  14:44    2024425555    STUDENT HEARINGS OFF    PAGE 22/25

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capital Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL DUE PROCESS** |
| ) | |
| Lovenia Barrett ("Student") ) | **HEARING OFFICER'S DECISION**[1] |
| Date of Birth: June 17, 1990 ) | |
| Petitioner, ) | Hearing Dates: July 7, 2005 |
| ) | |
| ) | Held at: 825 North Capitol Street, NW |
| v. ) | 8th Floor |
| ) | Washington, DC 20002 |
| ) | |
| District of Columbia Public Schools ) | Attending School: |
| 825 North Capitol Street, NW ) | High Road School of Washington |
| Washington, DC 20002 ) | |
| ("DCPS" or "District") ) | Hearing Request Received: |
| ) | June 6, 2005 |
| Respondent. ) | |

Counsel for Student:

Counsel for DCPS:

Ellen Douglass Dalton, Esq.
1008 Pendleton Street
Alexandria, Virginia 22314

Aaron Price, Esq.
District of Columbia Public Schools,
9th Floor
825 North Capitol Street, NW
Washington, DC 20002

---

[1]     An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Hearing Officer's Determination as a public record.

07/09/2005  14:44    2024425555                STUDENT HEARINGS OFF                PAGE  23/25

## INDEX OF NAMES

Lovenia Barrett v. DCPS

| | |
|---|---|
| Principal | |
| Executive Director, PCS | |
| Special Education Coordinator | |
| Special Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Private Education Advocate | |
| Community Support Specialist | |
| CHILD AND CHILD'S DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Ellen Douglass Dalton, Esq. |
| School System's Representative | Aaron Price, Esq. |
| Observer | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### IMPARTIAL DUE PROCESS HEARING

## INTRODUCTION:

A Due Process Hearing was convened on July 7, 2005 at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C. 20002. The Hearing was held pursuant to a hearing request submitted by counsel for the parent dated June 6, 2005.

## JURISDICTION:

The Hearing was held and this decision was written pursuant to the *Individuals with Disabilities Education Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the *Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145*, effective October 21, 1998.

## DUE PROCESS RIGHTS:

Counsel for the parent waived a formal reading of the due process rights.

## SUMMARY:

The parties discussed the case on the record and were able to reach an agreement that DCPS would fund 75 hours of tutoring to be provided by a private tutor. The parties were not however able to agree on the hourly rate to be paid. The student's counsel stated that the superintendent's cost guidelines do not contain an hourly rate for tutors, and was requesting that the rate should be prevailing market rate consistent with the rate of $70.00 per hour that was formerly paid for a tutor through the District of Columbia Superior Court. The tutor was provided by the District of Columbia Child and Family Services Agency ("DC CFSA"). The guardian has requested that the same tutor be made available for the student.

Additionally, the parties agreed that DCPS would fund 18 hours of speech and language therapy at a rate of $80.00 per hour which rate is consistent with the superintendent's cost guidelines.

## FINDINGS OF FACT AND CONCLUSON:

Based on the record, the rate of $70.00 per hour was paid to a tutor provided the tudent through the DC CFSA. Since the superintendent's cost guidelines do not contain a specific hourly rate for a tutor, this rate is reasonable.

07/03/2025  14:44    2024425555              STUDENT HEARINGS OFF                    PAGE  05/05

**ORDER:**

1.    DCPS will fund 75 hours of independent tutoring for the student at a rate not to exceed $70.00 per hour.

2.    DCPS will fund 18 hours of speech and language therapy for the student at a rate not to exceed $80.00 per hour in accordance with the superintendent's cost guidelines.

3    All meetings are to be scheduled through student's counsel and any delay in any time line caused by the student, parent or student's counsel shall extend the applicable time line by one day for each day of delay.

**APPEAL PROCESS:**

This is the final administrative decision in this matter.  Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

David R. Smith, Esq.
Impartial Hearing Officer

Date: 7-7-05
Issued: 7/8/05

07/08/2005  14:44    2024425555          STUDENT HEARINGS OFF                    PAGE  01/05

# District of Columbia Public Schools
## *Office of Compliance*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: 7/8/05

TO: E Dalton          (703) 739-2323

FROM: STUDENT HEARING OFFICE

RE: L. Barrett - HOD

TOTAL NUMBER OF PAGES, INCLUDING COVER: 5

COMMENTS:

*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm:                        Dalton, Dalton & Houston
   Attorney Information:            Ellen Dalton
   Federal Tax ID No:               54-1647932
   D.C. Bar No:                     411612

2. **Student Information**
   Name:                            Graciel Moya
   DOB:                             12/30/1994
   Date Hearing Request Filed:      11/10/2004
   Date(s) of Hearing:              12/14/2004
   Date of Determination (HOD/ SA): 12/21/2004
   Parent/ Guardian Name
   Parent/ Guardian Address

3. **Invoice Information**
   Invoice Number:                  3239
   Date Request Submitted           8/8/2005
   Date(s) of Service Rendered:     9/27/2004- 1/05/2005
   Attorney Hourly Rate:            $295.00
   Total Attorney Fees:             $0.00
   Total Attorney Costs             $3,715.50
   Total Experts:                   $0.00
   **Total Invoice:**               $3,715.50

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Allservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

   _Alen Douglass Dalton_                    _8/9/2005_
   Signature                                 Date

Revised Nov 2004

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid+
Laura E. Duos~

*ALSO ADMITTED IN D.C. & W.VA.
+ ADMITTED IN D.C. & PA
~ADMITTED IN MD

August 8, 2005

(Inv # 3239 )

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:    **Billing for the case of: Graciel Moya**
       **Services Rendered : 9/27/2004- 1/05/2005**
       **Total Bill: $ 3,715.50**
       **Current Payment Request: $ 3,715.50**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after August 22, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# Dalton, Dalton & Houston,

1008 Pendleton Street
Alexandria, VA 22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/2/2005 | 3239 |

| Bill To |
|---------|
| District of Columbia Public Schools<br>Attention: James Baxley<br>Office of General Counsel<br>825 N. Capital Street, NE, 9th Floor<br>Washington, DC 20002 |

| BILLING # |
|-----------|
|  |

| Terms | Project |
|-------|---------|
| Net 30 | Moya, Graciel |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 9/27/2004 | REVIEW HOD; TC/ JEFF KAPLAN | 0.2 | EDD | 59.00 |
| 9/30/2004 | PREPARE LETTER TO JEFF KAPLAN RE: STATUS OF HOD ORDERED DCPS ACTION. | 0.5 | EDD | 147.50 |
| 10/7/2004 | REVIEW ADMISSIONS INQUIRY FROM DCPS TO FAIRFAX COUNTY SCHOOLS THAT WAS ORDERED PER THE HOD; INSTRUCT ASSISTANT TO MAIL A COPY TO CLIENT. | 0.3 | EDD | 88.50 |
| 10/14/2004 | TCW/ MS. MOYA; TC/ DR. FARLING (CAMELOT SCHOOL); TC/ PATRICIA SMITH RE: TUTORING. | 0.4 | EDD | 118.00 |
| 10/20/2004 | PREPARE LETTER TO FAIRFAX COUNTY SCHOOLS RE: THEIR DECISION TO PLACE. | 0.5 | EDD | 147.50 |
| 10/25/2004 | REVIEW CORRESPONDENCE FROM FAIRFAX COUNTY; PREPARE TRANSPORTATION REQUEST TO DCPS WITH HOD. | 0.5 | EDD | 147.50 |
| 11/3/2004 | TCW/ MS. JESUS; PREPARE LETTER TO MAUREEN ANDERSON. | 0.8 | EDD | 236.00 |
| 11/4/2004 | PREPARE LETTER TO MS. ANDERSON; FAX TO NUMEROUS INDIVIDUALS WITHIN DCPS; TC/ MS. ANDERSON; TC/ MS. OWENS. | 0.9 | EDD | 265.50 |
| 11/5/2004 | TCW/ MS. HARLEY W/ DCPS; TCW/ ATTY HERBERT W/ DCPS; TC/ MS. JESUS RE: TRANSPORTATION AND TUTORING. | 0.2 | EDD | 59.00 |
| 11/10/2004 | TCW/ MS. JESUS; DCPS FAILED TO TRANSPORT GRACIEL; TCW/ ATTY. HERBERT; PREPARE REQUEST FOR DUE PROCESS HEARING AND HEARING REQUEST FORM. | 2 | EDD | 590.00 |
| 11/23/2004 | PREPARE LETTER TO CLIENT RE: DATE OF HEARING AND ISSUES TO BE RESOLVED AT HEARING. | 0.5 | EDD | 147.50 |

| Total | |
|-------|--|
| Payments/Credits | |
| Balance Due | |

# Dalton, Dalton & Houston,

1008 Pendleton Street
Alexandria, VA  22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/2/2005 | 3239 |

| Bill To |
|---------|
| District of Columbia Public Schools<br>Attention: James Baxley<br>Office of General Counsel<br>825 N. Capital Street, NE, 9th Floor<br>Washington, DC  20002 |

| BILLING # |
|-----------|
|  |

| Terms | Project |
|-------|---------|
| Net 30 | Moya, Graciel |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 12/7/2004 | PREPARE FIVE DAY DISCLOSURE; SUSPEND COMPLETION OF THE DISCLOSURE AFTER TCW/ MR. SCHREIBMAN RE: POSSIBLE SETTLEMENT; PREPARE LETTER TO MR. SCHREIBMAN. | 1.5 | EDD | 442.50 |
| 12/8/2004 | REVIEW DCPS'S FIVE DAY DISCLOSURE; CONSIDER ADDITIONAL DOCUMENTS FOR PARENT'S FIVE DAY DISCLOSURE; COMPLETE 5 DAY PLEADING; COPY AND TAB DISCLOSURE; SETTLEMENT NEGOTIATIONS WITH GRACIEL MOYA. | 1.5 | EDD | 442.50 |
| 12/8/2004 | DELIVERED 5-DAY TO SHO AND OGC -- TOO LONG TO FAX PER SHO | 0.9 | LED | 175.50 |
| 12/13/2004 | TCW/ MS. DE JESUS; PREPARE FOR DUE PROCESS HEARING. | 0.5 | EDD | 147.50 |
| 12/14/2004 | DUE PROCESS HEARING; TCW/ CLIENT RE: TERMS OF SETTLEMENT AGREEMENT ENTERED INTO WITH DCPS. | 1.5 | EDD | 442.50 |
| 1/5/2005 | RECEIVE FAX FROM MS. HARLEY RE: IDENTIFICATION OF TUTOR; RETURN CALL TO MS. HARLEY RE: CONTACT INFORMATION FOR PARENT; TCW/ MS. HARLEY RE: TUTOR. | 0.2 | EDD | 59.00 |

| | |
|-------|-------|
| **Total** | $3,715.50 |
| Payments/Credits | $0.00 |
| Balance Due | $3,715.50 |

05/22/2005   09:14   2024425556              STUDENT HEARINGS OFF                    PAGE  01/04

# HEARING OFFICER'S DECISION COVER PAGE
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

David R. Smith, Due Process Hearing Officer
825 North Capital Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL DUE PROCESS** |
| ) | |
| Graciel Moya ("Student") ) | **HEARING OFFICER'S DECISION**[1] |
| Date of Birth:  December 30, 1994 ) | |
| Petitioner, ) | Hearing Dates: December 14, 2004 |
| ) | |
| v. ) | Held at:  825 North Capitol Street, NW |
| ) | 8th Floor |
| ) | Washington, DC 20002 |
| District of Columbia Public Schools ) | |
| 825 North Capitol Street, NW ) | School: |
| Washington, DC 20002 ) | The River School |
| ("DCPS" or "District") ) | |
| ) | Hearing Request: |
| Respondent. ) | November 10, 2004 |

Counsel for parent:          Ellen Douglass Dalton, Esq.
                             1008 Pendleton Street
                             Alexandria, Virginia 22314-1837

Counsel for DCPS:            Jack Schreibman, Esq.
                             District of Columbia Public Schools,
                             9th Floor
                             825 North Capitol Street, NW
                             Washington, DC 20002

---

[1] An index of names is attached hereto for the benefit of the parties.  The index will permit the parties to identify specific witnesses and other relevant persons.  The index is designed to be detached before release of this Hearing Officer's Determination as a public record.

08/02/2025  09:14   2024425556                    STUDENT HEARINGS OFF                    PAGE 02/04

## INDEX OF NAMES

Graciel Moya v. DCPS

| | |
|---|---|
| Principal | |
| Placement Specialist, DCPS | |
| School Social Worker, DCPS | |
| Special Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Private Education Advocate | |
| Private Education Advocate | |
| CHILD AND CHILD'S DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Ellen Douglass Dalton, Esq. |
| School System's Representative | Jack Schreibman, Esq. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

05/22/2005  09:14    2024425555                    STUDENT HEARINGS OFF                    PAGE  03/04

# INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### IMPARTIAL DUE PROCESS HEARING

## INTRODUCTION:

A Due Process Hearing was convened on December 14, 2004 at the District of Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C. 20002. The Hearing was held pursuant to a hearing request submitted by counsel for the parent dated November 10, 2004.

## JURISDICTION:

The Hearing was held and this decision was written pursuant to the *Individuals with Disabilities Education Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the *Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145*, effective October 21, 1998.

## DUE PROCESS RIGHTS:

Counsel for the parent waived a formal reading of the due process rights.

## SUMMARY:

The parties discussed the matter on the record and were able to reach an agreement as set forth herein below as an Order.

## ORDER:

1.    DCPS will provide the student with 175 hours of compensatory education in the form of tutoring to be performed by a licensed special education teacher. DCPS will provide the parent's counsel with the name of the tutor by January 10, 2005. In the event that DCPS fails to do so, the parent may obtain an independent tutor at a rate not to exceed $70.00 per hour.

2    All meeting are to be scheduled through parent's counsel and any delay in any time line caused by the student, parent or the parent's counsel shall extend the applicable time line by one day for each day of delay.

06/02/2005  09:14    2024425556                STUDENT HEARINGS OFF                PAGE  04/04

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

David R. Smith, Esq.
Impartial Hearing Officer

Date: 12-21-04

Issued: 12-21-04

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
(202-442-5000      Fax: 202-442-509
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: Ellen Dalton
   Federal Tax ID No: 54-1647932
   D.C. Bar No: 411612

2. **Student Information**
   Name: Graciel Moya
   DOB: 12/30/1994
   Date Hearing Request Filed:
   Date(s) of Hearing: Settlement Agreement
   Date of Determination (HOD/ SA): 9/26/2005
   Parent/ Guardian Name Racquel De Jesus
   Parent/ Guardian Address 1424 Clifton Street, NW
   Washington, DC 2009

3. **Invoice Information**
   Invoice Number: 3343
   Date Request Submitted 10/13/2005
   Date(s) of Service Rendered: 4/8/2005- 9/10/2005
   Attorney Hourly Rate: $ 295.00
   Total Attorney Fees: $ 2,936.50
   Total Attorney Costs $ 0.00
   Total Experts: $ 0.00
   **Total Invoice:** $ 2,936.50

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Allservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishabibe by criminal penalties pursuant to D.C. Code § 22- 2405.

