**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **JOHNICE JACKSON, et al.,** | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 07-0138 |
|  | ) (RMU/AK/JF) |
| **DISTRICT OF COLUMBIA,** | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR CLARIFICATION OF REFERRALS**

The Defendant, by counsel, hereby requests the Court's clarification of its referral of matters in this case to Magistrate Judges Alan Kay and John Facciola. As set forth below, the Defendant believes that the Court's most recent, second referral was made inadvertently, and that clarification is needed to avoid future confusion and the unnecessary expenditure of time and resources by the Court and the parties.

This is an action to collect attorneys' fees and costs pursuant to the Individuals With Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §§1400 *et seq.* The complaint herein was initially filed January 19, 2007, on behalf of some 63 minor children and their parents, grandparents, guardians and court-appointed educational advocates.

Following the Defendant's March 23, 2007, motion to dismiss, the Plaintiff, pursuant to leave of Court granted May 18, 2007, amended her complaint on May 22, 2007. The Defendant renewed its motion to dismiss on June 4, 2007, to which the

Plaintiffs duly responded thereafter. On October 31, 2007, the case was reassigned from Judge Kessler to Judge Urbina.

By decision issued March 20, 2008, the Court dismissed part of the amended complaint. By minute order of March 26, 2007, the Court directed the parties to advise the Court on the effect of its decision on further proceedings in this action. And in a Joint Status Report filed April 14, 2008, the parties agreed that the remaining issues in the case could be resolved by the following schedule:

> May 19, 2008 – Plaintiffs will file their motion for attorneys' fees.
> June 23, 2008 – Defendant will file its opposition.
> July 10, 2008 – Plaintiffs will file their reply to Defendant's opposition.

On that same day, the Court referred the matter to Magistrate Judge Kay. The "Purpose" was described as "Settlement Discussions." And on May 7, 2008, Magistrate Judge Kay issued an order establishing a July 2, 2008, meeting in chambers, directing the parties to attend "the mediation."

Inexplicably (since no schedule for doing so had been established), the Plaintiff, on May 19, 2008, filed with Judge Urbina (not with Magistrate Judge Kay), a "Petition for Attorneys' Fees," comprising more than 300 pages of pleadings and attachments. By Minute Order of May 20 – and again on May 27 – the Court referred that motion *to Magistrate Judge Facciola*. (On May 21, notice of a "settlement conference" before that Magistrate Judge on June 2 was issued, then withdrawn.) And on June 2, Magistrate Judge Facciola issued an order observing, among other things, that the case had been assigned to him "for discovery." There is, and will be, no discovery in this case.

The current status of this case is unclear at this time, and the sequence of recent events promises only further confusion and unnecessary expenditure of the Court's resources.

As noted initially, this action is simply an attorneys' fees motion, albeit one initiated by a complaint pursuant to IDEIA. The plaintiffs in such cases submit their supporting information and arguments, the District responds, the plaintiffs reply, and the Court decides.

The Defendant believes that the Court intended to refer the entirety of the fees matters herein to Magistrate Judge Kay, to provide the Court his recommendations for disposition of the fees/costs claims, if the parties were unable to resolve their dispute(s) amicably. The Defendant further believes that the Court's second referral to Magistrate Judge Facciola was inadvertent (and has apparently been misconstrued by that Magistrate Judge as well). The subject matter is the same in both instances – based on the amended complaint and the Plaintiffs' motion (and any Defendant responses), what, if agreement is not reached, the amount of fees and costs awarded should be, and why. Yet there are now seemingly two "subforums" considering the same matters. It is respectfully submitted that there is no reason why two Magistrate Judges, conducting parallel processes, should be addressing the same fees motion (or the parties' willingness to compromise), and that continuing in this fashion can only exponentially increase the expenditure of time and resources by the Court and the parties in what is a simple fees proceeding.

Accordingly, the Defendant respectfully requests that the Court rescind its second referral (to Magistrate Judge Facciola) and make clear that, if the fees motion itself is

being referred for consideration and recommendation, the initial referral (to Magistrate Judge Kay) is to include such matters as well.

                                            Respectfully submitted,

PETER J. NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [012914]
Chief, Equity Section II

**/s/ Maria L. Merkowitz**
MARIA L. MERKOWITZ [312968]
Senior Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 442-9842
Maria.merkowitz@dc.gov

June 12, 2008

CERTIFICATE PURSUANT TO LOCAL RULE 7(M)

On June 5 and 11, 2008, the undersigned counsel contacted plaintiffs' counsel concerning the relief requested herein, but plaintiffs' counsel did not consent.

                                            s/Maria L. Merkowitz
                                            Maria L. Merkowitz [312967]

June 12, 2008