**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHNICE JACKSON, *et al.,* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-0138 (RMU/AK/JF) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**PETITION FOR ATTORNEY'S FEES**

This is an action under the Individuals with Disabilities Education Improvement

Act of 2004, 20 U.S.C. §§ 1400 *et seq*. ("IDEIA"), for attorneys' fees and costs.

Plaintiffs' May 19, 2008, Petition for Attorney's Fees ("Petition" or "Pl. Pet.") is an

aggregation of 38 separate claims[1] for proceedings related to 32 different minors.

Plaintiffs assert that each individual plaintiff was a "prevailing party" in an administrative

proceeding under IDEIA, and that reimbursement of related attorneys' fees and costs is

required.

In the aggregate, Plaintiffs Petition seeks a total of $64,886 in attorneys' fees.[2]

For 33 of the 38 claims brought here, District of Columbia Public Schools ("DCPS") has

---

[1] In determining that there are 38 claims, the Defendant counted the number of Hearing Officer's Decisions and the Settlement Agreement for which the Plaintiffs seek fees.
[2] Plaintiffs' counsel has reduced the overall fee request to reflect DCPS payments. However, in the sections below the Defendant here addresses the appropriateness of the entire fee request. Defendant's Exhibit B, includes a breakdown of the same for each minor, as well as a breakdown of the amount requested in Plaintiffs' Petition for Fees which is appropriate or should be disallowed.

paid a portion of the amount requested and Plaintiffs here seek the difference between what DCPS has already paid and the $4,000 fee cap.[3]

Attached hereto as Defendant's Exhibit A is a summary of the Defendant's objections for each of the 32 Plaintiffs (addressing all 38 claims), which the Defendant will refer to throughout this pleading. From those summaries, the Defendant also has prepared a chart, attached hereto as Defendant's Exhibit B, which is a tabular summary of the individual claim objections in Exhibit A, and which collects by category the reductions the Defendant believes must be made to the Plaintiffs' claims.

As these show, Plaintiffs' aggregate claims should be reduced by $44,354.00.

## **ARGUMENT**

### I.    Recovery for many of the charges in Plaintiffs' Petition is barred as a matter of law.

#### A.    Because educational advocates are "Parents" under the IDEIA, Plaintiffs may not recover attorneys' fees where they acted as educational advocates.

Fourteen of the thirty-two minors for whom attorneys' fees are sought, are wards of the District of Columbia and attorneys' fees are sought by their court-appointed educational advocates. However, as recently determined in *Bowman v. District of Columbia*, attorneys' fees may not be awarded to educational advocates. No. 06-0016, (D.D.C. Aug. 1, 2007), Mem. Op. at pp. 9-11. In *Bowman*, the Court concluded that educational advocates appointed by the Family Court of the District of Columbia Superior Court to act as guardians for educational purposes for wards of the District of Columbia "qualify as 'parents' under the IDEA" and as such, may not be awarded legal fees under the general rule prohibiting pro se attorney-parents from recovering fees. *Id*.

---

[3] District of Columbia Appropriations Act, 2008, Pub. L. No. 110+-161; 121 Stat. 2764 (2008) (for the fiscal year ending September 30, 2008).

at 9.  See *Kay v. Ehler*, 499 U.S. 432, 435, 437 (1991); *accord*, *Woodside v. Bd. of Educ.*, 248 F.3d 129 (3d Cir. 2001); *S.N. v. Pittsford Cent. Sch. Dist.*, 448 F.3d 601 (2d Cir. 2006).

Accordingly, requests for attorneys' fees in which Ms. Dalton and Mr. Houston are named as a plaintiff and next friend of a ward of the District of Columbia must be denied.  These requests are made with regard to the following minors, who are wards of the District of Columbia:  A.B., N.R., M.E., [4] J.H., T.L., S.M., D.M., Te.H.,[5] D.A., K.A., D.H., V.T., V.H., and J.D.  See P. Pet., ¶¶ 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 18, 23, 25, 29, respectively.

### B.    Plaintiffs' cannot recover attorneys' fees for representation by an unlicensed attorney.

Plaintiffs cannot recover attorneys' fees where they were represented by a lawyer who is not authorized to practice law in the District of Columbia.  *Agapito v. District of Columbia,* 477 F. Supp 2d 103 (D.D.C. 2007).  A lawyer is authorized to practice law in the District by virtue of being an active member of the District of Columbia Bar or by falling into one of the few and narrow exceptions permitted by D.C. Court of Appeals Rule 49.  *See* Rule 49(a).  In *Agapito,* the Court rejected the proposition that an exception exists pursuant to Rule 49(c)(5) which allows an attorney to practice before a department or agency of the District government when certain criteria are met.  *Id.*  at 109.  Thus, an attorney must fit into one of the other enumerated exceptions if he or she is to be authorized to practice law in the District and be able to collect attorneys' fees.

---

[4] In the case of M.E., Pl. Pet. ¶ 4, the parties entered into a private settlement agreement which provided for payment of attorneys' fees.  See Pl. pet. 32-2, p. 27.  However, as discussed *infra,* parties who enter into private settlement agreements are not prevailing parties entitled to attorneys' fees and this Court is not the proper venue to seek enforcement of a private settlement agreement.

[5] Plaintiffs' petition refers to two minors with initials T.H.  For the sake of clarity, initials "Te.H." will be used to refer to the minor in Plaintiff's Petition in ¶ 9 and "Ta.H." will be used to refer to the minor in Plaintiffs' Petition ¶ 12.

Plaintiffs in this case seek attorneys' fees for proceedings and related services provided by Laura E. Duos during 2004 and 2005.   Pl. Pet., at ¶¶ 19, 26, 30, 31 and 32. However, Ms. Duos did not become an active member of the District Bar until January 9, 2006.  *See* Defendant's Exhibit C; *see also* Pl. Pet., Ex. A. 32-4, p 3; 32-6 p. 23; 32-6 p. 33 [6] (indicating on invoices submitted for minors A.J.P., Da.B. and De.B that Ms. Duos' D.C. Bar No. was "pending.")  Therefore, attorneys' fees are barred for hours billed by Ms. Duos unless she qualifies for an exception listed in D.C. Court of Appeals Rule 49. [7]

Despite Plaintiffs clear burden to establish all elements of an award, including entitlement, see discussion *infra*, Plaintiffs have made no such showing with regard to Ms. Duos' authorization to practice law in the District of Columbia.  Thus, because Ms. Duos was not licensed during the time for which attorneys' fees are sought, and Plaintiffs do not proffer an exception which would authorize such practice, Plaintiffs cannot recover attorneys' fees for services provided by Ms. Duos for the following minors: A.J.P., G.M., Da.B, De.B. and R.A.  *See* P. Pet., ¶¶ 19, 26, 30, 31 and 32, respectively.

## II.     Certain Plaintiffs have failed to meet their burden of establishing all elements of the requested fee award and therefore cannot recover attorneys' fees.

For those remaining Plaintiffs whose recovery of attorneys' fees is not barred as a matter of law, the Court is to determine an award based on a two-step inquiry: (1) whether Plaintiffs are "prevailing parties" and (2) whether the attorneys' fees sought are reasonable. 20 U.S.C. § 1415(i)(3)(B)(I).  Under the IDEIA, the Court is empowered to

---

[6] The Plaintiffs' filings are not page-numbered.  Thus, the Defendant will use the e-file docket pagination when citing those filings.

[7] Unlike in the attorneys in *Agapito,* the attorney here cannot qualify under Rule 49(c)(8) which, under certain circumstances, allows an attorney with a pending D.C. Bar application to practice law in the District when supervised by a D.C. Bar member.  However, this exception applies to attorneys "practicing law from a principal office located in the District of Columbia." See D.C. Court of Appeals Rule 49(c)(8).  Plaintiffs' attorneys here have a principal office in Alexandria, Virginia.  See Complaint, p. 61.

exercise its discretion in determining the amount of fee awards. § 1415(i)(3)(B).

However, Plaintiffs bear the burden of establishing all elements of the requested fee

award, including an entitlement to the award, the documentation of appropriate hours and

justification of the reasonableness of the rates. See *Blum v. Stenson*, 465 U.S. 866, 896 n.

11 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Covington v. District of

Columbia,* 57 F.3d 1101, 1107 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996);

*Smith v. District of Columbia*, No. 02-0373 (D.D.C.), Memorandum Opinion issued June

24, 2003, at 8-9. "The prevailing party shoulders the burden to provide the Court with

sufficient evidence to justify its request." *Smith v. Roher*, 954 F. Supp. 359, 365 (D.D.C.

1997) (citing *In re North*, 303 U.S. App. D.C. 443, 8 F.3rd 852 (1993)). "Supporting

documentation 'must be of sufficient detail and probative value to enable the court to

determine *with a high degree of certainty* that such hours were actually and *reasonably

expended...*'." *In re Olson*, 280 U.S. App. D.C. 205, 884 F.2d 1415, 1428 (1989) (quoting

*United Slate, Tile & Composition v. G&M Roofing*, 732 F.2d 495, 502, n. 2 (6th Cir.

