UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNICE JACKSON, et al. )<br>)<br>    Plaintiffs, )<br>)     Civil Action No. 07-0138 (JMF)<br>v. )<br>)<br>DISTRICT OF COLUMBIA )<br>)<br>    Defendant. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S PETITION FOR ATTORNEYS' FEES**

COMES NOW, the Plaintiffs, by and through undersigned counsel, and files this Reply to Defendant's Opposition to Plaintiff's Petition for Attorneys' Fees. Defendant has failed to provide adequate justification for the reduction that it claims should be applied to the total fee awarded by this Court.

**ARGUMENT**

    **I.    Plaintiff's Recovery Should Not Be Reduced As A Matter Of Law.**

        **A.    Plaintiffs may recover attorneys' fees that were incurred by attorneys acting as court appointed educational advocates.**

Defendant relies entirely on the Court's decision in *Bowman v. District of Columbia,* 496 F. Supp. 2d 160, to supports its assertion that Plaintiffs cannot recover for fees incurred by attorneys working as court appointed special advocates. *Bowman* was decided in August 2007, long after the fees claimed in the instant case were incurred. Nothing in *Bowman* suggests that the Court's decision is retroactive. Accordingly, *Bowman* does not apply to the fees incurred before it was decided.

      **B.**      **Plaintiffs may recover attorneys' fees for representation by Laura Duos.**

The fees for services rendered by Laura Duos are compensable as a matter of law because she was acting under the direct supervision of attorneys' licensed to practice in the District of Columbia. The rule prohibiting the unauthorized practice of law cited by Defendant prohibits an attorney who is not licensed to practice in the District of Columbia from appearing on behalf of clients in the District of Columbia or from holding oneself out as authorized to practice in the District of Columbia. This rule does not, however, prohibit an employee of a law firm who is not yet licensed to practice in the District of Columbia from assisting her colleagues and supervisors in matters that they are authorized to handle. Plaintiffs are entitled to recover the fees incurred by Ms. Duos in the same way that they would be entitled to recover fees incurred by a law clerk or legal assistant. Ms. Duos' fee, however, would be greater than that of a law clerk or legal assistant based on her skill and experience.

      **II.**      **Plaintiffs Have Met Their Burden Of Establishing All Elements Of The Requested Fee Award.**

      **A.**      **Plaintiffs were the prevailing parties and thus are entitled to fee awards.**

There is only a dispute as to one of the Plaintiff's (G.M.) prevailing party status. The remaining settlement agreements referenced in the instant action were sanctioned by the respective hearing officers presiding over the due process hearings and incorporated into the hearing officers' decisions. Accordingly, the limitations on attorneys' fees in *Buckhannon*, 532 U.S. 598, do not apply to such agreements. As such, this Court has the authority to award reasonable fees incurred in such cases. There was only one case (G.M.) in which a settlement

was reached by private agreement, amounting to $2,554.50 in fees.[1]  In the remaining cases for which Plaintiffs are requesting fees there is no dispute that Plaintiffs were the prevailing parties.

### B. The hourly rates requested are reasonable and consistent with the rates prevailing in the community.

Both Plaintiff and Defendant agree that the work of the Plaintiffs' counsel should be valued at a rate which reflects the attorneys' billing practices for similar work; the experience, reputation and skill of the attorneys; and the prevailing market rates.  Plaintiffs' counsel submitted affidavits describing their respective levels of experience and current billing practices for cases similar to the instant case.  Affidavits such as these are often relied upon by courts to determine the reasonableness of attorneys' fees and may constitute sufficient evidence of the reasonableness of fees.  *See Bailey v. District of Columbia*, 839 F. Supp. 888, 890 (D.D.C. 1993).  This Court should give weight to the affidavits of Plaintiffs' counsel submitted with Plaintiffs' Petition for Attorneys' Fees.  Defendant does not articulate any basis for discrediting the veracity and accuracy of these affidavits.  The information therein provides sufficient evidence to support the reasonableness of Plaintiffs' attorneys' fees.

Not only does Plaintiffs' counsel have extensive experience in this field, but their current billing practices for cases similar to the instant case are consistent with the fees requested.  Plaintiffs' counsel currently charges the disputed rates to both their individual paying clients and LEA charter school clients.  Moreover, the District of Columbia has paid Plaintiffs' counsel's attorney fee petitions at the current disputed rates on numerous occasions in the past.

The disputed rates are also consistent with prevailing market rates.  Several courts have relied on the Laffey Matrix for IDEA cases and this Court should do the same.  *See Alfonso v.*

---

[1] However, Defendant did agree to pay reasonable attorneys' fees in that case but has failed to do so.

*District of Columbia*, 464 F. Supp. 2d 1, 5 (D.D.C. 2006); *District of Columbia v. R.R.*, 390 F. Supp. 2d 38, 41 (D.D.C. 2005). Defendant argues that the Laffey Matrix should not be considered for IDEA cases because it is intended for complex federal litigation, but it is clear based on these decisions, and the matrix itself, that it is intended to be used in all cases in which a "fee shifting" statute permits the prevailing party to recover reasonable attorneys' fees, including IDEA cases.

        **C.**      **The hours expended were reasonable and are compensable**.

Plaintiffs' counsel provided detailed records of the time spent on the instant matter, much of which Defendant claims was unreasonable. Defendant characterizes much of the work performed as clerical, but this characterization is misplaced. This Court has previously found that such tasks are compensable when they are performed by attorneys working as solo practitioners or in small firms. *See Bailey*, 839 F. Supp. at 891. That Court explained that denying compensation for these tasks would unfairly punish these attorneys and their clients for not staffing these cases as if they had the manpower of a major law firm. *Id*. Plaintiffs' counsel fit within the class of attorneys described by the Court in *Bailey*, and as such, the time spent performing so-called "clerical tasks" is compensable and should be awarded.

Defendant further argues that many of the charges are for activities too remote in time or unrelated to the proceeding on which the charges are based. This argument is based on the fact that the bills submitted along with Plaintiffs' Petition include charges incurred before a request for Due Process Hearing was filed. However, such charges were incurred in anticipation and preparation of litigation and thus are compensable.

Defendant further argues that some of the billing entries are too vague and that as a result the Court should not award fees for such entries. Plaintiffs' counsel has provided this Court with

extensive and detailed billing records and affidavits attesting to the accuracy of these records and the necessity of the work performed. Defendant fails to establish that the work performed was not necessary to the success of Plaintiffs, and therefore the fees should be awarded in full.

### III.    CONCLUSION

WHEREFORE, as the prevailing parties, Plaintiffs are entitled to an award of reasonable attorneys' fees. Plaintiffs' Petition for Attorneys' Fees and Attachments submitted therewith set forth in detail the fees requested. Plaintiffs' counsel have significantly limited their request for fees to only that time which would be charged to regular paying clients after the exercise of reasonable billing judgment. Furthermore, Plaintiffs' counsel fees are reasonable based on their experience, current billing practices and prevailing market rates. The hours expended and work performed were also reasonable.

For the foregoing reasons, the Plaintiff respectfully requests that this honorable Court award the Plaintiffs reasonable attorneys' fees in the amount of $64,886.00.

DATE: August 25, 2008                    Respectfully submitted,
                                         _____/s/_____
                                         Paul Dalton, Esq.(Bar No. 439118)
                                         DALTON & DALTON, P.C.
                                         1008 Pendleton Street
                                         Alexandria, VA 22314
                                         (703) 739-4300
                                         (703)-739-2323 (fax)
                                         Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 25th day of August, 2008

                                            _____/s/_____
                                            Paul Dalton, Esq.
                                            Counsel for Plaintiffs