UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHNICE JACKSON,** *et al*.<br><br>**Plaintiffs,**<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>**Defendant.** | Civil Action 07-138 (RMU/JMF) |

**MEMORANDUM ORDER**

On August 13, 2008, I ordered that the following filings be stricken because they were signed by an attorney who was not a member in good standing of the bar of this Court: Plaintiffs' Consent Motion For An Extension Of Time To File Reply To Defendant's Answer To Plaintiffs' Complaint [#38]; Plaintiffs' Consent Motion For An Extension Of Time To File Reply To Defendant's Opposition To Plaintiffs' Petition For Attorneys' Fees [#40]; and Errata [#41]. See Minute Order, Aug. 13, 2008.

The plaintiffs have now moved again for an enlargement of time within which to file a reply in support of their petition for attorney's fees. Plaintiffs' Consent Motion For An Extension Of Time To File Reply To Defendant's Opposition To Plaintiffs' Petition For Attorneys' Fees [#42]. The motion is untimely, however, and was not in compliance with Rule 6(b) of the Federal Rules of Civil Procedure; as the Court of Appeals has made clear, I have no authority to accept such a filing. Smith v. District of Columbia, 430 F.3d 450, 457 (D.C. Cir. 2005). The motion is therefore to be stricken, as is Plaintiff's Reply

<u>To Defendant's Opposition To Plaintiff's Petition For Attorneys' Fees</u> [#42], which was untimely filed without leave.

If the plaintiffs choose to seek an enlargement once again, this time in accordance with Rule 6(b), they should take particular note of their obligation to demonstrate that their failure to act was the result of excusable neglect. <u>Inst. for Policy Studies v. U.S.C.I.A</u>, 246 F.R.D. 380 (D.D.C. 2007). As explained in <u>Institute for Policy Studies,</u> an attorney's ineptitude does not constitute excusable neglect under Rule 6(b).

Dated: September 2, 2008

/s/
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE