UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNICE JACKSON, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 07-0138 (JMF) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES**

COMES NOW, Plaintiffs, by and through undersigned counsel, and respectfully request leave from the Court to file a Reply to Defendant's Opposition to Plaintiffs' Petition for Attorneys' Fees, thereby extending the Court's original deadline for this filing to and including September 10, 2008.  The original deadline of July 25, 2008 was set by the Court, but subsequently Defendant was granted an extension of time by which to file a response to Plaintiffs' Petition for Attorney's Fees.  Defendant was granted up to thirty (30) days after the July 2, 2008 Settlement Conference to file its Opposition and in fact filed its Opposition on July 31, 2008.  Accordingly, it would have been impossible for Plaintiffs to comply with this Court's July 25th deadline to respond to the Defendant's July 31st filing.  Had the Court in granting the Defendant's Motion for additional time to respond to the Plaintiff's Petition for Attorney Fees also set a new date for our response to the Defendant's filing it would have been unnecessary for the Plaintiffs to have made the original request for an extension of time to file a response to the July 31st filing.

With regard to the Court's reference to Smith v. District of Columbia, 430

F.3d 450,457 (D.C. Cir. 2005) Plaintiffs would respectfully note that unlike this case, in Smith the Party in Question (Govt.) failed to request an extension of time. Here the Plaintiff's were placed in the position of requesting additional time because the deadline of July 25th was prior in time to the Government's filing of July 31st making it impossible for the Plaintiff's to comply with this Court's Deadline.

On or about July 9, 2008, well before the original deadline for Plaintiffs' Reply, Plaintiffs' counsel filed a Motion for Extension of Time ("July 9 Motion") requesting that the deadline for Plaintiffs' Reply be extended to August 25, 2008 in light of the extension granted to Defendant. This Motion was entered on the docket as docket entry no. 38. However, in the text of the Motion, Plaintiffs' counsel referred to the Petition for Attorneys' Fees as Plaintiffs' "Complaint" and referred to the Defendant's Opposition as Defendant's "Answer." However, the docket entry was titled clearly and referred back to Plaintiffs' Petition for Attorneys' Fees (docket entry no. 32) making it clear that Plaintiffs' July 9 Motion was being made in reference to Plaintiffs' Petition for Attorneys' Fees and the Opposition thereto.

On or about August 8, 2008, the Court had not yet issued an Order regarding Plaintiffs' July 9 Motion and Plaintiffs' counsel contacted the Court to investigate the status of this Motion. At that time, a law clerk of this Court indicated that because the July 9 Motion referred to the "Complaint" and "Answer," the Court would not consider Plaintiffs' July 9 request for an extension of time.

On or about August 8, 2008, after speaking to the above mentioned law clerk, Plaintiffs' counsel filed an Errata (docket entry no. 41), substituting a corrected Motion for Extension of Time (docket entry no. 40) for the mislabeled July 9 Motion, replacing the words "Complaint" and "Answer" with "Petition" and "Opposition" respectively. The Errata and corrected Motion

related back to the July 9 Motion which was timely filed. Therefore, according to Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiffs' counsel was not required to demonstrate excusable neglect.

Unfortunately, the Errata and corrected Motion were stricken by this Court due to Ellen Dalton's lack of good standing with the Court which was the result of Mrs. Dalton's failure to file the documents and pay the $25 fee renewing her bar membership. This failure was due to the fact that Mrs. Dalton did not receive the reminder that was electronically mailed to an incorrect electronic mail address. Upon returning from vacation and learning about this problem, Mrs. Dalton immediately rectified the situation and submitted the missing documents and payment to the clerk of this Court. In the meantime, Paul Dalton, filed the same Motion that was stricken due to Ellen Dalton's lack of good standing, which this Court denied on September 9, 2008.

In its Memorandum Order issued on September 9, 2008, this Court relied on Rule 6(b) of the Federal Rules of Civil Procedure and the Court's decision in <u>Institute for Policy Studies v. United States Central Intelligence Agency</u>, 246 F.R.D.380 (D.D.C. 2007) to find that Plaintiffs' August 20, 2008 Motion for Enlargement of Time was untimely filed without leave. Plaintiffs' counsel respectfully requests that this Court consider the above time line of events and find that Plaintiffs' original Motion requesting an extension of time was timely filed and that all Motions filed subsequently to correct the July 9 Motion relate back to July 9 and thus were also timely.

In the alternative, Plaintiffs' counsel respectfully request this Court to find that Plaintiffs' failure to act before July 25, 2008 was due to excusable neglect. In <u>Institute for Policy Studies</u>, the Court concludes that counsel's inadvertent mis-calendering of the due date was not excusable neglect. In the instant matter, Plaintiffs' counsel's mistakes are excusable when compared to the mere inadvertence that occurred in <u>Institute for Policy Studies</u>. The body and docket entry of

Plaintiffs' July 9 Motion made it clear what Plaintiffs were requesting, and Plaintiffs' counsel had no reason to believe that the Court would reject that original Motion. Moreover, once Plaintiffs' counsel was made aware that the original July 9 Motion would not be considered by the Court, they filed subsequent Motions and an Errata in an attempt to satisfy the Court and with the belief that those subsequent filings would relate back to the original July 9 Motion therefore making them timely. Based on these circumstances, any mistakes make by Plaintiffs' counsel constitute excusable neglect when compared to the situation in <u>Institute for Policy Studies</u>.

    For the foregoing reasons, Plaintiffs respectfully request leave from this Court to file a Reply to Defendant's Opposition to Plaintiffs' Petition for Attorneys' Fees even though the Court's original deadline of July 25, 2008 has passed. Defendant had previously consented to the requested extension of time and will not be prejudiced by the Plaintiffs' current request.

    WHEREFORE, Plaintiffs respectfully request that this Honorable Court GRANT the instant Motion and grant leave to Plaintiffs to file their Reply to Defendant's Opposition on or before September 10, 2008.

DATE: September 4, 2008                      Respectfully submitted,

                                                  _____/s/_____

                                                  Paul Dalton, Esq.(Bar No. 439118)
                                                  DALTON & DALTON, P.C.
                                                  1008 Pendleton Street
                                                  Alexandria, VA 22314
                                                  (703) 739-4300
                                                  (703)-739-2323 (fax)
                                                  Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 4th day of September, 2008

                _____/s/_____
                Paul Dalton, Esq.
                Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNICE JACKSON, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA )<br>)<br>Defendant. ) | Civil Action No. 07-0138 (JMF) |

**ORDER**

Upon consideration of Plaintiff's Motion for Extension of Time to File Reply to Defendant's Opposition to Plaintiff's Petition for Attorneys' Fees, it is hereby:

ORDERED, that the Plaintiff's Motion is GRANTED; and further

ORDERED, that Plaintiff's Reply to Defendant's Opposition is due on or before September 10, 2008.

SO ORDERED.


Date:_____          _____
                                Judge John M. Facciola
                                United States District Court
                                District of Columbia