UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JOHNICE JACKSON *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 07-0138 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 48, 49 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE FACCIOLA'S REPORT AND RECOMMENDATION; GRANTING IN PART AND DENYING IN PART THE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

### I. INTRODUCTION

This matter is before the court upon the defendant's objections to the Report and Recommendation ("Report") issued by Magistrate Judge John M. Facciola on February 26, 2009. The plaintiffs brought suit under the Individuals with Disabilities Education and Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, following two settlement agreements and thirty-six IDEA due process hearings. Magistrate Judge Facciola recommended that the court grant in part and deny in part the plaintiffs' petition, and the defendant subsequently filed objections to the Report in accordance with Local Civil Rule 72.3. The defendant objects to the Report on four grounds, only one of which the court fully sustains, as discussed in more detail below. The court adopts the Report in all other respects.

### II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiffs are thirty-two minor children, their guardians and court-appointed educational advocates. Report at 1. The plaintiffs prevailed in thirty-six due process hearings

and reached two settlement agreements with the defendant. *Id.* Following these due process hearings, the plaintiffs filed a petition for attorneys' fees in the amount of $64,886.00, pursuant to Federal Rule of Civil Procedure 54(d), Local Civil Rule 54.2, and 20 U.S.C. § 1415(i)(3)(B). Pls.' Pet. for Att'ys' Fees ("Pls.' Pet.") at 1-2. The court then referred the plaintiffs' petition to Magistrate Judge Facciola to make a recommendation on whether they were entitled to attorneys' fees and, if so, the proper measure for such fees. Report at 1. On February 26, 2009, Magistrate Judge Facciola issued the Report, recommending that the court grant in part and deny in part the plaintiffs' petition for fees. *Id.* The defendant subsequently filed objections to the Report on four grounds: (1) attorney Abdus-Shahid is not entitled to any fees; (2) the individual identified as "JMS" is not entitled to any fees; (3) the *Laffey* Matrix is not applicable to this case; and (4) the educational advocate for plaintiff N.R. may not recover fees. Def.'s Objections to Report and Recommendation ("Def.'s Objs.") at 1. The plaintiffs filed a response to the defendant's objections. Pls.' Opp'n to Def.'s Objs. ("Pls.' Opp'n"). The court now turns to those submissions.[1]

### III.  ANALYSIS

#### A.  Legal Standard for Attorneys' Fees and Costs under IDEA

Federal Rule of Civil Procedure 54(d) requires a party seeking attorneys' fees and "related non-taxable expenses" to file a motion with the court. FED. R. CIV. P. 54(d)(2)(A). The motion "must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award." *Id.* It must also state the amount or provide a fair amount of the award

---

[1] When a party files written objections to any part of the magistrate judge's recommendation with respect to a dispositive motion, the court considers *de novo* those portions of the recommendation to which objections have been made, and "may accept, reject, or modify the recommended disposition." FED. R. CIV. P. 72(b)(3).

2

sought. *Id.*; *see also Herbin v. District of Columbia*, 2006 WL 890673, at *2 (D.D.C. Apr. 4, 2006).

The IDEA allows the parents of a disabled child to recover "reasonable attorneys' fees" so long as they are the "prevailing party." 20 U.S.C. § 1415(i)(3)(B). A court's determination of the appropriate attorneys' fees, in other words, is based on a two-step inquiry. First, the court must determine whether the party seeking attorneys' fees is the prevailing party. *Id.* A prevailing party "is one who has been awarded some relief by a court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *Alegria v. District of Columbia*, 391 F.3d 262, 264-65 (D.C. Cir. 2004) (applying *Buckhannon* in the IDEA context).

Second, the court must determine whether the attorneys' fees sought are reasonable. 20 U.S.C. § 1415(i)(3)(B). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Blackman v. Dist. of Columbia*, 397 F. Supp. 2d 12, 14 (D.D.C. 2005) (applying *Hensley* in the IDEA context). The plaintiff bears the burden of demonstrating that the number of hours spent on a particular task is reasonable. *Holbrook v. District of Columbia*, 305 F. Supp. 2d 41, 45 (D.D.C. 2004). The plaintiff may satisfy this burden "by submitting an invoice that is sufficiently detailed to 'permit the District Court to make an independent determination whether or not the hours claimed are justified.'" *Id.* (citing *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)). "Once the plaintiff has provided such information, a presumption arises that the number of hours billed is reasonable and the burden shifts to the defendants to rebut the plaintiff's showing of reasonable hours." *Herbin*, 2006 WL 890673, at

*5.  With respect to the reasonable hourly rate, attorneys' fees in IDEA actions in the District of Columbia are reasonable if they conform to the *Laffey* Matrix[1] created by the United States Attorneys' Office.  *Lopez v. District of Columbia*, 383 F. Supp. 2d 18, 24 (D.D.C. 2005) (citing *Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 25 (D.D.C. 2004)); *see also* 20 U.S.C. § 1415(i)(3)(C) (stating that attorneys' fees awards "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished").