   _Alex D. Dalton_                    _10/19/05_
   Signature                              Date

   Revised Nov 2004

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

2005 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington D.C. Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston~
Talib Abdus Shahid~
Laura E. Duos~

*ALSO ADMITTED IN D.E. & N.VA.
* ADMITTED IN D.C. & PA
~ADMITTED IN MD

October 13, 2005

Ms. Erika Pierson                                                    (3343 )
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:    **Billing for the case of: Graciel Moya**
       **Services Rendered : 4/8/2005- 9/10/2005**
       **Total Bill: $ 2,936.50**
       **Current Payment Request: $ 2,936.50**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

### See attached, for the detailed invoice.

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after October 27, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# Invoice

**Dalton, Dalton & Houston,**

1008 Pendleton Street
Alexandria, VA 22314-1837

| Date | Invoice # |
|------|-----------|
| 10/13/2005 | 3343 |

| Bill To |
|---------|
| District of Columbia Public Schools |
| Attention: James Baxley |
| Office of General Counsel |
| 825 N. Capital Street, NE, 9th Floor |
| Washington, DC 20002 |

**BILLING #**

| Terms | Project |
|-------|---------|
| Net 30 | Moya, Graciel |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 4/8/2005 | TCW/ MS. DEJESUS RE: ESY AND COMP ED NEVER PROVIDED BY DCPS. | 0.2 | EDD | 59.00 |
| 4/15/2005 | TCW/ MS. JESUS AND TC/ TO GRACIEL'S TEACHER AT CAMELOT ELEMENTARY SCHOOL. | 0.2 | EDD | 59.00 |
| 5/20/2005 | ATTEND MDT MEETING @ CAMELOT RE: ESY AND NEXT YEAR PLACEMENT FOR GRACIEL; MR. HOWARD FROM DCPS ATTENDED VIA PHONE AND PRIOR COMPENSATORY ED THAT WAS NOT PROVIDED WAS DISCUSSED. | 2.5 | EDD | 737.50 |
| 7/7/2005 | TCW/ MS. GROSSMAN @ CAMELOT; TCW/ MS. PERLEMAN; TCW/ MS. JESUS: RE: DCPS'S FAILURE TO FOLLOW THROUGH ON PLACEMENT FOR GRACIEL AT CAMELOT FOR ESY AND NEXT SCHOOL YEAR. | 0.5 | EDD | 147.50 |
| 7/26/2005 | PREPARE DUE PROCESS HEARING REQUEST. | 1 | EDD | 295.00 |
| 8/2/2005 | REVIEW FILE FOR PRIOR HOD DATED 12/04; DETERMINED THAT WE NEVER RECEIVED IT FROM SHO; TCW/ MR. WILLIAMS W/ SHO; REQUEST COPY; PREPARE LETTER REQUESTING PERMISSION TO AMEND PREVIOUSLY FILED DPH COMPLAINT; PREPARE AMENDED DPH COMPLAINT AND FAX TO SHO. | 1 | EDD | 295.00 |
| 8/4/2005 | TCW/ MS. DEJESUS RE: THE CONTACT SHE RECEIVED FROM MS. JOHNSON; RECEIVE AND READ ORDER FROM SHO GRANTING RIGHT TO AMEND COMPLAINT; REVIEW RELIEF WE ARE SEEKING AND CONSIDER COMP ED AMOUNT DUE FOR MISSED ESY. | 0.9 | EDD | 265.50 |

| | |
|---|---|
| **Total** | |
| Payments/Credits | |
| Balance Due | |

# Dalton, Dalton & Houston,

1008 Pendleton Street
Alexandria, VA 22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/13/2005 | 3343 |

| Bill To |
|---------|
| District of Columbia Public Schools<br>Attention: James Baxley<br>Office of General Counsel<br>825 N. Capital Street, NE, 9th Floor<br>Washington, DC 20002 |

| BILLING # |
|-----------|
|  |

| Terms | Project |
|-------|---------|
| Net 30 | Moya, Graciel |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 8/10/2005 | PCW/ CLIENT; RE: THE DPH COMPLAINT AND AMENDED DPH COMPLAINT; RELIEF WE ARE SEEKING; PCW/ LED RE: FACTS OF CASE AND STATUS OF COMPLAINT. | 0.9 | EDD | 265.50 |
| 9/2/2005 | PREPARE CLIENT NOTICE LETTER AND MAIL WITH COPY OF NOTICE OF HEARING. | 0.5 | EDD | 147.50 |
| 9/19/2005 | PREPARE FIVE DAY DISCOSURE WITH EXHIBITS | 1 | EDD | 295.00 |
| 9/23/2005 | TCW/ MS. MS DE JESUS, MOTHER; REVIEW FIVE DAY DISCLOSURE; PREPARE FOR HEARING. | 0.8 | EDD | 236.00 |
| 9/26/2005 | PHONE CALL; DRAFT AND SEND LETTER TO MOM RE SETTLEMENT AND COMP ED | 0.8 | JMS | 120.00 |
| 9/26/2005 | TCW/ MS. VERRA; TCW/ MS. DE JESUS; PREPARE SETTLEMENT AGREEMENT; TCW/ MR. LEVY; FAX PRIOR HOD TO MR. LEVY; SUBSEQUENT TCW/ MR. LEVY; SIGN SETTLEMENT AGREEMENT; FOLLOW TCW/ MS. DE JESUS; INSTRUCTIONS TO JMS TO PREPARE LETTER TO PARENT WITH COPY OF SETTLEMENT AGREEMENT. | 1.5 | EDD | 442.50 |
| 9/10/2005 | Colonial Parking Inv # 1507337 |  | Flat Fee | 1.00 |

| Total | $3,366.00 |
|-------|-----------|
| Payments/Credits | $0.00 |
| Balance Due | $3,366.00 |

09/26/2005 18:20 FAX 202 442 5098     OFF. OF GENERAL COUNSEL

Law Offices
DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 2314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington D.C. Office:
611 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060 Maine
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid+
E. Dues~

*ALSO ADMITTED IN D.C. & W.VA.
+ ADMITTED IN D.C. & P.A
~ADMITTED IN MD

## SETTLEMENT AGREEMENT

September 26, 2005

By Fax ____

Lenore Verra, Esq.
D.C. Public Schools
Office of the General Counsel
825 N. Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

**VIA FACSIMILE**

RE: Graciel Moya
DOB 12/30/94

Dear Ms. Verra:

In lieu of the due process hearing currently scheduled for Graciel Moya, Monday, September 26, 2005, at 1:00 p.m., and in settlement of all issues, the District of Columbia Public Schools (DCPS) agrees to the following:

1) DCPS agrees to fund a total of 200 hours of independent tutoring at a rate not to exceed $70.00 per hour. The total amount of 200 hours is comprised of and represents the agreement for past violations arising out of the HOD dated 12/21/04 as alleged in the Complaint filed 8/2/05 (failure to provide 175 hours of tutoring previously awarded) and 25 hours of tutoring for the additional violations alleged in the Complaint (failure to provide ESY with transportation at Camelot Elementary for summer 2005).

2) Parent/Counsel verifies that the student is a resident of the District of Columbia, has established residency, and has registered as attending or non-attending at his local school. If DCPS becomes aware subsequent to the execution of this settlement agreement that residency and/or registration has not been completed and/or established, then any DCPS obligations under this agreement will not be completed until proof of registration and/or residency is provided to DCPS.

OFF. OF GENERAL COUNSEL

Graciel Moya

3)  The Parent/Counsel verifies that the student's date of birth is 12/30/94, and that the attending school is Camelot Elementary School in Annandale, Virginia.

4)  The parties agree to fully cooperate with each other in the implementation of the terms of this settlement agreement. Any delay caused by the unavailability of the student, parent or advocate as it pertains to complying with the terms of this agreement will toll any deadlines herein by one day for each day of delay.

5)  Both parties agree that execution of this agreement will occur when the signatures of both parties has been affixed below an DCPS counsel has received transmittal of the signed agreement.

6)  Parent/Counsel agrees to contact DCPS Office of Mediation & Compliance when there has been a failure to comply with the terms of this settlement agreement in order to bring the case into compliance prior to filing a Complaint alleging DCPS's failure to comply.

7)  This agreement is in full satisfaction and settlement of all the claims contained in the pending hearing request.

8)  DCPS agrees to pay counsel for parent/student attorney fees not to exceed $4,000.00, representing payment of attorney fees and all costs. Counsel agrees to submit the required, itemized DCPS billing form.

9)  Parent/Counsel agrees that the Complaint that is the subject of this agreement will be immediately withdrawn and the written evidence of such withdrawal is required before any invoices will be processed.

10) It is understood that the withdrawal of the Complaint does not waive the parent's right to seek at a later date, compensatory education, or procedural violations of the parent's or child's right that may result from a violation of this agreement.

_____    9/25/07
Lenora Verra, Esq.          Date
OGC, Attorney Advisor

_Ellen Douglass Dalton_    9/26/05
Ellen Douglass Dalton, Esq.    Date
Counsel for Parent/Student

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile:  (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid+
Laura E. Duos~

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building,  Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

*ALSO ADMITTED IN D.C. & W.VA.
+ ADMITTED IN D.C. & PA
~ADMITTED IN MD

August 1, 2005

Ms. Erika Pierson                                             (Inv #3104 )
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:     **Billing for the case of: James Jenkins**
        **Services Rendered : 9/17/2003- 1/29/2005**
        **Total Bill: $ 4,427.60**
        **Current Payment Request: $ 4,427.60**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter.  If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services.  Please make checks payable to **Dalton, Dalton & Houston, P. C.,** Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts.  All Payments received after August 11,2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
202-442-5000     Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney: Paul S. Dalton
   Federal Tax ID No: 54-1647932
   D.C. Bar No: 439118

2. **Student Information**
   Name: James Jenkins
   DOB: 2/01/1990
   Date Hearing Request Filed: 12/14/2004
   Date(s) of Hearing: 1/14/2005
   Date of Determination (HOD/ SA): 1/21/2005
   Parent/ Guardian Name: Barbara Askew
   Parent/ Guardian Address: 163 Childress Street, NE
   Washington, DC 20011

3. **Invoice Information**
   Invoice Number: 3104
   Date Request Submitted: 7/28/2005
   Date(s) of Service Rendered: 9/17/2003- 1/29/05
   Attorney Hourly Rate: $325.00
   Total Attorney Fees: $0.00
   Total Attorney Costs: $4,427.60
   Total Experts: $0.00
   **Total Invoice:** $4,427.60

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Allservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

   _____          8/1/2005
   Signature                        Date

   Revised Nov 2004

# Invoice

## Dalton, Dalton & Houston,

008 Pendleton Street
Alexandria, VA  22314-1837

| Date | Invoice # |
|------|-----------|
| 7/28/2005 | 3106 |

| Bill To |
|---------|
| District of Columbia Public Schools<br>Attention:  Mr. James Baxley<br>Office of General Counsel<br>825 N. Capital Street, NE, 9th  Floor<br>Washington, DC  20002 |

| BILLING # |
|-----------|
|  |

| Terms | Project |
|-------|---------|
| Net 30 | Jenkins, James |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 9/17/2003 | TCW MS. ASKEW, GUARDIAN. | 0.5 | PSD | 147.50 |
| 7/15/2004 | TCW MRS. ASKEW. | 0.4 | PSDEdison | 87.20 ✔ |
| 7/15/2004 | TCW MR. EMESHOUSER. | 0.3 | PSDEdison | 65.40 ✔ |
| 0/22/2004 | TCW MS.ASKEW. | 0.4 | PSDPrivate | 130.00 |
| 10/26/2004 | TRAVEL AND ATTENDANCE AT MDT MEETING FOR REENTRY OF JAMES TO HIGH ROADS. | 3.1 | PSDPrivate | 1,007.50 |
| 10/28/2004 | TCW JAMES. | 0.5 | PSDPrivate | 162.50 |
| 10/28/2004 | DISCUSSIONS WITH JAMES, MS. ASKEW & MR. E. ON RETURNING TO SCHOOL AND A SECOND RE-ENTRY MEETING. | 1.5 | PSDPrivate | 487.50 |
| 11/19/2004 | TCW JAMES AND MR. E. OF HIGH ROADS. | 1 | PSDPrivate | 325.00 |
| 12/6/2004 | TCW MR. E AT HIGH ROADS RE: PLACEMENT MEETING. | 0.3 | PSDPrivate | 97.50 |
| 12/6/2004 | TWO PHONE CALLS WITH JAMES OVER SCHEDULING OF PLACEMENT MEETING. | 0.3 | PSDPrivate | 97.50 |
| 12/9/2004 | TRAVEL, MEETING WITH CLIENTS PRIOR AND DURING PLACEMENT MEETING AT HIGH ROADS SCHOOL. | 2.5 | PSDPrivate | 812.50 |
| 12/9/2004 | POST PLACEMENT TCW JAMES JENKINS. | 0.4 | PSDPrivate | 130.00 |
| 12/14/2004 | REVIEW OF PLACEMENT MEETING NOTES & FILE, PREPARATION OF DPH REQUEST, FAX SHEET AND FAX TO SHO. | 1.9 | PSDPrivate | 617.50 |
| 1/26/2005 | TCW JAMES JENKINS. | 0.3 | PSDPrivate | 97.50 |
| 1/28/2005 | TCW JAMES JENKINS. | 0.2 | PSDPrivate | 65.00 |
| 1/29/2005 | REVIEW OF 1-21-05 H.O.D. | 0.3 | PSDPrivate | 97.50 |

| Total | $4,427.60 |
|-------|-----------|
| Payments/Credits | $0.00 |
| Balance Due | $4,427.60 |

01/21/2005  19:45    2224425556                    STUDENT HEARINGS OFF                    PAGE 22/25

# District of Columbia Public Schools

## Office of Management Services

### confidential

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of          )<br><br>JAMES JENKINS, student   )<br>Date of Birth: February 1, 1990  )<br>        Petitioner,   )<br>         )<br>    versus       )<br>         )<br>The District of Columbia Public Schools, )<br>Home School: Spingarn Sr. High School, )<br>Attending: Spingarn Sr. High School, )<br>       Respondent.   )<br>         ) | **IMPARTIAL<br>DUE PROCESS HEARING**<br><br>**DECISION & ORDER**<br><br>Request Date: December 14, 2004<br>Hearing Date: January 14, 2005<br><br>Held at: 825 North Capitol Street, NE<br>       Eighth Floor<br>       Washington, D.C. 20002 |

Grandparent:

Barbara Askew
163 Childress Street, NE
Washington, D.C. 20011

Counsel for the Parent/Student:

Paul S. Dalton, Esq.
Dalton, Dalton & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837

District of Columbia Public Schools:

Rhondalyn D. Primes, Esq., Attorney-Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, NE  9th Floor
Washington, D.C. 20002

An INDEX OF NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this DECISION & ORDER as a public record.

i

01/21/2005  15:45    2024425555          STUDENT HEARINGS OFF          PAGE  03/05

# INDEX of NAMES for James Jenkins

Hearing Date: January 14, 2005

Appearing on behalf of DCPS: None.

Appearing on behalf of the parent/student:

1. Barbara Askew, grandmother
2. James Jenkins, student
3. Ann Warnke, Assistant Educational Director, Accotink Academy **

\* Gave testimony.
\*\* Gave testimony via telephone.

ii

21/21/2885  15:45   2324425555          STUDENT HEARINGS OFF          PAGE  24/25

# INTRODUCTION

On December 14, 2004, Counsel for the Parent filed the herein Request for Mediation/ Hearing on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of failure on the part of DCPS to provide an appropriate educational placement for the student and, for relief, requested a private placement.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 11:00 A.M., Friday, January 14, 2005 at DCPS Headquarters, 825 East Capitol Street, NE, 8th Floor, Washington, D.C. 20004. The hearing convened as scheduled.

# JURISDICTION

The hearing convened under Public Law 105-17, The Individuals with Disabilities Education Act Amendments of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300; and Title V of the District of Columbia Municipal Regulations.

# SUMMARY OF THE EVIDENCE and FINDINGS OF FACT

By facsimile dated January 7, 2005, DCPS disclosed 5 witnesses.

By facsimile dated January 7, 2005, the parent disclosed 5 witnesses and 3 documents. The documents were placed into the record and are referenced/footnoted herein where relevant.

Counsel for the Parent represented that the placement process for the student on December 9, 2004 was inappropriate inasmuch as the parent's concerns were not addressed and, for relief, requested a placement at Accotink Academy.

DCPS did not controvert.

The hearing officer directed a Finding for the Grandparent: Denial of FAPE, failure on the part of DCPS to provide the student with an appropriate educational placement and ordered the hearing forward on the issue on educational benefit at Accotink Academy.

The Assistant Educational Director, Accotink Academy, testified via telephone that she had reviewed the student's file, evaluations and IEP and had completed an interview with the student; that the admissions committee determined that the student's IEP could be implement at the academy and, on December 3, 2004, issued a letter of acceptance, Grandparent Document No 3. The Director described the curriculum, program, student-teacher ratio (3 to 1), class sizes, teaching staff, related service provider staff and student body at Accotink Academy; that the academy was a therapeutic special education day school with then 152 students, 97% of whom were DCPS students.

The hearing officer directed a Finding for the Grandparent: Accotink Academy can

provide educational benefit to the student for the 2004-05 School Year.

In consideration of the foregoing, the hearing officer made the following

## ORDER

Immediately and on an interim basis,
DCPS will place and fund the student
at the Accotink Academy with
transportation for the 2004-05 School
Year.

This is **THE FINAL ADMINISTRATIVE DECISION.** Appeal can be made to a court of
competent jurisdiction within thirty (30) days of the issue date of this decision.