1984)) (emphasis in original). Further, the Court must exclude from the fee award any

hours that were not "reasonably expended." *Smith v. Roher*, *supra*, 954 F. Supp. at 365

(citing *Hensley v. Eckerhart*, supra, 461 U.S. at 434).

    **A.**    **Plaintiffs cannot collect attorneys' fees for proceedings in which they were not the prevailing party; parties who enter into private <u>settlement agreements are not "prevailing parties" under the IDEIA</u>.**

While the IDEIA does not define "prevailing party," in numerous fee-shifting

statutes such as the IDEIA, Congress has designated the "prevailing party," which is a

legal term of art, to be entitled to an award of attorneys' fees. *See Buckhannon Board

and Care Home v. West Virginia Department of Health and Human Resources,* 532 U.S.

598, 602-603 (2001). [8] *In Buckhannon,* the Supreme Court held that the plaintiff is a prevailing party for purposes of attorneys' fees only in two circumstances: enforceable judgments on the merits and court-ordered consent decrees (in some cases). *See id.,* at 603-604. Both circumstances "create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *See id.,* at 604, *quoting Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792-793 (1989).

Plaintiffs who terminate administrative DCPS processes by a private settlement agreement are not "prevailing parties" within the meaning of IDEIA as a matter of law, and therefore are not entitled to attorneys' fees section. *Buckhannon,* at 602-603; *Alegria v. District of Columbia,* 391 F.3d 262 (D.C.Cir. 2004). In *Buckhannon*, the Supreme Court ruled that statutory provisions allowing the award of attorneys' fees to "prevailing parties" do *not* apply where litigation has been terminated by agreement of the parties. 532 U.S. 598 (2001). The Court specifically eschewed the so called "catalyst theory," and ruled that some form of "judicial imprimatur" was required to establish prevailing party status:

> The question presented here is whether this term includes a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. We hold that it does not.

532 U.S. at 600. Indeed, the Court specifically distinguished settlement agreements from the types of judicial actions needed to establish "prevailing party" status: "Private settlements do not entail the judicial approval and oversight involved in consent decrees." Id. at 604, fn.7.

---

[8] The District of Columbia Circuit Court has held that *Buckhannon* applies to the IDEIA fee-shifting provision. *See Alegria v. District of Columbia,* 391 F. 3d 262, 263 (D.C. Cir. 2004).

In this jurisdiction, the Circuit Court has applied *Buckhannon* to IDEIA fees cases and determined where settlements were reached prior to administrative hearings on special education issues, parties to such settlements were not "prevailing parties" entitled to attorneys' fees under IDEIA. *Alegria v. District of Columbia* 391 F.3d 262 (D.C.Cir. 2004). *See also Smith v. District of Columbia*, 2004 U.S.App.LEXIS 24979 **2 (D.C.Cir. 2004) (holding "plaintiffs who settle IDEA cases before securing a decision in an administrative hearing are not "prevailing parties" entitled to fees pursuant to the IDEA's fee-shifting provision, 20 U.S.C. §1415(i)(3)(B)...")

Like Plaintiffs in *Alegria* and *Smith*, certain Plaintiffs here entered into voluntary settlement agreements prior to administrative hearings and therefore they are not entitled to attorneys' fees as "prevailing parties" under the IDEIA. See Pl. Pet., ¶¶ 19, 26. Specifically, Plaintiffs' Petition requests fees on behalf of minor M.E. for a settlement agreement dated April 21, 2005 and on behalf minor G.M. for a private settlement agreement dated September 26, 2005. See Pl. Pet. ¶¶ 4, 26. Thus, these Plaintiffs are not entitled to an award of attorneys' fees pursuant to the IDEIA.

Although the underlying dispute relates to the IDEIA, these private settlement agreements are ultimately simple breach of contract claims. *Bowman v. District of Columbia,* 2006 U.S. Dist. LEXIS 53467, * 6 (D.D.C. 2006). Such claims are governed by state law and do not present federal questions. *Id., citing Makins v. District of Columbia*, 277 F. 3d 544, 547-78 (D.C. Cir. 2002). Plaintiffs' claims with regard to M.E. and G.M. are only for attorneys' fees pursuant to the settlement agreement -- clearly an action to enforce a contract with the District of Columbia, absent a federal claim. Thus, this Court does not have subject matter jurisdiction and cannot award the relief sought.

**B.**    **Plaintiffs fail to demonstrate the reasonableness of some hourly rates.**

Assuming that Plaintiffs establish an entitlement to any attorneys' fees as prevailing parties under IDEIA, they carry the burden of demonstrating the reasonableness of the amount requested.  See *Section II, supra.  A* court must assess an appropriate fee by calculating the "number of hours *reasonably expended* on the litigation multiplied by a *reasonable hourly rate*."  *Hensley v. Eckerhart, supra* 461 U.S. at 433 (emphasis added).  As to the latter, the fee applicant must demonstrate the reasonableness of the hourly rates utilized.  See *Blum v. Stenson*, *supra*, 465 U.S. at 896 n. 11*; Hensley v. Eckerhart, supra*, 461 U.S. at 437; *Covington v. District of Columbia*, supra, 57 F.3d at 1107.  To do so, Plaintiffs must show at least three elements: (1) the attorney's billing practices; (2) the attorney's skill and/or reputation; and (3) the prevailing market rates in the relevant community.  *See Blum*, 465 U.S. at 896; *Covington*, 57 F.3d at 1107.  *See also National Ass'n of Concerned Veterans v. Dep't of Commerce*, 675 F.2d 1319, 1325-26 (D.C. Cir. 1982).

Plaintiffs point to the *Laffey* Matrix, as "specific evidence of the prevailing market rate for attorneys in the District of Columbia."  Pl. Pet., p. 22.  The *Laffey* Matrix – now a tabulation periodically updated by the United States Attorney's Office for the District of Columbia showing prevailing attorneys' hourly rates for complex federal litigation in the District of Columbia – grew out of the court's decision in *Laffey v. Northwest Airlines*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 74 F.2d 4 (D.C.Cir. 1984), *cert. denied,* 472 U.S. 1021 (1985), as modified by *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C.Cir. 1988) ("*SOCM*").  "The matrix creates one axis for a lawyer's years of experience in

complicated federal litigation and a second for rates of compensation." <u>Griffin v. Wash.</u>
<u>Convention Ctr.</u>, 172 F. Supp. 2d 193, 197 (D.D.C. 2001).

The Matrix is not *ipso facto* determinative of the proper hourly rate in this case
and simple citation to the Matrix does not provide the required support for the hourly rate
claimed.[9]  First, at its inception, the Matrix was intended and designed for representation
in federal civil litigation, not administrative proceedings.  The *Laffey* case itself involved
"complex employment discrimination litigation." 572 F. Supp. at 374.  On its face, the
Matrix includes an explanation of two categories making that clear: the 11-19 years
category applies to "experienced federal court litigators," and the 20+ years category
applies to "very experienced federal court litigators."  Pl. Pet, Exhibit B, at Matrix
Explanatory Note 2.  If doubts about the fact that the Matrix was focused on rates for
federal court litigation existed, they were resolved in *Covington v. District of Columbia*,
57 F.3d 1101 (D.C. Cir. 1995) – a decision involving "the prevailing market rates for
complex federal litigation in the District of Columbia," *id*. at 1103, and stating that, under
the *SOCM* decision, attorneys "have to state their *federal court experience* in order to get
*Laffey* rates." 57 F.3d at 1108 n. 17 (emphasis added).

Furthermore, when IDEIA hearings are uncomplicated, as they are here, courts
have held the Matrix inapplicable.  See *Agapito v. District of Columbia*, 525 F. Supp. 2d
150, 152 (D.D.C. 2007) (holding *Laffey* Matrix inapplicable when the case is not
complex and contains "no pre-hearing interrogatories or discovery, no production of
documents or depositions, no psychiatrists or psychologists testifying about learning
disabilities, no briefings of intricate statutory or constitutional issues, no pre-trial

---

[9] As discussed fully below, Plaintiffs' have not provided any documentation *except the Laffey Matrix* in
support of billing rates for attorney Talib Abdus-Shahid and an individual identified only as "JMS."

briefings, no lengthy hearings, no protracted arguments, and few, if any, motions filed"). Second, the existence of the Matrix does not obviate the need for the showings described in *Covington v. District of Columbia, supra*, 57 F.3d at 1107: [1] the attorneys' billing practices; [2] the attorneys' skill, experience, and reputation; and [3] the prevailing market rates in the relevant community.

While Plaintiffs have provided documentation in support of billing rates for attorneys Paul S. Dalton, Ellen Douglass Dalton, William E. Houston, and Laura E. Duos, as shown below, they have not provided documentation for attorney Talib Abdus-Shahid or the individual identified only as "JMS" on invoices submitted in support of Plaintiffs' Petition for Fees. For these individuals, the billing rate should be disallowed as unsupported or reduced to reflect a rate that is more consistent with work done and prevailing community rates.