The court notes that the D.C. Appropriations Act of 2005 caps the District of Columbia's payment of IDEA attorneys' fees at $4,000 per action.  Pub. L. No. 108-335, 118 Stat. 1322 (2004); *see also Herbin*, 2006 WL 890673, at *2.  Although the District of Columbia is limited in the award it may pay, the court is not bound by a fee cap and may award attorneys' fees and costs greater than the fee cap.  *Calloway v. District of Columbia*, 216 F.3d 1, 3 (D.C. Cir. 2000). The court, however, "cannot order the defendants to violate an act of Congress to pay the total award."  *Scorah v. District of Columbia*, Civ. No. 03-0160, Mem. Op. (Dec. 17, 2004).

### B.  The *Laffey* Matrix is the Proper Means to Determine Fee Awards

The defendant argues that the *Laffey* Matrix is not applicable to simple IDEA cases, such as the one in the present case.  Def.'s Objs. at 5.  Instead, the defendant contends that the District of Columbia Public Schools fee schedule is the "appropriate measure of [] prevailing rates."  *Id.* The plaintiff, however, insists that the *Laffey* Matrix is indeed applicable to IDEA cases, as it should apply to "all cases in which a 'fee shifting' statute permits the prevailing party to recover reasonable attorneys' fees."  Pls.' Opp'n at 2.

---

[1]  The *Laffey* Matrix is "a schedule of charges based on years of experience."  *Herbin v. District of Columbia*, 2006 WL 890673, at *4 (D.D.C. Apr. 4, 2006).

Courts in this district have routinely held that attorneys' fees in IDEA actions are reasonable if they conform to the *Laffey* Matrix. *Bush ex rel. A.H. v. District of Columbia*, 579 F. Supp. 2d 22, 26-27 (D.D.C. 2008) (holding that the *Laffey* Matrix is to be used to determine reasonable rates for attorneys' fees in IDEA actions); *Alfonso v. District of Columbia*, 464 F. Supp. 2d 1, 6-7 (D.D.C. 2006) (same); *Laster v. District of Columbia*, 2006 WL 2085394, at *2 (D.D.C. July 25, 2006) (same). Because the *Laffey* Matrix represents the prevailing rates in the District of Columbia, it is a proper measure to determine fee awards. *See Lopez*, 383 F. Supp. 2d at 24; *see also* 20 U.S.C. § 1415(i)(3)(C). The court, therefore, accepts Magistrate Judge Facciola's use of the *Laffey* Matrix in determining the fee awards in this case.

### C.  Abdus-Shahid is Entitled to a Reduced Fee Award

The defendant contends that Abdus-Shahid is not entitled to any fee recovery as the plaintiffs fail to provide any information with respect to his professional experience and hourly rate. Def.'s Objs. at 1. Accordingly, the defendant argues that Magistrate Judge Facciola erred in recommending a twenty-five percent rate reduction without an adequate evidentiary basis. *Id.* at 2. The plaintiffs, on the other hand, agree with Magistrate Judge Facciola's recommendation of a twenty-five percent hourly rate reduction, contending that the "failure to provide justification for Abdus-Shadid's [sic] hourly rate was inadvertent error" which should not prevent recovery of fees. Pls.' Opp'n at 1.

The plaintiffs bear the burden of establishing all elements of the requested fee award, including the reasonableness of the hourly rate based on the attorney's experience, skill and reputation. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (holding that the petitioner for an award of attorneys' fees bears the responsibility of showing the reasonableness of the requested rates). The plaintiffs admit that their failure to offer evidence of Abdus-Shahid's

qualifications was "inadvertent error," but fail to correct it in their response to the defendant's objections. *See* Pls.' Opp'n at 1. This Circuit has previously held that a failure to supply any information as to an attorney's qualifications constitutes a failure by the petitioner to carry his burden, resulting in a reduction in the fee award. *See Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004) (holding that had statutory caps not already significantly reduced the hourly rates, a twenty-five percent reduction would have been appropriate based on the petitioner's failure to provide information and qualifications for the attorneys requesting fee awards); *see also In re North*, 59 F.3d 184, 189-90 (D.C. Cir. 1995) (holding that a ten percent reduction in the requested hourly rates is appropriate if a party fails to provide any evidence of "the qualifications of particular professionals"). Because there is a sufficient evidentiary basis for the legal work done by Abdus-Shahid, Pls.' Mot., Attach. A, Part II at 39-40 & Part V at 3-7, but an inadequate explanation of his experience and qualifications, the court reduces Abdus-Shahid's fees to the hourly rate of a first year associate according to the *Laffey* Matrix, U.S. Attorney's Office for the District of Columbia, *Laffey* Matrix 2003-2009, http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_7.htm. As the fee awarded is greater than the statutory cap – $4,000.00 per claim – the recovery remains unchanged.