Date: _January 21, 2005_

H. St. Clair, Esq., Hearing Officer

Issued: _1/21/05_

Student Hearing Office, DCPS

2 of 2 pages

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile:  (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building,  Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston†
Talib Abdus Shahid†
Laura E. Duos~

*ALSO ADMITTED IN D.C. & W.VA.
† ADMITTED IN D.C. & PA
~ADMITTED IN MD

August 8, 2005

(Inv # 3242 )

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:     **Billing for the case of: Shantelle Johnson**
**Services Rendered : 4/14/2004- 7/28/2005**
**Total Bill: $ 9,925.00**
**Current Payment Request: $ 9,925.00**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter.  If you have any questions concerning this bill, please direct them to my attention at the number above.

### See attached, for the detailed invoice.

Thank you for your prompt payment for these services.  Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts.  All Payments received after August 22, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
202-442-5000    Fax: 202-442-509(
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: Talib A. Shahid
   Federal Tax ID No: 54-1647932
   D.C. Bar No: 400602

2. **Student Information**
   Name: Shantelle Johnson
   DOB: 7/15/1993
   Date Hearing Request Filed:
   Date(s) of Hearing: 7/15/2005
   Date of Determination (HOD/ SA): 7/22/2005
   Parent/ Guardian Name Sheila Johnson
   Parent/ Guardian Address 4506 Douglas Street, NE
   Washington, DC 20019

3. **Invoice Information**
   Invoice Number: 3242
   Date Request Submitted
   Date(s) of Service Rendered: 4/14/2004- 7/28/2005
   Attorney Hourly Rate: $250.00
   Total Attorney Fees: $9,925.00
   Total Attorney Costs $0.00
   Total Experts: $0.00
   **Total Invoice:** $9,925.00

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Allservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

   _____          8/8/2005
   Signature                        Date

# Dalton, Dalton & Houston,

008 Pendleton Street
Alexandria, VA  22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/2/2005 | 3242 |

| Bill To |
|---------|
| Office of the General Counsel
Attention: Mr. James Baxley
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC  20002 |

| BILLING # |
|-----------|
|  |

| Terms | Project |
|-------|---------|
| Net 30 | Johnson,Shantelle |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 4/14/2004 | PERSONAL CONFERENCE W/ PARENT TO REVIEW PROCEDURES FOR INDEPENDENT EVALUATIONS. | 1.1 | TAS | 275.00 |
| 4/20/2004 | PREPARE AND SEND PACKAGES REQUESTING INDEPENDENT EVALUATIONS TO FOUR PRIVATE SCHOOLS. | 1.5 | TAS | 375.00 |
| 4/23/2004 | DRAFT CLIENT LTR RE/ LEGAL  RIGHT TO INDEPENDENT EVALUATIONS. | 0.5 | TAS | 125.00 |
| 4/23/2004 | PHONE CONFERENCE W/ PARENT RE/ LEGAL RIGHTS TO INDEPENDENT EVALUATIONS; DRAFT FOLLOW UP CLIENT LETTER. | 0.8 | TAS | 200.00 |
| 4/23/2004 | PREPARE PACKAGES FOR INDEPENDENT EVALUATORS. | 1.2 | TAS | 300.00 |
| 5/4/2004 | PHONE CONFERENCE W/INDEPENDENT SOCIAL WORKER TO DETERMINE AVAILABILITY FOR ASSESSMENT;UNAVAILABLE & WILL NEED ALTERNATE EVALUATOR. | 0.4 | TAS | 100.00 |
| 6/10/2004 | PHONE CONFERENCE W/ CLIENT. | 0.4 | TAS | 100.00 |
| 6/16/2004 | PHONE CONFERENCE W/ CLIENT. | 0.4 | TAS | 100.00 |
| 7/19/2004 | RECEIVED AND ANALYZED DCPS EVALUATIONS AND COMPARED WITH INDEPENDENT EVALUATIONS. | 2 | TAS | 500.00 |
| 7/19/2004 | RECEIVED AND ANALYZED IEP INVITATION LETTER FOR LEGAL SUFFICIENCY; DRAFTED REPLY LETTER TO SEC AT KENILWORTH ES NOTED IMPOSSIBILITY TO CONDUCT A ONE HOUR IEP MEETING. | 0.6 | TAS | 150.00 |

| Total | |
|-------|--|
| Payments/Credits | |
| Balance Due | |

# Dalton, Dalton & Houston,

1008 Pendleton Street
Alexandria, VA 22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/2/2005 | 3242 |

| Bill To |
|---------|
| Office of the General Counsel<br>Attention: Mr. James Baxley<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC 20002 |

| BILLING # |
|-----------|
|  |

| Terms | Project |
|-------|---------|
| Net 30 | Johnson,Shantelle |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 7/22/2004 | FOUR FAILED ATTEMPTED FAXES OF LETTER TO SEC AT KENILWORTH ES; MAILED LETTER VIA FIRST CLASS MAIL. | 0.4 | TAS | 100.00 |
| 7/30/2004 | RECEIVED AND ANALYZED INDEPENDENT SPEECH/LANGUAGE EVALUATION; PHONE CONFERENCE W/ EVALUATOR;FAXED EVAL TO DCPS. | 1.2 | TAS | 300.00 |
| 7/30/2004 | PHONE CONFERENCE W/ CLIENT. | 0.6 | TAS | 150.00 |
| 10/21/2004 | PERSONAL CONFERENCE W/ PARENT. | 0.9 | TAS | 225.00 |
| 11/5/2004 | TCT CLIENT;LEFT MESSAGE. | 0.1 | TAS | 25.00 |
| 11/5/2004 | PERSONAL CONFERENCE W. CLIENT RE/ COOPERATION IN COMPLETING INDEPENDENT EVALUATIONS AND REVIEW CASE. | 1 | TAS | 250.00 |
| 11/9/2004 | OBTAINED UPDATED PROGRESS REPORTS AND REPORT CARDS F/ PARENT. | 0.5 | TAS | 125.00 |
| 11/9/2004 | ANALYZED UPDATED SCHOOL RECORDS. | 0.5 | TAS | 125.00 |
| 11/9/2004 | ANALYZED UPDATED SCHOOL RECORDS. | 0.4 | TAS | 100.00 |
| 12/14/2004 | TCT DR. MISSAR RE/ STATUS OF INDEPENDENT CLINICAL EVALUATION; LEFT MESSAGE; TCT TO CLIENT RE/ SAME & AVAILABLE TIMES FOR IEP MEETING; LEFT MESSAGE. | 0.2 | TAS | 50.00 |
| 12/14/2004 | DRAFT LETTER TO SEC AT KENILWORTH ES RE/ SCHEDULING IEP MEETING. | 0.4 | TAS | 100.00 |
| 12/20/2004 | TCT PARENT RE/ SCHEDULED INDEPENDENT CLINICAL; LEFT MESSAGE. | 0.1 | TAS | 25.00 |
| 12/20/2004 | RECEIVED AND ANALYZED FOR LEGAL SUFFICIENCY MDT INVITATION LETTER; DRAFTED REPLY LETTER RE/ NOTATION RE/ 3RD & FINAL ATTEMPT TO SCHEDULE MEETING. | 0.6 | TAS | 150.00 |

| Total | |
|-------|--|
| Payments/Credits | |
| Balance Due | |

# Dalton, Dalton & Houston,

008 Pendleton Street
Alexandria, VA  22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/2/2005 | 3242 |

| Bill To |
|---------|
| Office of the General Counsel<br>Attention:  Mr. James Baxley<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC  20002 |

| BILLING # |
|-----------|
|           |

| Terms | Project |
|-------|---------|
| Net 30 | Johnson,Shantelle |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 12/24/2004 | PHONE CONFERENCE W/ PARENT CONFIRMING ATTENDANCE AT INDEPENDENT CLINICAL EVALUATION & REVIEW OF LEGAL IMPLICATIONS. | 0.4 | TAS | 100.00 |
| /5/2005 | TCT INDEPENDENT PSYCHOLOGIST RE/ CLINICAL EVALUATION; LEFT MESSAGE. | 0.1 | TAS | 25.00 |
| 4/13/2005 | DRAFT LETTER TO KENILWORTH ES REQUESTING IEP MEETING & OVERDUE CLINICAL EVALUATION; TWO TCT'S KENILWORTH; LEFT MESSAGES | 0.5 | TAS | 125.00 |
| 4/25/2005 | TRAVEL TO OFFICE OF DR. MISSAR TO OBTAIN OVERDUE CLINICAL EVALUATION; NO RESPONSE AT DOOR. | 1 | TAS | 250.00 |
| 4/28/2005 | DRAFT DEMAND LETTER TO DR. MISSAR FOR OUTSTANDING CLINICAL DEVALUATION. | 0.5 | TAS | 125.00 |
| 4/29/2005 | FINALLY RECEIVED CLINICAL EVALUATION F/ DR.MISSAR; ANALYZED FOR LEGAL SUFFICIENCY. | 1 | TAS | 250.00 |
| 5/2/2005 | PHONE CONFERENCE W/ PARENT. | 0.5 | TAS | 125.00 |
| 5/5/2005 | DRAFT CLIENT LETTER; DRAFT LETTER TO KENILWORFTH ES. | 0.7 | TAS | 175.00 |
| 5/10/2005 | PHONE CONFERENCE W/ CLIENT;DRAFT LETTER TO KENILWORTH ES RE/ CONVENING IEP MEETING; TCT KENILWORTH ES; LEFT MESSAGE. | 0.9 | TAS | 225.00 |
| 6/10/2005 | DRAFT CLIENT LTR RE/ DUE PROCESS HEARING REQUEST. | 0.5 | TAS | 125.00 |

| | |
|---|---|
| **Total** | |
| Payments/Credits | |
| Balance Due | |

# Dalton, Dalton & Houston,

008 Pendleton Street
Alexandria, VA 22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/2/2005 | 3242 |

| Bill To |
|---------|
| Office of the General Counsel<br>Attention: Mr. James Baxley<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC 20002 |

| BILLING # |
|-----------|
| |

| Terms | Project |
|-------|---------|
| Net 30 | Johnson, Shantelle |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 6/10/2005 | REVIEW AND ANALYZE CASE FILE TO DETERMINE PROPER DOCUMENTATION TO SUPPORT ALLEGING VIOLATION OF EXISTING HOD. | 0.8 | TAS | 200.00 |
| /10/2005 | PHONE CONFERENCE W/ PARENT. | 0.5 | TAS | 125.00 |
| 5/10/2005 | DRAFT AND FILE DUE PROCESS HEARING REQUEST. | 1.9 | TAS | 475.00 |
| 6/16/2005 | PERSONAL CONFERENCE W/ PARENT & CLIENT. | 1.7 | TAS | 425.00 |
| 6/22/2005 | PHONE CONFERENCE W/ PARENT. | 0.7 | TAS | 175.00 |
| 7/8/2005 | WITNESS CONFERENCE W/ CLIENTS. | 2 | TAS | 500.00 |
| 7/8/2005 | DRAFT AND FILE 5-DAY DISCLOSURE. | 2.5 | TAS | 625.00 |
| 7/8/2005 | ANALYZE CASE FILE TO PREPARE 5-DAY DISCLOSURE. | 2 | TAS | 500.00 |
| 7/14/2005 | WITNESS CONFERENCE. | 1 | TAS | 250.00 |
| 7/14/2005 | PREPARATION OF TESTIMONY FOR DUE PROCESS HEARING. | 1.5 | TAS | 375.00 |
| 7/15/2005 | APPEARANCE AT DUE PROCESS HEARING. | 1.5 | TAS | 375.00 |
| 7/27/2005 | DRAFT LETTER TO PARENT. | 0.6 | TAS | 150.00 |
| 7/28/2005 | PHONE CONFERENCE W/ PARENT. | 0.6 | TAS | 150.00 |
| 7/28/2005 | DRAFT CLIENT LETTER RE/ HOD. | 0.5 | TAS | 125.00 |

| | |
|--|--|
| **Total** | $9,925.00 |
| Payments/Credits | $0.00 |
| Balance Due | $9,925.00 |

07/22/2005  16:18    2024425555    STUDENT HEARINGS OFF    PAGE  02/05

# District of Columbia Public Schools

Office of Management Services
Tonya M. Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

## Confidential

|  |  |  |
|---|---|---|
| SHANTELLE JOHNSON, STUDENT | ) | |
| Date of Birth: July 15, 1993 | ) | |
| Petitioner, | ) | Hearing Date: July 15, 2005 |
| v. | ) | |
| THE DISTRICT OF COLUMBIA PUBLIC SCHOOLS | ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parent:** | Shelia Johnson<br>4506 Douglas Street, NE<br>Washington, D.C. 20019 |
| **Counsel for Parents:** | Talib Abdus-Shahid, Esquire<br>Dalton, Dalton & Houston<br>1008 Pendleton Street<br>Alexandria, VA 22314-1837 |
| **Counsel for DCPS:** | Tiffany Puckett, Esquire<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E.<br>9th Floor<br>Washington, D.C. 20002 |

07/22/2005  16:10      2024425555                STUDENT HEARINGS OFF                          PAGE  03/05

*In the Matter of Shantelle Johnson*

## I.    JURISDICTION

The Due Process Hearing was convened and this Order is written pursuant to Public Law 105-17, the *Individuals with Disabilities Education Act of 1997 (I.D.E.A.)*, 20 U.S.C. Section 1400 et seq.; 34 C.F.R. Section et seq.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

## II.    DUE PROCESS RIGHTS

Parent's counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURE

Petitioner: No witnesses were present or called to testify because the parties settled and presented disclosures labeled SJ 1-14 were presented.

Respondent: No witnesses were present or called to testify because the parties settled and a disclosure letter was presented.

## IV.    STATEMENT OF THE CASE

On June 10, 2005, a Due Process Hearing Request was received alleging that the District of Columbia Public Schools failed to:
1. provide Petitioner with FAPE by failing to appropriately identify, locate and evaluate her as a child in need of special education instruction and related services; and,
2. properly assess and evaluate her in all areas of suspected disability.

## V.    FINDINGS OF FACT

In consideration of the hearing record, the Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.    The hearing officer entered the parties **Settlement on the Record** as follows:

07/22/2005  16:10    2024425556                STUDENT HEARINGS OFF                    PAGE  04/05

*In the Matter of Shantelle Johnson*

## VI.  ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel, this 22nd of July 2005, it is hereby

**ORDERED,** DCPS shall convene a BLMDT meeting within 20 business days to review all evaluations, determine eligibility, develop an IEP if necessary and discuss and determine placement.

**IT IS FUTHER ORDERED,** that all meetings will be scheduled through parent's counsel.

**IT IS FUTHER ORDERED,** that if Placement is to a DCPS public school, DCPS shall have five (5) calendar days to issue the prior notice of placement.  If placement is to a non-public or private school, DCPS shall have thirty (30) calendar days and if placement is to a residential facility DCPS shall have sixty (60) calendar days to issue the prior notice of placement.

**IT IS FURTHER ORDERED,** that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

## Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent

07/22/2005  16:18    2024425555                    STUDENT HEARINGS OFF                            PAGE  05/05

*In the Matter of Shantelle Johnson*

jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.

Tonya M. Butler-Truesdale, Esquire
Hearing Officer

Date:   July 22, 2005

Issued:   *7-22-05*

Copies to:

Talib Abdus-Shahid, Esquire
Dalton, Dalton & Houston
1008 Pendleton Street
Alexandria, VA 22314-1837

Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

07/22/2005  15:10    2024425555    STUDENT HEARINGS OFF    PAGE  01/05

District of Columbia Public Schools
*Office of Compliance*
STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



*FACSIMILE SHEET*

Date: 7-22-05.