### 1. **Talib Adbdus- Shahid**

Plaintiffs' Petition and supporting documents provide no specific evidence of Mr. Abdus-Shahid's actual billing practice during the relevant time period, no evidence of his skill, experience, or reputation in the community. No one attests separately to the work of Mr. Abdus-Shahid, or to having observed him in court or at an administrative hearing under IDEIA. Other than the Plaintiffs' pleading narrations, there is simply no support for the rate claimed. Pl. Pet., p. 23. In addition, the invoices for proceedings here handled by Mr. Abdus-Shahid do not show any of the items listed in *Agapito* as demonstrative of more complex IDEIA cases. In fact, of the three proceedings handled by Mr. Abdus-Shahid, two resulted in settlement

agreements incorporated by the hearing officer into the HOD, before any hearing occurred. See Pl. Pet. 32-3, pp. 41-47; 32-6, pp. 7-10.

Plaintiffs have not provided the Court with sufficient evidence that Mr. Abdus-Shahid possesses a level of experience and skill, or an adequate reputation, to enable a conclusion that he is entitled to the requested billing rate of $250 per hour. Accordingly, the court cannot properly conclude that *any* rate is proper for Mr. Abdus-Shahid. *See Agapito* at 153 (insufficient evidence to support *any* award for attorney who submitted no documentation for hours, including bills). Alternatively, and at minimum, the court should reduce Mr. Abdus-Shahid's hourly billing rate by 25%, consistent with caselaw reducing unsupported billing rates of paralegals and law clerks. *See Role Models America, Inc. v. Brownlee,* 353 F.3d 962, 970 (D.C. Cir. 2004); *Lax v. v. District of Columbia*, 2006 U.S. Dist. LEXIS 46888, at *11 (D.D.C. July 12, 2006); *Czarniewy v. District of Columbia*, 2005 U.S. Dist. LEXIS 5161, at *7 (D.D.C. March 25, 2005).

Invoices for following minors include charges for Mr. Abdus-Shahid which should be reduced: Jo.H., E.S., and S.J. Defendant's Exhibit A details the reduction in charges for each invoice.

### 2. **Paul Dalton**

Plaintiffs' Petition requests a billing rate of $295.00 per hour for Mr. Dalton, and documentation is provided to support this rate. Pl. Pet., p. 23, and 32-8, pp. 1-4. However, an invoice for J.J. charges Mr. Dalton's fees at an unsupported hourly rate of $325.00. For this invoice, the rate should be reduced to reflect a $295.00 per hour rate for Mr. Dalton. Defendant's Exhibit A details the reduction in charges for the invoice pertaining to J.J.

### 3. <u>Laura Duos</u>

As explained above, Laura Duos was not licensed to practice law in the District of Columbia during the period for which attorney's fees are sought. However, should Plaintiffs' proffer some exception which would render Ms. Duos' practice "authorized" the District raises this issue regarding Ms. Duos' hourly billing rate. Plaintiffs' Petition requests a billing rate of $170.00 per hour for Ms. Duos, and documentation is provided to support this rate. Pl. Pet., p. 23, and 32-11, p. 1. However, the invoice for R.A. charges Ms. Duos' fees at an unsupported hourly rate of $195.00. For this invoice, if fees are otherwise payable, the rate should be reduced to reflect a $170.00 per hour rate for Ms. Duos.

### 4. <u>"JMS"</u>

In addition to the above deficiencies, Plaintiffs provide neither the position nor the qualification of an individual identified only as "JMS" on provided invoices. See e.g., Pl. Pet. 32-6, p. 45-46 (invoice for minor R.A.). Tasks performed by JMS include, *inter alia,* "review files and begin drafting complaint," draft records request and faxed out" and "create file; made copies; faxed document." *Id.* Despite the lack of *any* supporting documentation for this individual, Plaintiffs request a fee of $150 per hour. *Id.* The billing rate for JMS is equally unsupported by Plaintiffs' reliance on the *Laffey* Matrix. Assuming *arguendo,* that JMS is in a position such as law clerk or paralegal which are listed in the matrix, the *Laffey* Matrix indicates a billing rate of *$105/hour* for paralegals and law clerks. See Pl. Pet., Ex. B. In similar cases when no supporting

affidavits have been submitted detailing legal assistants' experience and education, the courts have reduced the billing rate by twenty-five percent or more. *See discussion supra* and *Coleman v. District of Columbia,* 2007 U.S. Dist. LEXIS 32743 (D.D.C. May 3, 2007)(reducing non-attorneys fees from $125 and $150 per hour to $50 per hour). In this case, where JMS' fees start at an exorbitant hourly rate, even by *Laffey* standards, the Defendant submits that a reduction of the hourly rate by fifty-percent to $75 per hour would be appropriate.

The rate should be reduced accordingly for charges on minor R.A.'s invoice, Defendant's Exhibit A details the reduction in charges for this invoice.

**C.** **Plaintiffs fail to demonstrate the reasonableness of many of their specific charges.**

As indicated above, the plaintiffs bear the burden of establishing all elements of the requested fee award, including the reasonableness of individual charges. Plaintiffs must document appropriate hours and show that the hours were "reasonably expended." In the present case, Plaintiffs fail to demonstrate the reasonableness of certain charges in that they are, for example, vague, remote, or non-professional. In the following sections, the Defendant will address these types of charges, the accompanying Objection Sheets demonstrate specific charges for each minor for which recovery should be disallowed or reduced.

**1.** **Clerical services and other non-professional services are not compensable at attorney's rates.**

Plaintiffs' counsel has inappropriately charged (at hourly rates of $275 and $295) for various tasks that are clerical functions, not legal ones. Nowhere in the IDEIA does it

give Plaintiffs the right to recoup such clerical costs. See *Lopez v. District of Columbia*, *supra*, 383 F. Supp. 2d at 25.  In cases in which 'clerical' fees which have been allowed

Unlike in *Bailey v. District of Columbia*, in which a *sole practitioner* was permitted to recover fees associated with clerical tasks, Plaintiffs' counsel here are not sole practitioners. 839 F.Supp. 888 (D.D.C. 1993).  In addition, *Bailey* permitted recovery of fees for tasks such as "opening computer files and drafting retainer agreements," "school record release authorizations," "cover letters," and "independent evaluation requests."  *Id.*  In this case, Plaintiffs' seek attorneys' fees for much more elementary tasks such as "examined billing entries" or "analyzed billing entries."  See e.g., Pl. Pet. ¶¶ 3, 13, 14 (invoices for A.T., Jo.H., and E.S.)  Because these tasks are purely clerical in nature, Plaintiffs should not recover related fees.

Similar charges and circumstances are detailed for each minor in Defendant's Exhibit A for the following minors: A.T., Jo.H., E.S. and J.G.

## 2. Charges for activities too remote in time or unrelated to the proceeding on which the charges are based are not compensable.

The IDEIA permits the awarding of fees for a prevailing party's representation in an "action" or "proceeding" brought under the statute.  20 U.S.C. §1415(i)(3)(B)(i).  The statute does not contemplate an undefined form of ongoing representation of students.  It quantifies the activities for which school districts are obliged to reimburse legal representation to the administrative process described in 20 U.S.C. §1415 – one begun by the filing of a request for an administrative hearing, and concluding with the issuance of an administrative decision.  Thus, charges which are too remote in time as to "preclude a meaningful relationship with the hearing" should not be approved as reasonable attorney's fees.  See *Czarniewy v. District of Columbia*, 2005 U.S. Dist. LEXIS 5161, at

*11 (D.D.C. March 25, 2005); *Cf. Lax v. v. District of Columbia*, 2006 U.S. Dist. LEXIS 46888, at *11 (D.D.C. July 12, 2006) (fees predating the hearing by an extended period of time allowed because plaintiffs tied each charge to the subsequent hearing).

Many claims here, however, are too remote in time to have any relationship to the administrative proceedings provided for in the statute.  To be sure, it is not unreasonable to conclude that, activities by counsel in preparation of a hearing request, or follow on advise to a client immediately after the issuance of an HOD, are acceptably related to the statutory "action" or "proceeding."  However, claims here include charges (some undefined and vague) that have no temporal proximity to the "action" or "proceeding" on which the right to fees is based.

In the case of J.G., for example, the Due Process Hearing was requested in November 2004 and took place in December, 2004.  Pl. Pet., at ¶20; Pl. Pet. Ex. A. 32-4, pp. 47-54.  However, Plaintiffs request fees dating back to June of 2004.  *Id.*  While this time period itself does not necessary preclude a relationship to the proceeding, it certainly raises the question – and upon review of the charges, the lack of relationship to the proceedings is clear.  Unlike the charges in *Lax, supra,* the charges here are not tied to the subsequent hearing and the vague descriptions that accompany the charges, preclude any such relationship.  Billing entries from June and July 2004 for J.G. bear such descriptions as "Telecon with Mom," "Telecon with PR Harris Sped coordinator" and "Prepare documents for Mom."  *Id*.  These descriptions are so devoid of meaning that they cannot possibly be determined to be related to the subsequent hearing.  The Defendant submits that, in the absence of some extraordinary explanation detailing how the actions directly related to the administrative proceeding relied on, these charges may not be permitted.