### D. The Individual Identified as JMS is Entitled to a Reduced Fee Award

Because the plaintiffs provided no information regarding experience or qualifications of the individual identified as JMS, the defendant claims that there is no basis for awarding him or her attorneys' fees. Def.'s Objs. at 3. The defendant argues that Magistrate Judge Facciola's reduction of JMS's hourly rate to that of a paralegal is too generous as JMS has not been identified and performed "purely clerical functions" which should not count toward the recovery

of attorneys' fees. *Id.* at 3-4. The plaintiffs state that the absence of an explanation as to JMS's qualifications and experience was an "inadvertent error" and agree with Magistrate Judge Facciola's recommendation of a reduced billing rate. Pls.' Opp'n. at 2. The plaintiffs also contend that the clerical tasks performed by JMS should not be denied in any fee recovery as the plaintiffs' counsel is a small firm that would be "unfairly punish[ed]" as a result of its minimal resources. *Id.*

As described in the billing records, the plaintiffs characterize one-half hours of JMS's work as "create file; made copies; faxed document." *See* Pls.' Pet., Attach. A, Part IV at 45. Because these tasks are clerical in nature, they cannot be included in attorneys' fees. *See Michigan v. U.S. EPA*, 254 F.3d 1087, 1095-96 (D.C. Cir. 2001) (holding that "purely clerical tasks" are not reimbursable through attorneys' fees "because they ought to be considered part of normal administrative overhead"). Therefore, the hours billed by JMS should be reduced by one-half hours for a total of four hours, as the remaining time billed is not for clerical work. Pls.' Pet., Attach. A, Part IV at 45-46 (billing for drafting letters and complaints and discussing case strategy).

It is well established that a party may recover for paralegals' fees. *See Richlin Sec. Serv. Co. v. Chertoff*, 128 S. Ct. 2007, 2009 (2008) (stating that the recovery of attorneys' fees includes paralegals' fees at prevailing market rates). The court accepts Magistrate Judge Facciola's recommendation of reducing JMS's recovery rate to that of a paralegal under the *Laffey* Matrix and further imposes a twenty-five percent reduction in those fees. *See id.* (holding that a twenty-five percent reduction in fees is appropriate where the plaintiff has failed to provide justification for non-attorneys' requested rates). Therefore, the court awards fees to JMS at the *Laffey* Matrix rate for a paralegal of $110 per hour, reduced by twenty-five percent to $82.50 per

hour for four hours of work, for a total of $330. But because the plaintiff's recovery remains over the statutory cap, the recovery does not change.

### E. The Educational Advocate for N.R. May Not Recover Fees

The defendant highlights in its objections that the Report concludes that the educational advocates for a number of the plaintiffs – including N.R.– could not recover fees, but, nevertheless, awards N.R. $205.00. Def.'s Objs. at 5. The plaintiffs do not address this objection in their opposition. *See* Pls.' Opp'n. After reviewing the Report, the court notes that the defendant is correct in stating that the Report denies recovery for court-appointed educational advocates, expressly referencing the case of N.R. Report at 6. The Report then recommends that "the plaintiffs' petition for attorneys' fees on behalf of these 14 parties should be denied." Report at 8. Because the Report clearly indicates that recovery for N.R. is inappropriate, the court amends the Report Table to correct the errant $205.00 entry.

### F. Amended Table of Fees Requested and Allowed

| Plaintiff | Amount Requested | Amount Allowed |
|---|---|---|
| A.B. | $935.50 | $0 |
| N.R. | $205.00 | $0 |
| A.T. | $1,085.00 | $0 |
| M.E. | $3,932.50 | $0 |
| J.H. | $1,017.50 | $0 |
| T.L. | $3,355.00 | $0 |
| S.M. | $1,580.00 | $0 |
| D.M. | $1,126.50 | $0 |
| Te. H. | $4,097.50 | $0 |
| D.A. | $1,045.50 | $0 |
| K.A. | $3,865.50 | $0 |
| Ta. H. | $118.00 | $118.00 |
| Jo. H. | $19.00 | $0 |
| E.S. | $4,000.00 | $4,000.00 |
| R.G. | $147.50 | $0 |
| D.H. | $2,006.00 | $2,006.00 |
| K.E. | $4,000.00 | $4,000.00 |
| D.H. | $330.00 | $0 |

| A.J.P. | $2,694.00 | $0 |
| --- | --- | --- |
| J.G. | $632.50 | $0 |
| D.P. | $3,498.50 | $3,498.50 |
| C.P. | $675.00 | $675.00 |
| V.T. | $1,525.00 | $0 |
| L.B. | $206.50 | $0 |
| V.H. | $2,157.50 | $0 |
| G.M. | $1,268.50 | $1,170.00 |
| J.J. | $2,137.50 | $957.50 |
| S.J | $4,000.00 | $4,000.00 |
| J.D. | $4,000.00 | $0 |
| Da. B. | $1,242.00 | $0 |
| De. B. | $1,418.00 | $0 |
| R.A. | $4,000.00 | $4,000.00 |
| **Total** | **$62,321.00** | **$24,425.00** |

## IV.  CONCLUSION

For the foregoing reasons and in accordance with the amended table of fees, the court adopts in part and modifies in part Magistrate Judge Facciola's Report and Recommendation. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 26th day of March, 2009.

                                                                     RICARDO M. URBINA
                                                                 United States District Judge