TO: *T. Abdus — Shahid*

FROM: STUDENT HEARING OFFICE

RE: *NOD — Shantelle Johnson*

TOTAL NUMBER OF PAGES, INCLUDING COVER: 5

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid+
Laura E. Duos~

*ALSO ADMITTED IN D.C. & W.VA.
+ ADMITTED IN D.C. & PA
~ADMITTED IN MD

October 13, 2005

(3337)

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:    **Billing for the case of: Jeremy Dabney**
**Services Rendered : 11/11/2003- 9/19/2005**
**Total Bill: $ 5,334.00**
**Current Payment Request: $ 5,334.00**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after October 27, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendent
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
:02-442-5000    Fax: 202-442-509i
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm:                        Dalton, Dalton & Houston
   Attorney Information:            Laura E. duos
   Federal Tax ID No:               54-1647932
   D.C. Bar No:                     pending

2. **Student Information**
   Name:                            Jeremy Dabney
   DOB:                             01/06/1997
   Date Hearing Request Filed:      06/30/2005
   Date(s) of Hearing:              09/09/2005
   Date of Determination (HOD/ SA): 09/12/2005
   Parent/ Guardian Name            C.F.S.A.
   Parent/ Guardian Address         400 6th Street, SW
                                    Washington, DC 20024

3. **Invoice Information**
   Invoice Number:                  3337
   Date Request Submitted           6/30/2005
   Date(s) of Service Rendered:     11/11/2003- 9/19/2005
   Attorney Hourly Rate:            $ 250.00
   Total Attorney Fees:             $ 5,984.00
   Total Attorney Costs             $ 0.00
   Total Experts:                   $ 0.00
   **Total Invoice:**               $ 5,984.00    corrected 1/8/07

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Allservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

   _____            10/19/05
   Signature                          Date

   Revised Nov 2004

# Invoice

**Dalton, Dalton & Houston,**

)08 Pendleton Street
Alexandria, VA 22314-1837

| Date | Invoice # |
|---|---|
| 10/13/2005 | 3537 |

| Bill To | BILLING # |
|---|---|
| Office of the General Counsel<br>Attention: Mr. James Baxley<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC 20002 | |

| Terms | Project |
|---|---|
| Net 30 | Dabney, Jeremy |

| Date | Description | Hours | Attorney | Amount |
|---|---|---|---|---|
| 11/11/2003 | TCW SOCIAL WORKER RE: RECORDS | 0.3 | LED | 28.50 |
| 11/12/2003 | READ EVALUATIONS RECEIVED FROM SOCIAL WORKER | 0.6 | LED | 57.00 |
| 1/25/2003 | TCW SOCIAL WORKER | 0.1 | LED | 9.50 |
| 1/25/2003 | DRAFTED LETTER TO SOCIAL WORKER | 0.3 | LED | 28.50 |
| 12/3/2003 | TCW SOCIAL WORKER | 0.1 | LED | 9.50 |
| 9/2004 | TCW/SOCIAL WORKER RE: NEED FOR EVALUATIONS | 0.2 | LED | 39.00 |
| 3/9/2004 | TCW/GUARDIAN RE: INITIAL CONCERNS -- BEHAVIOR, FAILING CLASSES | 0.7 | LED | 136.50 |
| 3/10/2004 | DRAFTED REQUEST FOR RECORDS TO WALDEN WOODS | 0.4 | LED | 38.00 |
| 3/10/2004 | DRAFTED INITIAL LETTER TO GUARDIAN | 0.4 | LED | 78.00 |
| 4/23/2004 | TCW/CLIENT RE: NEED FOR IEP MEETING | 0.6 | LED | 117.00 |
| 4/29/2004 | TCW/WALDON WOODS RE: RECORDS REQUEST | 0.2 | LED | 39.00 |
| 5/18/2004 | TCW/FOSTER PARENT RE: NEED FOR MDT MEETING | 0.2 | LED | 39.00 |
| 5/27/2004 | RETRIEVED RECORDS FROM WALDON WOODS | 1.1 | LED | 214.50 |
| 5/28/2004 | REVIEW AND ANALYZE RECORDS FROM SCHOOL INCLDUING 504 PLAN, CLASS OBSERVATIONS, PROGRESS REOPRT AND REPORT CARDS FROM LAST THREE SCHOOL YEARS | 1.4 | LED | 273.00 |
| 8/31/2004 | MEETING WITH CLIENT RE: NEW TESTING | 0.9 | LEDcharter | 153.00 |
| 8/31/2004 | MEETING WITH TEACHER RE: PROGRESS AND BEHAVIOR IN CLASS | 0.9 | LEDcharter | 153.00 |
| 8/31/2004 | MEETING WITH SCHOOL PSYCHOLOGIST AND REGIONAL REP RE: PROBLEMS IN THE CLASRROM AND ANXIETY ISSUES | 0.9 | LEDcharter | 153.00 |

| Total | |
|---|---|
| Payments/Credits | |
| Balance Due | |

# Dalton, Dalton & Houston,

008 Pendleton Street
Alexandria, VA 22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/13/2005 | 3337 |

| Bill To |
|---------|
| Office of the General Counsel<br>Attention: Mr. James Baxley<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC 20002 |

| BILLING # |
|-----------|
|  |

| Terms | Project |
|-------|---------|
| Net 30 | Dabney, Jeremy |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 9/9/2004 | UPDATE FILE | 0.2 | LED | 39.00 |
| 10/21/2004 | REVIEW EVALUATIONS IN PREPARATION FOR MEETING WITH SCHOOL | 0.4 | LED | 78.00 |
| 10/21/2004 | PCW/CLIENT RE: EVALUATIONS AND SCHOOL MEETING | 0.4 | LED | 78.00 |
| 10/21/2004 | MEETING WITH SOCIAL WORKER, TEACHER AND SCHOOL PSYCHOLOGIST RE: EVALUATIONS AND PROGRESS IN SCHOOL | 1.7 | LED | 331.50 |
| 1/4/2005 | PCW/CLIENT: RE: EVALUTIONS, 1ST QUARTER GRADES; PSYCHIATRIC EVALUATION; ANXIETY ISSUES | 0.9 | LED | 175.50 |
| 1/4/2005 | PCW/NURSE RE: NEEDED IEP ACCOMADATIONS FOR EATING ISSUES | 0.5 | LED | 97.50 |
| 1/4/2005 | PCW/CLASSROOM TEACHER; SPECIAL ED TEACHER AND COORDINATOOR: RE IEP SERVICES NEEDED IN BOTH READING AND MATH; AUTISM SPECIALIST REQUESTED | 1.5 | LED | 292.50 |
| 2/1/2005 | DRAFT LETTER TO SCHOOL RE: NEED FOR MEETING TO REVIEW PSYCHIATRIC | 0.4 | LED | 78.00 |
| 3/4/2005 | TCW/GUARDIAN RE: MEETING AND IEP | 0.2 | LED | 39.00 |
| 3/17/2005 | PCW/SOCIAL WORKER RE: PROGRESS AND PLACEMENT CONCERNS GIVEN AUTISM | 0.9 | LED | 175.50 |
| 3/17/2005 | PCW/CLASSROOM TEACHER: RE IEP GOALS AND ABILITY TO COMPLETE WORK INDEPENDENTLY IN THE CLASSROOM | 0.8 | LED | 156.00 |
| 3/17/2005 | PCW/GUARDIAN RE: CONCERNS ABOUT IEP AND STUDENT'S PROGRESS | 0.9 | LED | 175.50 |

| Total | |
|-------|--|
| Payments/Credits | |
| Balance Due | |

# Invoice

**Dalton, Dalton & Houston,**

108 Pendleton Street
Alexandria, VA 22314-1837

| Date | Invoice # |
|------|-----------|
| 10/13/2005 | 3337 |

| Bill To |
|---------|
| Office of the General Counsel |
| Attention: Mr. James Baxley |
| District of Columbia Public Schools |
| 825 N. Capital Street, 9th Floor |
| Washington, DC 20002 |

BILLING #

| Terms | Project |
|-------|---------|
| Net 30 | Dabney, Jeremy |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 4/14/2005 | PCW/PSYCHOLOGIST RE: POTENTIAL BIPOLAR DIAGNOSIS; STUDENT MOVED TO DAY TREATMENT CENTER AND IN NEED OF A NEW EDUCATIONAL PLACEMENT | 0.7 | LED | 136.50 |
| /14/2005 | PCW/GUARDIAN AND SOCIAL WORKER: INCREASE IN VIOLENT BHEAVIOR; CHANGE IN PLACEMENT NEEDED | 0.8 | LED | 156.00 |
| 5/13/2005 | DRAFT LETTER TO FITZGERALD | 0.3 | LED | 58.50 |
| 5/19/2005 | PCW/CLIENT RE:STATUS OF SERVICES | 0.5 | LED | 97.50 |
| 5/19/2005 | PCW/REGULAR ED TEACHER AND SPECIAL ED TEACHER RE: STATUS OF SERVICES AND PROGRESS | 0.7 | LED | 136.50 |
| 5/19/2005 | PCW/SOCIAL WORKER: STATUS OF OUTSIDE EVALS | 0.5 | LED | 97.50 |
| 5/20/2005 | DABNEY, JEREMY: REVIEW OF FILE AND MEMO TO LAURA DUOS REGARDING IEPS AND SERVICES RENDERED. | 4 | KTM | 300.00 |
| 6/1/2005 | TELECON WITH GUARDIAN | 1.2 | WEH | 330.00 |
| 6/2/2005 | TELECON WITH GUARDIAN | 1.5 | WEH | 412.50 |
| 6/6/2005 | DRAFT LETTER TO AMIDON E.S. RE:INDEPENDENT TESTING | 0.4 | LED | 78.00 |
| 6/29/2005 | DABNEY, JEREMY: DRAFT LETTER FOR DUE PROCESS HEARING REQUEST. | 0.2 | KTM | 15.00 |
| 6/29/2005 | REVISE HEARIN REQUEST LETTER AND DRAFT FORM REQUIRED BY SHO | 0.5 | LED | 97.50 |
| 9/2/2005 | DRAFT 5-DAY DISCLOSURE | 0.3 | LED | 58.50 |
| 9/12/2005 | Attended DPH | 2 | WEH | 550.00 |
| 9/19/2005 | DRAFT LETTER TO CLIENT RE: INDEPENDENT EVALS | 0.4 | LED | 78.00 |

| | |
|---|---|
| **Total** | $5,884.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $5,884.00 |

PAGE  02/07

03/12/2005  13:49    2024425556                    STUDENT HEARINGS

# District of Columbia Public Schools

*State Enforcement & Investigation Division*

*Confidential*

FREDERICK E. WOODS, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of | IMPARTIAL DUE PROCESS HEARING |
| Jeremy Dabney | |
| Date of Birth: 01/06/97 | DECISION AND ORDER |
| Petitioner, | |
| | Hearing Request: June 30, 2005 |
| vs. | Cont. Hearing Date: Sept. 9, 2005 |
| | Held at: 825 North Capitol Street, N.E. |
| The District of Columbia Public Schools, | Eighth Floor |
| Home School: Amidon Elementary School | Washington, D.C. 20002 |
| Attending: Waldon Woods | |
| Respondent. | |

Parent:

District of Columbia Ward
c/o C.F.S.A.
400 6th Street, S.W.
Washington, D.C. 20024

Counsel for the Parent/Student:

William E. Houston, Esq.
Dalton, Dalton, & Houston, P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, VA 22314

District of Columbia Public Schools:

Lenore D. Verra, Esq.
Attorney Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

## I.    JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.    DUE PROCESS RIGHTS

The parent through counsel waived a formal reading of the due process rights.

## III.    FIVE-DAY DISCLOSURES

Petitioner:    Admitted, without objection, a disclosure letter filed 09/02/05 that lists no witnesses and attached two exhibits sequentially labeled and tabbed JD-01 and JD-02. No witnesses were present or called to testify because the parties resolved all issues.

Respondent:    Admitted, without objection, a disclosure letter filed 08/31/05 that lists five witnesses. No exhibits were offered into evidence. No witnesses were present or called to testify because the parties resolved all issues.

## IV.    STATEMENT OF THE CASE

Jeremy Dabney (J.D.), born 01/06/97, age 8-years 8-months, a District of Columbia Ward, is a regular education student at Waldon Woods Elementary School in Prince George's County Maryland. (R. at JD-01.)

On June 30, 2005, Laura E. Duos, parent's counsel filed a Due Process Hearing Request complaining that DCPS violated the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 et seq. and denied J.D. a Free Appropriate Public Education (FAPE) by, failing to fund the student's independent assessments when requested on June 06, 2005. (R. at JD-01, 02.)

The Student Hearing Office, DCPS, continued the Due Process Hearing until 11:00 a.m., Monday, September 9, 2005 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Lenore D. Verra appeared in-person for DCPS. Attorney William E. Houston appeared in-person representing J.D. who was not present. No testimony was taken because the parties settled all issues.

So, in consideration of the record evidence, counsel's arguments, and the parties the hearing officer finds it in the best interest of the child to issue this:

## ORDER

DCPS shall ..................................................

1. Fund, at public expense, pursuant to the costs guidelines in the March 20, 2002 DCPS Office of Superintendent Directive Number 530.6 or at prevailing market rate for those assessments not covered by the Superintendent Directive, these independent assessments:

   a. Psycho-Educational;
   b. Speech-Language;
   c. Clinical Psychological;
   d. Psychiatric, if recommended by the Clinical evaluator;
   e. Occupational Therapy; and
   f. Neuro-Psychological, if recommended by the Clinical evaluator.

2. Convene J.D.'s BLMDT/IEP/Placement Meeting at Waldon Woods ES within 35-calendar days after this order's issue date or participate in the next meeting convened by Waldon Woods ES after the appropriate DCPS staff person receives J.D.'s last independent assessment results from the student's education advocate/counsel along with three (3) proposed meeting dates, for this purpose:

   a. To review the assessments to determine the student's eligibility for special education services;
   b. To determine if additional assessments are warranted, and if so, either perform them or fund independent assessment (s);
   c. To develop J.D.'s IEP based on the evaluation results if eligible for services;
   d. To discuss and decide placement; and issue his Prior Written Notice of Change in Placement (PNCOP) for school year 2005-06 at the conclusion of the meeting or as follows:

      (i) Issue the PNCOP within 5-calendar days of the BLMDT Meeting if to a public placement; and

      (ii) Issue the PNCOP within 30-calendar days of the BLMDT Meeting if to a non-public placement.

3. Ensure a DCPS representative attends the student's BLMDT Meeting who has authority to discuss services, develop an IEP, and discuss placement.

4. Schedule all meetings at a mutually agreeable time through the parent and parent's counsel. And provide counsel written notice of all meetings by facsimile at (705) 739-2323.

5. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney, or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

6. This Order resolves all issues raised in the student's 06/30/05 Due Process Hearing Request that is dismissed; and the hearing officer made no additional findings.

This is THE FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.

_____          9/12/05
Frederick E. Woods                        Date
Hearing Officer

Issued:  09 - 12 - 05
Student Hearing Office, DCPS

85/12/2885  13:49   2824425555          STUDENT HEARINGS                    PAGE  85/87

## District of Columbia Public Schools
### State Enforcement & Investigation Division

In the Matter of                    )
                                     )
Jeremy Dabney -                      )          IMPARTIAL
          Petitioner,                )      DUE PROCESS HEARING
     vs.                             )
                                     )
The District of Columbia Public Schools, )
Amidon Elementary School             )
          Respondent.                )

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C. §§ 1400 et seq.

Case Information:    Hearing Request Date: June 30, 2005
                     Continued Hearing Date: September 12, 2005
                     Held at:  825 North Capitol Street, N.E.
                               Eighth Floor
                               Washington, D.C. 20002
                     SETS Case Number: _____
                     Student's Birth Date: January 6, 1997
                     Attending School: Waldon Woods Elementary School
                     Managing School: Amidon Elementary School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes the entire record in the above captioned matter as of this date, consisting of all letters, pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the SHO file for this student are either the original or true copy of the original documents submitted in this matter.

Executed this  12 th  day of  September , 2005.

_____
Due Process Hearing Officer

PAGE  87/87

05/11/2005  13:49    2224425556              STUDENT HEARINGS .

Re: MATTER OF

JEREMY DABNEY v. DCPS, AMIDON ELEMENTARY SCHOOL

# RECORD OF PROCEEDINGS

## DATE:                ## DESCRIPTION:

06/30/05        Due Process Hearing Request Filed By Parent

07/20/05        Notice of Due Process Hearing Date Sent to Parties

09/12/05        Continued Due Process Hearing Convened; Completed;
                Recorded in HR-4 Start Time 11:00 A.m. and End Time
                11:17 a.m., and the Case was Settled.