Similar charges and circumstances are detailed in Defendant's Exhibit A for the following minors: R.G., J.G., L.B., J.J. and S.J.

### 3. Plaintiffs inappropriately seek fees for entries that are vague and lack specificity.

Some of the invoice entries are so vague that they deprive the court of the ability to "determine *with a high degree of certainty* that such hours were actually and *reasonably expended…*'." *In re Olson*, 884 F.2d 1415, 1428 (1989) (internal citations omitted) (emphasis in original).  For example, the Plaintiffs seek fees for such vague services as: "telecom with Mom," and "telecom with Psychologist."  See e.g., A.T.

Courts will reduce fees by a percentage for entries which are vague and lack specificity or will disallow recovery for the fees entirely.  *See Mr. X v. New York State Educ. Dep't*, 20 F. Supp 2d 561 (S.D.N.Y. 1998) (reducing attorney's fees by 20% for "vague or incomplete time entries"); *Mr. and Mrs. B. v. Weston Bd. Of Educ.*, 34 F. Supp. 2d 777, 782 (D. Conn. 1999) (reducing fees by 30% "due to vagueness [] and inconsistencies"); *Czarniewy v. District of Columbia*, 2005 U.S. Dist. LEXIS 5161, at *7 (D.D.C. March 25, 2005).  *See also Smith v. District of Columbia,* 2003 U.S. Dist, LEXIS 25766 (D.D.C. June 24, 2003)(disallowing charges such as "conference with client," "phone call with client," and "calls with witnesses" as "too vague and inadequate to support a determination of reasonableness.")

Complete charges and circumstances which are vague and lack sufficient specificity to support reasonable billing for fees are detailed for minor A.T. in Defendant's Exhibit A.

### III.    Summary of Reduction of Plaintiffs's Fee Request

For the reasons stated above and detailed in Defendant's Exhibits accompanying

this Response, the Plaintiffs' Petition for Fees should be reduced as follows:

|  | Total invoices | Pl. Pet. Request |
|---|---|---|
| Section I, A : Education Advocates | $74,179.50 | $29,173.00 |
| Section I, B : Unlicensed Attorney | $14,525.00 | $8,691.00 |
| Section II, A: Private Settlement Agreement | $3,366.00 | $2,554.50 |
| Section II, B & C: Reasonableness of Hourly Rates/Specific Charges | $15,464.10 | $3,935.50 |
| **Total fees not compensable** | **$107,534.60** | **$44,354.00** |

Necessarily, any payments by the District as a result of any awards would be governed by

the statutory fee cap, and any payments made by DCPS to date.


Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [012914]
Chief, Equity Section 2

**/s/ Juliane T. DeMarco**
JULIANE T. DEMARCO [490872]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor
Washington, D.C. 20001
(202) 724-6614
(202) 741-0575 (fax)
July 31, 2008        E-mail: Juliane.DeMarco@dc.gov

# EXHIBIT A

## A.B. (Plaintiffs' Petition, at ¶ 1)

### A) HOD INFORMATION

Hearing Date:          10/06/2004
HOD Date:      10/13/2004

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:                    $935.50

Original invoice total:                              $4,604.50
Invoice total less reductions (disputed entries):          $0.00

Amount payable under fee cap:                          $0.00

Previously paid by DCPS:                            $3,064.50
**Petition for Fees - Amount not compensable:**          **$935.50**
**Petition for Fees - Amount to be paid:**               **$0.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):                      $4,604.50

# N.R. (Plaintiffs' Petition, at ¶ 2)

### A) HOD INFORMATION

Hearing Date:          10/13/2004
HOD Date:    10/13/2004

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $205.00

Original invoice total:                            $5,610.00
Invoice total less reductions (disputed entries):    $0.00

Amount payable under fee cap:                        $0.00

Previously paid by DCPS:                           $3,795.00
**Petition for Fees - Amount not compensable:**      **$205.00**
**Petition for Fees - Amount to be paid:**             **$0.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):              $5,610.00

# A.T. (Plaintiffs' Petition, at ¶ 3)

## A) HOD INFORMATION

Hearing Date:          10/26/2004
HOD Date:              11/03/2004

## B) ATTORNEY FEE INFORMATION

| | |
|---|---|
| Petition for Fees - Amount requested: | $1,085.00 |
| Original invoice total: | $4,867.50 |
| Invoice total less reductions (disputed entries): | $3,217.50 |
| Amount payable under fee cap: | $3,217.50 |
| Previously paid by DCPS: | $2,915.00 |
| **Petition for Fees - Amount not compensable:** | **$782.50** |
| **Petition for Fees - Amount to be paid:** | **$302.50** |

## C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Entries are vague and lack specificity.**

| Date | Description | Hours |
|------|-------------|-------|
| 08/17/04 | Telecon with Mom | 0.4 |
| 09/01/04 | Telecon with Psychologist | 0.5 |
| 09/02/04 | Telecon with Mom | 0.6 |
| 09/10/04 | Telecon with Mom | 0.6 |
| 09/14/04 | Telecon with Mom | 0.3 |
| 09/14/04 | Meeting with Sped Coordinator | 0.8 |
| 09/17/04 | Telecon with Mom | 0.3 |
| 09/20/04 | Telecon with Mom | 0.4 |
| 09/27/04 | Telecon with Mom | 0.3 |
| 10/18/04 | Telecon with Mom | 0.4 |
| 10/29/04 | Telecon with Mom | 0.5 |
| 11/03/04 | Telecon with Mom | 0.5 |

Amount to be deducted (5.6 hrs @ $275):          $1,540.00

**2.    Objection: Clerical and non-professional services are not compensable.**

| Date | Description | Hours |
|------|-------------|-------|
| 01/06/05 | Examined Billing Entries | 0.4 |

Amount to be deducted (0.4 hrs @ $275):        $110.00

# J.H. (Plaintiffs' Petition, at ¶ 5)

## A) HOD INFORMATION

Hearing Date:        10/27/2004
HOD Date:           10/28/2004

## B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:           $1,017.50

Original invoice total:                          $3,437.50
Invoice total less reductions (disputed entries):    $0.00

Amount payable under fee cap:                    $0.00

Previously paid by DCPS:                        $2,420.00
**Petition for Fees - Amount not compensable:**      **$1,017.50**
**Petition for Fees - Amount to be paid:**              **$0.00**

## C) EXPLANATION OF DISPUTED ENTRIES:

**1.    Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):                  $3,437.50

# T.L. (Plaintiffs' Petition, at ¶ 6)

### A) HOD INFORMATION

Hearing Date:          10/27/2004
HOD Date:             10/29/2004

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:          $1,182.50

Original invoice total:                              $2,887.50
Invoice total less reductions (disputed entries):      $0.00

Amount payable under fee cap:                     $0.00

Previously paid by DCPS:                         $1,705.00
**Petition for Fees - Amount not compensable:    $1,182.50**
**Petition for Fees - Amount to be paid:             $0.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):               $2,887.50

# T.L. (Plaintiffs' Petition, at ¶ 6)

### A) HOD INFORMATION

Hearing Date:          08/24/2005
HOD Date:              09/07/2005

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $2,172.50

Original invoice total:                            $3,327.50
Invoice total less reductions (disputed entries):      $0.00

Amount payable under fee cap:                          $0.00

Previously paid by DCPS:                           $1,155.00
**Petition for Fees - Amount not compensable:**    **$2,172.50**
**Petition for Fees - Amount to be paid:**             **$0.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):                     $3,327.50

## S.M. (Plaintiffs' Petition, at ¶ 7)

### A) HOD INFORMATION

Hearing Date:        10/27/2004
HOD Date:        11/10/2004

### B) ATTORNEY FEE INFORMATION

#### Explanation of Fee Request:

Petition for Fees - Amount requested:        $1,580.00

Original invoice total:        $6,077.50
Invoice total less reductions (disputed entries):        $0.00

Amount payable under fee cap:        $0.00

Previously paid by DCPS:        $2,420.00
**Petition for Fees - Amount not compensable:**        **$1,580.00**
**Petition for Fees - Amount to be paid:**        **$0.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.        Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):        $6,077.50

# D.M. (Plaintiffs' Petition, at ¶ 8)

## A) HOD INFORMATION

Hearing Date:          10/27/2004
HOD Date:              11/16/2004

## B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:                    $1,126.50

Original invoice total:                                  $4,348.50
Invoice total less reductions (disputed entries):            $0.00

Amount payable under fee cap:                                $0.00

Previously paid by DCPS:                                 $2,872.50
**Petition for Fees - Amount not compensable:**          **$1,126.50**
**Petition for Fees - Amount to be paid:**                   **$0.00**