09/12/05        Hearing Officer's Decision Filed with the SHO

09/12/05        Hearing Officer's Decision Issued by the SHO


_____                    9/12/05
Frederick E. Woods                         _____
Due Process Hearing Officer                Date

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm:                          Dalton, Dalton & Houston
   Attorney Information:              Laura E. duos
   Federal Tax ID No:                54-1647932
   D.C. Bar No:                       pending

2. **Student Information**
   Name:                             Darius Braxton
   DOB:                              7/28/1994
   Date Hearing Request Filed:       6/30/2005
   Date(s) of Hearing:               9/12/2005
   Date of Determination (HOD/ SA):  9/19/2005
   Parent/ Guardian Name             Tondaleia Braxton
   Parent/ Guardian Address          1122 21st Street, NE
                                     Washington, DC 20002

3. **Invoice Information**
   Invoice Number:                   3338
   Date Request Submitted            10/13/2005
   Date(s) of Service Rendered:      4/21/2005- 9/23/2005
   Attorney Hourly Rate:             $ 250.00
   Total Attorney Fees:              $ 2,510.00
   Total Attorney Costs:             $ 0.00
   Total Experts:                    $ 0.00
   **Total Invoice:**                $ 2,510.00

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   • Allservices listed on the enclosed invoices were actually performed;
   • The entire amount requested on the enclosed invoice for payment of costs and expenses
     represents the actual amount of costs and expenses incurred;
   • The District of Columbia Public Schools is the sole entity from which payment of the fees,
     costs, and expenses itemized on the enclosed invoice is requested;
   • No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2)
     will benefit from any monies paid as a result of the submission of the enclosed invoice, has a
     pecuniary interest, either through an attorney, officer, or employee of the firm, in any special
     education diagnostic services, schools, or other special education service providers;
   • I understand that the making of a false statement to an agency of the D.C. Government is
     punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

   _____                    10/19/05
   Signature                                   Date

                                                         Revised Nov 2004

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid+
Laura E. Duos~

*ALSO ADMITTED IN D.C. & W.VA.
+ ADMITTED IN D.C. & PA.
~ADMITTED IN MD

October 13, 2005

(3338 )

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:    **Billing for the case of: Darius Braxton**
**Services Rendered : 4/21/2005- 9/23/2005**
**Total Bill: $ 2,510.00**
**Current Payment Request: $ 2,510.00**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter.  If you have any questions concerning this bill, please direct them to my attention at the number above.

### See attached, for the detailed invoice.

Thank you for your prompt payment for these services.  Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts.  All Payments received after October 27, 2005  shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# Dalton, Dalton & Houston,

008 Pendleton Street
Alexandria, VA  22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/13/2005 | 3338 |

| Bill To |
|---------|
| Office of the General Counsel<br>Attention:  Mr. James Baxley<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC  20002 |

**BILLING #**

| Terms | Project |
|-------|---------|
| Net 30 | Braxton, Darius |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 4/21/2005 | INITIAL TCW/CLIENT RE: CONCERNS ABOUT POSSIBLE ELIGIBLITY | 0.7 | LED | 136.50 |
| 4/25/2005 | INITIAL PCW/CLIENT: REVIEWED RECORDS OF CLIENT; DISCUSSED EDUCATIONAL BACKGROUND AND CONCERNS | 1.5 | LED | 292.50 |
| 15/20/2005 | BRAXTON, DARIUS: DRAFT AND FAX RECORDS REQUEST TO CHARLES YOUNG E.S. | 0.3 | KTM | 22.50 |
| 6/6/2005 | BRAXTON, DARIUS: CALL TO SCHOOL REGARDING RECORDS REQUEST; REFAX RECORDS REQUEST; LETTER TO MOTHER; CRATE FILE. (PR) | 0.4 | KTM | 30.00 |
| 6/30/2005 | TCW/CLIENT RE: END OF SCHOOL YEAR; REQUEST FOR EVALS | 0.5 | LED | 97.50 |
| 6/30/2005 | DRAFT HEARING REQUEST AND REQUIRED HEARING FORM | 1 | LED | 195.00 |
| 8/4/2005 | RETRIEVE RECORDS FROM YOUNG E.S.; PCW/COUNSELOR RE: RECORDS | 0.8 | LED | 156.00 |
| 8/9/2005 | DRAFT REQUEST FOR CONTINUANCE | 0.3 | LED | 58.50 |
| 8/16/2005 | DISCUSSION WITH CLIENT RE: BEHAVIOR ISSUES IN SCHOOL AND EVALUATION FOR UPCOMING DPH | 0.3 | LED | 58.50 |
| 8/24/2005 | MEETING WITH CLIENT RE: OUTSIDE EVALUATION COMPLETED (PRORATED) | 0.4 | LED | 78.00 |
| 8/26/2005 | DRAFT AND TRANSMIT RECORDS REQUEST TO WILSON E.S. (PREVIOUS SCHOOL OF ATTENDANCE) (PRORATED) | 0.3 | LED | 58.50 |
| 8/31/2005 | TCW/CLIENT RE: RECENT EVALUATION AND DEPRESSION ISSUES OF STUDENT | 0.4 | LED | 78.00 |

| Total |
|-------|
| Payments/Credits |
| Balance Due |

# Dalton, Dalton & Houston,

008 Pendleton Street
Alexandria, VA  22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/13/2005 | 3338 |

| Bill To |
|---------|
| Office of the General Counsel
Attention:  Mr. James Baxley
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC  20002 |

| BILLING # |
|-----------|
|  |

| Terms | Project |
|-------|---------|
| Net 30 | Braxton, Darius |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 8/31/2005 | DRAFT LETTER TO CLIENT RE: HEARING REQUESTS FILED AND HEARING DATE | 0.4 | LED | 78.00 |
| 9/2/2005 | PCW/ LED RE: FIVE DAY DISCLOSURE | 0.2 | EDD | 59.00 |
| 9/2/2005 | DRAFT AND ASSEMBLE 5-DAY DISCLOSURE | 1.1 | LED | 214.50 |
| 9/9/2005 | REVIEW 5-DAYS AND ASSEMBLE EXHIBITS FOR UPCOMING DPH | 0.7 | LED | 136.50 |
| 9/1/2005 | DISCUSSION WITH CLIENT RE: TESTIMONY AT DPH | 0.4 | LED | 78.00 |
| 9/11/2005 | DRAFT DIRECT TETIMONY QUESTIONS FOR DPH; REVIEW 5-DAYS ON PREPARATION FOR DPH | 0.9 | LED | 175.50 |
| 9/12/2005 | REVISE DISCLOSURE LETTER FOR DPH | 0.3 | LED | 58.50 |
| 9/12/2005 | ATTENDED DUE PROCESS HEARING | 1.5 | LED | 292.50 |
| 9/12/2005 | DISCUSSION WITH CLIENT RE: OUTCOME OF HEARING AND TIMELINE OF EVALS | 0.2 | LED | 39.00 |
| 9/20/2005 | REVIEW HEARING OFFICER'S DETERMINATION; TCW/SHO RE: MISTAKE IN THE ORDER | 0.2 | LED | 39.00 |
| 9/23/2005 | DRAFT LETTER TO CLIENT RE: HOD AND TIMELINE | 0.4 | LED | 78.00 |

| Total | $2,510.00 |
|-------|-----------|
| Payments/Credits | $0.00 |
| Balance Due | $2,510.00 |

05/15/2005  14:36    2024425556    STUDENT HEARINGS OFF    PAGE  22/27

# District of Columbia Public Schools

## State Enforcement & Investigation Division
### Confidential

FREDERICK E. WOODS, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

|  |  |
|---|---|
| In the Matter of ) | **IMPARTIAL**<br>**DUE PROCESS HEARING** |
| ) | |
| Darius Braxton ) | |
| Date of Birth: 07/28/94 ) | **DECISION AND ORDER** |
| Petitioner, ) | |
| ) | Hearing Request: June 30, 2005 |
| vs. ) | Cont. Hearing Date: Sept. 13, 2005 |
| ) | Held at: 825 North Capitol Street, N.E. |
| The District of Columbia Public Schools, ) | Eighth Floor |
| Home School: Young Elementary School ) | Washington, D.C. 20002 |
| ) | |
| Respondent. ) | |

| | |
|---|---|
| Parent: | Tondaliea Braxton, Mother<br>1122 21st Street, N.E.<br>Washington, D.C. 20002 |
| Counsel for the Parent/Student: | Laura S. Duos, Esq.<br>Dalton, Dalton & Houston, P.C.<br>Attorneys at Law<br>1008 Pendleton Street<br>Alexandria, VA  22314 |
| District of Columbia Public Schools: | Michael D. Levy, Esq.<br>Attorney Advisor<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E., 9th Floor<br>Washington, D.C. 20002 |

## I.  JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.  DUE PROCESS RIGHTS

The parent through counsel waived a formal reading of the due process rights.

## III.  FIVE-DAY DISCLOSURES

Petitioner:  Admitted, without objection, a disclosure letter filed 09/02/05 that lists two witnesses and attached five exhibits sequentially labeled and tabbed DB-01 through DB-05. No witnesses were present or called to testify because the parties resolved all issues.

Respondent:  Admitted, without objection, a disclosure letter filed 08/08/05 that lists five witnesses. No exhibits were offered into evidence. No witnesses were present or called to testify because the parties resolved all issues.

## IV.  STATEMENT OF THE CASE

Darius Braxton (D.B.), born 07/28/94, age 11-years 2-months, is a regular education student attending Young Elementary School (Young ES) in the District of Columbia. (R. at DB-01.)

On June 30, 2005, Laura E. Duos, parent's counsel filed a Due Process Hearing Request complaining that DCPS violated the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 et seq. and denied D.B. a Free Appropriate Public Education (FAPE) by failing to evaluate him in all areas of suspected disability when his mother requested it. (R. at DB-01.)

The Student Hearing Office, DCPS, continued the Due Process Hearing until 1:00 p.m., Monday, September 12, 2005 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Michael D. Levy appeared in-person for DCPS. Attorney Laura E. Duos appeared in-person representing D.B. and his mother who were not present. No testimony was taken because the parties settled all issues.

So, in consideration of the record evidence, counsel's arguments, and the parties agreed terms the hearing officer finds it in the best interest of the child to issue this:

05/19/2005  14:35  2824425555    STUDENT HEARINGS OFF    PAGE 04/27

## ORDER

DCPS shall ............................................

1. Fund, at public expense, pursuant to the costs guidelines in the March 20, 2002 DCPS Office of Superintendent Directive Number 530.6 or at prevailing market rate for those assessments not covered by the Superintendent Directive, these independent assessments:

   a. Speech-Language; and
   b. Occupational Therapy.

2. Convene D.B.'s BLMDT/Eligibility/IEP/Placement Meeting within 15-school days after Savetria Francis, Young ES Special Education Coordinator receives D.B.'s last independent assessment results by facsimile from the parent along with three (3) proposed meeting dates, for this purpose:

   a. To review the assessments to determine the student's eligibility for special education services;
   b. To determine if additional assessments are warranted, and if so, either perform them, or fund independent assessment (s);
   c. To develop his IEP based on the evaluation results, if eligible;
   d. To discuss and decide placement; and issue his Prior Written Notice of Change in Placement (PNCOP) for school year 2005-06 at the conclusion of the meeting or as follows:

      (i)   Issue the PNCOP within 5-calendar days of the BLMDT Meeting if to a public placement; and

      (ii)  Issue the PNCOP within 30-calendar days of the BLMDT Meeting if to a non-public placement.

   e. To discuss and decide whether D.B. could benefit from Compensatory Education for missed special education services during school years 2004-05 and 2005-06.

3. Allow D.B.'s BLMDT to determine the amount, form, and means of delivering the Compensatory Education awarded him for missed services.

4. Ensure a DCPS representative attends the student's BLMDT Meeting who has authority to discuss, develop and implement a Compensatory Education Plan.

5. Issue D.B.'s Notice of Ineligibility if his BLMDT determines he ineligible for special education services.

6. Schedule all meetings at a mutually agreeable time through the parent and parent's counsel. And provide counsel written notice of all meetings by facsimile at (703) 739-2323.

7. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney, or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

8. This Order resolves all issues raised in the student's 06/30/05 Due Process Hearing Request that is dismissed; and the hearing officer made no additional findings.

This is THE FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.

_____          9/12/05
Frederick E. Woods                        _____
Hearing Officer                            Date


Issued: 09-19-05
Student Hearing Office, DCPS

05/19/2005  14:35    2024425559              STUDENT HEARINGS OFF              PAGE  25/27

# District of Columbia Public Schools
## State Enforcement & Investigation Division

| | |
|---|---|
| In the Matter of )<br><br>Darius Braxton<br>　　　　Petitioner,<br>　　　vs.<br><br>The District of Columbia Public Schools,<br>Young Elementary School<br>　　　　Respondent. | )<br>)<br>)<br>)  **IMPARTIAL**<br>)  **DUE PROCESS HEARING**<br>)<br>)<br>)<br>) |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C.
§§ 1400 et seq.

Case Information:　　Hearing Request Date: June 30, 2005
　　　　　　　　　　　Cont. Hearing Date: September 12, 2005
　　　　　　　　　　　Held at:　825 North Capitol Street, N.E.
　　　　　　　　　　　　　　　　Eighth Floor
　　　　　　　　　　　　　　　　Washington, D.C. 20002
　　　　　　　　　　　SETS Case Number: _____
　　　　　　　　　　　Student's Birth Date: July 28, 1994
　　　　　　　　　　　Attending School: Young Elementary School
　　　　　　　　　　　Managing School: Young Elementary School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do

hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes

the entire record in the above captioned matter as of this date, consisting of all letters,

pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the student's case file or either the

original or true copy of the original documents submitted in this matter.

Executed this __19th__ day of __September__, 2005.

　　　　　　　　　　　　　　　　_Frederick E. Woods_
　　　　　　　　　　　　　　　　Due Process Hearing Officer

09/15/2005  14:35    2024425559          STUDENT HEARINGS OFF                    PAGE  27/27

Re: MATTER OF
DARIUS BRAXTON v. DCPS. YOUNG ELEMENTARY SCHOOL

# RECORD OF PROCEEDINGS

## DATE:

## DESCRIPTION:

| DATE: | DESCRIPTION: |
|---|---|
| 06/30/05 | Due Process Hearing Request Filed By Parent |
| 07/20/05 | Notice of Due Process Hearing Date Sent to Parties |
| 09/12/05 | Continued Due Process Hearing Convened; Completed; Audio Recorded in HR 4, Start Time 1:50 p.m. and End Time 1:57 p.m.; and Settlement Reached. |
| 09/17/05 | Hearing Officer's Decision Filed with the SHO |
| 09/17/05 | Hearing Officer's Decision Issued by the SHO |

_____                    9/19/05
Frederick E. Woods                                    Date
Due Process Hearing Officer

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

Office of the Superintendant
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
202-442-5000    Fax: 202-442-5098
www.k12.dc.us

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm: Dalton, Dalton & Houston
   Attorney Information: Laura E. duos
   Federal Tax ID No: 54-1647932
   D.C. Bar No: pending

2. **Student Information**
   Name: Demetrius Braxton
   DOB: 12/23/1996
   Date Hearing Request Filed: 6/30/2005
   Date(s) of Hearing: 9/12/2005
   Date of Determination (HOD/ SA): 9/19/2005
   Parent/ Guardian Name: Tondaleia Braxton
   Parent/ Guardian Address: 1122 21st Street, NE
   Washington, DC 20002

3. **Invoice Information**
   Invoice Number: 3339
   Date Request Submitted: 10/13/2005
   Date(s) of Service Rendered: 4/21/2005- 9/26/2005
   Attorney Hourly Rate: $ 250.00
   Total Attorney Fees: $ 2,705.00
   Total Attorney Costs: $ 0.00
   Total Experts: $ 0.00
   **Total Invoice:** $ 2,705.00

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   • Allservices listed on the enclosed invoices were actually performed;
   • The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   • The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   • No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   • I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

   _Laura E. Quos._                    10/19/05
   Signature                           Date

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building,  Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid‡
Laura E. Duos~

*ALSO ADMITTED IN D.C. & W.VA.
+ ADMITTED IN D.C. & PA
~ADMITTED IN MD

October 13, 2005

(3339 )

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:     **Billing for the case of: Demetrius Braxton**
**Services Rendered : 4/21/2005- 9/26/2005**
**Total Bill: $ 2,705.00**
**Current Payment Request: $ 2,705.00**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter.  If you have any questions concerning this bill, please direct them to my attention at the number above.