## C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):                           $4,348.50

# Te.H. (Plaintiffs' Petition, at ¶ 9)

## A) HOD INFORMATION

Hearing Date:         10/27/2004
HOD Date:            11/02/2004

## B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $467.50

Original invoice total:                          $3,465.00
Invoice total less reductions (disputed entries):    $0.00

Amount payable under fee cap:                       $0.00

Previously paid by DCPS:                            $0.00
**Petition for Fees - Amount not compensable:       $467.50**
**Petition for Fees - Amount to be paid:             $0.00**

## C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):              $ 3,465.00

# Te.H. (Plaintiffs' Petition, at ¶ 9)

## A) HOD INFORMATION

Hearing Date:          03/08/2005
HOD Date:              03/14/2005

## B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:               $3,630.00

Original invoice total:                             $3,630.00
Invoice total less reductions (disputed entries):       $0.00

Amount payable under fee cap:                           $0.00

Previously paid by DCPS:                                $0.00
**Petition for Fees - Amount not compensable:      $3,630.00**
**Petition for Fees - Amount to be paid:               $0.00**

## C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):                      $3,630.00

# D.A. (Plaintiffs' Petition, at ¶ 10)

**A) HOD INFORMATION**

Hearing Date:          10/29/2004
HOD Date:             11/02/2004

**B) ATTORNEY FEE INFORMATION**

| | |
|---|---|
| Petition for Fees - Amount requested: | $1,045.50 |
| Original invoice total: | $3,478.00 |
| Invoice total less reductions (disputed entries): | $0.00 |
| Amount payable under fee cap: | $0.00 |
| Previously paid by DCPS: | $2,432.50 |
| **Petition for Fees - Amount not compensable:** | **$1,045.50** |
| **Petition for Fees - Amount to be paid:** | **$0.00** |

**C) EXPLANATION OF DISPUTED ENTRIES:**

**1.       Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):          $3,478.00

## K.A. (Plaintiffs' Petition, at ¶ 11)

### A) HOD INFORMATION

Hearing Date:     10/29/2004
HOD Date:     11/02/2004

### B) ATTORNEY FEE INFORMATION

| | |
|---|---|
| Petition for Fees - Amount requested: | $865.00 |
| Original invoice total: | $3,158.50 |
| Invoice total less reductions (disputed entries): | $0.00 |
| Amount payable under fee cap: | $0.00 |
| Previously paid by DCPS: | $2,293.50 |
| **Petition for Fees - Amount not compensable:** | **$865.00** |
| **Petition for Fees - Amount to be paid:** | **$0.00** |

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):          $3,158.50

# K.A. (Plaintiffs' Petition, at ¶ 11)

### A) HOD INFORMATION

Hearing Date:          07/20/2005
HOD Date:             07/21/2005

### B) ATTORNEY FEE INFORMATION

#### Explanation of Fee Request:

Petition for Fees - Amount requested:              $3,000.50

Original invoice total:                            $ 5,513.00
Invoice total less reductions (disputed entries):      $0.00

Amount payable under fee cap:                          $0.00

Previously paid by DCPS:                             $999.50
**Petition for Fees - Amount not compensable:**     **$3,000.50**
**Petition for Fees - Amount to be paid:**             **$0.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):                     $ 5,513.00

## Ta.H. (Plaintiffs' Petition, at ¶ 12)

### A) HOD INFORMATION

Hearing Date:          11/15/2004
HOD Date:             11/15/2004

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $118.00

Original invoice total:                            $5,546.00
Invoice total less reductions (disputed entries):  $5,428.00

Amount payable under fee cap:                      $4,000.00

Previously paid by DCPS:                           $3,882.00
**Petition for Fees - Amount not compensable:**    **$0.00**
**Petition for Fees - Amount to be paid:**         **$118.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Clerical and non-professional services are not compensable.**

| Date | Description | Hours |
|------|-------------|-------|
| 02/04/05 | Examined Billing Entries | 0.4 |

Amount to be deducted (0.4 hrs @ $295):            $118.00

## Jo.H. (Plaintiffs' Petition, at ¶ 13)

### A) HOD INFORMATION

Hearing Date:          11/22/2004
HOD Date:              11/30/2004

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:                    $19.00

Original invoice total:                                  $4,081.00
Invoice total less reductions (disputed entries):        $2,987.25

Amount payable under fee cap:                            $2,987.25

Previously paid by DCPS:                                 $3,981.00
**Petition for Fees - Amount not compensable:**          **$19.00**
**Petition for Fees - Amount to be paid:**               **$0.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Attorney's hourly rate is not supported in Plaintiff's motion and payment at rate of $250/hour is therefore improper.**

As discussed in the District's Response, no support has been offered for this attorneys' fees.  Accordingly, the billing rate should be reduced 25%, from $250.00/hour to $187.50/hour.

Amount to be deducted (16.3hrs @ $62.50          $1,018.75

**2.      Objection: Clerical and non-professional services are not compensable.**

| Date | Description | Hours |
|------|-------------|-------|
| 02/04/05 | Examined Billing Entries | 0.4 |

Amount to be deducted (0.4 hrs @ $187.50):          $75.00

## E.S. (Plaintiffs' Petition, at ¶ 14)

### A) HOD INFORMATION

Hearing Date:          01/11/2005
HOD Date:              01/24/2005

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $4,000.00

Original invoice total:                            $6,713.00
Invoice total less reductions (disputed entries):  $4,750.00

Amount payable under fee cap:                      $4,000.00

Previously paid by DCPS:                             $0.00
**Petition for Fees - Amount not compensable:**      **$0.00**
**Petition for Fees - Amount to be paid:**         **$4000.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Attorney's hourly rate is not supported in Plaintiff's motion and payment at rate of $250/hour is therefore improper.**

As discussed in the District's Response, no support has been offered for this attorney's fees. Accordingly, the billing rate should be reduced 25%, from $250.00/hour to $187.50/hour.

Amount to be deducted (26hrs @ $62.50):          $ 1,625.00

**2.      Objection: Clerical and non-professional services are not compensable.**

| Date | Description | Hours |
|------|-------------|-------|
| 02/04/05 | Examined Billing Entries | 0.4 |

Amount to be deducted (0.4 hrs @ $187.50):          $75.00

## <u>R.G. (Plaintiffs' Petition, at ¶ 15)</u>

### A) <u>HOD INFORMATION</u>

Hearing Date:          05/24/2005
HOD Date:              05/25/2005

### B) <u>ATTORNEY FEE INFORMATION</u>

| | |
|---|---|
| Petition for Fees - Amount requested: | $147.50 |
| Original invoice total: | $3,724.50 |
| Invoice total less reductions (disputed entries): | $3,577.00 |
| Amount payable under fee cap: | $3,577.00 |
| Previously paid by DCPS: | $3,577.00 |
| **Petition for Fees - Amount not compensable:** | **$147.50** |
| **Petition for Fees - Amount to be paid:** | **$0.00** |

### C) <u>EXPLANATION OF DISPUTED ENTRIES:</u>

**1.      Objection: Entries are remote in time and are unrelated to the hearing.**

| Date | Description | Hours |
|---|---|---|
| 09/19/04 | Review file and send request for records to Bunker Hill Elem. School. | 0.5 |

Amount to be deducted (0.5 hrs @ $295):          $147.50

This September 19, 2004 charge is unrelated to the due process hearing which occurred on May 24, 2005 and for which this bill is submitted.  This same charge (Sept. 19, 2004) was also submitted for R.G. on an invoice for charges related to a September 29, 2004 hearing which has been paid up to the statutory cap of $4000.00.  See Pl. Motion, ¶ 15, and Pl. Motion, 32-3, p. 50.

## D.H (Plaintiffs' Petition, at ¶ 16)

### A) HOD INFORMATION

Hearing Date:          02/17/2005
HOD Date:             02/22/2005

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:                    $2,006.00

Original invoice total:                                  $4,690.50
Invoice total less reductions (disputed entries):        $4,690.50

Amount payable under fee cap:                            $4,000.00

Previously paid by DCPS:                                 $1,994.00
**Petition for Fees - Amount not compensable:**          **$0.00**
**Petition for Fees - Amount to be paid:**               **$2,006.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

No disputed entries.

## <u>K.E. (Plaintiffs' Petition, at ¶ 17)</u>

**A) <u>HOD INFORMATION</u>**

Hearing Date:          02/02/2005
HOD Date:              03/02/2005

**B) <u>ATTORNEY FEE INFORMATION</u>**

Petition for Fees - Amount requested:              $4,000.00

Original invoice total:                            $12,980.00
Invoice total less reductions (disputed entries):  $12,980.00

Amount payable under fee cap:                      $4,000.00

Previously paid by DCPS:                           $0.00
**Petition for Fees - Amount not compensable:**    **$0.00**
**Petition for Fees - Amount to be paid:**         **$4,000.00**

**C) <u>EXPLANATION OF DISPUTED ENTRIES:</u>**

No disputed entries.