### See attached, for the detailed invoice.

Thank you for your prompt payment for these services.  Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts.  All Payments received after October 27, 2005  shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# Dalton, Dalton & Houston,

,08 Pendleton Street
Alexandria, VA 22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/13/2005 | 3339 |

| Bill To |
|---------|
| Office of the General Counsel<br>Attention: Mr. James Baxley<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC 20002 |

BILLING #

| Terms | Project |
|-------|---------|
| Net 30 | Braxton, Demetri |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 4/21/2005 | INITIAL TCW/CLIENT RE: BEHAVIORAL PROBLEMS AND SUSPENSIONS | 0.7 | LED | 136.50 |
| 4/25/2005 | INITIAL PCW/CLIENT: REVIEWED RECORDS OF CLIENT; DISCUSSED EDUCATIONAL BACKGROUND AND CONCERNS | 1.5 | LED | 292.50 |
| 5/20/2005 | BRAXTON, DEMETRI: DRAFT AND FAX RECORDS REQUEST TO CHARLES YOUNG E.S. | 0.3 | KTM | 22.50 |
| 6/6/2005 | BRAXTON, DEMETRI: CALL TO SCHOOL REGARDING RECORDS REQUEST; REFAX RECORDS REQUEST; LETTER TO MOTHER; CRATE FILE. (PR) | 0.4 | KTM | 30.00 |
| 6/30/2005 | PCW/CLIENT RE: RETENTION OF CHILD AT THE END OF TEH SCHOOL YEAR; NUMEROUS SUSPENSIONS | 0.5 | LED | 97.50 |
| 6/30/2005 | DRAFT HEARING REQUEST AND REQUIRED HEARING FORM | 1 | LED | 195.00 |
| 8/4/2005 | RETRIEVE RECORDS FROM YOUNG E.S.; PCW/COUNSELOR RE: RECORDS | 0.8 | LED | 156.00 |
| 8/9/2005 | DRAFT REQUEST FOR CONTINUANCE | 0.3 | LED | 58.50 |
| 8/16/2005 | DISCUSSION WITHCLIENT RE: BEHAVIOR ISSUES AT PREVIOUS SCHOOL, RETENTION AND UPCOMING DPH | 0.3 | LED | 58.50 |
| 8/24/2005 | MEETING WITH CLIENT RE: OUTSIDE EVALUATION COMPLETED (PRORATED) | 0.4 | LED | 78.00 |
| 8/26/2005 | DRAFT AND TRANSMIT RECORDS REQUEST TO WILSON E.S. (PREVIOUS SCHOOL OF ATTENDANCE) (PRORATED) | 0.3 | LED | 58.50 |
| 8/30/2005 | DRAFT LETTER TO CLIENT RE: HEARING REQUESTS FILED AND HEARING DATE | 0.4 | LED | 78.00 |

| Total | |
|-------|---|
| Payments/Credits | |
| Balance Due | |

# Dalton, Dalton & Houston,

08 Pendleton Street
Alexandria, VA  22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/13/2005 | 3339 |

| Bill To | BILLING # |
|---------|-----------|
| Office of the General Counsel<br>Attention:  Mr. James Baxley<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC  20002 | |

| Terms | Project |
|-------|---------|
| Net 30 | Braxton, Demetri |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| | | 0.2 | EDD | 59.00 |
| 9/2/2005 | PCW/ LED RE: FIVE DAY DISCLOSURE | 1.1 | LED | 214.50 |
| 9/2/2005 | DRAFT AND ASSEMBLE 5-DAY DISCLOSURE | 0.7 | LED | 136.50 |
| 9/9/2005 | REVIEW 5-DAYS AND ASSEMBLE EXHIBITS FOR UPCOMING DPH | 0.4 | LED | 78.00 |
| 11/2005 | DISCUSSION WITH CLIENT RE: TESTIMONY AT DPH | 0.9 | LED | 175.50 |
| '11/2005 | DRAFT DIRECT TETIMONY QUESTIONS FOR DPH; REVIEW 5-DAYS ON PREPARATION FOR DPH | 1.5 | LED | 292.50 |
| 9/12/2005 | ATTENDED DUE PROCESS HEARING | 0.2 | LED | 39.00 |
| 9/12/2005 | DISCUSSION WITH CLIENT RE: OUTCOME OF DPH AND  REQUIREMENT THAT SHE SIGN CONSENT | 0.2 | LED | 39.00 |
| 9/15/2005 | DISCUSSION WITH CLIENT RE: CONSENT TO EVALUATE FORM PER HOD | 0.2 | LED | 39.00 |
| 9/19/2005 | DISCUSSION WITH CLIENT RE:CONSENT TO EVALUATE PER HOD | 0.2 | LED | 39.00 |
| 9/20/2005 | REVIEW HEARING OFFICER'S DETERMINATION; TCW/SHO RE: MISTAKE IN THE ORDER | 1.3 | LED | 253.50 |
| 9/22/2005 | MEETING WITH GURADIAN RE: SIGN CONSENT TO EVALUATE PER HOD | 0.4 | LED | 78.00 |
| 9/26/2005 | DRAFT LETTER TO CHARLES E. YOUNG WITH HOD AND CONSENT TO EVALUATE | | | |

| | |
|---|---|
| **Total** | $2,705.00 |
| Payments/Credits | $0.00 |
| Balance Due | $2,705.00 |

05/19/2005  14:38   2024425556        STUDENT HEARINGS OFF                    PAGE  02/27

# District of Columbia Public Schools

*State Enforcement & Investigation Division*

## Confidential

FREDERICK E. WOODS, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of | IMPARTIAL DUE PROCESS HEARING |
| Demetri Braxton<br>Date of Birth: 12/23/96 | **DECISION AND ORDER** |
| Petitioner, | Hearing Request: June 30, 2005 |
| vs. | Conti Hearing Date: Sept. 12, 2005<br>Held at: 825 North Capitol Street, N.E. |
| The District of Columbia Public Schools,<br>Home School: Young Elementary School | Eighth Floor<br>Washington, D.C. 20002 |
| Respondent. | |

Parent:
Tondaliea Braxton, Mother
1122 21st Street, N.E.
Washington, D.C. 20002

Counsel for the Parent/Student:
Laura S. Duos, Esq.
Dalton, Dalton & Houston, P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, VA 22314

District of Columbia Public Schools:
Michael D. Levy, Esq.
Attorney Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

05/19/2005  14:33    2024425559    STUDENT HEARINGS OFF    PAGE  03/27

## I.   JURISDICTION

The Due Process Hearing was convened and this Order written pursuant to Public Law 108-446, the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq.; 34 C.F.R. §§ 300 et seq.; 5 D.C.M.R. §§ 3000 et seq.; and Section 143 of the D.C. Appropriations Act, effective October 21, 1998.

## II.   DUE PROCESS RIGHTS

The parent through counsel waived a formal reading of the due process rights.

## III.   FIVE-DAY DISCLOSURES

Petitioner:  Admitted, without objection, a disclosure letter filed 09/02/05 that lists one witness and attached three exhibits sequentially labeled and tabbed DB-01 through DB-03. No witnesses were present or called to testify because the parties resolved all issues.

Respondent:  Admitted, without objection, a disclosure letter filed 08/08/05 that lists five witnesses and attached four exhibits sequentially labeled DCPS-01 through DCPS-04. No witnesses were present or called to testify because the parties resolved all issues.

## IV.   STATEMENT OF THE CASE

Demetri Braxton (D.B.), born 12/25/96, age 8-years 9-months, is a regular education student attending Charles Young Elementary School (Young ES) in the District of Columbia. (R. at DB-01.)

On June 30, 2005, Laura E. Duos, parent's counsel filed a Due Process Hearing Request complaining that DCPS violated the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 et seq. and denied D.B. a Free Appropriate Public Education (FAPE) by failing to evaluate him in all areas of suspected disability when his mother requested it. (R. at DB-01.)

The Student Hearing Office, DCPS, continued the Due Process Hearing until 3:00 p.m., Monday, September 12, 2005 at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

Attorney Advisor Michael D. Levy appeared in-person for DCPS. Attorney Laura E. Duos appeared in-person representing D.B. and his mother who were not present. No testimony was taken because the parties settled all issues.

So, in consideration of the record evidence, counsel's arguments, and the parties agreed terms the hearing officer finds it in the best interest of the child to issue this:

05/15/2005  14:33   2024425555          STUDENT HEARINGS OFF                    PAGE  04/07

## ORDER

DCPS shall ...............................................................

1. Provide D.B. theses evaluations within 30-calendar days of this order's issue date—
   a. Psycho-Educational; and
   b. Clinical Psychological.

2. Fund, at public expense, pursuant to the costs guidelines in the March 20, 2002 DCPS Office of Superintendent Directive Number 530.6 or at prevailing market rate for those assessments not covered by the Superintendent Directive, these independent assessments if DCPS fails to comply with paragraph one:

   a. Psycho-Educational; and
   b. Clinical Psychological.

3. D.B's mother shall immediately execute and provide DCPS with her signed and dated Parental Consent to Evaluate.

4. Convene D.B.'s BLMDT/Eligibility/IEP/Placement Meeting within 15-school days after Savetria Francis, Young ES Special Education Coordinator receives D.B.'s last independent assessment results by facsimile from the parent along with three (3) proposed meeting dates, for this purpose:

   a. To review the assessments to determine the student's eligibility for special education services;
   b. To determine if additional assessments are warranted, and if so, either perform them or fund independent assessment (s);
   c. To develop his IEP based on the evaluation results, if eligible;
   d. To discuss and decide placement; and issue his Prior Written Notice of Change in Placement (PNCOP) for school year 2005-06 at the conclusion of the meeting or as follows:

      (i)   Issue the PNCOP within 5-calendar days of the BLMDT Meeting if to a public placement; and

      (ii)  Issue the PNCOP within 30-calendar days of the BLMDT Meeting if to a non-public placement.

   e. To discuss and decide whether D.B. could benefit from Compensatory Education for missed special education services during school years 2004-05 and 2005-06.

5. Allow D.B.'s BLMDT to determine the amount, form, and means of delivering the Compensatory Education awarded him for missed services.

6. Ensure a DCPS representative attends the student's BLMDT Meeting who has authority to discuss, develop and implement a Compensatory Education Plan.

7. Issue D.B.'s Notice of Ineligibility if his BLMDT determines he ineligible for special education services.

8. Schedule all meetings at a mutually agreeable time through the parent and parent's counsel. And provide counsel written notice of all meetings by facsimile at (703) 739-2323.

9. Day-for-Day Caveat: Any scheduling, evaluation or meeting delay due to acts of the parent, student, student-advocate, student's attorney, or because of an unscheduled school closing shall extend DCPS' performance timelines established in this Order by one day for each day of delay.

10. This Order resolves all issues raised in the student's 06/30/05 Due Process Hearing Request that is dismissed; and the hearing officer made no additional findings.

This is THE FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.

_____          _9 | 19/05_
          Frederick E. Woods                      Date
          Hearing Officer


Issued: __09 - 19 - 05__
          Student Hearing Office, DCPS

05/19/2005  14:33   2024425559          STUDENT HEARINGS OFF          PAGE 25/27

# District of Columbia Public Schools
### State Enforcement & Investigation Division

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| Demetri Braxton ) | IMPARTIAL |
| Petitioner, ) | DUE PROCESS HEARING |
| vs. ) | |
| ) | |
| The District of Columbia Public Schools, ) | |
| Charles Young Elementary School ) | |
| Respondent. ) | |

The Individuals with Disabilities Education Improvement Act (IDEIA) 20 U.S.C.
§§ 1400 et seq.

Case Information:   Hearing Request Date: June 30, 2005
Cont. Hearing Date: September 12, 2005
Held at:  825 North Capitol Street, N.E.
Eighth Floor
Washington, D.C. 20002
SETS Case Number: _____
Student's Birth Date: December 23, 1996
Attending School: Young Elementary School
Managing School: Young Elementary School

## CERTIFICATION OF RECORD

I, Frederick E. Woods, Impartial Due Process Hearing Officer in this matter, do

hereby certify that the attached Record of Proceedings and Index of Exhibits itemizes

the entire record in the above captioned matter as of this date, consisting of all letters,

pleadings, orders, exhibits, depositions, and tapes.

I further certify that the materials placed in the student's case file or either the

original or true copy of the original documents submitted in this matter.

Executed this 19th day of September, 2005.

_____
Due Process Hearing Officer

05/19/2025  14:38   2024255556                STUDENT HEARINGS OFF                    PAGE  27/27

Re:  MATTER OF
DEMETRI BRAXTON v. DCPS, YOUNG ELEMENTARY SCHOOL

# RECORD OF PROCEEDINGS

## DATE:                ## DESCRIPTION:

06/30/05          Due Process Hearing Request Filed By Parent

07/20/05          Notice of Due Process Hearing Date Sent to Parties

09/12/05          Continued Due Process Hearing Convened; Completed;
                  Audio Recorded in HR 4, Start Time 1:59 p.m. and End
                  Time 2:07 p.m.; and Settlement Reached.

09/19/05          Hearing Officer's Decision Filed with the SHO

09/19/05          Hearing Officer's Decision Issued by the SHO


_____                    9/19/05
Frederick E. Woods                         _____
Due Process Hearing Officer                Date

Law Offices
# DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid+
Laura E. Duos~

*ALSO ADMITTED IN D.C. & W.VA.
+ ADMITTED IN D.C. & PA
~ADMITTED IN MD

November 22, 2005

(Inv #3442)

Ms. Erika Pierson
District of Columbia Public Schools
Office of the General Counsel
825 North Capital Street, N.E.
9th Floor
Washington, D.C. 20002

RE:    **Billing for the case of: Reginald Anderson**
       **Services Rendered : 9/13/2005- 11/15/2005**
       **Total Bill: $6,149.00**
       **Current Payment Request: $6,149.00**

Dear Ms. Pierson:

The following represents an accounting of hours spent on behalf of the above named client.

Thank you in advance for your prompt attention to this matter. If you have any questions concerning this bill, please direct them to my attention at the number above.

**See attached, for the detailed invoice.**

Thank you for your prompt payment for these services. Please make checks payable to **Dalton, Dalton & Houston, P. C.**, Fed. I.D. No. 54-1647932, Dunn & Bradstreet, No. 86-9145474 for all services of attorneys and experts. All Payments received after December 6, 2005 shall be subject to the statutory maximum interest rate provided by law.

Sincerely,

DALTON, DALTON & HOUSTON, P.C.
By:

Paul S. Dalton, Esquire

Enclosures
PSD/df

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS

**Office of the Superintendant**
Office of the General counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002- 4232
202-442-5000     Fax: 202-442-5098
www.k12.dc.us

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES WITH EDUCATION ACT

1. **Attorney Information**
   Law Firm:                          Dalton, Dalton & Houston
   Attorney Information:              Ellen Dalton
   Federal Tax ID No:                54-1647932
   D.C. Bar No:                      411612

2. **Student Information**
   Name:                             Reginald Anderson
   DOB:                              04/16/1990
   Date Hearing Request Filed:       09/16/2005
   Date(s) of Hearing:               11/14/2005
   Date of Determination (HOD/ SA):  11/14/2005
   Parent/ Guardian Name             Wanda Anderson
   Parent/ Guardian Address          3312 14th Place, SE #302
                                     Washington, DC 20032

3. **Invoice Information**
   Invoice Number:                   3442
   Date Request Submitted            11/16/2005
   Date(s) of Service Rendered:      9/13/2005- 11/15/2005
   Attorney Hourly Rate:             $  295.00
   Total Attorney Fees:              $ 6,149.00
   Total Attorney Costs              $      -
   Total Experts:                    $      -
   **Total Invoice:**                $ 6,149.00

4. **Certification (must be signed by principal attorney)**

   I certify that all of the followwing statements are true and correct

   - Allservices listed on the enclosed invoices were actually performed;
   - The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
   - The District of Columbia Public Schools is the sole entity from which payment of the fees, costs, and expenses itemized on the enclosed invoice is requested;
   - No attorney or law firm who either (1) provides services listed on th eenclosed invoice; or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer, or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
   - I understand that the making of a false statement to an agency of the D.C. Government is punishablbe by criminal penalties pursuant to D.C. Code § 22- 2405.