## <u>D.H. (Plaintiffs' Petition, at ¶ 18)</u>

**A) <u>HOD INFORMATION</u>**

Hearing Date:          07/05/2005
HOD Date:             07/06/2005

**B) <u>ATTORNEY FEE INFORMATION</u>**

Petition for Fees - Amount requested:              $330.00

Original invoice total:                          $3,822.50
Invoice total less reductions (disputed entries):      $0.00

Amount payable under fee cap:                   $0.00

Previously paid by DCPS:                       $3,492.50
**Petition for Fees - Amount not compensable:      $330.00**
**Petition for Fees - Amount to be paid:             $0.00**

**C) <u>EXPLANATION OF DISPUTED ENTRIES:</u>**

**1.      Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):                 $3,822.50

<u>**A.J.P. (Plaintiffs' Petition, at ¶ 19)**</u>

**A)** <u>**HOD INFORMATION**</u>

Hearing Date:          05/04/2005
HOD Date:              05/11/2005

**B)** <u>**ATTORNEY FEE INFORMATION**</u>

| | |
|---|---|
| Petition for Fees - Amount requested: | $2,694.00 |
| Original invoice total: | $4,162.00 |
| Invoice total less reductions (disputed entries): | $0.00 |
| Amount payable under fee cap: | $0.00 |
| Previously paid by DCPS: | $1,306.00 |
| **Petition for Fees - Amount not compensable:** | **$2,694.00** |
| **Petition for Fees - Amount to be paid:** | **$0.00** |

**C)** <u>**EXPLANATION OF DISPUTED ENTRIES:**</u>

**1.       Objection: Plaintiffs cannot recover fees for representation provided by an unlicensed lawyer.**

Amount to be deducted (total):          $4,162.00

## J.G. (Plaintiffs' Petition, at ¶ 20)

### A) HOD INFORMATION

Hearing Date:          12/13/2004
HOD Date:              12/21/2004

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:                $632.50

Original invoice total:                              $1,622.50
Invoice total less reductions (disputed entries):    $522.50

Amount payable under fee cap:                        $522.50

Previously paid by DCPS:                             $990.00
**Petition for Fees - Amount not compensable:**      **$632.50**
**Petition for Fees - Amount to be paid:**           **$0.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Entries are vague, lack specificity and are too remote in time to be related to the hearing.**

| Date | Description | Hours |
|------|-------------|-------|
| 06/17/04 | Telecon with Mom | 0.7 |
| 06/17/04 | Telecon with PR Harris Sped Coordinator | 0.3 |
| 06/19/04 | Telecon with Mom | 0.1 |
| 06/25/04 | Telecon with Mom | 0.2 |
| 06/28/04 | Telecon with Mom | 0.2 |
| 06/30/04 | Telecon with Mom | 0.1 |
| 07/30/04 | Prepare documents for Mom | 1.2 |
| 09/14/04 | Telecon with Mom | 0.3 |
| 11/15/04 | Telecon with Mom | 0.5 |

Amount to be deducted (3.6 hrs @ $275):             $ 990.00

2.    **Objection: Clerical and non-professional services are not compensable.**

| Date | Description | Hours |
|------|-------------|-------|
| 02/04/05 | Analyzed billing entries | 0.4 |

Amount to be deducted (.4 hrs @ $275):          $110.00

# D.P. (Plaintiffs' Petition, at ¶ 21)

## A) HOD INFORMATION

Hearing Date:          06/09/2005
HOD Date:             06/09/2005

## B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $2,820.00

Original invoice total:                            $4,222.50
Invoice total less reductions (disputed entries):  $4,134.00

Amount payable under fee cap:                      $4,000.00

Previously paid by DCPS:                           $1,180.00
**Petition for Fees - Amount not compensable:**        **$0.00**
**Petition for Fees - Amount to be paid:**         **$2,820.00**

## C) EXPLANATION OF DISPUTED ENTRIES:

**1**.       **Objection:  Entries are vague ad lack specificity.**

| Date | Description | Hours |
|------|-------------|-------|
| 06/10/05 | [no description] | 0.3 |

Amount to be deducted (.3hrs @ $295):              $88.50

# D.P. (Plaintiffs' Petition, at ¶ 21)

### A) HOD INFORMATION

Hearing Date:          10/12/2005
HOD Date:             10/19/2005

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $678.50

Original invoice total:                            $3,485.50
Invoice total less reductions (disputed entries):  $3,485.50

Amount payable under fee cap:                      $3,485.50

Previously paid by DCPS:                           $2,805.00
**Petition for Fees - Amount not compensable:**    **$0.00**
**Petition for Fees - Amount to be paid:**         **$678.50**

### C) EXPLANATION OF DISPUTED ENTRIES:

No disputed entries.

# C.P. (Plaintiffs' Petition, at ¶ 22)

### A) HOD INFORMATION

Hearing Date:          10/12/2005
HOD Date:            10/19/2005

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $675.00

Original invoice total:                    $3,483.50
Invoice total less reductions (disputed entries):     $3,483.50

Amount payable under fee cap:                $3,483.50

Previously paid by DCPS:                  $2,808.50
**Petition for Fees - Amount not compensable:**      **$0.00**
**Petition for Fees - Amount to be paid:**        **$675.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

No disputed entries.

# V.T. (Plaintiffs' Petition, at ¶ 23)

## A) HOD INFORMATION

Hearing Date:          07/05/2005
HOD Date:             07/08/2005

## B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $ 1,525.00

Original invoice total:                            $ 5,005.00
Invoice total less reductions (disputed entries):      $0.00

Amount payable under fee cap:                          $0.00

Previously paid by DCPS:                           $ 2,475.00
**Petition for Fees - Amount not compensable:**    **$ 1,525.00**
**Petition for Fees - Amount to be paid:**             **$0.00**

## C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):               $5,005.00

# L.B. (Plaintiffs' Petition, at ¶ 24)

## A) HOD INFORMATION

Hearing Date:          07/05/2005
HOD Date:             07/08/2005

## B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $206.50

Original invoice total:                           $1,841.00
Invoice total less reductions (disputed entries):  $1,634.50

Amount payable under fee cap:                      $1,634.50

Previously paid by DCPS:                           $1,634.50
**Petition for Fees - Amount not compensable:**      **$206.50**
**Petition for Fees - Amount to be paid:**             **$0.00**

## C) EXPLANATION OF DISPUTED ENTRIES:

**1.     Objection: Entries are remote in time and are unrelated to the hearing.**

| Date     | Description           | Hours |
|----------|-----------------------|-------|
| 09/21/04 | Prepare closing letter | 0.7   |

Amount to be deducted (0.7hrs @ $275):             $206.50

## V.H. (Plaintiffs' Petition, at ¶ 25)

### A) HOD INFORMATION

Hearing Date:
HOD Date:              07/12/2005

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $2,157.50

Original invoice total:                                      $5,998.00
Invoice total less reductions (disputed entries):          $0.00

Amount payable under fee cap:                          $0.00

Previously paid by DCPS:                                $1,842.50
**Petition for Fees - Amount not compensable:          2,157.50**
**Petition for Fees - Amount to be paid:                  $0.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):                        $5,998.00

## G.M. (Plaintiffs' Petition, at ¶ 26)

### A) HOD INFORMATION

Hearing Date:          12/14/2004
HOD Date:              12/21/2004

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:                    $1,268.50

Original invoice total:                                  $3,715.50
Invoice total less reductions (disputed entries):        $3,540.00

Amount payable under fee cap:                            $3,540.00

Previously paid by DCPS:                                 $2,447.00
**Petition for Fees - Amount not compensable:**          **$175.50**
**Petition for Fees - Amount to be paid:**               **$1,093.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Plaintiffs cannot recover fees for representation provided by an unlicensed lawyer.**

| Date | Description | Hours |
|------|-------------|-------|
| 12/08/04 | Delivered 5-day to SHO and OGC-- too long to fax per SHO | 0.7 |

Amount to be deducted:                                   $175.50

## G.M. (Plaintiffs' Petition, at ¶ 26)

**A) SETTLEMENT AGREEMENT INFORMATION**

Settlement Agreement Date:  09/26/2005

**B) ATTORNEY FEE INFORMATION**

| | |
|---|---|
| Petition for Fees - Amount requested: | $2,554.50 |
| Original invoice total: | $3,366.00 |
| Invoice total less reductions (disputed entries): | $0.00 |
| Amount payable under fee cap: | $0.00 |
| Previously paid by DCPS: | $811.50 |
| **Petition for Fees - Amount not compensable:** | **$2,554.50** |
| **Petition for Fees - Amount to be paid:** | **$0.00** |

**C) EXPLANATION OF DISPUTED ENTRIES:**

**1**.      **Objection:  Parties to private settlements are not prevailing parties under the IDEIA and are not entitled to recover fees under the statute**.