_____          _____
Signature                        Date

Revised Nov 2004

# Dalton, Dalton & Houston,

008 Pendleton Street
Alexandria, VA  22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 11/16/2005 | 3442 |

| Bill To |
|---------|
| Office of the General Counsel<br>Attention:  Mr. James Baxley<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC  20002 |

| BILLING # |
|-----------|
|  |

| Terms | Project |
|-------|---------|
| Net 30 | Anderson, Reginald |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 9/13/2005 | REVIEW EDUCATIONAL RECORDS PERTAINING TO HIS PLACMENT AND CURRENT IEP; DISCUSS CASE AND POTENTIAL VIOLATIONS WITH LED. | 1 | EDD | 295.00 |
| 9/13/2005 | INITIAL MEETING WITH CLIENT; DISCUSSED PREVIOUS PLACEMENT AND SERVICES ON IEP | 1.7 | LED | 331.50 |
| 9/13/2005 | DISCUSSED CASE STRATEGY | 0.2 | JMS | 30.00 |
| 9/14/2005 | REVIEW FILE AND BEGIN DRAFTING COMPLAINT | 0.5 | JMS | 75.00 |
| 9/14/2005 | DRAFTED LETTERS | 0.7 | JMS | 105.00 |
| 9/14/2005 | DISCUSSED CASE STRATEGY | 0.2 | JMS | 30.00 |
| 9/14/2005 | DRAFT RECORDS REQUEST AND FAXED OUT | 0.5 | JMS | 75.00 |
| 9/15/2005 | CASE STRATEGY | 0.4 | JMS | 60.00 |
| 9/15/2005 | DISCUSSION WITH PREVIOUS SCHOOL RE: PREVIOUS IEP AND PROPOSED PLACEMENT | 0.3 | LED | 58.50 |
| 9/15/2005 | DRAFTED AND REVISED DUE PROCESS COMPLAINT NOTICE. | 1.2 | JMS | 180.00 |
| 9/15/2005 | DISCUSS STRATEGY | 0.2 | JMS | 30.00 |
| 9/16/2005 | CREATE FILE; MADE COPIES; FAXED DOCUMENT | 0.5 | JMS | 75.00 |
| 9/19/2005 | REVISED AND FILED HEARING REQUEST | 0.3 | LED | 58.50 |
| 9/21/2005 | DISCUSSION WITH CLIENT RE: PLACEMENT AT CHARTER SCHOOL PENDING DCPS PLACEMENT; REVISE AND TRANSMIT LETTER TO CHARTER SCHOOL RE: INTERIM PLACEMENT | 0.4 | LED | 78.00 |
| 9/21/2005 | PCW/ LED RE: STATUS OF INTERIM PLACEMENT FOR REGINALD; TCW/ MS. ANDERSON. | 0.5 | EDD | 147.50 |
| 9/21/2005 | DISCUSSION WITH HIGH ROAD SCHOOL RE: AGREEMENT TO TAKE STUDENT SINCE DCPS HAS NOT OFFERED APPROPRIATE PLACEMENT; DISCUSSION WITH CLIENT RE: PLACEMENT PENDING HEARING | 0.4 | LED | 78.00 |

| Total | |
|-------|--|
| **Payments/Credits** | |
| **Balance Due** | |

# Dalton, Dalton & Houston,

'008 Pendleton Street
Alexandria, VA 22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 11/16/2005 | 3442 |

| Bill To |
|---------|
| Office of the General Counsel<br>Attention:  Mr. James Baxley<br>District of Columbia Public Schools<br>825 N. Capital Street, 9th Floor<br>Washington, DC  20002 |

| BILLING # |
|-----------|
|  |

| Terms | Project |
|-------|---------|
| Net 30 | Anderson, Reginald |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 9/22/2005 | RETRIEVE EDUCATIONAL RECORDS FROM PREVIOUS SCHOOL | 0.4 | LED | 78.00 |
| 10/6/2005 | DISCUSSION WITH CLIENT AND HIG ROAD RE: PLACEMENT BECAUSE DCPS HAS NOT PROVIDED PLACEMENT | 0.3 | LED | 58.50 |
| 0/11/2005 | DISCUSSION WITH CLIENT RE: EDUCATIONAL PLACEMENT; REVIEW EDUCATIONAL RECORDS FROM PREVIOUS SCHOOLS  INCLUDING  2003 AND 2002 PSYCHOED; 2004 ADAPTIVE TESTING AND 2003  SPEECH AND LANGUGE EVALUATION | 0.9 | LED | 175.50 |
| 10/18/2005 | DISCUSSION WITH CLIENT RE: PLACEMENT | 0.2 | LED | 39.00 |
| 10/26/2005 | DRAFT HEARING | 0.9 | LED | 175.50 |
| 10/26/2005 | DISCUSSION WITH PHILLIPS RE: STUDENT RECORDS | 0.2 | LED | 39.00 |
| 10/28/2005 | DISCUSSION WITH PARENT RE: HEARING DATE, IEP MEETING DATE PROPOSED AND POTENTIAL PLACEMENTS | 0.4 | LED | 78.00 |
| 10/28/2005 | REVIEW CORRESPONDENCE FROM SCHOOL | 0.2 | LED | 39.00 |
| 10/31/2005 | DISCUSSION WITH CLIENT | 0.2 | LED | 39.00 |
| 10/31/2005 | DISCUSSIONS WITH POTENTIAL PLACEMENTS | 0.3 | LED | 58.50 |
| 10/31/2005 | DRAFT LETTER TO BALLOU RE: IEP MEETING AND RECORDS | 0.3 | LED | 58.50 |
| 11/2/2005 | FOLLOW UP PHONE CALL | 0.1 | JMS | 15.00 |
| 11/2/2005 | MEETING WITH CLIENT AND SON RE: EDUCATIONAL PLACEMENT, UPCOMING HEARING AND MDT MEETING; DISCUSSED PLACEMENT OPTIONS AND ISSUES TO BE PRESENTED AT THE IEP MEETING | 2 | LED | 390.00 |

| Total | |
|-------|--|
| Payments/Credits | |
| **Balance Due** | |

# Dalton, Dalton & Houston,

¹008 Pendleton Street
Alexandria, VA 22314-1837

# Invoice

| Date | invoice # |
|------|-----------|
| 11/16/2005 | 3442 |

| Bill To |
|---------|
| Office of the General Counsel
Attention: Mr. James Baxley
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC 20002 |

| BILLING # |
|-----------|
|  |

| Terms | Project |
|-------|---------|
| Net 30 | Anderson, Reginald |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 11/2/2005 | VISIT TO HIGH ROAD SCHOOL WITH CLIENT; INTERVIEWED WITH ADMISSIONS DIRECTOR AND PRINCIPAL; VISITED CLASSROOMS | 2 | LED | 390.00 |
| 11/2/2005 | DISUCSSION WITH SEC AT BALLOU RE: MEETING AND RECORDS | 0.2 | LED | 39.00 |
| 11/3/2005 | VISIT TO BALLOU; DISCUSSION WITH SEC; REVIEW AND COPY EDUCATIONAL RECORDS | 1.3 | LED | 253.50 |
| 11/4/2005 | DRAFT NOTICE OF APPEARANCE; REVIEW DCPS 5-DAY; DISCUSSION WITH DCPS ATTY | 0.4 | LED | 78.00 |
| 11/6/2005 | REVIEW DOCUMENTS FOR 5-DAY INCLUDING MDT NOTES FROM PREVIOUS SCHOOL, ENCOUNTER TRACKING FORMS, REPORT CARDS AND SCHEDULES | 1 | LED | 195.00 |
| 11/7/2005 | DRAFT AND ASSEMBLE 5-DAY DISCLOSURE FOR SHO AND DCPS | 2 | LED | 390.00 |
| 11/7/2005 | DISCUSSION WITH CLIENT RE: MEETING WITH SCHOOL AND PLACEMENT RE: LETTER OF ACCEPTANCE | 0.3 | LED | 58.50 |
| 11/9/2005 | PCW/ LED RE: PLACEMENT MEETING AND CONCERNS REGARDING LATENESS OF MEETING. | 0.2 | EDD | 59.00 |
| 11/9/2005 | TRAVEL TO AND FROM BALLOU HIGH SCHOOL | 0.7 | LED | 136.50 |
| 11/9/2005 | DISCUSSION WITH S/L PATHOLOGIST | 0.4 | LED | 78.00 |
| 11/9/2005 | DISCUSSON WITH SEC RE: MEETING AND ATTENDANCE | 0.4 | LED | 78.00 |
| 11/9/2005 | DISCUSSION WITH SPED TEACHER RE: PLACEMENT | 0.4 | LED | 78.00 |
| 11/9/2005 | REVIEW EVALS FOR PRESENT LEVELS OF FUNCTIONING; ASSEMBLE ADDITIONAL COPIES OF 5-DAY | 1 | LED | 195.00 |

| **Total** | |
|-----------|--|
| Payments/Credits | |
| Balance Due | |

# Dalton, Dalton & Houston,

908 Pendleton Street
Alexandria, VA 22314-1837

# Invoice

| Date | Invoice # |
|------|-----------|
| 11/16/2005 | 3442 |

**Bill To**

Office of the General Counsel
Attention: Mr. James Baxley
District of Columbia Public Schools
825 N. Capital Street, 9th Floor
Washington, DC 20002

**BILLING #**

| Terms | Project |
|-------|---------|
| Net 30 | Anderson, Reginald |

| Date | Description | Hours | Attorney | Amount |
|------|-------------|-------|----------|--------|
| 11/11/2005 | PREPARE FOR DUE PROCESS HEARING; REVIEW 5-DAY DOCS | 1.2 | LED | 234.00 |
| 11/11/2005 | DRAFT TESTIMONY FOR DPH; DISCUSSION WITH CLIENT RE: TESTIMOMY AT HEARING | 0.7 | LED | 136.50 |
| 1/13/2005 | PREPARE FOR DUE PROCESS HEARING; REVIEW DOCUMENTS AND TESTIMONY | 1.7 | LED | 331.50 |
| 11/14/2005 | TRAVEL TO AND FROM VA OFFICE TO DUE PROCESS HEARING | 0.8 | LED | 156.00 |
| 11/14/2005 | ATTEND DUE PROCESS HEARING; DRAFT TRANSPORTATION FORMS FOR PARENT | 1.2 | LED | 234.00 |
| 11/15/2005 | REVIEW HOD; COPY TO HIGH ROAD AND COPY TO PARENT | 0.4 | LED | 78.00 |

| | |
|---|---|
| **Total** | $6,149.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $6,149.00 |

11/14/2005  04:18    2024425555    STUDENT HEARINGS OFF

# District of Columbia Public Schools

### State Enforcement and Investigation Division

Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| REGINALD ANDERSON, STUDENT | ) |
| | ) |
| Date of Birth: April 16, 1990 | ) |
| | ) |
| Petitioner, | )  Hearing Date: November 14, 2005 |
| | ) |
| v. | )  Complaint Filed: September 16, 2005 |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| PUBLIC SCHOOLS | ) |
| | )  Held at: 825 North Capitol Street, N.E. |
| Respondent. | )       8th Floor |
| | )       Washington, D.C. 20002 |
| | ) |
| Student Attending: | ) |
| Ballou Senior High School | ) |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Wanda Anderson, Mother
3312 – 14th Place S.E.; #302
Washington, D.C. 20032 |
| **Counsel for the Petitioner:** | Ellen Douglass Dalton, Esquire
Laura Duos, Esquire
Dalton, Dalton & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300; Fax: (703)739-2323 |
| **Counsel for DCPS:** | Katherine G. Rodi, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002 |

11/14/2005  04:10   2024425556                STUDENT HEARINGS OFF                PAGE  03/06

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| | |
|---|---|
| Child | Reginald Anderson |
| Child's Parent(s) (specific relationship) | Wanda Anderson, Mother |
| Child/Parent's Representative | Ellen Douglass Dalton, Esquire<br>Laura Duos, Esquire, *pro hac vice* |
| School System's Representative | Katherine G. Rodi, Esquire |

11/14/2005  04:10    2024425556    STUDENT HEARINGS OFF    PAGE  04/05

## Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

## Introduction

Petitioner is a fifteen year-old student who attends Ballou Senior High School ("Ballou") On September 16, 2005, Petitioner filed a *Due Process Complaint Notice* ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") had failed to provide an appropriate placement. The due process hearing was convened on November 14, 2005. The parties' Five Day Disclosure Notices were admitted into evidence. Neither party offered oral testimony at the hearing. At the hearing, the parties agreed to relief for Petitioner as described below in the Findings of Fact.

## Findings of Fact

1. Petitioner is a fifteen year-old student attending Ballou.[1]

2. During the hearing, the parties agreed to the following relief for Petitioner:

   A. DCPS will place and fund Petitioner at High Road Academy of D.C. for the remainder of the 2005-2006 school year, including transportation.
   B. DCPS will attend the next Multidisciplinary Team ("MDT") meeting, to be scheduled by High Road. That MDT shall determine Petitioner's need for compensatory education.

## Conclusions of Law

The parties' agreement is in Petitioner's best interests and its terms will be substantially included in the order below.

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five-Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 14th day of November 2005, it is hereby

---

[1] *Complaint* at 1.

3

11/14/2005 04:10   2024425555   STUDENT HEARINGS OFF   PAGE 05/06

ORDERED, that DCPS shall immediately issue a Prior Notice placing Petitioner at High Road Academy of D.C. for the remainder of the 2005-2006 school year, including transportation and all other appropriate related services.

IT IS FURTHER ORDERED, that DCPS will attend Petitioner's next MDT meeting, to be scheduled by High Road. That MDT shall review Petitioner's progress at High Road, review all current evaluations, update the Individualized Education Program as warranted, and determine Petitioner's need for compensatory education.

IT IS FURTHER ORDERED, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

IT IS FURTHER ORDERED, that this Order is effective immediately.

## Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[2]

Terry Michael Banks
Hearing Officer

Date: November 14, 2005          Issued: 11-14-05

---

[2] See Amman v. Town of Stow, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); Spiegler v. District of Columbia, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

4

Copies to:

Ellen Douglass Dalton, Esquire
Laura Duos, Esquire
Dalton, Dalton & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300; Fax: (703)739-2323

Katherine G. Rodi, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

5



# UNITED STATES ATTORNEY'S OFFICE
## FOR THE DISTRICT OF COLUMBIA

555 4TH STREET, NW
WASHINGTON, DC 20530
(202) 514-7566

SEARCH

HOME

U.S. ATTORNEY

ABOUT US

DIVISIONS

COMMUNITY
PROSECUTION

PROGRAMS
FOR YOUTH

VICTIM WITNESS
ASSISTANCE

PARTNERSHIPS

PRESS RELEASES

EMPLOYMENT

ESPAÑOL

CONTACT US

LINKS

SITE MAP

## LAFFEY MATRIX 2003 - 2014

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 03-04 | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 | 09-10 | 10-11 | 11-12 | 12-13 | 13-14 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20+ years | 380 | | | | | | | | | | |
| 11-19 years | 335 | | | | | | | | | | |
| 8-10 years | 270 | | | | | | | | | | |
| 4-7 years | 220 | | | | | | | | | | |
| 1-3 years | 180 | | | | | | | | | | |
| Paralegals & Law Clerk | 105 | | | | | | | | | | |

### Explanatory Notes

1.  This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does not apply in cases in which the hourly rate is limited by statute. See 28 U.S.C. § 2412(d).

2.  This matrix is based on the hourly rates allowed by the District Court in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds,* 746 F.2d 4 (D.C. Cir. 1984), *cert. denied,* 472 U.S. 1021 (1985). It is commonly referred to by attorneys and federal judges in the District of Columbia as the "Laffey Matrix" or the "United States Attorney's Office Matrix." The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey,* 572 F. Supp. at 371.

3.  The hourly rates approved by the District Court in *Laffey* were for work done principally in 1981-82. The Matrix begins with those rates. *See Laffey,* 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5). The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant. Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4.  Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel,* 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. See *Covington v. District of Columbia,* 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995), *cert. denied,* 516 U.S. 1115 (1996). Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable. *See, e. g., Blackman v. District of Columbia,* 59 F. Supp. 2d 37, 43 (D.D.C. 1999); *Jefferson v. Milvets System Technology, Inc.,* 986 F.



**Attachment B**

United States Attorney's Office for the District of Columbia



Supp. 6, 11 (D.D.C. 1997); *Ralph Hoar & Associates v. Nat'l Highway Transportation Safety Admin.*, 985 F. Supp. 1, 9-10 n.3 (D.D.C. 1997); *Martini v. Fed. Nat'l Mtg Ass'n*, 977 F. Supp. 482, 485 n.2 (D.D.C. 1997); *Park v. Howard University*, 881 F. Supp. 653, 654 (D.D.C. 1995).

**Last Updated on
07/13/2006**

Department of Justice | FirstGgov | USA | Privacy Policy | PSN | PSN Grants | www.regulations.gov | DOJ/Kids

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHNICE JACKSON, et al.** | : |
| | : |
| **Plaintiffs** | : |
| | : |
| **v.** | : |
| | : |
| **DISTRICT OF COLUMBIA** | : |
| | : |
| **Defendant.** | : |
| _____ | : |

Civil Action No. 07-0138 (AK)

_____

`

**DECLARATION OF PAUL S.  DALTON**

I, Paul S. Dalton, hereby declare and state the following.

1.      I am a principal in the law firm of Dalton & Dalton, P.C. formerly, Dalton Dalton & Houston and I submit this declaration in support of reimbursement of attorneys' fees and  expenses incurred on behalf of the Plaintiffs.