Amount to be deducted (total):          $3,366.00

# J.J. (Plaintiffs' Petition, at ¶ 27)

## A) HOD INFORMATION

Hearing Date:          01/14/2005
HOD Date:              01/21/2005

## B) ATTORNEY FEE INFORMATION

| | |
|---|---|
| Petition for Fees - Amount requested: | $2,147.50 |
| Original invoice total: | $4,427.60 |
| Invoice total less reductions (disputed entries): | $0.00 |
| Amount payable under fee cap: | $796.50 |
| Previously paid by DCPS: | $1,852.50 |
| **Petition for Fees - Amount not compensable:** | **$2,147.50** |
| **Petition for Fees - Amount to be paid:** | **$0.00** |

## C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Hours are billed at an unsupported billing rate of $325 for Mr. Paul Dalton, hourly rate should be reduced to the rate requested and supported by Plaintiffs' Petition for Fees - $295 per hour.**

Amount to be deducted:          $327.10

**2.      Objection: Entries are remote in time and are unrelated to the hearing.**

| Date | Description | Hours |
|---|---|---|
| 9/17/03 | TCW MS. ASKEW, GUARDIAN. | 0.5 |
| 7/15/04 | TCW MRS. ASKEW. | 0.4 |
| 7/15/04 | TCW MR. EMESHOUSER. | 0.3 |
| 10/22/04 | TCW MS.ASKEW. | 0.4 |
| 10/26/04 | TRAVEL AND ATTENDANCE AT MDT MEETINGFOR REENTRY OFJAMES TO HIGH ROADS | 3.1 |
| 10/28/04 | TCW JAMES. | 0.5 |
| 10/28/04 | 10/28/2004 DISCUSSIONS WITH JAMES, MS. ASKEW & MR E.ON RETURNING TO SCHOOL AND A SECOND RE-ENTRY MEETING. | 1.5 |

| 11/19/04 | TCW JAMES AND MR. E. OF HIGH ROADS. | 1 |
| 12/6/04 | TCW MR. E AT HIGH ROADS RE: PLACEMENT MEETING. | 0.3 |
| 12/6/04 | TWO PHONE CALLS WITH JAMES OVER SCHEDULING OF PLACEMENT MEETING. | 0.3 |
| 12/9/04 | TRAVEL, MEETING WITH CLIENTS PRIOR AND DURING PLACEMENT MEETING AT HIGH ROADS SCHOOL. | 2.5 |
| 12/9/04 | POST PLACEMENT TCW JAMES JENKINS. | 0.4 |

Amount to be deducted (11.2hrs @ $295):          $3304.00


The above charges dated September 17, 2003 through December 9, 2004 are remote in time from the January 14, 2005 hearing date.  In addition to the apparent remote nature of the charges based on date, many of the descriptions, such as "TCW MRS. ASKEW" and TCW JAMES" are vague and cannot be substantively tied to the hearing.  Those descriptions which are not vague, e.g. "TCW MR. E AT HIGH ROADS RE: PLACEMENT MEETING" are *substantively unrelated* to the Due Process hearing on January 14, 2005 in which the parents requested placement at Accotink Academy, not High Roads School.  See Pl. Pet. 32-5, p. 44.

## S.J. (Plaintiffs' Petition, at ¶ 28)

### A) HOD INFORMATION

Hearing Date:          07/15/2005
HOD Date:              07/22/2005

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $4,000.00

Original invoice total:                            $9,925.00
Invoice total less reductions (disputed entries):  $4,418.75

Amount payable under fee cap:                      $4,000.00

Previously paid by DCPS:                              $0.00
**Petition for Fees - Amount not compensable:**      **$0.00**
**Petition for Fees - Amount to be paid:**         **$4,000.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Attorney's hourly rate is not supported in Plaintiff's motion and payment at rate of $250/hour is therefore improper.**

As discussed in the District's Response, no support has been offered for this attorneys' fees.  Accordingly, the billing rate should be reduced 25%, from $250.00/hour to $187.50/hour.

Amount to be deducted (23.9hrs @ $62.50):          $1,493.75

**2.      Objection: Entries are remote in time and are unrelated to the hearing.**

Services relating to the July 22, 2005 HOD preceding June 10, 2005 are remote in time and this time should be deducted.

| Date | Description | Hours |
|------|-------------|-------|
| 04/14/04 | through 5/10/205 | 21.4 |

Amount to be deducted (21.4hrs @ $187.50):          $4,012.50

## J.D. (Plaintiffs' Petition, at ¶ 29)

### A) HOD INFORMATION

Hearing Date:        09/09/2005
HOD Date:            09/12/2005

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:                $4,000.00

Original invoice total:                              $5,884.00
Invoice total less reductions (disputed entries):       $0.00

**Amount payable under fee cap:**                       **$0.00**

Previously paid by DCPS:                                $0.00
**Petition for Fees - Amount not compensable:**     **$4,000.00**
**Petition for Fees - Amount to be paid:**              **$0.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Educational advocates are barred from collecting attorneys' fees under the IDEIA, no attorneys' fees for this minor are compensable.**

Amount to be deducted (total):                       $5,884.00

## Da.B. (Plaintiffs' Petition, at ¶ 30)

### A) HOD INFORMATION

Hearing Date:          09/12/2005
HOD Date:             09/19/2005

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $1,242.50

Original invoice total:                                  $2,510.00
Invoice total less reductions (disputed entries):        $0.00

**Amount payable under fee cap:**                        **$0.00**

Previously paid by DCPS:                             $1,267.50
**Petition for Fees - Amount not compensable:**      **$1,242.50**
**Petition for Fees - Amount to be paid:**               **$0.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Plaintiffs cannot recover fees for representation provided by an unlicensed lawyer.**

Amount to be deducted (total):               $2,510.00

## De.B. (Plaintiffs' Petition, at ¶ 31)

### A) HOD INFORMATION

Hearing Date:          09/12/2005
HOD Date:             09/19/2005

### B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $1,418.00

Original invoice total:                            $2,705.00
Invoice total less reductions (disputed entries):      $0.00

Amount payable under fee cap:                          $0.00

Previously paid by DCPS:                           $1,287.00
**Petition for Fees - Amount not compensable:**    **$1,418.00**
**Petition for Fees - Amount to be paid:**             **$0.00**

### C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Plaintiffs cannot recover fees for representation provided by an unlicensed lawyer.**

Amount to be deducted (total):                     $2,705.00

# R.A. (Plaintiffs' Petition, at ¶ 32)

## A) HOD INFORMATION

Hearing Date:          11/14/2005
HOD Date:              11/14/2005

## B) ATTORNEY FEE INFORMATION

Petition for Fees - Amount requested:              $4,000.00

Original invoice total:                            $6,149.00
Invoice total less reductions (disputed entries):    $839.00

Amount payable under fee cap:                        $839.00

Previously paid by DCPS:                               $0.00
**Petition for Fees - Amount not compensable:      $3161.00**
**Petition for Fees - Amount to be paid:             $839.00**

## C) EXPLANATION OF DISPUTED ENTRIES:

**1.      Objection: Plaintiffs cannot recover fees for representation provided by an unlicensed lawyer.**

Amount to be deducted (25.5hrs @ $195.00)[1]:      $4,972.50

**2.      Objection: Billing rate for "JMS" is unsupported and should be reduced to $75/hour.**

Amount to be deducted (4.5hrs @ $75.00):            $337.50

---

[1] The District notes the billing rate here, $195/hours, is not requested or supported by Plaintiff's Motion which requests a billing rate of $170/hour for Laura Duos.