2.      I  received a Bachelor of Arts degree from the West Virginia University in 1975.  I received a Juris Doctorate degree  from the West Virginia University Law School 1979.  I am a  member of the bars of the District of Columbia, Virginia  and West Virginia.  I am admitted to practice in the District of Columbia Court of Appeals, the United States District Court for the District of Columbia, the United States Circuit Court of Appeals for the District of Columbia, the Supreme Court of Virginia, the United States District Court of the Eastern District of Virginia, the United States Court of

Appeals Fourth Circuit, the Supreme Court of Appeals of West Virginia, and the District Court of the Southern District of West Virginia.

3.      After graduating from law school, I was the Assistant City Attorney for the City of Clarksburg, West Virginia with responsibilities of representing the interests of the City of Clarksburg, West Virginia in both General District Court and Circuit Court.  As a 3rd year law student I successfully argued a case before the local Circuit Court on behalf of the Clarksburg, WV and upon graduation successfully argued the appeal of that case to the West Virginia Supreme Court where I appeared for oral argument in the case. Some years later I also successfully argued another case for the City of Parkersburg, WV, before the West Virginia Supreme Court.

From 1980 until 1985 I was an Attorney-Advisor for the United States Treasury, Bureau of the Public Debt.  During that time I drafted a number of the regulations subsequently adopted for the Issuance of Series EE Savings Bonds and also published an article in the West Virginia Law Review on the transition from Series E to Series EE bonds.

In 1985 I entered the private practice of law and in 1993 persuaded my wife Ellen Douglass Dalton, a former partner in the law firm of Lewis, Wilson, Lewis and Jones to form the Firm of Dalton & Dalton, P.C.   Prior to the formation of our firm my private practice centered on the representation of children suffering from abuse and neglect and general civil litigation.  Shortly after our firm's formation I decided to adopt an almost exclusive focus on the representation of children with special education needs.

To this end I have represented numerous children and their families concerning special education issues.  I have represented over 250 children in the District of Columbia, Maryland, Virginia, and West Virginia.  I have participated in at least 100 administrative hearings, including due process hearings and manifestation hearings, and have secured dozens of settlement agreements.  Numerous D.C. Superior Court neglect judges have appointed me to represent the educational interests of wards of the District.  I presented the oral argument of behalf of the plaintiffs in the case of *Sellers v. School Board of the City of Manassas*, 141 F.3d 524 (4th Cir. 1996), *cert. denied,* 119 S.Ct. 168 (1998)**.**  Finally, a national education services organization has asked me to participate in a seminar on the Individuals with Disabilities Education Act.

4.      I am familiar with the prevailing market rates for legal services in the Washington, D.C. area.  The rates charged by me are the current markets rates that are charged to paying clients of my firm and are well within range of prevailing rates in the D.C. market for legal services in special education cases.

5.      The District of Columbia has paid my attorney fee petitions at my current rate of $295.00.

6.      I have maintained contemporaneous, regular, complete records of all the time I have spent providing legal services in connection with the matter.  Those records, which contain a summary description of time and services rendered on a daily basis, were entered into a computerized billing memorandum by a secretary under my direction.  I have personally reviewed the billing memorandum for legal services furnished in connection with this case and for which fees and expenses are sought in this motion.

7.    The attachments to this Declaration contains an accurate itemized description of the legal services in connection with these cases furnished by me, Paul S. Dalton during the period for which compensation is sought.  The attachments further provide applicable billing rates, amounts recorded and the amount requested for each service provided on behalf of the student.  The attachments  were prepared at my direction and under my supervision, utilizing the contemporaneous time records and computerized billing summaries.  As reflected in the summary, the amount we are presently seeking is based on current rates and in my judgment this is a reasonable amount that would be billed to a paying client in similar circumstances.

8.    Throughout this proceeding, I have endeavored to represent the interest  of the plaintiffs in the fullest and most efficient way possible.  I have endeavored to avoid any unnecessary duplication of work.  The time for which I am claiming compensation is detailed in the attached summary and was reasonably and necessarily expended.

In accordance with 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2008

_____/s/_____
Paul S. Dalton
D.C. Bar Number 439118

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JOHNICE JACKSON, et al.** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | **Civil Action No. 07-0138 (AK)** |
| | : | |
| **DISTRICT OF COLUMBIA** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**DECLARATION OF ELLEN DOUGLASS DALTON**

I, Ellen Douglass Dalton, hereby declare and state the following:

1.      I am a principal in the law firm Dalton & Dalton, P.C. formerly Dalton &

Dalton & Houston, P.C. and I submit this declaration in support of reimbursement of attorneys'

fees and expenses incurred on behalf of the Defendant.

2.      I received a Bachelor of Arts degree from the West Virginia University in 1979.  I

received a Juris Doctorate degree from the Thomas M. Cooley Law School in 1984.  I am a

member in good standing of the bars of the District of Columbia, Virginia, and West Virginia.  I

am admitted to practice in the United States District Court for the District of Columbia, the

Supreme Court of Virginia, the United States Court of Appeals for the Fourth Circuit, the United

States District Court for the Eastern District of Virginia, and the Supreme Court of Appeals of

West Virginia.

3.      After graduating law school, I joined my father and brother in the practice of law

and was a partner in the firm of Douglass, Douglass and Douglass.  My father has been a

practicing attorney for thirty years and had maintained a general practice.  Six months after my

association with the firm, my father was elected Circuit Court judge and my brother and I carried

on the general practice of law that had been started by my father. During my association with my

father and brother, I was on the court appointed lists and represented indigent juveniles and

adults in criminal matters before the magistrate and circuit court, conducted title searches for

banks and attended loan closings, drafted wills and was involved in an extensive custody case

which was appealed to the West Virginia Supreme Court where I appeared for oral argument in

the case.

     In November 1985, I married a local attorney who had since moved to the metropolitan

area of Washington, D.C. We established a home in Northern Virginia, and I took the Virginia

Bar. Thereafter, I became a member of the law firm of Lewis, Wilson, Lewis & Jones, Ltd. for

seven years, during which time I was made a partner. During my tenure at Lewis, Wilson, Lewis

& Jones, I also became barred in the District of Columbia and was responsible for representing

both plaintiffs and defendants in civil litigation. I appeared in a number of Circuit and Federal

Courts in Virginia and the District of Columbia.

     In 1993, my husband and I formed our own law firm, Dalton & Dalton, P.C., which

subsequently became Dalton, Dalton & Houston, P.C. Initially, I continued representing

plaintiffs in civil litigation. Thereafter, I became interested in the rights of children with regard

to special education. Approximately ninety percent of my time and focus since then has been

with regard to representing these children. I have participated in hundreds of administrative

hearings and have received Hearing Officer Determinations and settlement agreements with

regard to these children.

4.    I am familiar with the prevailing market rates for legal services in the Washington, D.C. area.  The rates charged by me are current market rates that are charged to paying clients of my firm and are significantly below the prevailing rates in the District of Columbia market for legal services.

5.    The District of Columbia has paid my attorney fee petitions at my current rate of $295.00.

6.    I have maintained contemporaneous, regular, complete records of all the time I have spent providing legal services in connection with this matter.  Those records, which contain a summary description of time and services rendered on a daily basis, were entered into a computerized billing memorandum.  I have personally reviewed the billing memorandum for legal services furnished in connection with this case and for which fees and expenses are sought in this Motion.

7.    The Attachments to this Petition contain an accurate itemized description of the legal services in connection with these cases furnished by me, Ellen Douglass Dalton, during the period for which compensation is sought.  The attachments further provide applicable billing rates, amounts recorded and the amount requested for each service provided on behalf of the client.  The attachments were prepared at my direction and under my supervision, utilizing the contemporaneous time records and computerized billing statements. As reflected in the statement, the amount that we are presently seeking is based on current rates and in my judgment this is a reasonable amount that would be billed to a paying client in similar circumstance.

8.    Throughout this proceeding, I have endeavored to represent the interests of the

3

Defendant in the fullest and most efficient way possible.  I have endeavored to avoid any

unnecessary duplication of work.  The time for which I am claiming compensation is detailed in

the attached summary and was reasonably and necessarily expended.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Executed on May 19, 2008

_____/s/_____
Ellen Douglass Dalton, Esq.
D.C. Bar Number 411612

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHNICE JACKSON, et al.** : | |
| : | |
| **Plaintiffs** : | |
| : | |
| **v.** : | **Civil Action No. 07-0138 (AK)** |
| : | |
| **DISTRICT OF COLUMBIA** : | |
| : | |
| **Defendant.** : | |
| _____: | |

### DECLARATION OF WILLIAM E. HOUSTON

I, William E. Houston, hereby declare and state the following.

1.      I am the senior attorney at the law firm of Dalton & Dalton, P.C. and I submit this

declaration in support of reimbursement of attorneys' fees and expenses incurred on behalf of the

Plaintiffs.

2.      I received a Bachelor of Arts degree in Comparative Political Analysis from the

Ohio State University in 1978.  I received a Juris Doctorate degree from the American

University Washington College of Law in 1987.  I am a member of the bars of the District of

Columbia and Pennsylvania.  I am admitted to practice in the United States District Court for the

District of Columbia, the United States Circuit Court of Appeals for the District of Columbia,

and the United States Supreme Court.

3.      Prior to joining Dalton & Dalton, I served for five years on active duty in the

United States Navy as an officer.  Thereafter, after a break for law school, I was appointed as

Deputy Assistant Secretary of the Interior for Territorial and International Affairs.  As the DAS I

had direct oversight over the judges of the territories of the United States and I had three

attorneys reporting directly to me.  In 1995, I was the program manager of a USAID technical

assistance project to teach Members of Parliament from the Newly Independent States of Central

Asia our Constitution and tax laws.  Since entering private practice, my entire focus has been on

representing children with special needs.  To this end I have represented numerous children and

their families concerning special education issues.  I have represented over 100 children in the

District of Columbia, Maryland, Virginia, and Kansas.  I have participated in at least 50

administrative hearings, including due process hearings and manifestation hearings, and have

secured dozens of settlement agreements.  Numerous D.C. Superior Court neglect judges have

appointed me to represent the educational interests of wards of the District.  Parents from around

the country, as far away as Hawaii have contacted me in regards to their special needs children.  I

am on the Board of Directors of Parent Educational Advocacy Training Center, the federally

mandated parent training organization in Virginia.  Finally, a national education services

organization has asked me to present a seminar on the Individuals with Disabilities Education

Act this summer.

      3.     I am familiar with the prevailing market rates for legal services in Washington,

D.C. area.  The rates by me are current markets rates that would be charged to paying clients of

my firm and are well within range of prevailing rates in the D.C. market for legal services in

special education cases.

      4.     Since January 1, 1998, the District of Columbia has paid my attorney fee petitions

at my current of $200.00 without any challenge.

      5.     I have maintained contemporaneous, regular, complete records of all the time I

have spent providing legal services in connection with matter.  Those records, which contain a

summary description of time and services rendered on daily basis, were entered into a

computerized billing memorandum by a secretary under my direction. I have personally

reviewed the billing memorandum for legal services furnished in connection with this case and

for which fees and expenses are sought in this motion.

6.      Attachments to the Petition contain an accurate itemized description of the legal

services in connection with these cases furnished by me during the period for which

compensation is sought. The attachments further provide applicable billing rates, amounts

recorded and the amount requested for each service provided on behalf of the student. The

attachments were prepared at my direction and under my supervision, utilizing the

contemporaneous time records and computerized billing summaries. As reflected in the

summary, the amount we are seeking is based on current rates and in my judgment this is a

reasonable amount that would be billed to a paying client in similar circumstances.

7.      Attachments to the Petition contain a description of the expenses, which were

reasonably incurred by the plaintiffs. This description reflects expenses normally charged to fee-

paying and pro bono clients. This description also was prepared under my supervision on the

basis of expense summaries prepared and maintained by office staff and me. I have personally

reviewed these summaries and the Attachments are an accurate description of the reasonable cost

and expenses associated with this matter.

8.      Throughout this proceeding, I have endeavored to represent the interest of the

plaintiffs in the fullest and most efficient way possible. I have endeavored to avoid any

unnecessary duplication of work. The time for which I am claiming compensation is detailed in

the attached summary and was reasonable and necessarily expended.

In accordance with 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Executed on July 26, 2006

_____/s/_____
William E. Houston,
D.C. Bar Number 450223

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JOHNICE JACKSON, et al.** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | **Civil Action No. 07-0138 (AK)** |
| | : | |
| **DISTRICT OF COLUMBIA** | : | |
| | : | |
| **Defendant.** | : | |
| ———————————————— | : | |

## DECLARATION OF LAURA E. DUOS

I, Laura E. Duos, hereby declare and state the following:

1.      I am an associate attorney in the law firm Dalton, Dalton & Houston, P.C. and I submit this declaration in support of reimbursement of attorneys' fees and expenses incurred on behalf of the Defendant.

2.      I received a Bachelor of Arts degree from Vanderbilt University in 1999.  I received a Juris Doctorate degree, from the American University, Washington College of Law in 2003.  I am a member in good standing of both the District of Columbia and Maryland bars.  I am admitted to practice in the Maryland Court of Appeals,  the United States District Court for the District of Maryland and the District of Columbia Court of Appeals.

3.      While attending law school, I interned at Dalton, Dalton & Houston, from June 2002-May 2003.  As an intern, I worked with special education students who were in the juvenile and neglect system of District of Columbia.  I assisted with preparing for special education due process hearings in both the District of Columbia and Virginia.  I appeared at due process hearings and at Superior Court hearings for these students.  I also drafted a number of

federal court pleadings for cases appealed to federal district court in both the District of

Columbia and Virginia.  Prior to this internship, I worked as an autism therapist, a crisis

counselor and assisted with research regarding the effects of maternal depression on children.

These experiences led to my interest in special education law.

        4.      In August of 2003, I began working as an associate attorney at Dalton, Dalton &

Houston.  Since that time, I have successfully represented both students and schools in

administrative due process hearings in the District of Columbia and have obtained Hearing

Officer Determinations and settlement agreements with regard to these types of cases.

Additionally, I have assisted the partners on federal cases in both the United States District Court

for the District of Columbia, and the United States Court of Appeals for the District of Columbia

Circuit.

        5.      I am familiar with the prevailing market rates for legal services in the

Washington, D.C. area.  The rates charged by me are current market rates that are charged to

paying clients of my firm and are below the prevailing rates in the District of Columbia market

for legal services.

        6.      The District of Columbia has paid my attorney fee petitions at my current rate of

$170.00.

        7.      I have maintained contemporaneous, regular, complete records of all the time I

have spent providing legal services in connection with this matter.  Those records, which contain

a summary description of time and services rendered on a daily basis, were entered into a

computerized billing memorandum.  I have personally reviewed the billing memorandum for

legal services furnished in connection with this case and for which fees and expenses are sought in this Motion.

8.      The attachments to this Petition contain an accurate itemized description of the legal services in connection with these cases furnished by me, Laura E. Duos during the period for which compensation is sought.  The attachments further provide applicable billing rates, amounts recorded and the amount requested for each service provided on behalf of the client. The attachments were prepared at my direction and under my supervision, utilizing the contemporaneous time records and computerized billing statements. As reflected in the statement, the amount we are presently seeking is based on current rates and in my judgment this is a reasonable amount that would be billed to a paying client in similar circumstance.

9.      Throughout this proceeding, I have endeavored to represent the interests of the Defendant in the fullest and most efficient way possible.  I have endeavored to avoid any unnecessary duplication of work.  The time for which I am claiming compensation is detailed in the attached summary and was reasonably and necessarily expended.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on July 26, 2006

_____/s/_____
Laura E. Duos, Esq.
D.C. Bar #495793

3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOHNICE JACKSON, et al.** | **:** | |
| | **:** | |
| **Plaintiffs** | **:** | |
| | **:** | |
| **v.** | **:** | **Civil Action No. 07-0138 (AK)** |
| | **:** | |
| **DISTRICT OF COLUMBIA** | **:** | |
| | **:** | |
| **Defendants** | **:** | |
| | **:** | |

## ORDER

Upon consideration of the Plaintiffs' Petition for Attorneys' Fees, it is hereby :

ORDERED, that the Plaintiffs' Petition for Attorneys' Fees is GRANTED;

The Defendant is hereby ORDERED to submit payment to the Plaintiffs for attorneys'

fees   in the amount of $64,886.00 within (30) days of this Order, at which time post-judgment

interest will begin to accrue.


_____                           _____

Date                                   ALAN KAY

                                       UNITED STATES MAGISTRATE JUDGE

1