# EXHIBIT B

| | Minor | HOD Date | Original invoice total | Reductions | | | | | Total reductions | Invoice total less reductions | Amt payable with Fee Cap | Prev. Paid by DCPS | Pl. Pet. - Amt requested | Pl. Pet. - Amt not compensable | Pl. Pet. - Amt to be paid |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Edu. adv. (for wards of D.C.) | Unlicensed attny. | Priv. settlemt agreemt | Un-supported billing rate | Reas. Of specific charges | | | | | | | |
| 1 | A.B. | 10/13/04 | 4,604.50 | 4,604.50 | | | | | 4,604.50 | 0.00 | 0.00 | 3,064.50 | 935.50 | 935.50 | 0.00 |
| 2 | N.R. | 10/13/04 | 5,610.00 | 5,610.00 | | | | | 5,610.00 | 0.00 | 0.00 | 3,795.00 | 205.00 | 205.00 | 0.00 |
| 4 | M.E. | 04/21/05* | 3,932.50 | 3,932.50 | | | | | 3,932.50 | 0.00 | 0.00 | 0.00 | 3,932.50 | 3,932.50 | 0.00 |
| 5 | J.H. | 10/28/04 | 3,437.50 | 3,437.50 | | | | | 3,437.50 | 0.00 | 0.00 | 2,420.00 | 1,017.50 | 1,017.50 | 0.00 |
| 6 | T.L. | 10/29/04 | 2,887.50 | 2,887.50 | | | | | 2,887.50 | 0.00 | 0.00 | 1,705.00 | 1,182.50 | 1,182.50 | 0.00 |
| 6 | T.L. | 9/7/05 | 3,327.50 | 3,327.50 | | | | | 3,327.50 | 0.00 | 0.00 | 1,155.00 | 2,172.50 | 2,172.50 | 0.00 |
| 7 | S.M. | 11/10/04 | 6,077.50 | 6,077.50 | | | | | 6,077.50 | 0.00 | 0.00 | 2,420.00 | 1,580.00 | 1,580.00 | 0.00 |
| 8 | D.M. | 11/16/04 | 4,348.50 | 4,348.50 | | | | | 4,348.50 | 0.00 | 0.00 | 2,873.50 | 1,126.50 | 1,126.50 | 0.00 |
| 9 | T.H. | 11/2/04 | 3,465.00 | 3,465.00 | | | | | 3,465.00 | 0.00 | 0.00 | 2,997.50 | 467.50 | 467.50 | 0.00 |
| 9 | T.H. | 3/14/05 | 3,630.00 | 3,630.00 | | | | | 3,630.00 | 0.00 | 0.00 | 0.00 | 3,630.00 | 3,630.00 | 0.00 |
| 10 | D.A. | 11/2/04 | 3,478.00 | 3,478.00 | | | | | 3,478.00 | 0.00 | 0.00 | 2,432.50 | 1,045.50 | 1,045.50 | 0.00 |
| 11 | K.A. | 11/2/04 | 3,158.50 | 3,158.50 | | | | | 3,158.50 | 0.00 | 0.00 | 2,293.50 | 865.00 | 865.00 | 0.00 |
| 11 | K.A. | 7/21/05 | 5,513.00 | 5,513.00 | | | | | 5,513.00 | 0.00 | 0.00 | 999.50 | 3,000.50 | 3,000.50 | 0.00 |
| 18 | D.H. | 7/6/05 | 3,822.50 | 3,822.50 | | | | | 3,822.50 | 0.00 | 0.00 | 3,492.50 | 330.00 | 330.00 | 0.00 |
| 23 | V.T. | 7/8/05 | 5,005.00 | 5,005.00 | | | | | 5,005.00 | 0.00 | 0.00 | 2,475.00 | 1,525.00 | 1,525.00 | 0.00 |
| 25 | V.H. | 7/12/05 | 5,998.00 | 5,998.00 | | | | | 5,998.00 | 0.00 | 0.00 | 1,842.50 | 2,157.50 | 2,157.50 | 0.00 |
| 29 | J.D. | 9/15/05 | 5,884.00 | 5,884.00 | | | | | 5,884.00 | 0.00 | 0.00 | 0.00 | 4,000.00 | 4,000.00 | 0.00 |
| | | | | | | | | | | | | | | | |
| | Totals: | | 74,179.50 | 74,179.50 | | | | | 74,179.50 | | 0.00 | | 29,173.00 | 29,173.00 | 0.00 |

Invoices for minors who are not wards of the District of Columbia are itemized separately on page 2.
* Settlement agreement.

Defendant's Response to Plaintiffs' Petition for Attorney's Fees, Exhibit B, page 1 of 2.

| Minor | HOD Date | Original invoice total | Reductions | | | | | Total reductions | Invoice total less reductions | Amt payable with Fee Cap | Prev. Paid by DCPS | Pl. Pet. - Amt requested | Pl. Pet. - Amt not compensable | Pl. Pet. - Amt to be paid |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Edu. adv. (for wards of D.C.) | Unlicensed attny. | Priv. settlemt agreemt | Un-supported billing rate | Reas. Of specific charges | | | | | | | |
| 3 A.T. | 11/3/04 | 4,867.50 | | | | | 1,650.00 | 1,650.00 | 3,217.50 | 3,217.50 | 2,915.00 | 1,085.00 | 782.50 | 302.50 |
| 12 T.H. | 11/15/04 | 5,546.00 | | | | | | 0.00 | 5,546.00 | 4,000.00 | 3,882.00 | 118.00 | 0.00 | 118.00 |
| 13 Jo.H. | 11/30/04 | 4,081.00 | | | | 1,018.75 | 75.00 | 1,093.75 | 2,987.25 | 2,987.25 | 3,981.00 | 19.00 | 19.00 | 0.00 |
| 14 E.S. | 1/24/05 | 6,713.00 | | | | 1,625.00 | 75.00 | 1,700.00 | 5,013.00 | 4,000.00 | 0.00 | 4,000.00 | 0.00 | 4,000.00 |
| 15 R.G. | 5/25/05 | 3,724.50 | | | | | 147.50 | 147.50 | 3,577.00 | 3,577.00 | 3,577.00 | 147.50 | 147.50 | 0.00 |
| 16 D.H | 2/22/05 | 4,690.50 | | | | | | 0.00 | 4,690.50 | 4,000.00 | 1,994.00 | 2,006.00 | 0.00 | 2,006.00 |
| 17 K.E. | 3/2/05 | 12,980.00 | | | | | | 0.00 | 12,980.00 | 4,000.00 | 0.00 | 4,000.00 | 0.00 | 4,000.00 |
| 19 A.J.P. | 5/11/05 | 4,162.00 | | 4,162.00 | | | | 4,162.00 | 0.00 | 0.00 | 1,306.00 | 2,694.00 | 2,694.00 | 0.00 |
| 20 J.G. | 12/21/04 | 1,622.50 | | | | | 1,100.00 | 1,100.00 | 522.50 | 522.50 | 990.00 | 632.50 | 632.50 | 0.00 |
| 21 D.P. | 6/9/05 | 4,222.50 | | | | | 88.50 | 88.50 | 4,134.00 | 4,000.00 | 1,180.00 | 2,820.00 | 0.00 | 2,820.00 |
| 21 D.P. | 10/19/05 | 3,483.50 | | | | | | 0.00 | 3,483.50 | 3,483.50 | 2,805.00 | 678.50 | 0.00 | 678.50 |
| 22 C.P. | 10/19/05 | 3,483.50 | | | | | | 0.00 | 3,483.50 | 3,483.50 | 2,808.50 | 675.00 | 0.00 | 675.00 |
| 24 L.B. | 7/8/05 | 1,841.00 | | | | | 206.50 | 206.50 | 1,634.50 | 1,634.50 | 1,634.50 | 206.50 | 206.50 | 0.00 |
| 26 G.M. | 12/21/04 | 3,715.50 | | 175.50 | | | | 175.50 | 3,540.00 | 3,715.50 | 2,447.00 | 1,268.50 | 175.50 | 1,093.00 |
| 26 G.M. | 09/26/05* | 3,366.00 | | | 3,366.00 | | | 3,366.00 | 0.00 | 0.00 | 811.50 | 2,554.50 | 2,554.50 | 0.00 |
| 27 J.J. | 1/21/05 | 4,427.60 | | | | 327.10 | 3,307.00 | 3,634.10 | 793.50 | 793.50 | 1,852.50 | 2,147.50 | 2,147.50 | 0.00 |
| 28 S.J. | 7/22/05 | 9,925.00 | | | | 1,493.75 | 4,012.50 | 5,506.25 | 4,418.75 | 4,000.00 | 0.00 | 4,000.00 | 0.00 | 4,000.00 |
| 30 Da.B. | 9/19/05 | 2,510.00 | | 2,510.00 | | | | 2,510.00 | 0.00 | 0.00 | 1,267.50 | 1,242.50 | 1,242.50 | 0.00 |
| 31 De.B. | 9/19/05 | 2,705.00 | | 2,705.00 | | | | 2,705.00 | 0.00 | 0.00 | 1,287.00 | 1,418.00 | 1,418.00 | 0.00 |
| 32 R.A. | 11/14/05 | 6,149.00 | | 4,972.50 | | 337.50 | | 5,310.00 | 839.00 | 839.00 | 0.00 | 4,000.00 | 3,161.00 | 839.00 |
| Totals: | | 94,215.60 | | 14,525.00 | | 4,802.10 | 10,662.00 | 33,355.10 | | 48,253.75 | | 35,713.00 | 15,181.00 | 20,532.00 |

Invoices for wards of the District of Columbia for whom attorneys' fees are sought by educational advocates, are itemized separately on page 1.

* Settlement agreement.

# EXHIBIT C





## Search Results

*Search again.*

Records matching your search criteria: 1

1. **Laura E Duos**
   U.S. Department of Education
   550 12th Street S.W.
   Washington DC 20202

   Email: laura.duos@ed.gov
   Phone: 202-245-6772
   Fax:

   Membership Status: Active
   Disciplinary history: No
   Date of admission: January 9, 2006

   [ Save contact ]





The District of Columbia Bar | 1250 H Street NW, sixth floor | Washington DC 20005-5937 | 202-737-4700 | **Directions/Pa**
©2008 District of Columbia Bar. **Restrictions on Use** All rights reserved. **Privacy Policy** | **Disclaimer** | **Author guideline**